UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

– CORRECTED –

**Jan 23, 2008**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**IN RE: MARINE HOSE ANTITRUST LITIGATION (NO. II)**       MDL No. 1888

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiff in one action pending in the Southern District of New York has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of that action and four other actions pending in the Southern District of Florida, as listed on Schedule A.[1] No responding party opposes centralization, but there is disagreement over the appropriate transferee district. Responding defendants[2] support selection of the Southern District of New York, while plaintiffs in the four actions pending in the Southern District of Florida urge the Panel to select that district.

After considering the argument of counsel, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that the defendant business entities and their executives engaged in a global conspiracy to fix prices, rig bids, and allocate markets for marine hoses and related products. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] The Panel has been notified of three additional related actions, all pending in the Southern District of Florida. In light of our disposition of this docket, requests for assignment of these potential tag-along actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions. *See* Rule 7.5(a), R.P.J.P.M.L., 199 F.R.D. 425, 436 (2001). Any other related actions, including those filed outside of the transferee district, will also be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435-36.

[2] Trelleborg Industrie, S.A., Parker Hannifan Corp., Parker ITR Srl, Vanni Scodeggio, Misao Hioki, and Bridgestone Industrial Products America, Inc.

- 2 -

We are persuaded that the Southern District of Florida is an appropriate transferee district for pretrial proceedings in this litigation, because that is where the largest number of actions have been brought (including the first-filed action), where two criminal complaints against the individual defendants have been filed, and where a grand jury investigation into the marine hose industry is underway.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of Florida is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Donald L. Graham for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

**IN RE: MARINE HOSE ANTITRUST LITIGATION (NO. II)**          MDL No. 1888

## SCHEDULE A

<u>Southern District of Florida</u>

Shipyard Supply, LLC v. Bridgestone Corp., et al., C.A. No. 1:07-21282
Expro Gulf Ltd. v. Bridgestone Corp., et al., C.A. No. 1:07-21464
Bayside Rubber & Products, Inc. v. Trelleborg Industrie S.A., et al., C.A. No. 1:07-21613
Bayside Rubber & Products, Inc. v. Christian Caleca, et al., C.A. No. 1:07-21784

<u>Southern District of New York</u>

Weeks Marine, Inc. v. Bridgestone Corp., et al., C.A. No. 1:07-6811