UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


SHIPYARD SUPPLY LLC, et al.,

      Plaintiffs,

Case No. 07-CIV-21282
GRAHAM/O'SULLIVAN

v.

BRIDGESTONE CORPORATION, et al.,

      Defendants.

_____/


EXPRO GULF LIMITED, et al.,

      Plaintiffs,

Case No. 07-CIV-21464
GRAHAM/O'SULLIVAN

v.

BRIDGESTONE CORPORATION, et al.,

      Defendants.

_____/


SHIPYARD SUPPLY LLC, et al.,

      Plaintiffs,

Case No. 07-CIV-21592
GRAHAM/O'SULLIVAN

v.

BRYAN ALLISON, et al.,

      Defendants.

_____/

BAYSIDE RUBBER & PRODUCTS,
INC., et al.,

    Plaintiffs,                    Case No. 07-CIV-21613
                                     GRAHAM/O'SULLIVAN

v.

TRELLEBORG INDUSTRIE, S.A., et al.,

    Defendants.
_____/


BAYSIDE RUBBER & PRODUCTS,
INC., et al.,

    Plaintiffs,                    Case No. 07-CIV-21784
                                     GRAHAM/O'SULLIVAN

v.

CHRISTIAN CALECA, et al.,

    Defendants.
_____/


BAYSIDE RUBBER & PRODUCTS,
INC., et al.,

    Plaintiffs,                    Case No. 07-CIV-22991
                                     GRAHAM/O'SULLIVAN

v.

Val M. Northcutt,

    Defendant.
_____/

2

## PRETRIAL ORDER NO. 1

WHEREAS, plaintiffs have filed six actions (the "Actions") in this Court for alleged violations of the antitrust laws involving Marine Hose[1] (the "Marine Hose Antitrust Litigation") claiming violations of Section One of the Sherman Act, 15 U.S.C. § 1; and

The Actions are related cases involving common questions of law and fact; and

Consolidation and coordination of the Actions would promote the efficient disposition of these claims; and

The Judicial Panel on Multidistrict Litigation, has ordered that the Actions be transferred to this Court for pretrial proceedings.[2]

THEREFORE, THE COURT ORDERS as follows:

## A.    Coordination and Consolidation of Related Actions

1.    The above-captioned actions are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a) and 28 U.S.C § 1407.  This Pretrial Order No. 1 (the "Order"), however, does not constitute a determination that these actions shall be consolidated for trial.

---

[1] "Marine Hose" is defined in the Complaint as a flexible rubber hose used to, among other things, transport oil between tankers, terminals, and buoys.

[2] The case of <u>Weeks Marine, Inc. V. Bridgestone Corp., et al.</u>, 07-CIV-06811-AKH, is pending a transfer to this district from the Southern District of New York.

2.    This Order shall apply as specified to each case that relates to the Marine Hose Antitrust Litigation that is subsequently filed in this Court or transferred to this Court and is coordinated with the Actions.

3.    A Master File Docket number is hereby established for this proceeding.  The Master Docket number shall be No. 08-MDL-1888.  One docket will be maintained for these actions with all entries to be docketed under the Master Docket number 08-MDL-1888. If a document pertains to only one or some cases, it will be docketed on the Master Docket with a notation in the docket text as to the case number(s) to which it pertains.

4.    An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the actions and every action subsequently coordinated herein.

5.    The Clerk shall mail a copy of this Order to all counsel of record in the Actions. **Accordingly, within three (3) days from the date of this Order, all parties shall file a notice of appearance in the Master Docket No. 08-MDL-1888.**

6.    Every pleading filed in the Marine Hose Antitrust Litigation shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

7.    When a pleading is intended to apply to all actions to
which this Order is applicable, the words "All Actions" shall
appear immediately after or below the words "This Document Relates
To" in the caption set out above.  When a pleading is intended to
only apply to particular actions, the separate caption and docket
number for each individual action to which the pleading is intended
to apply shall appear immediately after or below the words "This
Document Relates To" in the caption described above.

