UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

| | |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | ) ) |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| 1:07-cv-21282; 1:07-cv-21464; 1:07-cv- | ) ) |
| 21613; 1:07-cv-21784; 1:07-cv-06811 | ) ) |

**DEFENDANTS PARKER ITR SRL AND PARKER HANNIFIN CORPORATIONS'
MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants Parker ITR Srl ("Parker ITR") and Parker Hannifin Corporation ("Parker Hannifin") respectfully submit this Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint") for Failure to State a Claim under Fed. R. Civ. P.12(b)(6), for the reasons stated in the Memorandum of Law below.

**INTRODUCTION**

Plaintiffs' Complaint alleges that defendants, including Parker ITR and Parker Hannifin, participated in a conspiracy related to the sale of marine oil and gas hoses. The Consolidated Complaint's allegations, however, are little more than conclusory statements and legal conclusions couched as factual allegations. The factual allegations Plaintiffs do make are insufficient to support the essential elements of Plaintiffs' claim. As such, Plaintiffs have failed

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN**

to state a claim upon which relief can be granted and the Consolidated Complaint, as it pertains

to Parker ITR and Parker Hannifin, should be dismissed

## ARGUMENT AND MEMORANDUM OF LAW

### I.       APPLICABLE LEGAL STANDARDS

        **A.       Applicable Legal Standard To Evaluate a Motion to Dismiss.**

In evaluating this Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

relief can be granted, the Court must determine whether the *factual* allegations in the

Consolidated Complaint, if accepted as true, are sufficient to support each element of the legal

claims made in the Consolidated Complaint.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336,

346-47 (2005); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507

U.S. 163, 164 (1993).  The Court may consider only the allegations made in the Consolidated

Complaint, documents attached to the Consolidated Complaint, documents incorporated into the

Consolidated Complaint by reference, and any facts of which judicial notice may be taken.  *See*

*Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It

is not  . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the

defendants have violated the antitrust laws in ways that have not been alleged.").  Conclusory

allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss and

"will not be credited."  5B Charles A. Wright, *et al.*, *Federal Practice & Procedure* § 1350, at

181-85 (3d ed. 2004 & Supp. 2007).  *See also Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F.

Supp. 2d 173, 179, 187 (S.D.N.Y. 2006) (stating that "the Court need not accept as true

conclusory allegations and legal conclusions masquerading as facts," and dismissing Plaintiffs'

claims because plaintiff failed to allege sufficient facts).

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

Plaintiffs' Consolidated Complaint makes one legal claim: violation of Section 1 of the Sherman Act arising from an alleged conspiracy related to the sale of marine oil and gas hoses. *See* Consolidated Complaint ¶¶ 75-76.  To survive a motion to dismiss, Plaintiffs' Consolidated Complaint must make factual allegations sufficient to show (a) that there was a conspiracy, (b) the defendants knowingly entered into the conspiracy, (c) the conspiracy affected interstate or foreign trade and commerce, and (d)  Plaintiffs were injured as a result of the conspiracy.  *See* 15 U.S.C. §§ 1, 15(a).  *See also Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 96 (2d Cir. 1998).

Conclusory allegations do not suffice; instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 547 U.S. ---, 127 S. Ct. 1955, 1965 (2007).  *See also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (statements that "epitomize speculation" do not satisfy the pleading requirements under Rule 8(a)); *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) ("use of antitrust buzz words does not supply the factual circumstances necessary to support . . . conclusory allegations") (internal quotation marks omitted; ellipsis in original), *cert. denied*, 127 S. Ct. 1334 (2007); *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) ("the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations . . . to protect society from the costs of highly unpromising litigation"); *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220-21 (4th Cir. 1994) ("allegations must be stated in terms that are neither vague nor conclusory . . . the pleader must provide, whenever possible, some details of the time, place and alleged effect of the conspiracy; it is not enough merely to state that a conspiracy has taken place") (internal quotation marks omitted);  *Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.

