UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

IN RE MARINE HOSE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**DEFENDANT VAL M. NORTHCUTT'S MOTION
TO DISMISS CONSOLIDATED COMPLAINT**

Defendant Val M. Northcutt, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiffs' consolidated complaint [D.E. 79] as to him, for failure to state a claim upon which relief can be granted, and states as his grounds the following:

**INTRODUCTION**

Plaintiffs allege generally the existence of an antitrust conspiracy in the marine rubber hose industry, the effect of which was to increase the prices they paid for such hoses. Their complaint relies heavily on a government investigation of an alleged criminal antitrust conspiracy amongst various companies and individuals.

However, Plaintiffs have failed to allege any behavior by Mr. Northcutt amounting to an antitrust violation, or participation in any conspiracy. Indeed, Plaintiffs have not alleged any activities by Mr. Northcutt at all, nor does the government's criminal indictment identify any antitrust or conspiratorial action by Mr. Northcutt.

CARLTON FIELDS P.A.

Instead, Plaintiffs offer only generalized allegations against undifferentiated "Defendants." These allegations are insufficient to state a claim against Mr. Northcutt, and the complaint must therefore be dismissed.

Mr. Northcutt also incorporates by reference those arguments found in the following motions to dismiss filed by other defendants in this case:

- Parker ITR Srl and Parker Hannifin Corporation [D.E. 90] at 6-11: Failure to allege interaction between defendant and other alleged participants in the conspiracy, failure to identify defendant's agreement to any conspiracy, and failure to identify any concerted action by defendant and others to restrain trade.

- Bridgestone Industrial Products of America [D.E. 92] at 4-11: Failure to state a claim because of conclusory allegations directed to all defendants without specificity.

Finally, Mr. Northcutt incorporates by reference such arguments as may be relevant to his motion to dismiss that should appear in any other defendants' motions to dismiss not yet filed.

**ALLEGATIONS AGAINST MR. NORTHCUTT**

Mr. Northcutt appears only three times in Plaintiffs' 80-paragraph complaint. He is identified (incorrectly) as an "executive at Defendant Manuli Rubber Industries." *See* Consol. Complaint, ¶ 32. He is described as having been indicted by the United States government. *See id.*, ¶ 70. And he is accused of making "false statements to a federal … agent when questioned about his role [*sic*] … in carrying out the conspiracy."

This last allegation is the only act alleged to have been committed by Mr. Northcutt.[1] Elsewhere, Plaintiffs generally allege that "Defendants" did one thing or another, but nowhere do they allege that Mr. Northcutt himself did any of these things.

## ARGUMENT

Plaintiffs' allegations utterly fail to show that Mr. Northcutt was part of any agreement or combination of any sort, let alone one involving antitrust violations. In the antitrust context, particularly, such vague allegations fail to state a claim able to survive a motion to dismiss. Moreover, because they have not alleged that Mr. Northcutt personally participated in any antitrust combination, Plaintiffs have failed to allege that he was party to any action that caused an antitrust injury. This too requires that the complaint against him be dismissed. Nor may Plaintiffs rely on the criminal indictment to cure the deficiencies in their pleading.

*The Allegations of the Complaint Are Insufficient to Sustain a*
*Claim that Mr. Northcutt Was Part of Any Antitrust Agreement*

Since the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), it has been clear that an antitrust claim must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action …." *Id.* at 1965.[2] Rather, plaintiffs must allege "actual facts in support of their assertion." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986). These alleged facts must be enough to render Mr. Northcutt's participation in a conspiracy "plausible" and not just "conceivable." *Twombly*, 127 S. Ct. at 1974.

---

[1] Notably, Plaintiffs do *not* allege that Mr. Northcutt attended the Bangkok, Key Largo, London, or Houston meetings at which Plaintiffs allege the presence of the other individual defendants. *See* Consol. Complaint, ¶¶ 56, 57, 58, 61.

[2] The Eleventh Circuit, in fact, has recognized *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008).

The Supreme Court's decision is consistent with the law of this Circuit and others. Our appeals court has explained that a complaint that fails to "specify the precise nature of the agreement alleged in its complaint or connect [the facts] to any particular antitrust theory" fails to state a claim for relief. *Spanish Broadcasting v. Clear Channel Comm.*, 376 F.3d 1065, 1071 (11th Cir. 2004). And, since *Twombly*, the Second Circuit has reiterated that a list of general terms without specification of any particular activities by a particular defendant is not sufficient to plead a Sherman Act violation. *See In re Elevator Antitrust Litig.*, 502 F.2d 47, 50-51 (2d Cir. 2007). District courts applying these decisions similarly have dismissed complaints that fail to allege particular acts by particular defendants. *See In re Parcel Tanker Shipping Servs. Antitrust Litig.*, --- F. Supp. 2d ---, 2008 WL 899228, at *4 (D. Conn. 2008) (granting motion to dismiss).

