IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

WEEKS MARINE, INC.,

        Plaintiff,

Case No. 1:08-cv-20754

v.

BRIDGESTONE CORP., et al.

        Defendants.

## MOTION TO DISMISS FOR LACK OF SERVICE AND PERSONAL JURISDICTION

Defendant Jacques Cognard ("Cognard" or "Defendant"), through his undersigned counsel, hereby moves to dismiss the Consolidated Class Action Complaint ("Consolidated Complaint") pursuant to Fed.R.Civ.P. 4(m), 12(b)(2), and 12(b)(5) as follows:

### PROCEDURAL BACKGROUND

This case was originally filed on July 27, 2007 in the United States District Court for the Southern District of New York as civil action number 1:07-cv-06811-AKH. See Exhibit 1, SDNY Docket (Docket #1) (7/27/07). Weeks Marine, Inc. ("Weeks Marine") filed suit on behalf of itself and a purported class, and it named Cognard as an individual defendant in the complaint. Id.; see Exhibit 2, SDNY Complaint. On the same day, summons were issued for the defendants,

including Cognard. See Ex. 1 at 7/27/07. Accordingly, Weeks Marine had until November 24, 2007 to serve Cognard with process in this case. See Fed.R.Civ.P. 4(m) (allowing 120 days for service from the time of filing complaint). On November 21, 2007, plaintiffs' counsel wrote the court to advise that they had not yet served Cognard and requested an extension of time until February 1, 2008 to do so, which the court granted. See id. (Docket # 91); Exhibit 3, Endorsed letter from Gassman to Hellerstein, J. (11/21/07). The February 1, 2008 extension also lapsed without any service on Mr. Cognard. See Ex. 1.

In the meanwhile, on January 23, 2008, the United States Judicial Panel on Multidistrict Litigation issued its Transfer Order designating the United States District Court for the Southern District of Florida as the appropriate transferee district for the marine hose antitrust litigation, MDL No. 1888. See MDL Docket, In re: Marine Hose Antitrust Litigation, 1:08-md-01888-DLG (Docket #1). Pursuant to the MDL Transfer Order, this case was transferred from the Southern District of New York on March 3, 2008, was received by the Southern District of Florida on March 24, 2008, and was assigned case number 08-cv-20754. See Ex. 1 at 3/03/08 and 3/25/08 entries; MDL Docket (Docket # 77 & 78).

On March 4, 2008, the MDL Court issued Pretrial Order No. 1 requiring plaintiffs to file a consolidated amended complaint on March 24, 2008. See Pretrial Order No. 1 at ¶ 22 (Docket # 22) (3/4/08).[1] Cognard was not served with the Consolidated Complaint either, and although he recently retained counsel who have entered their appearance in this case, he continues to be omitted from service lists or consulted prior to court filings. Cf. Notice of Attorney Appearance

---

[1] Pretrial Order No. 1 also required defendants to respond to the Consolidated Complaint on April 23, 2008. Cognard moved for a ten-day extension of time to respond because he was not served with the Consolidated Complaint and needed to confer with his counsel who were only recently retained in this matter. See Notice of

on behalf of Cognard (Docket # 89) (4/23/08) with Unopposed Motion and Notice (Docket # 100 & 101) (omitting Cognard entirely).

To date, Mr. Cognard has not been served with the summons and complaint in this action. The SDNY Docket is devoid of any proof of or return of service as to Cognard despite the extension granted by the court to effect service. See generally Ex. 1 (reflecting affidavits of service for numerous other defendants but not Cognard). Nor has there been any return of service for Mr. Cognard filed in this case since its transfer to the MDL forum.

**I.     THE COURT SHOULD QUASH THE SUMMONS AND DISMISS THIS CASE FOR LACK OF SERVICE OF PROCESS**

Rule 4(m) of the Federal Rules of Civil Procedure states:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m). The plaintiff must show good cause before obtaining an extension of time for service. Id. The court has discretion to dismiss for lack of service where good cause is not shown. Bogle-Assegai v. Connecticut, 470 F.3d 498, 508-09 (2d Cir. 2006) (affirming dismissal for lack of service within 120 days in absence of good cause for delay) (rejecting argument for extension); Zapata v. City of New York, 502 F.3d 192, 197-99 (2d Cir. 2007) (same) (upholding discretion of trial court to refuse extension of service time for lack of good cause).

