UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TORRES

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

**ALL ACTIONS**

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion Requesting Pretrial Planning and Scheduling Conference [D.E. 100].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

The Court finds that a hearing on the Motion is unnecessary and, after a careful consideration, has separately issued an order setting the pretrial conference and trial dates in this cause (hereinafter "Pretrial Order No. 2"). While the trial dates are set by Pretrial Order No. 2 and the parties should endeavor to strictly adhere to the schedule, the Court herein addresses certain issues raised by the parties in their Joint Pre-Trial Scheduling Submission [D.E. 101].

First, the parties advise that they "do not feel it is necessary or desirable to appoint a special master in this matter." The Court, however, disagrees. These matters involve numerous

interests, international in scope, including several civil and ancillary criminal proceedings. The Court believes that, under such circumstances, a special master is appropriate. Therefore, within ten (10) days from the date of this Order, the parties shall submit the names of three (3) candidates who the parties agree may perform the duties of a special master in this cause. Should the parties be unable to agree on candidates, the Court will independently appoint a special master and notice is hereby given of the Court's intent to order such an appointment.

The parties next advise that "Defendants do not believe that [defense liason counsel] is necessary." The Court, once again, disagrees. This action involves numerous international defendants with an equally large number of defense counsel. As such, defense liason counsel would assist in facilitating communications and streamlining this cause. Thus, within ten (10) days from the date of this Order, Defendants shall submit the name of who will perform the duty of defense liason counsel. If Defendants are unable to agree on who will serve as liason counsel, the Court may independently appoint such counsel.

Lastly, the parties inform the Court that they disagree as to the scope and timing of Rule 26(a) disclosures. In relevant part, Rule 26(a) provides that, without waiting for a discovery request, parties must exchange

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and

(ii) a copy - or description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. Pro. 26(a)(1)(A).

The parties apparently agree with respect to disclosure of witness information, but disagree that the disclosures require exchange of documents regarding U.S. sales and purchases of Marine Hose. [See D.E. 101 at 7] The Court finds that Rule 26(a)(1)(A)(ii), noted above, encompasses the disclosure of documents that will be used to support a party's claims or defenses. In this regard, based on the parties' representations, the Court finds that documents relating to U.S. sales and purchases of Marine Hose must be exchanged as part of initial disclosures.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion Requesting Pretrial Planning and Scheduling Conference [D.E. 100] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that, within ten (10) days from the date of this Order, the parties shall submit the names of three (3)

candidates who the parties agree may perform the duties of a special master as discussed herein.  It is further

**ORDERED AND ADJUDGED** that within ten (10) days from the date of this Order, Defendants shall submit the identity of who will perform the duty of defense liason counsel as noted herein.  It is further

**ORDERED AND ADJUDGED** that by May 30, 2008, the parties shall exchange initial disclosures.  In the event that the parties are unable to fully exchange initial disclosures by the date set herein, they shall meet and confer with the goal of setting a mutually agreed upon date for exchange of supplemental disclosures. Furthermore, disputes with respect to the discovery ordered herein shall be handled in accordance with this Court's procedures on discover matters and will generally be referred to the Magistrate Judge unless the Court deems otherwise.  Notwithstanding the foregoing, the case remains governed by Pretrial Order No. 2.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of May, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

4