UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants, through their respective counsel of record, having stipulated to the following protective order pursuant to Fed. R. Civ. P. 26(c) ("Protective Order") to govern the production of documents and things, the filing of documents, and the disclosure of testimony in the above-captioned action with this Court, and having further moved this Court to so order this Protective Order.

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

It Is Hereby ORDERED That:

**A.  Scope**

1.  This Protective Order governs the use and handling of documents, testimony, interrogatory responses, responses to requests for admission, and other information, including all copies, excerpts and summaries thereof produced or supplied by Defendants, Plaintiffs or other individuals or entities, including non-parties to this action.

2. Under this Protective Order, any producing or supplying party (hereafter "producing party") shall have the right to identify and designate as "Confidential" any material and/or information it produces or provides, which the party reasonably believes (I) is not in the public domain (*i.e.*, not generally known and not reasonably ascertainable by proper means), and (ii) contains any non-public trade secret or confidential research, , development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G). The party will designate such material and/or information as confidential (hereafter "designated material") if such party has a good faith belief that the designated material is entitled to confidential treatment.

3. Confidential information as used herein means any designated material that is designated by the producing party as "Confidential" pursuant to this Protective Order, whether it is a document or information contained in a document, disclosed during a deposition or other testimony, disclosed in an interrogatory answer or otherwise disclosed.

4. Material that is designated as confidential information and which a party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on confidential information in this Protective Order, may compromise and/or jeopardize the producing party's business interests, may be designated as "Highly Confidential" by said party.

5. A party may designate as Confidential or Highly Confidential material that is in the possession of a third party if the material contains that party's Confidential or Highly Confidential information.

6. Any documents filed with the Court by a producing party in pleadings or otherwise by the party that produced those documents in this litigation shall no longer be deemed

"Confidential" or "Highly Confidential" unless the party filing the documents has filed such information under seal pursuant to the procedures provided herein.

7. Any material produced in this litigation shall be used only for purposes of this litigation, including material that has not been designated as "Confidential" or "Highly Confidential." Such information shall not be used for any business, competitive, personal, private, public or other purpose. No material shall be disclosed to any party or counsel who seeks at any time to pursue claims other than these Class Claims.

**B. Designation of Confidentiality**

Documents or information may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

8. Specific documents produced by a party shall, if appropriate, be designated as Confidential or Highly Confidential by marking each page of the document containing Confidential or Highly Confidential information with: "Confidential," "Confidential-Subject To Protective Order," "Highly Confidential" or "Highly Confidential-Subject To Protective Order."

9. In the case of interrogatory answers and responses to requests for admissions, if appropriate, the designation of Confidential or Highly Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated Confidential or Highly Confidential. The following shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential information: "Contains Confidential Information" or "Contains Highly Confidential Information."

10. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) that contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or the witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Protective Order until the expiration of the above-referenced thirty-day period for designation, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "Contains Confidential information" or "Contains Highly Confidential Information." To the extent possible, the court reporter shall segregate into a separate transcript information designated as "Confidential" or "Highly Confidential". The separate transcript containing "Confidential" or "Highly Confidential" information shall have page numbers that correspond to blank or redacted pages in the main transcript and each such page will be marked as "Confidential" or "Highly Confidential". If all or part of a videotaped deposition is designated as Confidential or Highly Confidential, the videocassette or other videotape container shall be so labeled.

11. To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced by any party in such form, the producing party may designate such matter as

Confidential or Highly Confidential by cover letter referring generally to such matter or by labeling such media accordingly.

12. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated Confidential and/or Highly Confidential, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to Confidential Information and/or Highly Confidential Information. Whenever any party to whom computerized material designated as Confidential or Highly Confidential is produced reduces such material to hard-copy form, such party shall mark such hard-copy form as provided above.

## C.  Disclosure of Confidential Information

13. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Confidential.

