UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST
LITIGATION

_____ /

THIS DOCUMENT RELATES TO:
ALL ACTIONS

_____ /

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR AND FOR AUTHORIZATION TO DISSEMINATE NOTICE

Plaintiffs, on behalf of themselves and a proposed Class of direct purchasers of Marine

Hose, have entered into a Settlement Agreement with defendants Dunlop Oil & Marine Ltd.,

Bryan Allison and David Brammar (collectively "Dunlop").[1]  Under the Settlement Agreement, a

copy of which is attached hereto as Exhibit "1," Dunlop has agreed to make a cash payment of

$6.5 million to the Class, or 11% of Dunlop's estimated United States sales during the

Settlement Class Period.  In addition, Dunlop has agreed to extensively cooperate with plaintiffs

in connection with their continued prosecution of the litigation against the non-settling

defendants.

Plaintiffs now move the Court to enter a Preliminary Approval Order: (1) finding that the

proposed settlement with Dunlop is sufficiently fair, reasonable and adequate to allow

dissemination of notice of the settlement to the proposed Settlement Class; (2) appointing

Plaintiffs' Co-Lead Counsel as counsel for the Settlement Class; (3) establishing a date for a

---

[1] All defined terms herein have the same meaning as in the Settlement Agreement unless otherwise noted.

40947.4
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

hearing on final approval of the proposed settlement and Plaintiffs' application for attorneys'
fees and expenses; (4) approving the forms of mailed notice and claim form and published
summary notice of the proposed settlement; (5) approving the notice plan and directing that
notice be disseminated; (6) establishing a deadline for filing papers in support of final approval
of the proposed settlement; (7) establishing a deadline for filing any objections to the proposed
settlement by Settlement Class Members; (8) establishing a deadline for Settlement Class
Members to exclude themselves from the proposed settlement, and; (9) establishing a deadline
for Settlement Class Members to submit completed Claim Forms. Plaintiffs have submitted
herewith a proposed Preliminary Approval Order, and the proposed Notice and Summary Notice
are attached to the Settlement Agreement as Exhibits "B" and "C," respectively.

At this juncture, the Court need only determine whether the proposed settlement is
sufficiently fair, reasonable and adequate to allow notice to be disseminated to the proposed
Settlement Class. Plaintiffs submit that the proposed settlement satisfies the required standards,
and respectfully request that the Court authorize dissemination of notice pursuant to Rule 23(e)
of the Federal Rules of Civil Procedure and establish a schedule for final approval of the
proposed settlement with Dunlop.

## II.
## BACKGROUND

This litigation was commenced in 2007 with the filing of a number of antitrust class
action lawsuits against Dunlop and other defendants by direct purchasers of "Marine Hose."[2]
Plaintiffs allege that defendants violated Section 1 of the Sherman Act, 15 U.S.C. §1, by
engaging in a conspiracy to fix, raise, maintain or stabilize the price of Marine Hose purchased in

---

[2] "Marine Hose", as defined in the Settlement Agreement, "means a flexible rubber hose and ancillary products
used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage
tanks." For purposes of the proposed settlement, "Marine Hose" does not include dredge hose. Settlement
Agreement ¶ 6.

the United States. Plaintiffs contend that, as a result of that conspiracy, they and the other members of the Class were injured when they paid artificially inflated prices for Marine Hose.

On May 2, 2007, the U.S. Department of Justice ("DOJ") announced that eight executives from the United Kingdom (U.K.), France, Italy, and Japan were arrested in Houston and San Francisco and charged for their role in a conspiracy to rig bids, fix prices, and allocate markets and customers for United States sales of Marine Hose. Also on May 2, 2007, a criminal complaint was unsealed in the Miami Division of this Court against four executives: defendant Peter Whittle, the owner of defendant PW Consulting (Oil & Marine) Ltd.; defendant Jacques Cognard, the oil and marine manager of defendant Trelleborg Industrie S.A. in France; and former Dunlop employees and settling individual defendants Bryan Allison (managing director) and David Brammar (sales and marketing director).