8.    When a pleading is filed and the caption, pursuant to the
foregoing, shows that it applies to "All Actions," the Clerk shall
file such pleading in the Master File and note such filing in the
Master Docket.  No further copies need be filed or docket entries
made.

9.    When a pleading is filed and the caption, pursuant to the
foregoing, shows that it is applicable to fewer than all of the

actions coordinated in the Marine Hose Antitrust Litigation, the Clerk shall file such pleadings in the Master File <u>and</u> shall also note such filing in the docket of the specified individual case(s) to which it relates.

10.   This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be coordinated as part of <u>In Re Marine Hose Antitrust Litigation</u>, Master Docket No. 08-MDL-1888. In connection therewith, the Court directs that the parties seek to promptly effectuate the transfer of <u>Weeks Marine, Inc. v. Bridgestone Corporation, et al.</u>, Case No. 07-CIV-06811-AKH, pending in the United States District Court for the Southern District of New York.

11.   If a case that arises out of the same subject matter of the Marine Hose Antitrust Litigation is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

(a)   file a copy of this Order in the separate file for such action;

(b)   mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

6

(c)    make the appropriate entry in the Master Docket for <u>In Re</u> <u>Marine Hose Antitrust Litigation</u>, Master Docket No. 08-MDL-1888.

12.    Each case that arises out of or relates to the subject matter of the Marine Hose Antitrust Litigation that has been or is subsequently filed in or transferred to this Court shall be coordinated with the Marine Hose Antitrust Litigation and this Order shall apply thereto, unless a party objects to coordination or any provision of this Order.  Any objection to this Order shall be made within ten (10) days after the date upon which a copy of this Order is served on counsel for any party by filing an application for relief with the Court.  Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to coordination of any previously filed or transferred related action.

**B.    Organization of Plaintiffs' Counsel**

13.    Pursuant to Federal Rule of Civil Procedure 23(g)(2)(A), the Court shall appoint interim Plaintiffs' Co-Lead Counsel who, upon appointment, shall be responsible for coordinating and organizing plaintiffs in the conduct of this litigation and, in particular, shall have the following responsibilities:

(a)    To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

(b)    To initiate and conduct discovery proceedings;

(c)    To act as spokesperson at pretrial conferences;

(d)    To negotiate with defense counsel with respect to settlement and other matters;

(e)    To call meetings of plaintiffs' counsel when appropriate;

(f)    To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

(g)    To conduct trial and post-trial proceedings;

(h)    To consult with and employ experts;

(i)    To coordinate the filing of any joint fee petition by plaintiffs' counsel;

(j)    To perform such other duties and undertake such other responsibilities as they deem necessary or desirable; and

(k)    To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

14.  The  Court  appoints  the  following  firms  as  interim Plaintiffs'  Co-Lead  Counsel  for  the  Marine  Hose  Antitrust Litigation:

> Preti, Flaherty, Beliveau &  Pachios, LLP
> One City Center, P. O. Box 9546
> Portland, ME 04112-9546
> Telephone: (207) 791-3000
>
> Garwin, Gerstain & Fisher, LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036
> Telephone (212) 398-0055
>
> Labaton Sucharow, LLP
> 200 Park Avenue
> New York, NY 10017
> Telephone (212) 907-0700.

15.  No  motion,  request  for  discovery,  or  other  pretrial proceedings shall be initiated or filed by any plaintiff except through Plaintiffs' Co-Lead Counsel.

16.  Plaintiffs' Co-Lead Counsel shall be the contact between plaintiffs'  counsel  and  defendants'  counsel  as  well  as  the spokespersons  for  plaintiffs'  counsel  and  shall  direct  and coordinate the activities of plaintiffs' counsel and shall also be responsible for communicating with the Court.  Plaintiffs' Co-Lead Counsel  are  designated  as  the  contact  persons  from  plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation.