1985) ("enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified. . . [c]onclusory allegations will not survive a motion to dismiss if not supported by the facts constituting a legitimate claim for relief") (internal quotation marks omitted); *Heart Disease Research Found. v. Gen. Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972) ("a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal").

B.      Applicable Legal Standard To Plead A Sherman Act Section 1 Claim.

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clearly articulated "the proper standard for pleading an antitrust conspiracy." 127 S. Ct. at 1963. The *Twombly* complaint, like the Consolidated Complaint here, generally alleged that the defendant conspired to restrain trade by refraining from competition. *See id.* at 1962-63. The complaint in *Twombly* alleged certain parallel behavior, but did not make factual allegations regarding agreement or concerted action. *See id.* The Supreme Court determined that absent factual allegations regarding agreement or concerted action, the plaintiffs had failed to make out a "plausible" right rather than merely a "conceivable" or "possible" right to relief and, as a result, the complaint was dismissed. *Id.* at 1974. The Supreme Court reached its conclusion notwithstanding the plaintiffs' allegations of circumstantial evidence that the defendant entered into a conspiracy, *see id.* (J. Stevens, dissenting), because "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966.

Facts, not conclusory allegations, govern the analysis. A sufficiently pled Section 1 "complaint [must contain] enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. Even where conduct may be the result of anticompetitive intent, a concerted agreement to act must be proved. *See id.* at 1965-66. Section 1 of the Sherman Act prohibits

"only restraints effected by a contract, combination, or conspiracy. . . [t]he crucial question is whether the challenged anticompetitive conduct stem[s] from an independent decision or from an agreement." *Id.* at 1964 (internal citation and quotation marks omitted; alterations in original).

The *Twombly* Court recognized the costs and burdens that an inadequately pled Section 1 case can unleash, and it considered the possibility that such burden and expense may "push cost-conscious defendants to settle even anemic cases." *Id.* at 1967. It also considered the burden on courts in managing the discovery process and explained "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'" *Id.* These concerns reinforced the Supreme Court's conclusion, which was consistent with precedent requiring that "'district court[s] . . . retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Id.* (quoting *Assoc. Gen. Contractors*, 459 U.S. at 528 n.17).

In the brief period since the *Twombly* decision, lower courts have consistently agreed that *Twombly* requires factual allegations sufficient to support each element of a claim made against a defendant, dismissing claims that have failed to do so. *See, e.g.*, *Osahar v. Potter,* No. 07-22080, 2008 WL 479066, *2 (S.D.Fla. Feb. 19, 2008) (granting motion to dismiss where plaintiff did "nothing more than provide a list of claims and legal conclusions"); *Temple v. Circuit City Stores, Inc.*, Nos. 06-cv-5303, 06-cv-5304, 2007 WL 2790154, at *7 (E.D.N.Y. Sept. 25, 2007) (using *Twombly* to support a dismissal of Sherman Act claims because plaintiffs "mention[ed] no facts to support the claim that such an agreement or conspiracy existed, and the 'naked assertion of conspiracy,' however often repeated, does not do the trick") (quoting *Twombly*, 127 S. Ct. at 1966); *Burke v. APT Found.*, 509 F. Supp. 2d 169, 172-173 (D. Conn. Sept. 12, 2007) (granting defendant's motion to dismiss because Plaintiffs' claims failed to satisfy *Twombly*); *Savokinas v.*

*Pittston Twp.*, No. 3:06-cv-00121, 2007 WL 2688729, at *4-5 (M.D. Pa. Sept. 11, 2007)

(dismissing free speech claims where plaintiff "does not allege when the speech occurred, the

forum where the speech occurred, the recipients of the speech, or the content of the speech");

*Benkowski v. Wasilewski*, No. 3:07-cv-0197, 2007 WL 2670265, at *10, *12 (M.D.Pa. Sept. 7,

2007) (dismissing claims against defendants for whom insufficient factual allegations were made

while upholding claims against defendants for whom there were sufficient factual allegations); *In

re Elevator Antitrust Litig.*, 502 F.3d at *51 (2nd Cir. 2007) (affirming dismissal of complaint

because plaintiffs' claims were vague and general and did not provide "plausible grounds to infer

an agreement" as required under *Twombly*); *Pancotti v. Boehringer Ingelheim Pharms., Inc.*, No.