This "tightening" of the application of Rule 8 is not new to this circuit. The Eleventh Circuit had already imposed a similar standard – under Rule 8 – in the context of civil rights pleadings, at least as long ago as *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). In *Fullman*, the appeals court acknowledged that federal civil rights complaints should be dismissed where they are "vague and conclusory." *See id.* at 556-57. In *Ross v. Alabama*, 893 F. Supp. 1545 (M.D. Ala. 1995), the court applied this standard to a "group" allegation strikingly similar to that of Plaintiffs in the instant case:

> Here, the plaintiffs generically lump [defendant] Parsons together with all other parties as "defendants." The plaintiffs fail to aver even one act of Parsons that allegedly deprived them of their constitutional rights. In fact, reading the complaint, the court has no idea what the basis of liability is as to Parsons.

*Id.* at 1554-55. The court made a point of noting that this sort of group pleading was "so obscure and incomplete as to fail even under notice pleading." *Id.* at 1554.

The parallels with the instant case are manifest: Nowhere do Plaintiffs allege "the years and locations where the agreement was reached and the defendants who participated," *City of Moundridge v. Exxon Mobil Corp.*, --- F. Supp. 2d ---, 2008 WL 1735856, at *3 (D.D.C. 2008) – at least with not with regard to Mr. Northcutt.  In their complaint, Plaintiffs merely recite that "defendants and their co-conspirators" "attend[ed] meetings" and "agree[d] at those meetings," without specifying the where or when of these supposed meetings or who supposedly attended them.  *See* Consol. Complaint, ¶¶ 50, 52, 53.  They never allege that Mr. Northcutt attended these meetings.  In short, Plaintiffs have alleged nothing to indicate that they are entitled to relief from Mr. Northcutt.  *See Twombly*, 127 S. Ct. at 1965.[3]

The policy behind the refinement of the Rule 8 pleading standard described in *Twombly* and *Fullman* is clear – to allow a claim to survive against a party where the only allegations in the complaint don't even identify that party, but merely speak generically of "Defendants," fails to notify the individual of what the claims against him actually are.  This is patently unfair, and effectively nullifies the threshold-establishing function of the Rule.

Because Plaintiffs have failed to allege *any act by Mr. Northcutt* specifically connecting him to the alleged antitrust agreement, and in particular, showing that he ever agreed to be part of some antitrust combination, the complaint must be dismissed.

---

[3] Of course, the sort of undifferentiated group pleading relied on by Plaintiffs has long been found inadequate in other contexts, for example, fraud.  *See, e.g.*, *Brooks*, *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (dismissing fraud claim where plaintiffs "lumped together" defendants); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'."); *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998) (citing *Mills*).

### *The Allegations of the Complaint Are Insufficient to Sustain a Claim that Mr. Northcutt Caused Any Antitrust Injury to the Plaintiffs*

The only concrete allegation against Mr. Northcutt is that he gave a false statement of unspecified content, on some unspecified date, to an unidentified government agent. But because Plaintiffs never actually allege that Mr. Northcutt did anything relating to an antitrust violation, then (even assuming, as we must, that for purposes of the present motion this allegation is true) this allegation adds nothing to their claim. But even if it were taken to allege some sort of participation in an agreement, it fails to indicate any means whereby this false statement could have caused any injury to Plaintiffs.

All private plaintiffs must prove actual injury to recover damages in an antitrust action. *See Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344, 110 S. Ct. 1884 (1990); 2 Areeda & Hovenkamp, *Antitrust Law*, ¶ 337, at 314 (2d ed. 2000) (The *Atlantic Richfield* decision "rejected a presumption of antitrust injury in per se cases and required the private plaintiff to prove antitrust injury in every case.").

Of course, Plaintiffs allege that they paid higher prices than they otherwise would have as a result of some sort of agreement. *See* Consol. Complaint, ¶ 76. But they do not allege that anything Mr. Northcutt did in any way caused those higher prices. Indeed, since they do not identify the date, recipient or substance of Mr. Northcutt's alleged statement, it is simply impossible to connect that statement to any injury to Plaintiffs. This is a straightforward example of a complaint in which "the legal effect of the events the plaintiff has set out … do not reasonably follow from the pleader's description of what happened." 5B Wright & Miller, *Fed. Prac. & Proc.* § 1357, at 553 (3d ed. 2004); *see also Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998) (refusing to credit "unwarranted deductions" and "factual claims that are internally inconsistent").