---

Appearance (Docket # 89) (4/23/08); Unopposed Motion for Extension of Time to File Answer or Responsive Pleading (Docket # 91) (4/23/08).

In this case, the 120-day time period for service began running with the June 27, 2007 filing of the complaint and issuance of the summons and lapsed on November 24, 2007. Although the SDNY court already granted Weeks Marine an extension until February 1, 2008 to serve Cognard, they still have not done so. Notably, the extension date lapsed without any efforts having been made by Weeks Marine to seek another extension and without any showing of good cause. Almost ten months have passed since this case was filed, nearly three times the amount of time contemplated in Rule 4(m). No further extensions are warranted, particularly when the Court considers that personal jurisdiction over Cognard is also lacking as explained below. Accordingly, this Court should quash the summons as to Cognard and dismiss this case against him with prejudice due to the extension already provided. Bogle-Assegai, 470 F.3d at 508-09; Zapata, 502 F.3d at 197-99.

## II.     THE COURT LACKS PERSONAL JURISDICTION OVER COGNARD

In addition to the lack of service, this case should also be dismissed as to Cognard for lack of personal jurisdiction. In multidistrict litigation, the transferee court must apply the law of the transferor forum to determine the issue of personal jurisdiction. In re: Sterling Foster & Co. Sec. Litig., 222 F.Supp.2d 289, 300 (E.D.N.Y. 2002) (citing Van Dusen v. Barrack, 376 U.S. 612, 639-40 (1964); In re: Plumbing Fixtures Litig., 342 F.Supp. 756, 758 (MDL Panel 1972)). A transferee court may exercise personal jurisdiction over a defendant only to the extent that the transferor court could. In re: Ski Train Fire, 343 F.Supp.2d 208, 213 (S.D.N.Y. 2004).

"Plaintiffs bear the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant." Id. (citing Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999)). To meet this burden, a plaintiff must make a prima facie showing

by averring in good faith, *through affidavits and supporting materials*, *facts* which are sufficient to establish personal jurisdiction.  Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208-09 (2d Cir. 2001) (emphasis added).  Where, as here, the complaint does not allege a single contact between the forum and the individual defendant, it should be dismissed for lack of personal jurisdiction.  In re: Sterling Foster & Co. Sec. Litig., 222 F.Supp.2d at 302 (dismissing complaint for failure to allege a single contact between defendant and forum).

Personal jurisdiction is a two-step analysis in federal courts:  First, the long-arm statute of the forum state must be satisfied; and, Second, if the long-arm statute permits, whether exercising jurisdiction under that statue would then satisfy constitutional due process requirements.  Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).  New York's long-arm statute provides jurisdiction when a person (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tort within the state; (3) commits a tort without the state causing injury to person or property within the state; or (4) owns or uses real property in the state.  N.Y.C.P.L.R. § 302(a) (McKinney 2006).  If the long-arm statute is not satisfied, then the court need not even undertake a review of the due process issues.  Bensusan, 126 F.3d at 27.

Cognard denies that any of these prongs of the long-arm statute are met in this case.  The Consolidated Complaint provides no factual basis for the Court to determine that they are met either.  The Consolidated Complaint contains only rote legal conclusions to allege this.  (Cons. Cmplt. ¶ 6).  In order to assert personal jurisdiction over Cognard in this case, however, the Court needs from Weeks Marine a prima facie showing of alleged *facts* made in good faith that, if true, would make such an exercise permissible.  Whitaker, 261 F.3d at 208-09; Bensusan, 126

F.3d at 27 (jurisdiction fails where long-arm statute is not satisfied and due process issues need not be reached). There has been no service of process on Cognard in this case, and there are no factual allegations linking him to New York such that the long-arm statute could be invoked. Accordingly, this case should be dismissed with prejudice as to Cognard.