14. Access to information designated Confidential pursuant to this Protective Order shall be limited to:

> a. counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in the litigation;
>
> b. outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;
>
> c. any expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party and is

retained by counsel for the purposes of consulting, and/or testifying in the action;

    d.  a director, officer, employee or agent of a party to whom the material is shown for purposes of this action;

    e.  (i) a person who prepared, received, reviewed, or otherwise had been provided access to the Confidential material prior to its production in the action; (ii) a current employee of the producing party; or (iii) witnesses or potential witnesses as to whom the examining counsel has a good faith belief that such persons have relevant information regarding the Confidential material;

    f.  this Court or any other Court exercising jurisdiction with respect to the action; Court personnel, jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the action; and

    g.  any other person to whom the party producing the Confidential information agrees to so disclose in writing or on the record in advance of the disclosure.

**D.   Disclosure of Highly Confidential Information**

15. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Highly Confidential.

16. Access to information designated Highly Confidential pursuant to this Protective Order shall be limited to:

    a.  outside counsel for the parties (including members or associates of such counsel's firm), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in the litigation;

    b.  outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;

    c.  any expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party and is retained by counsel for the purposes of consulting, and/or testifying in the action;

d. (i) a person who prepared, received, reviewed, or otherwise had been provided access to the Highly Confidential material prior to its production in the action; (ii) a current employee of the producing party; or (iii) witnesses or potential witnesses as to whom the examining counsel has a good faith belief that such persons have relevant information regarding the Highly Confidential material;

e. this Court or any other Court exercising jurisdiction with respect to the action; Court personnel, jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the action; and

f. any other person to whom the party producing the confidential information agrees to so disclose in writing or on the record in advance of the disclosure.

17. Each person to whom disclosure is made pursuant to 2(c), 2(d), and 2(e)(iii), shall be given a copy of this Protective Order and shall sign a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order.

### E. Restrictions And Procedures Regarding Confidential Or Highly Confidential Material

18. Persons receiving Confidential or Highly Confidential material are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any Confidential or Highly Confidential material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

19. If any party or counsel for any party wishes to disclose any Confidential or Highly Confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in the Court in this action, such papers or transcripts may be filed under seal only

upon separate, specific motion and later order of the Court. For purposes of this paragraph, if any party or counsel for any party intends to submit any affidavits, briefs, memorandum of law, or other papers disclosing the Confidential or Highly Confidential information of another party in this action, such disclosing party shall contemporaneously file a motion provided for in this paragraph requesting that the designated material be filed under seal.

20. If, at any time, any Confidential or Highly Confidential information in the possession, custody or control of any person other than the person who originally produced such information is subpoenaed by any court, administrative agency, legislative body or other person or entity, the party or person to whom the subpoena or request is directed shall promptly provide written notice to the person who originally produced such information and/or to the designating party that the party or person, which notice shall include the date set for the production of the subpoenaed information. Within seven (7) days, the producing party will inform the subpoenaed party either that it does not object to production of the information or that it will seek court protection to prevent the production.

21. If the original producing party responds that it will not seek court protection, then the subpoenaed party may produce the information. If the original producing party fails to provide the subpoenaed party with a response as to whether or not it will object to or seek court protection, the subpoenaed party may produce the information after seven (7) days following the subpoenaed party's notice of the subpoena to the original producing party. If the original producing party does elect to seek court protection, then the subpoenaed party will not produce the subpoenaed information on the date set for the production of the subpoenaed information. Notwithstanding the foregoing, the original producing party waives its right to object to production if it does not object to production or seek court protection on or before the date that

production is due, and, in that circumstance, the subpoenaed party may provide the subpoenaed information.

22. Nothing herein shall restrict or limit the use of information or documents designated as "Confidential" or "Highly Confidential" at any hearing or trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of such information or documents is anticipated, the parties shall meet and confer regarding the use of confidential materials containing such designations. If the parties cannot agree, the parties shall promptly request the Court to rule on such procedures.

F. **Objections to Designations**

23. A party shall not be obliged to challenge the propriety of a Confidential or Highly Confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Protective Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the party who designated the material, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other material that has been designated Confidential or Highly Confidential shall be treated as Confidential or Highly Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential or Highly Confidential. Nothing in this Protective Order is intended to create a presumption in

favor of confidentiality, and this Protective Order does not alter applicable law regarding burdens of proof when challenging a Confidential or Highly Confidential designation.