The DOJ further stated that a separate criminal complaint was filed late on May 1, 2007 in the Fort Lauderdale Division of this Court against four other executives: defendant Christian Caleca, the president of the Industrial Hose Business Unit of Trelleborg Industrie S.A. in France; defendant Vanni Scodeggio, a business unit manager at defendant Parker ITR slr in Italy; defendant Francesco Scaglia, a product manager at defendant Manuli Rubber Industries SpA in Italy; and defendant Misao Hioki, an executive involved in the sale of Marine Hose for defendant Bridgestone Corporation in Japan. According to the criminal complaints, the charged executives participated in the conspiracy at various times during the period from at least 1999 to the present.

Simultaneous with the May 2 arrests, agents of the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General executed search warrants at locations across the United States. Competition authorities abroad, including the

Podhurst Orseck, P.A.     3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, also raided Defendants' offices in Europe and Japan.

According to the affidavit filed in support of the criminal complaint charging Whittle, Allison, Brammar and Cognard, the conspirators met in locations such as Key Largo, Florida, Houston, Texas, Bangkok, and London. At these meetings, according to the Government, the conspirators discussed and agreed to the rules for implementing their bid-rigging, price-fixing and allocation scheme. They also allegedly kept agendas and detailed "minutes" of cartel meetings. Also, according to that same affidavit, during the conspiracy the participants devised code names to conceal their involvement and communications.

According to court papers, Whittle, the cartel coordinator, collected approximately $300,000 a year, with each conspirator paying him about $50,000. The defendants allegedly provided Whittle with information about upcoming Marine Hose jobs, and Whittle then designated which conspirator would win the job, referring to the winning conspirator as the "champion." The affidavit filed in support of the complaint charging Caleca, Scodeggio, Scaglia and Hioki alleges that members of the cartel met as recently as May 1, 2007 in a hotel in Houston, Texas for the purpose of carrying out the conspiracy.

Since May 2007, seven of the conspirators have pleaded guilty or agreed to plead guilty to participating in a Marine Hose antitrust conspiracy, two have been indicted and await trial, and two have been arrested and charged for their roles in the conspiracy. Defendant Yokohama is in the DOJ's amnesty program.

On January 23, 2008, the Judicial Panel on Multidistrict Litigation entered an order transferring the *Weeks Marine* case to this Court for pretrial proceedings with the cases that had been pending in the Southern District of Florida.

Podhurst Orseck, P.A.                                                                4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

Settlement negotiations with Dunlop began in 2007, and were conducted by Plaintiffs'
Counsel and Dunlop's litigation counsel, the law firm of Dickstein Shapiro, LLP. These
negotiations continued, concluding with the execution of the Settlement Agreement on July 11,
2008. The negotiations, conducted by experienced and able counsel, were vigorous in nature and
were at all times conducted at arm's-length. As part of the settlement negotiations with Dunlop,
Dunlop's counsel provided Plaintiffs' Counsel certain information concerning Dunlop's
participation in the alleged antitrust violations and transaction data that was, in the view of
Plaintiffs' Counsel, sufficient to enable them to evaluate the fairness, reasonableness and
adequacy of the proposed settlement.

## III.
## SUMMARY OF THE DUNLOP SETTLEMENT AGREEMENT

### A.   The Settlement Amount

The Settlement Agreement provides that Dunlop will pay $6.5 million into a Settlement
Fund for the benefit of the Class. Settlement Agreement ¶¶ 9, 18. Dunlop has agreed to place
the Settlement Fund in escrow, where it is to be invested in United States Government Treasury
obligations, United States Treasury Money Market funds or in a bank account, and all interest
earned on the $6.5 million shall become and remain a part of the Settlement Fund. Settlement
Agreement ¶ 23. The $6.5 million amount represents 11% of plaintiffs' best estimate of
Dunlop's United States sales during the Settlement Class Period of January 1, 1985 through
March 24, 2008 (Settlement Agreement ¶ 20), which as we explain below is an excellent result.
Prior to the Effective Date of the Settlement Agreement, Settlement Class Counsel are authorized
to make reasonable disbursements from the Settlement Fund for the purpose of publishing and
mailing notice to the proposed Settlement Class, and to defray other expenses in connection with
the administration of the Settlement. Settlement Agreement ¶ 22.