17.  Defendants shall effect service of papers on plaintiffs by serving a copy of same on each Co-Lead Counsel by electronic mail, overnight mail, telecopy or hand delivery.  Plaintiffs' Co-Lead Counsel shall effect service on plaintiffs by serving a copy of same on all other plaintiffs' counsel by electronic mail, overnight mail, telecopy or hand delivery.  As to any action in which a defendant has received service of the Complaint pursuant to the Federal Rules of Civil Procedure, plaintiffs shall effect service of papers on such defendants by serving a copy of same on defendants' counsel by electronic mail, overnight mail, telecopy or hand delivery.

18.  While the Court concurs with the proposed Co-Lead counsel for Plaintiffs and hereby appoints three (3) firms, the parties should be cognizant that attorneys' fee issues will be closely scrutinized for duplicative efforts and that the three firm arrangement may have a substantial impact on fees awarded.

19.  All plaintiffs' counsel shall submit to Plaintiffs' Co-Lead Counsel a record of the time expended to date in the form set forth by Plaintiffs' Co-Lead Counsel on a monthly basis or on such other schedule as may be established, from time to time, by Plaintiffs' Co-Lead Counsel.  In connection therewith, counsel who anticipate seeking an award of attorney's fees and reimbursement of expenditures from the Court shall comply with the directives

10

contained in The Manual for Complex Litigation, Fourth § 14.213 regarding maintenance of contemporaneous time records demonstrating the name of the attorney, the time spent on each discrete activity and the nature of the work performed.

20.   The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

21.   The terms of this Order, the coordination ordered herein, and the appointment of Plaintiffs' Co-Lead Counsel shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

C.   **Additional Matters**

22.   **Consolidated Amended Complaint and Answer.**  In accordance with the Status Conference held on February 27, 2008, Plaintiffs shall file and serve a single Consolidated Amended Complaint by no later than **March 24, 2008.**  Defendants shall thereafter answer or otherwise respond to the Consolidated Amended Complaint by no later than **April 23, 2008.**

23.   **Submission of Proposed Schedule.**  The Court intends to promptly set a schedule by which all discovery and other pretrial proceedings in these Actions (including discovery with respect to the individual defendants) will be concluded and the cases ready

11

for trial and/or disposition by motion.  Accordingly, the parties shall meet and confer with a view to reach an agreement on a comprehensive schedule to accomplish this goal.  In their discussions, the parties shall consider, without limitation, the following:

(a)  the appointment of a Special Master pursuant to Federal Rule of Civil Procedure 53, including the recommendation of candidates and consideration of the Special Master's authority, e.g., final disposition of discovery motions and oversight of mediation;

(b)  a proposed motion schedule regarding proceedings under Federal Rule of Civil Procedure 23;

(c)  a proposed pretrial schedule including, without limitation, providing dates for the following: (i) pretrial conference and calendar call; (ii) deadline for joinder of additional parties; (iii) deadlines to exchange expert witness and rebuttal expert witness information pursuant to Local Rule 16.1 (K); (iv) deadlines for completion of non-expert and expert discovery; (v) deadline for pretrial motions and corresponding memoranda; (vi) deadline for motions in limine; (vii) deadline for Joint Pretrial Stipulations

and (viii) deadline for Jury Instructions, verdict forms and proposed voir dire questions;

(d)    the coordination and procedures for discovery, including, but not limited to (i) the preservation of documents and materials, (ii) the necessity and/or creation of a document depository; and (iii) the necessity of orders relating to confidentiality;

(e)    the appointment of liason counsel for the defendants to, among other things, coordinate communications between the Court and the defendants; and

(f)    any other matters necessary for the expeditious adjudication of these Actions.

24.    The parties shall submit their agreed upon schedule or, if failing agreement, their respective plans, by no later than **April 30, 2008.**  As expressed during the Status Conference, the Court is inclined to schedule this matter to be disposed of within twelve months from the filing of the Consolidated Amended Complaint.    In the event that any of the parties seek a longer period of time, the submission shall contain a detailed justification for any such extended period.

13

**DONE AND ORDERED** in Chambers in Miami, Florida this 4th day of

March, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record

14