3:06cv1674 (PCD), 2007 WL 2071624, at *2, *4, *7 (D. Conn. July 17, 2007) (citing *Twombly*

to dismiss ERISA claims for failure to plead facts sufficient to support an essential element of

the claims); *Am. Channel, LLC v. Time Warner Cable, Inc.*, No. Civ. A. 06-2175, 2007 WL

1892227, at *4-5 (D. Minn. June 28, 2007) (dismissing amended complaint because *Twombly*

requires allegations of an agreement or concerted action and neither such allegations nor

allegations sufficient to exclude independent conduct were made); *Ass'n of Cleveland Fire

Fighters v. City of Cleveland,* --- F.3d ---, 2007 WL 2768285, at *2-3 (6th Cir. Apr. 27, 2007)

(affirming grant of defendant's motion to dismiss where plaintiffs failed to bring allegations that

raised a right to relief "above the speculative level" as required by *Twombly*).

II.     **PLAINTIFFS' FAILURE TO INCLUDE SUFFICIENT FACTUAL
        ALLEGATIONS TO SUPPORT ITS CLAIM AGAINST PARKER HANNIFIN
        AND PARKER ITR REQUIRES DISMISSAL OF THE CONSOLIDATED
        COMPLAINT**

        The Consolidated Complaint in this matter asserts a Section 1 claim against ten

individual defendants and eleven corporate defendants, including Parker ITR and Parker

Hannifin.  *See* Consolidated Complaint ¶¶ 14-33.  That claim is based on an alleged conspiracy

between 1985 and 2007. *See id.* ¶¶ 1, 40. The Consolidated Complaint makes varying

allegations against each defendant and, from the standpoint of withstanding a motion to dismiss,

it is noteworthy to observe the dearth of factual allegations made against Parker ITR and Parker

Hannifin. In particular, the Consolidated Complaint lacks any allegations of interaction between

Parker ITR or Parker Hannifin and other alleged participants of the conspiracy. The

Consolidated Complaint refers to meetings between the alleged conspirators, but does not allege

that any Parker Hannifin employee ever attended such a meeting, and only once alleges that

anyone from Parker ITR actually attended any of the meetings.[1] In addition, the Consolidated

Complaint alleges a twenty-one year conspiracy, but alleges no facts whatsoever about Parker

ITR outside a four-month period in 2007 and, as described below, even those allegations do not

satisfy the pleading standards required by the Supreme Court. Even more shocking, Plaintiffs'

Consolidated Complaint does not include a single factual allegation specifically against Parker

Hannifin.

> **A.    The Limited Factual Allegations Made Against Parker ITR and Parker Hannifin in the Consolidated Complaint Fall Far Short of Even Simple Pleading Standards**
>
> > 1.    *Plaintiffs Do Not Make a Single Factual Allegation Against Parker Hannifin*

Plaintiffs do not direct a single factual allegation towards Parker Hannifin in the

Consolidated Complaint. The few allegations made against Parker ITR, *see infra* § II.A.2., are in

no way connected to Parker Hannifin. Mr. Scodeggio is an employee of Parker ITR, not Parker

Hannifin. Furthermore, the investigation by the Japanese authorities did not include Parker

---

[1] While Plaintiff alleges that Mr. Scodeggio attended the OTC meeting on May 1, 2007 in Houston, TX (Complaint ¶ 61), the very affidavit on which that allegation relies provides a detailed list of defendants who actually attended the meeting, and excludes Mr. Scodeggio from attendance. Complaint ¶65; Affidavit in Support of Criminal Complaint dated May 1, 2007 ("Affidavit") ¶ 30.