As the Eleventh Circuit has observed, "[a]n antitrust plaintiff must show that he has been damaged and that the antitrust violation alleged is the cause of his injury" by showing "that a defendant's illegal conduct materially contributed to his injury." *Cable Holdings of Georgia v. Home Video*, 825 F.2d 1559, 1561-62 (11th Cir. 1987). Plaintiffs allege nothing, even were it to be shown, that would connect any conduct by Mr. Northcutt to any injury they may have suffered.

Because Plaintiffs have failed to allege any act by Mr. Northcutt that could have caused any antitrust injury to Plaintiff, the complaint must be dismissed.

*The Complaint Cannot Be Supplemented<br>by the Criminal Indictment*

A Rule 12(b)(6) motion to dismiss, is properly decided based on the well-pleaded allegations of the complaint, and the exhibits attached thereto. The court need not consider unsupported conclusions or unwarranted inferences. *See* Fed. R. Civ. P. 12(b); *Wilson v. Strong*, 156 F.3d 1131, 1133 (11th Cir 1998). Furthermore, courts should not "consider[] [a party's] indictment on criminal charges on a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Murray v. Williams*, No. 05 Civ. 9438(NRB), 2007 WL 430419, at *4 (S.D.N.Y. Feb. 8, 2007) (declining to consider "criminal complaint"). This is all the more true where, as here, the document relied upon is not attached to the complaint.

Even if the indictment were properly considered, it does nothing to amplify Plaintiffs' insufficient allegations. The indictment itself merely alleges that Mr. Northcutt "joined and participated in a conspiracy." Indictment [D.E. 81], ¶ 3, *U.S. v. Northcutt et al.*, No. 07-60220-CR-Hurley (S.D. Fla. Sep. 13, 2007). It goes on to claim that the conspirators "attended meetings," "submitted bids," and the like, but never specifies what among those things was in

fact violative of the Sherman Act, nor what Mr. Northcutt *himself* is alleged to have done. *Id.*, ¶ 5. Even if such a vague allegation might suffice in a criminal context, it cannot cure the inadequacies of Plaintiffs' civil complaint. *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007) (explaining that "[a]ttendance at trade shows and events is presumed legitimate and is not a basis from which to infer a conspiracy," and dismissing complaint). Their remains only a list of general terms that fail to specify particular activities by Mr. Northcutt. *See Elevator Antitrust Litig.*, 502 F.2d at 50-51.[4]

## CONCLUSION

Plaintiffs have failed adequately to allege that Mr. Northcutt participated in any antitrust agreement or combination, because they have failed to allege that he did anything at all related in any way to such an agreement or combination. For the same reason, they have failed adequately to allege that any actions by Mr. Northcutt actually caused Plaintiffs any antitrust injury. Even if the criminal indictment were to be considered – and it should not be – Plaintiffs allegations are still fundamentally insufficient to sustain their claim. Therefore, their complaint should be dismissed as to Mr. Northcutt.

The reason for this inadequacy is not hard to fathom. It is evident that Plaintiffs have no idea whatsoever whether or not Mr. Northcutt was involved with any antitrust agreement. Rather, they are proceeding entirely on the basis of the (equally vague) criminal indictment. For this reason, Plaintiffs will not, within the limits of Rule 11, be able to amend their complaint to

---

[4] Plaintiffs also refer to various amnesty or plea agreements allegedly entered into by other defendants. *See* Consol. Complaint, ¶ 68, 71, 72. Despite the allegation that one of the defendants has produced "numerous documents … including emails and facsimiles," *id.*, ¶ 68, it apparently has produced nothing that would allow Plaintiffs to offer any specific allegations against Mr. Northcutt.

satisfy the minimal requirement of *Twombly*.  Therefore, their complaint should be dismissed with prejudice as to Mr. Northcutt.

Mr. Northcutt also incorporates by reference those arguments of defendants Bridgestone Industrial Products of America, Parker ITR Srl, and Parker Hannifin Corporation identified above, as well as any other arguments relevant to his motion to dismiss as may appear in motions to dismiss of other defendants yet to be filed.

WHEREFORE, Defendant Val M. Northcutt, moves this Court to DISMISS WITH PREJUDICE, as to him, Plaintiffs' Consolidated Complaint.

*Dated*: April 23, 2008
      Miami, Florida

Respectfully submitted,

 *s/.    Matthew Davidson*
Walter J. Taché, Esq.
Florida Bar No. 0028850
wtache@carltonfields.com
Matthew T. Davidson, Esq.
Florida Bar No. 713821
mdavidson@carltonfields.com
**CARLTON FIELDS P.A.**
4000 International Place
100 S.E. Second Street
Miami, Florida 33131
Tel: (305) 530-0050
Fax: (305) 530-0055
*Attorneys for Val M. Northcutt*

Master Docket No. 08-MDL-1888

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via United States mail on April 23, 2008, on all those on the attached service list.