Moreover, the Second Circuit does not recognize nationwide personal jurisdiction in antitrust cases. Daniel, et al. v. American Bd. of Emer. Medicine, 428 F.3d 408, 427 (2d Cir. 2005); see also GTE New Media Services Inc. v. Bellsouth Corp., 199 F.3d 1343, 1350-51) (D.C. Cir. 2000) (same). Thus, due process in this case still requires that the assertion of personal jurisdiction over a defendant rest upon minimum contacts with the forum such that "traditional notions of fair play and substantial justice" are not offended. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant's conduct and contact with the forum must be such that he can "reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985). "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 114 (1987) (plurality).

Even assuming *arguendo* that the New York long-arm statute would permit it, Weeks Marine has not met its burden to allege *facts* sufficient to show that the jurisdictional nexus between Cognard and New York required for due process exists. Cognard is a French citizen, who was employed by a French company, Trelleborg Industrie, and worked in France. (Cons. Cmplt. ¶¶ 16, 27). Cognard has no contact with New York, and more importantly, Weeks Marine alleges none. See generally id. (containing no references to New York); cf. id. at ¶¶ 56-

58, 61 (alleging meetings in Bangkok, Thailand; Key Largo, Florida; London, England; and Houston, Texas).  None of the plaintiffs or defendants are from or located in New York.  See Cons. Cmplt. ¶¶ 9-12, 14-33.  None of the plaintiffs allege that they have suffered any losses in New York.  See generally id.  Indeed, the Consolidated Complaint contains no factual allegations regarding any alleged harm, event or contact in or with New York.  Cognard had no reason to anticipate being haled into a New York court, and the Consolidated Complaint provides this Court with no basis to conclude otherwise.

Instead, the Consolidated Complaint alleges the bald legal conclusion, without supporting facts, that each defendant transacted business and has substantial contacts in the "United States, including in this District."  See Cons. Cmplt. ¶ 6; see also Ex. 2, SDNY Cmplt. ¶ 5 (same).  This is insufficient to meet Weeks Marine's burden of pleading actual facts and submitting affidavits or other supporting material to show some jurisdictional connection between Cognard and New York.  This suit should be dismissed with prejudice as to Cognard accordingly.

## CONCLUSION

For the reasons set forth herein, Cognard moves the Court to dismiss with prejudice this action against him.  Cognard has not been served with process or even the Consolidated Complaint, and the Court lacks personal jurisdiction over him.  There is no good cause shown for the failure to serve Cognard with process, and a time extension is unwarranted.  Indeed, any extension of time to serve Cognard with process would be futile as there is no personal jurisdiction over him in New York anyway.  Accordingly, Cognard asks that the Court enter final judgment in his favor, grant him his attorneys' fees, litigation expenses, costs, and interest, and award him such other relief as the Court deems proper.  A proposed form of order is attached.

DATED: May 5, 2008

                            Respectfully submitted,

                    By:      /s/ Daniel A. Lurvey
                         DANIEL A. LURVEY, ESQ.
                         Florida Bar No. 818070

                    By:      /s/ Christopher G. Lyons
                         CHRISTOPHER G. LYONS, ESQ.
                         Florida bar No. 985457

                         **Lyons & Lurvey, P.A.**
                         175 Southwest 7th Street
                         Suite 2009
                         Miami, Florida 33130
                         Telephone: (305) 379-5554
                         Facsimile:
                         dlurvey@llpalaw.com
                         clyons@llpalaw.com
                         Attorneys for Jacques Cognard

                         Lisa Zeiler Joiner
                         Alexandre H. René
                         Kimberly S. Walker
                         **Fulbright & Jaworski L.L.P.**
                         801 Pennsylvania Ave., N.W.
                         Washington, D.C. 20005
                         Telephone: (202) 662-0200
                         Facsimile: (202) 662-4643
                         ljoiner@fulbright.com
                         arene@fulbright.com
                         kwalker@fulbright.com
                         Attorneys for Jacques Cognard

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

**WEEKS MARINE, INC.,**

        **Plaintiff,**

Case No. 1:08-cv-20754

v.