G. **Preservation of Rights and Privileges**

24. Nothing contained in this Protective Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential or Highly Confidential information, or of any right which any party may have to assert such privilege at any stage of the litigation.

H. **Return or Destruction of Material**

25. Within one hundred twenty (120) days after the final resolution of this action, all Confidential or Highly Confidential information shall be returned to counsel for the party that produced it or shall be destroyed. As to the material that contains or reflects Confidential or Highly Confidential information, but that constitutes or reflects counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such material contain Confidential or Highly Confidential information, so long as such material are clearly marked to reflect that they contain such information.

I.  **Inadvertent or Unintentional Disclosure**

26. The inadvertent or unintentional disclosure by the producing party of documents or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege.

27. A producing party that inadvertently fails to designate material as Confidential or Highly Confidential pursuant to this Protective Order at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing within twenty (20) days of discovery of the inadvertent mis-designation, accompanied by substitute copies of each item of material, appropriately designated. Those individuals who received the material prior to notice of mis-designation by the producing party shall within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such mis-designated documents. Those individuals who reviewed the mis-designated material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-designated material.

28. If a party has inadvertently or mistakenly produced information subject to a claim of privilege, or otherwise protected from disclosure, the producing party shall, within twenty (20) days of discovery of such inadvertent or mistaken production, serve a written request upon the receiving party for return of the same. The receiving party of inadvertently produced material will return such item or items and all copies thereof within ten (10) days of receiving a written

request from the producing party for the return of same. If the receiving party challenges a claim that material has been inadvertently produced, the receiving party may, in connection with any good faith challenge, make reference to the contents of the inadvertently produced material in a document filed with the Court only if such document is filed in connection to a motion challenging or opposing the assertion of privilege, and only so long as such filing is made under seal. If requested by the receiving party, the producing party shall provide the purportedly privileged material to the Court for in-camera review. If the Court sustains the privilege claim of the producing party with respect to inadvertently produced material, the receiving party shall, within five (5) days of the Court's Order, destroy any notes relating to the material and advise the producing party in writing of the destruction.

29. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

30. A non-party who is obligated to provide discovery in this action by deposition, production of documents or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A. By signing such declaration, the non-party also agrees to be bound by the terms of this Protective Order.

31. Upon the final resolution of this action, any party may seek leave to reopen this action to enforce the provisions of this Protective Order.

32. This Protective Order is binding on all parties to this action and also on all non-parties who have signed the attached Exhibit A, and this Protective Order shall remain in force

and effect until modified, superseded, or terminated by consent of the parties or by further Order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: June 26, 2008    Respectfully submitted,

s/ Richard A. Serafini
RICHARD A. SERAFINI
Florida Bar No. 0972037
serafinir@gtlaw.com
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard. Suite 2000
Ft. Lauderdale, Florida 33301
Telephone: (954) 768-8256
Fax: (954) 765-1477

/s James R. Martin
R. Bruce Holcomb
James R. Martin
Christopher F. Branch
DICKSTEIN SHAPIRO LLP
1825 I Street, NW
Washington, DC 20006
P: 202-420-2200

*Liaison Counsel for defendants signing on behalf of all Defendants*

Dated: June 26, 2008    /s Hollis Salzman
Hollis Salzman
Gregory S. Asciolla
Labaton Sucharow & Rudoff LLP
100 Park Ave., 12th Floor
New York, NY 10017-5563
P: 212-907-0700

*Class Co-Lead Counsel* signing on behalf of all Plaintiffs' Co-Lead Counsel

SO ORDERED this ____ day of __July__, 2008

Donald L. Graham
United States District Judge

-14-

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

---

IN RE MARINE HOSE ANTITRUST
LITIGATION

---

THIS DOCUMENT RELATES TO:
ALL ACTIONS

---

**CERTIFICATION**

1. My name is _____.

2. I live at _____.

3. I am employed as (state position) _____

4. by (state name and address of employer) _____.

5. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____ by _____

Signed: _____