B.    Cooperation

The Settlement Agreement requires Dunlop, in addition to paying the $6.5 million, to

extensively cooperate with Settlement Class Counsel in connection with the prosecution of

plaintiffs' claims against the remaining defendants and any defendants subsequently added to the

litigation. This cooperation is detailed in Section H, ¶¶ 28-42 of the Settlement Agreement, and

includes Dunlop's agreement to:

- furnish documents or other items potentially relevant to plaintiffs' claims in Dunlop's possession, custody, or control;

- make available for interviews Dunlop's current directors, officers, or employees who have been interviewed by any Governmental Entities or who Settlement Class counsel or Dunlop believe in good faith possess information that would reasonably assist plaintiffs in the prosecution of their actions;

- make available for the provision of declarations and affidavits any current directors, officers, and employees of Dunlop who have been interviewed by any Governmental Entities or who Settlement Class Counsel or Dunlop believe in good faith possess information that would reasonably assist plaintiffs in the prosecution of their actions;

- make available for depositions by Settlement Class Counsel any current directors, officers, and employees of Dunlop who have been interviewed by any Governmental Entities or who Settlement Class Counsel or Dunlop believe in good faith possess information that would reasonably assist plaintiffs in the prosecution of their actions;

- make available for trial testimony at Dunlop's expense any current directors, officers, and employees of Dunlop who have been interviewed by Governmental Entities or who possess information that Settlement Class Counsel or Dunlop believe in good faith would reasonably assist plaintiffs in the prosecution of their actions;

- meet with Settlement Class Counsel to provide background relating to the alleged antitrust violations;

- produce the following categories of documents relating to purchases of Marine Hose in the United States, to the extent such documents are in Dunlop's possession, custody, or control:

- documents relating to or reflecting actual or potential communications between two or more defendants (or a defendant and another manufacturer of Marine Hose) regarding pricing, bidding, or markets for purchases in the United States;

- copies of all documents provided to or seized by the DOJ or any of the other Governmental Entities investigating antitrust violations in the Marine Hose industry insofar as they relate to Class Claims;

- upon reasonable and specific requests, and within a reasonable time frame, any other documents relevant to Plaintiffs' claims.

C.    Release

Upon the Effective Date and in consideration of payment of $6.5 million and Dunlop's compliance with the cooperation provisions of the Settlement Agreement, the Releasees (as defined in ¶ 7 of the Settlement Agreement) shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors (as defined in ¶ 8 of the Settlement Agreement), or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Hose based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Complaints filed by Plaintiffs against Dunlop and the individuals regarding Marine Hose which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided, however, that nothing in the Settlement Agreement shall release: (1) any claims made by

purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) claims for any product defect, breach of contract, or similar claims relating to Marine Hose; or (3) claims under law other than those of the United States for other than Class Claims. Settlement Agreement ¶ 17.

### D.     Sales by Dunlop Remain in the Case Against the Other Defendants

The proposed settlement will not affect the non-settling defendants' joint and several liability for the alleged conspiracy. Dunlop's sales to Settlement Class Members shall remain in the case and the non-settling defendants remain jointly and severally liable for damages on those sales. Settlement Agreement ¶ 43. Thus, the settlement with Dunlop will not affect the Settlement Class' ability to recover the full amount of damages from the other defendants.

### E.     Settling Defendants' Right to Withdraw

Paragraph 19 of the Settlement Agreement provides that if the amount of sales of Marine Hose to members opting out of the Class exceeds the amount set forth in a separate letter agreement between Settlement Class Counsel and counsel for Dunlop, then Dunlop shall have the right to withdraw from the settlement. The letter agreement is highly confidential and will be provided to the Court for review *in camera* if so requested.