Hannifin.  In short, the Consolidated Complaint does not make one specific factual allegation against Parker Hannifin.

> ### 2. Plaintiffs' Three Factual Allegations Against Parker ITR are Insufficient to Support Their Claim

The Consolidated Complaint provides only slightly more attention to Parker ITR.  It makes just three allegations specifically related to Parker ITR:

1. A criminal complaint was filed against Giovanni Scodeggio on May 1, 2007.
2. Mr. Scodeggio attended a meeting with competitors on May 1, 2007.
3. Japanese competition authorities issued a cease and desist order to Parker ITR.

These three allegations are the sum total of the specific facts alleged in support of Plaintiffs' claim against Parker ITR, and the Court must examine these three allegations to determine if they are sufficient to support Plaintiffs' claim against Parker ITR.  Two of the three allegations are unrelated to whether Parker ITR was a part of the alleged conspiracy.  First, the Consolidated Complaint alleges that a criminal complaint was filed against Mr. Scodeggio.  *See* Consolidated Complaint ¶ 64.  Second, the Consolidated Complaint alleges that the Japanese authorities issued a cease and desist order.  *See* id. ¶ 74.  These are not facts that support Plaintiffs' allegations that Parker ITR entered into a conspiracy to restrain trade; rather, they are factual statements regarding the filing of a court document and an act taken by a third party.

The third allegation relates to the conduct of Mr. Scodeggio.  This allegation is insufficient to support the Section 1 claim because it does not show that Parker ITR, through Mr. Scodeggio, entered into an agreement or took concerted action with competitors.  The Consolidated Complaint alleges that Mr. Scodeggio attended a meeting of the alleged conspirators on May 1, 2007.  *See id.* ¶ 61.  This allegation, however, is in direct conflict with the Affidavit on which Plaintiffs rely.  *See id*. ¶ 64-65; Affidavit ¶ 30.  Indeed, the Consolidated

Complaint lists specific attendees of the alleged co-conspirator meetings that took place on multiple other occasions (from 1999-2002), but fails to include Mr. Scodeggio or any other employee of Parker ITR in the list of attendees.  *See* Consolidated Complaint ¶¶ 56-58.  Because there is no allegation that Mr. Scodeggio or any other Parker ITR employee attended these meetings (with the exception of the erroneous allegation regarding the May 1, 2007 meeting), there can be no allegation that Parker ITR participated in agreements of any kind (anticompetitive or otherwise).  The absence of any allegations of actual anticompetitive agreements involving Parker ITR fails to satisfy Plaintiffs' burden under *Twombly*.

**B.      Plaintiffs' General Allegations Against "Defendants" Are Likewise Insufficient to Support Its Claim Against Parker ITR Or Parker Hannifin**

Setting aside these three factual allegations against Parker ITR, Plaintiffs' Consolidated Complaint does nothing more than assert a standard litany of boilerplate antitrust allegations across the twenty-one defendants.  First, Plaintiffs allege that "defendants" have operated as a cartel from 1985 through 2007.  *See, e.g.*, Consolidated Complaint ¶¶ 1, 40.  These statements are not factual allegations; instead, they are conclusory assertions couched as factual allegations.  Further, they are unsupported by underlying facts to show that Parker ITR or Parker Hannifin engaged in any illegal agreement at any point during that period.  In fact, the Consolidated Complaint, which does not include a single fact that predates 2000, ignores the fact that the entity that became Parker ITR did not exist prior to 2001 and was only purchased by a subsidiary, several layers removed, of Parker Hannifin in 2002.

Second, the Consolidated Complaint makes general assertions that "defendants" had conversations with each other and with an industry consultant.  *See, e.g.*, Consolidated Complaint ¶¶ 50, 51, 59.  Plaintiffs do not allege who from Parker ITR or Parker Hannifin had such conversations.  They do not allege dates or times for such conversations.  And they do not

allege which, if any, conversations resulted in an illegal agreement.  Conversations with competitors and industry consultants can certainly be appropriate, and it is incumbent upon Plaintiffs, pursuant to *Twombly*, to allege facts indicative of an illegal agreement.