                                                  *s/. Walter J. Taché*
                                                  Walter J. Taché

Master Docket No. 08-MDL-1888

# SERVICE LIST
## MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

### Attorneys for Plaintiff Bayside Rubber & Products, Inc.

Hollis L. Salzman
Bernard Persky
Gregory S. Asciolla
**Labaton Sucharow & Rudoff LLP**
100 Park Avenue
New York, NY 10017
Tel: (212) 907-9700
Fax: (212) 818-0477
Email: hsalzman@labaton.com
Email: bpersky@labaton.com
Email: gasciolla@labaton.com

Mila F. Bartos
Michael McLellan
**Finkelstein Thompson LLP**
The Duvall Foundry
1050 30th Street, N.W.
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090
Email: mbartos@finkelsteinthompson.com
Email: mmclellan@finkelsteinthompson.com

Bruce H. Fleisher
**Bruce H. Fleisher, P.A.**
3225 Aviation Ave.
Bayview Plaza, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999
Fax: (305) 285-0699
Email: bfleisher@bellsouth.net

Gaines C. McCorquodale
**McCorquodale & McCorquodale**
226 Commerce St.
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015
Fax: (251) 246-3247
Email: tmiddletonmcc@birch.net

Patrick Barrett
Alfred H. Davidson IV
**Barrett Law Office, P.A.**
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
Tel: (615) 665-9990
Fax: (615) 665-9998
Email: pmbarrett3@barrettlawoffice.com
Email: ahdavidson@berrettlawoffice.com

Marvin A. Miller
Lori A. Fanning
**Miller Law LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
Fax: (312) 676-2667
Email: mmiller@millerlawllc.com
Email: lfanning@millerlawllc.com

James R. Malone, Jr.
**Chimicles & Tikellis LLP**
361 West Lancaster Ave.
Haverford, PA 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
Email: jamesmalone@chimicles.com

M. Stephen Dampier
**Law Office of M. Stephen Dampier, P.C.**
14 S. Section Street
P.O. Box 161
Fairhope, AL 36533
Tel: (251) 928-9160
Fax: (251) 928-2834
Email: stevedampier@cs.com

Master Docket No. 08-MDL-1888

**Attorneys for Plaintiff Expro Gulf Limited**

H. Laddie Montague, Jr.
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: (215) 875-3010
Fax: (215) 875-4671
Email: hlmontague@bm.net

Adam M. Moskowitz
Gail Ann McQuilkin
**Kozyak Tropin & Throckmorton**
2525 Ponce de Leon Blvd., Suite 900
Coral Gables, FL 33134-6036
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: amm@kttlaw.com
Email: gam@kttlaw.com

Bruce E. Gerstein
Barry S. Taus
Noah H. Silverman
**Garwin Bronzaft Gerstein & Fisher LLP**
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: btaus@garwingerstein.com
Email: nsilverman@garwingerstein.com

Brent B. Barriere
Susan Morgan
**Phelps Dunbar LLP**
Canal Place, Suite 2000
365 Canal Street
New Orleans, LA 70130-6534
Tel: (504) 566-1311
Fax: (504) 568-9130
Email: barrierb@phelps.com
Email: morgans@phelps.com

Linda P. Nussbaum
**Kaplan Fox & Kilsheimer LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: lnussbaum@kaplanfox.com

John Gregory Odom
Stuart E. Des Roches
**Odom & Des Roches**
650 Poydras Street, Suite 2020
Poydras Center
New Orleans, LA 70130-3500
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: jodom@odrlaw.com

David P. Smith
W. Ross Foote
**Percy Smith Foote & Gadel**
720 Murray Street
PO Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: dpsmith@psfllp.com
Email: rfoote@psfllp.com

13026294.1

Master Docket No. 08-MDL-1888

**Attorneys for Plaintiff Shipyard Supply LLC**

Manuel Juan Dominguez
**Berman DeValerio Pease Tabacco Burt & Pucillo**
Esperante Building
222 Lakeview Ave., Suite 900
West Palm Beach, FL 33401
Tel: (561) 835-9400
Fax: (561) 835-0322
Email: mdominguez@bermanesq.com

Joseph C. Kohn
Douglas A. Abrahams
William E. Hoese
**Kohn Swift & Graf**
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700
Fax: (215) 238-1968
Email: jkohn@kohnswift.com
Email: dabrahams@kohnswift.com
Email: whoese@kohnswift.com

Gregory P. Hansel
Randall B. Weill
**Preti Flaherty Beliveau & Pachios LLP**
One City Center
PO Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000
Fax: (207) 791-3111
Email: ghansel@preti.com
Email: rweill@preti.com

Robert C. Josefsberg
Katherine Warthen Ezell
Alexander Rundlet
**Podhurst Orseck**
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: (305) 358-2800
Fax: (305) 358-2382
Email: kezell@podhurst.com