**BRIDGESTONE CORP., et al.**

        **Defendants.**

## ORDER

Upon consideration of Defendant Cognard's Motion to Dismiss for Lack of Service and Personal Jurisdiction ("Motion"), the response thereto, and all other premises considered, it is for good cause shown on this ____ day of May, 2008, hereby

**ORDERED** that the Motion is **GRANTED**, and

**FURTHER ORDERED** that this case is dismissed with prejudice as to Defendant Jacques Cognard for lack of service of process and personal jurisdiction; and it is

**FURTHER ORDERED** that the Clerk of Court shall enter final judgment in favor of Defendant Jacques Cognard; and it is

**FURTHER ORDERED** that Defendant Jacques Cognard shall have to and until _____, 2008 to prepare and submit his request for costs and fees.

_____
Judge Donald L. Graham

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

**IN RE MARINE HOSE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

**WEEKS MARINE, INC.,**

       **Plaintiff,**

v.

**BRIDGESTONE CORP., et al.**

       **Defendants.**

Case No. 1:08-cv-20754

## CERTIFICATE OF SERVICE

I hereby certify that on this  5th  day of May, 2008, a true and correct copy of the foregoing **Motion to Dismiss for Lack of Service and Personal Jurisdiction** was electronically filed with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served upon all counsel of record identified on the attached service list in the manner specified, either via Notice of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive Notice of Electronic Filing.

       /s/ Daniel A. Lurvey
       Daniel A. Lurvey
       Florida Bar No. 818070
       Christopher G. Lyons
       Florida Bar No. 985457
       Lyons & Lurvey, P.A.
       1200 Brickell Avenue, Suite 1620
       Miami, FL 33131
       Telephone:  (305) 379-5554
       dlurvey@llpalaw.com
       clyons@llpalaw.com
       Attorneys for Jacques Cognard

## MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

### SERVICE LIST

**Gregory S. Asciolla**
**Hollis Lee Salzman**
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
212-907-0700
212-818-0477 (fax)
gasciolla@labaton.com
hsalzman@labaton.com
Counsel for Plaintiff **Bayside Rubber & Products, Inc.**

**Bruce E. Gerstein**
**Jan Bartelli**
**Kevin S. Landau**
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212-398-0055 (phone)
212-764-6620 (fax)
bgerstein@garwingerstein.com
jbartelli@garwingerstein.com
klandau@garwingerstein.com
Counsel for Plaintiff **Expro Gulf Limited**

**Joshua R. Carver**
**Gregory P. Hansel**
**Randall B. Weill**
Preti Flaherty Beliveau & Pachios LLP
One City Center, PO Box 9546
Portland, ME 04112-9546
207-791-3000
207-791-3111 (fax)
jcarver@preti.com
ghansel@preti.com
rweill@preti.com
Counsel for Plaintiff **Shipyard Supply, LLC**

**Jeffrey A. Kimmel**
Meister Seelig & Fein LLP
2 Grand Central Tower 19th Floor
140 E 45th Street
New York, NY 10017
212-655-3578 (phone)
212-655-3535 (fax)
jkimmel@meisterseelig.com
Counsel for Defendant **Bridgestone Industrial Products America, Inc.**

**Alain E. Boileau**
**Robert Hunt Schwartz**
Adorno & Yoss
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
954-523-5885 (phone)
760-9531 (fax)
aeb@adorno.com
rhs@adorno.com
Counsel for Defendant **Bridgestone Industrial Products America, Inc.**

**Leiv Blad**
**Boyd Cloern**
Clifford Chance US LLP
2001 K Street
Washington, DC 20006
202-912-5000 (phone)
leiv.blad@cliffordchance.com
boyd.cloern@cliffordchance.com
Counsel for Defendant **Bridgestone Corporation**

**David L. Cook**
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131
212-878-8074 (phone)
878-8375 (fax)
david.cook@cliffordchance.com
Counsel for Defendant **Bridgestone Corporation**

**Hal D. Hardin**
**Harold Richard Donnelly**
211 Union Street, Suite 200
Nashville, TN 37201
615-369-3377 (phone)
615-369-3344 (fax)
halhardin@aol.com
donnelly77@comcast.net
Counsel for Defendant **Bridgestone Industrial Products America, Inc.**

**Peter W. Homer**
**Gregory J. Trask**
Homer & Bonner
1441 Brickell Avenue
Four Seasons Tower Suite 1200
Miami, FL 33131
305-350-5100 (phone)
372-2738 (fax)
phomer@homerlaw.com
gtrask@homerbonnerlaw.com
Counsel for  Defendant **Bridgestone Corporation**