### F.     Most Favored Nation Provisions

Paragraph 20(a) of the Settlement Agreement provides that if plaintiffs execute a settlement agreement after the date the Court preliminarily approves the settlement with Dunlop for less than 11% of the later settling defendant's United States sales of Marine Hose from and including January 1, 1985 to and including August 2, 2007, Dunlop's obligation under the Settlement Agreement shall be reduced proportionately, subject to various contingencies that can . reduce or eliminate the effect of this provision.

Paragraph 20(b) provides that Dunlop will not settle with any direct purchasers on other than an individual basis for more than it has agreed to pay under the Settlement Agreement in this case, subject to various contingencies that can reduce or eliminate the effect of this provision.

G.     Stipulation to Class Certification

The Settlement Agreement provides that the parties stipulate that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied with respect to the settlement, subject to Court approval, and that the following Settlement Class shall be certified for settlement purposes only as to Dunlop:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008.

At this time, Plaintiffs are seeking the Court's preliminary approval of the settlement and authorization to disseminate notice to members of the proposed Settlement Class. In connection with the final settlement approval process, Plaintiffs will move for unconditional certification of this Settlement Class and final approval of the Settlement.

In sum, the settlement with Dunlop is the result of extensive good faith negotiation, after factual investigation and legal analysis, and is, in the opinion of Plaintiffs' Counsel, who are experienced in these matters, fair, reasonable, and adequate to the proposed Settlement Class. Accordingly, Plaintiffs' Counsel believe that the settlement with Dunlop is in the best interests of the Settlement Class Members and should be preliminarily approved by the Court for the purpose of sending notice of the settlement to the Settlement Class.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

IV.
PROPOSED TIMETABLE

The proposed Preliminary Approval Order sets forth a procedure and schedule for

disseminating notice to the Settlement Class and final approval of the proposed Dunlop

settlement. Plaintiffs' counsel propose the following schedule:

(1)   Notice and Claim Form to be mailed approximately (14) days following the date
      of the Preliminary Approval Order and posted on the internet;

(2)   Summary Notice to be published once in the national edition of The Wall Street
      Journal within ten (10) days after the Notice is mailed;

(3)   Ten days (10) before the date fixed by this Court for the hearing on final approval
      of the settlement, Settlement Class Counsel shall cause to be filed with the Clerk
      of this Court affidavits or declarations of the person(s) under whose general
      direction the mailing and publication of the Notice and Summary Notice were
      made in accordance with the Preliminary Approval Order;

(4)   A hearing before the Court on final approval of the settlement ("Final Approval
      Hearing") to be scheduled within approximately ninety (90) days of the date on
      which the Notice is mailed, or as the Court's schedule permits;

(5)   All papers in support of final approval of the settlement and Plaintiffs' Fee and
      Expense Application to be filed thirty (30) days prior to the Final Approval
      Hearing;

(6)   Any requests for exclusion from the Settlement Class must be postmarked by
      forty-five (45) days prior to the Final Approval Hearing; and

(7)   Any objections to the settlement must be filed with the Court and served on
      Settlement Class Counsel and counsel for Dunlop within forty-five (45) days prior
      to the Final Approval Hearing.

(8)   All completed Claim Forms must be postmarked within 120 days after the Notice
      mailing date.

Although a Claim Form is included with the Notice, plaintiffs are not proposing a plan of

allocation and distribution of the Settlement Fund to Settlement Class Members at this time.

Plaintiffs will propose an allocation plan at a future date, including the dissemination of

additional notice to the Settlement Class concerning the proposed allocation and distribution.

Podhurst Orseck, P.A.                                    10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

V.

## THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND ADEQUATE TO AUTHORIZE DISSEMINATION OF NOTICE TO THE CLASS

### A.    Governing Standards

The Manual For Complex Litigation (Fourth) §21.632 (2004), provides a framework for

the Court's preliminary evaluation of a proposed class action settlement:

> Review of a proposed class action settlement generally involves
> two hearings. First counsel submit the proposed terms of
> settlement and the judge makes a preliminary fairness evaluation. .
> . . The Judge must make a preliminary determination on the
> fairness, reasonableness and adequacy of the settlement terms and
> must direct the preparation of notice of the . . . proposed
> settlement, and the date of the fairness hearing.