Third, the Consolidated Complaint alleges, "there were numerous cartel meetings. . ." where "[d]efendants reviewed and agreed to market share allocations and price lists for Marine Hose."  Consolidated Complaint ¶¶ 55, 56, 62.  These conclusory allegations are the type of "entirely general terms without any specification of particular activities" that "one could postulate without knowing any facts whatever" and were insufficient to support a claim in *In re Elevator Antitrust Litigation.*  502 F.3d at 50-51(internal quotation marks omitted).  These allegations simply do not rise to the level of identifying facts that are suggestive enough to render the element plausible.  *See Bell Atl. Corp. v. Twombly*, 547 127 S. Ct. at 1965; *In re Elevator Antitrust Litig.*, 502 F.3d at 51.  Further, the Consolidated Complaint includes no facts to support such allegations.  It does not name any Parker ITR or Parker Hannifin employees who attended the alleged meetings, much less that they entered into an illegal agreement at any such meeting.  Without the necessary factual allegations specific to Parker ITR and Parker Hannifin, these general and conclusory allegations made against the group of twenty-one defendants cannot save the claims against Parker ITR or Parker Hannifin.  *See In re Elevator Antitrust Litig.*, 502 F.3d at 51-52.  In *In re Elevator Antitrust Litigation*, the Second Circuit found that allegations that defendants "[p]articipated in meetings…to discuss pricing and market divisions; agreed to fix prices. . .[r]igged bids for sales and maintenance. . .[e]xchanged price quotes," among other equally vague allegations, were "entirely general terms without any specification of particular activities by an particular defendant," that amounted to "nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatsoever."  *Id.*

at \*51 & n.5 (quoting *In re Elevator Antitrust Litig.*, No. 04 CV 1178, 2006 WL 1470994, at \*2-3 (S.D.N.Y. May 30, 2006)) (internal quotation marks omitted).  The Court found that such conclusory allegations, where unsupported by allegations of the underlying factual basis, were insufficient to sustain the plaintiffs' claims and required dismissal of the complaint.  *See id.*

The Consolidated Complaint lacks even a single factual allegation against Parker Hannifin.  For Parker ITR, the Consolidated Complaint's allegations do not include facts sufficient to support the claim that Parker ITR or its employees knowingly entered into a conspiracy in violation of Section 1.  Instead, Plaintiffs' allegations against Parker ITR and Parker Hannifin (a) are conclusory allegations that use antitrust "buzz" words, but are not supported by factual allegations; (b) are legal conclusions couched as factual allegations, or (c) are factual allegations regarding conduct that has appropriately competitive purposes *without* factual allegations regarding illegal agreement or concerted action.  These allegations are insufficient, and the Consolidated Complaint should be dismissed.  *Twombly*, 127 S. Ct. at 1965-66.

## CONCLUSION

Based upon the arguments presented and authority cited herein, Parker ITR and Parker Hannifin respectfully request that the Court dismiss Plaintiffs' Consolidated Complaint as it pertains to them.

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN**

Dated:  April 23, 2008                                   Respectfully submitted,


                                                         */s/Jeffrey A. Sudduth*
                                                         Jeffrey A. Sudduth
                                                         Florida Bar No. 169950
                                                         LEGON PONCE & FODIMAN P A
                                                         1111 Brickell Avenue, Suite 2150
                                                         Miami, Florida 33131
                                                         Telephone: (305) 444-9991
                                                         Facsimile: (305) 444-9937
                                                         jsudduth@lpflaw.com
                                                         Counsel for Defendant Parker ITR Srl


Additional Counsel:

John M. Majoras, Esquire
Carmen G. McLean, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
jmmajoras@jonesday.com
cgmclean@jonesday.com

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN**

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 23, 2008 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information for Case 08-MDL-1888.  Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.

/s/ Jeffrey A. Sudduth
Jeffrey A. Sudduth