**James Weidner**
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131
212-878-8000 (phone)
878-8375 (fax)
james.weidner@cliffordchance.com
Counsel for Defendant **Bridgestone Corporation**

**R. Bruce Holcomb**
**James R. Martin**
**Christopher Fitzgerald Branch**
**Ann-Marie Luciano**
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
202-420-2200 (phone)
holcombb@dicksteinshapiro.com
martinj@dicksteinshapiro.com
branchc@dicksteinshapiro.com
lucianoa@dsmo.com
Counsel for Defendants **Dunlop Oil & Marine LTD., Bryan Allison, and David Brammar**

**Richard Aldo Serafini**
Greenberg Traurig
401 E Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
954-768-8256 (phone)
765-1477 (fax)
serafinir@gtlaw.com
Counsel for Defendants **Dunlop Oil & Marine LTD., Bryan Allison, and David Brammar**

**Alan Graham Greer**
Richman Greer Weil Brumbaugh Mirabito & Christensen
201 S Biscayne Boulevard, Suite 1000
Miami, FL 33131
305-373-4000 (phone)
373-4099 (fax)
agreer@richmangreer.com
Counsel for Defendants **Manuli Oil & Marine (USA),Inc., and Manuli Rubber Industries S.p.A.**

**Fern Mechlowitz**
**Robert M. Osgood**
**Daniel A. Goldschmidt**
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1AN
ENGLAND
mechlowitzf@sullcrom.com
osgoodrm@sullcrom.com
goldschmidtd@sullcrom.com
Counsel for Defendants **Manuli Oil & Marine (USA),Inc., and Manuli Rubber Industries S.p.A.**

**Lyle Eric Shapiro**
Richman Greer, P.A.
201 S Biscayne Boulevard, Suite 1000
Miami, FL 33131
305-373-4030 (phone)
373-4099 (fax)
lshapiro@richmangreer.com
Counsel for Defendants **Manuli Oil & Marine (USA),Inc., and Manuli Rubber Industries S.p.A.**

**Jeffrey Allan Sudduth**
Legon Ponce & Fodiman PA
1111 Brickell Avenue
Suite 2150
Miami, FL 33131
305-444-9991 (phone)
444-9937 (fax)
jsudduth@lpflaw.com
Counsel for Defendants **Parker Hannafin Corp., and Parker ITR srl**

**Sacha Aaron Boegem**
Jones Day
222 E 41st Street
New York, NY 10017
212-326-3892 (phone)
212-755-7306 (fax)
saboegem@jonesday.com
Counsel for **Defendant Parker ITR srl**

**Carmen Guerricagoitia McLean**
**John Michael Majoras**
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001-2113
202-879-3939 (phone)
202-626-1700 (fax)
cgmclean@jonesday.com
jmmajoras@jonesday.com
Counsel for Defendants **Parker Hannafin Corp., and Parker ITR srl**

**Walter M. Berger**
Howrey LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
bergerc@howrey.com
Counsel for Defendant **Trelleborg Industrie, S.A.S.**

**Roxann E. Henry**
**Christina Guerola Sarchio**
**Richard E. DiZinno**
**James G. Kress**
Howrey LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004-2402
202-383-6725 (phone)
202-383-6610 (fax)
henryr@howrey.com
sarchiochristina@howrey.com
dizinnor@howrey.com
kressj@howrey.com
Counsel for Defendant **Trelleborg Industrie, S.A.S.**

**David G. Meyer**
Howrey LLP
550 S Hope Street, Suite 1100
Los Angeles, CA 90071
213-892-1928 (phone)
213-892-2300 (fax)
Counsel for Defendant **Trelleborg Industrie, S.A.S.**

**Benedict P. Kuehne**
**Susan Dmitrovsky**
Law Office of Benedict P. Kuehne, P.A.
Bank of America Tower
100 SE 2nd Street, Suite 3550
Miami, FL 33131-2154
305-789-5989 (phone)
305-789-5987 (fax)
ben.kuehne@kuehnelaw.com
dmitrovsky@sk-lawyers.com
Counsel for Defendant **Trelleborg Industrie, S.A.S.**