*See also Fresco v. Auto Data Direct, Inc.* No. 03-61063, 2007 WL 2330895 * 4 (S.D. Fla. May

14, 2007). A court's authorization to disseminate notice constitutes its recognition that the

settlement is within the range of possible approval. *In re Corrugated Container Antitrust Litig.,*

643 F.2d 195, 205 (5th Cir. 1981); *Figueroa v. Sharper Image Corp.* 517 F. Supp. 2d 1292,

1299 (S.D. Fla. 2007). As one court noted, dissemination of notice "is at most a determination

that there is what might be termed 'probable cause' to submit the proposal to class members and

hold a full-scale hearing as to its fairness." *In re Traffic Executive Assoc.-Eastern R.R,* 627 F.2d

631, 634 (2d Cir. 1980). *See also Fresco,* 2007 WL 2330895 at *4 ("A proposed settlement

should be preliminarily approved if it "is 'within the range of possible approval' or, in other

words, [if] there is 'probable cause' to notify the class of the proposed settlement.").

A proposed settlement falls within the "range of possible approval" under Rule 23(e)

where there is a conceivable basis for presuming that the proposed settlement will meet the more

rigorous standards applied for final approval. The standard for final approval of a class action

settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(1)(C); *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

When authorizing the dissemination of notice, a court does not conduct a "definitive proceeding on the fairness of the proposed settlement, and the judge must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable and adequate." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement is assessed under the factors set forth in *Bennett v. Behring Corp.*, *supra*[3]

B.  The Proposed Settlement Is Fair and Within The Range of Possible Approval

The settlement reached here is the product of extensive settlement negotiations, which unfolded over a period of months and concluded only after plaintiffs obtained transaction data and other information from Dunlop sufficient to allow plaintiffs' counsel to evaluate the settlement. Further, the guilty pleas have provided further information about the case. The negotiations were conducted by plaintiffs' counsel and by Dunlop's litigation counsel. Nothing in the course of the negotiations or the substance of the proposed settlement presents any ground to doubt its fairness.

The settlement requires Dunlop to make a cash payment of $6.5 million. The cash settlement amount reflects consideration of representations made and information provided by

---

[3] The "*Bennett* Factors" that a court considers on a motion for final approval of a class settlement as "fair, reasonable and adequate" include:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.

Podhurst Orseck, P.A.                                                                12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Dunlop and independently obtained by plaintiffs' counsel, and reflects a meaningful recovery. This $6.5 million settlement amount represents 11% of Dunlop's estimated sales in the United States during the Settlement Class Period – an excellent result and a higher percentage than in settlements approved in other antitrust price-fixing class actions. *See, e.g., Meijer Inc. v. 3M,* Civ. A. No. 04-5871, 2006 WL 2382718, *20 (E.D. Pa. Aug. 14, 2006) (settlement of $28.9 million represented 2% of settling defendant's sales to class members); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 627 (E.D. Pa. 2004) (settlements of $34 million and $92.5 million represented 2.0% and 1.62% of settling defendants' sales approved); *In re Automotive Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2004 WL 1068807 (E.D. Pa. May 11, 2004) (two settlements worth $48 million representing 2% of sales); *In re Citric Acid Antitrust Litig.*, 145 F.Supp.2d 1152, 1155 (N.D. Cal. 2001) (four settlements totaling $85 million and equaling 10% of each of the settling defendants' citric acid sales); *In re Plastic Tableware Antitrust Litig.*, No. 94-3594, 1995 WL 678663, at *1 (E.D. Pa. Nov. 13, 1995) (3.5% of defendants' total sales); *In re Shopping Carts Antitrust Litig.*, MDL No. 451, 1983 WL 1950, at *9 (S.D.N.Y. Nov. 18, 1983) (settlement representing 5.5% of sales); *Axelrod v. Saks & Co.*, Nos. 76-3805, 76-4011, 77-172, 1981 WL 2031, at *1 (E.D. Pa. Feb. 23, 1981) (recovery equal to 3.7% of total sales); *In re Armored Car Antitrust Litig.*, 472 F. Supp. 1357 (N.D. Ga. 1979) (recovery of less than 4% of sales).