**Paul M. Alfieri**
**Joseph P. Armao**
**Robert Harrison Bell**
**Benjamin D. Singer**
**Danielle Randazzo**
 Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
212-903-9000 (phone)
212-903-9100 (fax)
paul.alfieri@linklaters.com
joseph.armao@linklaters.com
robert.bell@linklaters.com
ben.singer@linklaters.com
danielle.randazzo@linklaters.com
Counsel for Defendant **Yokohama Rubber Co., Ltd.**

**Bryan Robert Cleveland**
Gilbride Heller & Brown PA
2 S Biscayne Boulevard
One Biscayne Tower 15th Floor
Miami, FL 33131
305-358-3580
305-374-1756 (fax)
Bcleveland@ghblaw.com
Counsel for Defendant **Yokohama Rubber Co., Ltd.**

**Donald C. Klawiter**
**Jennifer Marie Driscoll**
Mayer Brown LLP
1909 K Street NW, Suite 804
Washington, DC 20006
202-263-3393 (phone)
202-762-4297 (fax)
dklawiter@mayerbrown.com
jdriscoll@mayerbrown.com
Counsel for Defendant **Christian Caleca**

**Richard Marc Steuer**
Mayer Brown & Platt
1675 Broadway
New York, NY 10019-5820
212-506-2500 (phone)
212-262-1910 (fax)
rsteuer@mayerbrown.com
Counsel for Defendant **Christian Caleca**

**Michael Abram Rosen**
Fowler Rodriquez LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
786-364-8400 (phone)
786-364-8401 (fax)
mrosen@frc-law.com
Counsel for Defendant **Christian Caleca**

**Jeffrey Bruce Crockett**
Coffey Burlington
Penthouse
2699 South Bayshore Drive
Miami, FL 33133
305-858-2900 (phone)
305-858-5261 (fax)
jcrockett@coffeyburlington.com
Counsel for Defendant **Misao Hioki**

**David Ian Horowitz**
Kirkland & Ellis
153 E 53rd Street
New York, NY 10022-4611
212-446-4729 (phone)
212-446-6460 (fax)
dhorowitz@kirkland.com
Counsel for Defendant **Misao Hioki**

**Christopher T. Casamassima**
Kirkland & Ellis
777 S Figueroa Street, Suite 3700
Los Angeles, CA 90017
213-680-8400 (phone)
ccasamassima@kirkland.com
Counsel for Defendant **Misao Hioki**

**James H. Mutchnik**
Kirkland & Ellis
200 E Randolph Drive, Suite 6048
Chicago, IL 60601
jmutchnik@kirkland.com
Counsel for Defendant **Misao Hioki**

**Matthew Thomas Davidson**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
305-350-0050 (phone)
305-530-0055 (fax)
mdavidson@carltonfields.com
Counsel for Defendant **Val M Northcutt**

**Walter J. Tache**
Carlton Fields
4000 International Place
100 S.E. Second Street
Miami, FL 33131-2114
305-530-0050 (phone)
530-0055 (fax)
wtache@carltonfields.com
Counsel for Defendant **Val M Northcutt**

**Gerald Edward Greenberg**
Stearns Weaver Miller Weissler Alhadeff & Sitterson
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
305-789-3200 (phone)
789-3395 (fax)
ggreenberg@swmwas.com
Counsel for Defendant **Francesco Scaglia**

**Jay Brian Shapiro**
Stearns Weaver Miller Weissler Alhadeff & Sitterson
150 W Flagler Street, Suite 2200
Miami, FL 33130
305-789-3229 (phone)
789-3395 (fax)
jshapiro@swmwas.com
Counsel for Defendant **Francesco Scaglia**

**James M. Griffin**
**Diana J. Pomeranz**
**Kevin R. Sullivan**
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
202-626-5440 (phone)
jgriffin@kslaw.com
dpomeranz@kslaw.com
ksullivan@kslaw.com
Counsel for Defendant **Vanni Scodeggio**

**Marc David Seitles**
Marc D Seitles
169 E Flagler Street, Suite 1200
Miami, FL 33131
305-379-6667 (phone)
379-6668 (fax)
mseitles@seitleslaw.com
Counsel for Defendant **Vanni Scodeggi**

75259089.1   16

75259089.1