Another important aspect of the settlement is the substantial cooperation to which Dunlop has agreed. Such cooperation component in an early settlement such as this may facilitate a more prompt and efficient resolution of this action, and may trigger additional settlements sooner than might otherwise occur. As the court stated in *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003):

40947.4

> The Court also notes that this settlement has significant value as an
> "ice-breaker" settlement -- it is the first settlement in the litigation
> -- and should increase the likelihood of future settlements. An
> early settlement with one of many defendants can "break the ice"
> and bring other defendants to the point of serious negotiations.

The cooperation provisions of the Settlement Agreement here provide just such a substantial
benefit to the class.

## VI.
## NOTICE TO THE CLASS

Federal Rule of Civil Procedure 23(e)(1)(B) provides that "[t]he Court must direct notice
in a reasonable manner to all class members who would be bound by the proposed settlement. . ."
Plaintiffs propose providing individual, mailed notice to the extent practicable. The Notice will
be mailed, First Class and postage prepaid, to all persons and entities who have been identified
by Dunlop, and the other entity Defendants to the extent provided voluntarily or by Court Order,
as direct purchasers of Marine Hose in the United States from Defendants in this case during the
Settlement Class Period, and posted on the internet. The Summary Notice will be published
once in the national edition of The Wall Street Journal.

Plaintiffs believe that the content and proposed method of dissemination of the Notices
fulfills the requirements of Federal Rule of Civil Procedure 23(e)(1)(B) and due process. *See*
*generally Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-88 (11th Cir.
2007). The Notices apprise Settlement Class Members of the material settlement terms, and
outline the procedures (and related deadlines) for any Settlement Class Members who desire to
exclude themselves from the settlement or object to its terms, and informs Settlement Class
Members about submitting the attached Claim Form in order to be eligible to share in the
settlement proceeds. The Notices also inform Settlement Class Members of the date and place of
the Final Approval hearing. Further, the mailed notice will advise the Settlement Class Members

Podhurst Orseck, P.A.                                    14

that, if the Dunlop Settlement is approved, Settlement Class Counsel will ask the Court for

attorneys' fees, reimbursement for already incurred out-of-pocket litigation expenses and for

permission to create a fund to defray future litigation expenses, up to $250,000, from the

Settlement Fund. Litigation expenses include, but are not limited to, costs for economic experts,

document copying and depositions.[4]

## VII.
## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Plaintiffs' Motion for

Preliminary Approval of a Proposed Settlement with Defendant Dunlop Oil & Marine Ltd.,

Bryan Allison and David Brammar and for Authorization to Disseminate Notice be granted.

Dated: July 25, 2008

/s/    Robert C. Josefsberg
Robert C. Josefsberg
Florida Bar No. 040856
RJosefsberg@podhurst.com
Katherine W. Ezell
Florida Bar No. 114771
KEzell@podhurst.com
Alexander Rundlet, Esq.
Florida Bar No. 0692302
ARundlet@podhurst.com
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
(305) 358-2800   Fax: (305) 358-2382

*Counsel for Plaintiffs*

and

---

[4] Courts have not only granted requests for reimbursement of past expenses, but also permitted the creation of funds
to be used to pay future litigation expenses. *E.g., In re Microcrystalline Cellulose Antitrust Litig.*, Master File No.
01-CV-111, MDL No. 1402 (E.D. Pa., June 15, 2005) (granting plaintiffs' counsel's request to use up to $2.5
million of a settlement fund to pay litigation expenses against the remaining defendant).

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Gregory P. Hansel
Florida Bar No. 607101
ghansel@preti.com
Randall B. Weill
Maine Bar No. 2836
rweill@preti.com
PRETI, FLAHERTY, BELIVEAU &
            PACHIOS, LLP
One City Center
P. O. Box 9546
Portland, ME 04112-9546
(207) 791-3000    Fax (207) 791-3111

Hollis Salzman
hsalzman@labaton.com
Gregory Asciolla
gasciolla@labaton.com
LABATON SUCHAROW LLP
100 Park Avenue
New York, New York, 10017
(212) 907-0700   Fax (212) 818-0477

Bruce Gerstein
bgerstein@garwingerstein.com
Barry Taus
btaus@garwingerstein.com
Noah H. Silverman
nsilverman@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055    Fax:  (212) 764-6620

*Co-Lead Counsel and Proposed*
*Settlement Class Counsel*

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alexander Rundlet
Florida Bar No. 692301
Podhurst Orseck, P.A.
25 W. Flagler St., Suite 800
Miami, Florida 33130
Tel: (305) 358-2800

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com

08-MDL-1888-GRAHAM/O'SULLIVAN

## SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION
### Case No. 08-MDL-1888-Graham/O'Sullivan
#### The following counsel of record have been served
#### via the Southern District of Florida's CM/ECF System
#### and/or electronic mail by Plaintiffs' counsel:

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO, LLP
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff s Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480/Fax: (318) 487-1741

Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddic Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**

Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0717/Fax: (212) 883-7017

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/stevedampier@cs.com
M. STEPHEN DAMPIER PC
14 S Section Street
P.O. Box 161
Fairhope, AL 36533
Tel: (251) 928-9160/Fax: (251) 928-2834

Daniel B. Scott/danielscott@chimicles.com
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500

Gaines C. McCorquodale/middletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett/pnbarrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodeggio:**

James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan ksullivan@kslaw.com
Washington DC Bar No. 411718
Diana J. Pomeranz/dpomeranz@kslaw.com
Washington DC Bar No. 494249
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

**Counsel for Defendant Misao Hioki:**

Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

**Counsel of Defendant Francesco Scaglia**
David O. Markus/dmarkus@markuslaw.com
Fla. Bar No. 119318
DAVID OSCAR MARKUS, PLLC
1200 Alfred I. DuPont Bldg.
169 E. Flagler St.
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6683

Gerald F. Greenberg/ggreenberg@swmwas.com
Fla. Bar No. 440094
Jay B. Shapiro/jshapiro@swmwas.com
Fla Bar No. 776361
STEARNS WEAVER MILLER, et al.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 789-3200/Fax: (305) 789-3395

**Counsel for Defendant Christian Cateca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine
(USA), Inc. and Manuli Rubber Industries SPA**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324
RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co.,
Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergere@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, Fl. 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346         www.podhurst.com

08-MDL-1888-GRAHAM/O'SULLIVAN

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressj@howrey.com
Christina Guerola Sarchio/
sarchiochristina@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and
Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for only Defendant Parker ITR SLR**
Sacha A. Boegem/saboegem@jonesday.com
JONES DAY
222 E. 42st St.
New York, NY 10017
Tel: (212) 326-3892/Fax: (212) 755-7306

**Counsel for only Parker-Hannifin Corporation**
Jennifer Seraphine/jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 626-3939/Fax: (415) 875-5700

**Counsel for Defendant Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346         www.podhurst.com

James Weidner /james.weidner@cliffordchance.com
David Cook/david.cook@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

**Counsel for Defendant Bridgestone Industrial
Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

**Counsel for Defendants Bryan Allison & David
Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Defendant Val M. Northcutt**
Walter J Tache wtache@carltonfields.com
Fla Bar #028850
Matthew T. Davidson/mdavidson@carltonfields.com
Fla Bar #713821
CARLTON FIELDS
400 International Place
100 S.E. 2nd Street
Miami, FL 3313-2114
Tel: (305) 530-0050/Fax: (305) 530-0055

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/ lurveylaw@aol.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com