## EXHIBIT 1
## (SETTLEMENT AGREEMENT)

## TO

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH
DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR
AND FOR AUTHORIZATION TO DISSEMINATE NOTICE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

|   |   |
|---|---|
| IN RE: MARINE HOSE ANTITRUST LITIGATION | : |
|   | : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : |

### SETTLEMENT AGREEMENT WITH DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR

This Settlement Agreement ("Agreement") is made and entered into this 11th day of

_____ July ____ 2008 (the "Execution Date"), by and between Defendant Dunlop Oil & Marine Ltd.,

("Dunlop") and its former employees, Bryan Allison and David Brammar (collectively, "the

individuals") and plaintiff class representatives (collectively, "Plaintiffs"), both individually and

on behalf of a class of purchasers of Marine Hose (as defined in paragraph A.6. below) who

purchased Marine Hose in the United States directly from Dunlop or any Defendant named in the

Consolidated Class Action Complaint filed March 24, 2008 (the "Action") during the period

from January 1, 1985 to and including March 24, 2008.

WHEREAS, Plaintiffs are prosecuting the Action on their own behalf and

representatively on behalf of a class of Marine Hose purchasers against Dunlop Oil & Marine

Ltd., Bridgestone Corporation, Bridgestone Industrial Products America, Inc., Parker-Hannifin

Corporation, Trelleborg Industrie S.A., Parker ITR SRL, Manuli Rubber Industries SPA, Manuli

Oil & Marine (U.S.A.), Yokohama Rubber Co., Ltd., PW Consulting (Oil & Marine) Ltd., and

the following individuals: Bryan Allison, David Brammar, Peter Whittle, Christian Caleca,

43834_1

Jacques Cognard, Misao Hioki, Francesco Scaglia, Vanni Scodeggio, Val Northcutt and Uwe Bangert.

WHEREAS, Plaintiffs allege that Dunlop and the individuals participated in an unlawful conspiracy to raise, fix, maintain, or stabilize prices, rig bids, and allocate markets and customers for Marine Hose purchased in the United States in violation of Section 1 of the Sherman Act; and

WHEREAS, Dunlop and the individuals deny Plaintiffs' allegations; and

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Dunlop and the individuals according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class (defined below) because of the value of the settlement amount and the value of the cooperation that Dunlop and the individuals agree to provide pursuant to this Agreement; and

WHEREAS, Dunlop and the individuals, despite their belief that they have good defenses to the claims alleged, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation; and

WHEREAS, Dunlop and the individuals have agreed to cooperate with Plaintiffs in the ongoing prosecution of this litigation as set forth in this Agreement, and such cooperation will save Plaintiffs substantial burden and expense of litigation.

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed with prejudice as to Dunlop and the individuals only, without costs as to Plaintiffs, the Settlement Class or Dunlop and the individuals, subject to the approval of the Court, on the following terms and conditions.

-2-

A.    Definitions

The following terms, as used in this Agreement, have the following meanings:

1.     "Settlement Class" means: All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008.

2.     "Settlement Class Counsel" for purposes of this Agreement shall refer to the law firms of Preti, Flaherty, Beliveau & Pachios, LLP, One City Center, P.O. Box 9546, Portland, ME 04112; Garwin Gerstein & Fisher, LLP, 1501 Broadway, Suite 1416, New York, NY 10036; and Labaton Sucharow LLP, 140 Broadway, New York, NY 10005.

3.     "Settlement Class Member" means each member of the Settlement Class who does not timely and properly elect to be excluded from the Settlement Class.

4.     "Settlement Class Period" means the period from and including January 1, 1985 to and including March 24, 2008.

5.     "Settlement Class Representatives" or "Plaintiffs" means Shipyard Supply, LLC, Bayside Rubber & Products, Inc., Expro Gulf Limited, and Weeks Marine, Inc.

6.     "Marine Hose" means a flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. "Marine Hose" does not include dredge hose.

7.     "Releasees" shall refer jointly and severally, individually and collectively, to Dunlop Oil & Marine Ltd., its parent, subsidiaries, affiliates, divisions, and partners, their respective past and present officers, directors and employees excluding Peter Whittle, and

-3-

including but not limited to David Brammar and Bryan Allison, and their predecessors, successors, heirs, executors, administrators, and assigns. Releasees does not include any of the other persons or entities named in the Action other than Dunlop and the individuals. As used in this Agreement "affiliates" means entities controlling, controlled by or under common control with a Releasee.

8.   "Releasors" shall refer jointly and severally, individually and collectively, to Plaintiffs and the Settlement Class Members and their respective past and present parents, subsidiaries, affiliates, and assigns.

9.   "Settlement Amount" means Six Million Five Hundred Thousand Dollars ($6,500,000) in United States currency.

10.   The "Settlement Fund" means the Settlement Amount and any interest earned on that amount.

11.   "Class Claims" means claims by Settlement Class Members arising from their purchases of Marine Hose in the United States.

B.   Stipulation to Class Certification

12.   The parties to this Agreement hereby stipulate for purposes of this settlement that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied in this case, and, subject to Court approval, the following Settlement Class shall be certified for settlement purposes as to Dunlop and the individuals:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008. ("Settlement Class")

-4-

43834_1

C.     Approval of this Agreement and Dismissal of Action

13.     Plaintiffs, Dunlop and the individuals shall use their best efforts to effectuate this
Agreement, including, but not limited to, cooperating in promptly seeking the Court's approval
of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c)
and (e)) to secure certification of the Settlement Class and the prompt, complete, and final
dismissal with prejudice of the Action as to Dunlop and the individuals.

14.     Within ten (10) business days after the Execution Date, and provided that the
Settlement Amount has been paid as set forth in paragraph 18 of this Agreement, Plaintiffs shall
submit to the Court a motion requesting entry of an Order in the form attached hereto as Exhibit
"A" preliminarily approving the settlement and authorizing dissemination of notice to the
proposed Settlement Class (the "Motion"). The Motion shall include: (a) the definition of the
Settlement Class to be certified by the Court pursuant to this Agreement; and (b) the proposed
forms of, method for, and date of dissemination of notice to the Class. Attached as Exhibits "B"
and "C" are the forms of mailed and publication notice, respectively. Individual notice of the
settlement shall be mailed to persons and entities who have been identified by Dunlop, and the
other entity Defendants to the extent provided voluntarily or ordered by a Court, as direct
purchasers of Marine Hose in the United States from Defendant in the Action during the Class
Period, and notice of the settlement shall be published once in the national edition of The Wall
Street Journal.

15.     Plaintiffs and Dunlop shall jointly seek entry of a final judgment order, in the
form attached as Exhibit "D," providing:

        (a)     as to the Action, approving finally this Agreement and its terms as being a
                fair, reasonable, and adequate settlement as to the Settlement Class
                Members within the meaning of Rule 23 of the Federal Rules of Civil
                Procedure and directing its consummation according to its terms;

-5-

       (b)    directing that, as to Dunlop and the individuals only, the Action be dismissed with prejudice and without costs;

       (c)    reserving exclusive jurisdiction over the settlement and this Agreement, including without limitation the administration and consummation of this settlement; and

       (d)    determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Dunlop and the individuals shall be final and appealable and entered forthwith.

16.    This Agreement shall become effective only when: (a) the Court has entered a final judgment order substantially in the form of Exhibit "D" approving the settlement embodied in this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Dunlop and the individuals with prejudice and without costs has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the settlement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of the settlement and the final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Effective Date"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651 shall be taken into account in determining the above-stated times.

D.    Release and Discharge

17.    Upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount, as specified in paragraph 18 of this Agreement, and the cooperation set forth in Section H of this Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them,

-6-

ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Hose, based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in, any of the Complaints filed by Plaintiffs against Dunlop and the individuals regarding Marine Hose which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided, however, that nothing herein shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) claims for any product defect, breach of contract, or similar claim relating to Marine Hose; or (3) claims under laws other than those of the United States for other than Class Claims.

E. Payments

18. Settlement Payment. Dunlop shall pay or cause to be paid the Settlement Amount in United States currency in settlement of the Action. The Settlement Amount shall be wire transferred by Dunlop or on Dunlop's behalf within ten (10) business days after the Execution Date into the Settlement Fund, which shall be established by Settlement Class Counsel as an escrow account at Citibank in New York City (the "Bank"), and administered in accordance with the provisions of Section F of this Agreement.

19. Right To Withdraw from the Settlement. Within five (5) business days after the end of the period to request exclusion from the Settlement Class established by the Court and set forth in the notice, Settlement Class Counsel shall provide Dunlop, through its counsel, with a

-7-

43834_1

written list of all potential Settlement Class Members who have timely exercised their rights to be excluded from the Class. Settlement Class Counsel and Dunlop will then ascertain the total dollar amount of purchases of Marine Hose in the United States during the Class Period by entities requesting exclusion from the Settlement Class (the "exclusion amount"). In the event that the exclusion amount is equal to or greater than the amount set forth in a separate letter agreement between Settlement Class Counsel and counsel for Dunlop, then Dunlop and the individuals shall have the right to withdraw from this Settlement Agreement by providing written notice to Settlement Class Counsel within twenty (20) days after receipt of the list of opt-outs or within five (5) business days after ascertaining with Plaintiffs the exclusion amount, whichever is later. Upon receipt of such notice, Settlement Class Counsel shall, within ten (10) days, provide Dunlop with written notice of any challenge by Plaintiffs to such claim of entitlement to withdraw from this Settlement Agreement. In the event the parties are unable to agree upon the exclusion amount or Dunlop's right to withdraw from this Agreement under this paragraph, they shall submit the issue to the Court for decision, and the Court's decision will be final, binding and not appealable. The separate letter agreement will not be filed with the Court unless ordered by the Court or until a dispute among the parties concerning its interpretation or application arises, in which event it shall be filed and maintained in the Court under seal. Plaintiffs may attempt to obtain rescission of any decision by a Settlement Class Member to request exclusion prior to Dunlop's invoking its rights under this paragraph, and if Plaintiffs provide Dunlop with written rescission of one or more requests for exclusion that lowers the exclusion amount below the threshold necessary to trigger Dunlop and the individuals's right to withdraw, then Dunlop and the individuals may not withdraw pursuant to this paragraph. Neither Plaintiffs nor Dunlop

-8-

shall solicit or counsel potential Settlement Class Members to request exclusion from the
Settlement Class.

20.     Most Favored Nation. (a) Plaintiffs agree that Dunlop will not pay more, on a
proportional basis, than any entity Defendant that executes a settlement agreement with Plaintiffs
after the date the Court preliminarily approves the settlement with Dunlop except as set forth
below. For purposes of this paragraph, the "settlement ratio" of a settlement is the number
obtained by dividing the settlement amount paid by a settling entity Defendant by the monetary
value of Defendant's aggregate sales of Marine Hose in the United States during the period from
and including January 1, 1985 to and including August 2, 2007 to members of the Settlement
Class who do not timely elect to be excluded from the Settlement Class. If the settlement ratio
for a subsequent settlement as described above is lower than the settlement ratio for the Dunlop
settlement, within ten (10) business days after final approval of that subsequent settlement,
Plaintiffs shall pay an amount to Dunlop that will reduce the settlement ratio for Dunlop's
settlement to the settlement ratio for the subsequent settlement that triggered this provision. For
purposes of sections 19 (a) and (b) the parties agree that the initial settlement ratio is 11% based
on Dunlop's estimated sales in the United States between January 1, 1985 and August 2, 2007.
If a subsequent settlement results in the reduction of Dunlop's settlement ratio under this
Agreement, the reduced ratio shall be used for purposes of this paragraph for a settlement entered
into by the Plaintiffs subsequent to that one. The settlement ratio may also be adjusted
depending on the time period of any subsequent settlement or litigation class that may be
certified, or if additional products are included in any subsequent class definition. This
paragraph shall not apply to: (a) a settlement agreement reached after the close of fact discovery;
(b) a settlement agreement reached with a Defendant who is the subject of the amnesty provision

-9-

43834 1

of the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"); (c) a settlement agreement reached with an Individual Defendant; or (d) a settlement agreement reached with a Defendant who has filed for bankruptcy or similar procedure, is insolvent or who, in the judgment of Settlement Class Counsel, does not have the financial ability to withstand a judgment in the Action.

(b) Dunlop agrees that if Dunlop enters into a Marine Hose settlement with any direct purchasers on other than an individual basis besides the Plaintiffs and the Settlement Class herein (a "Subsequent Dunlop Settlement") Dunlop will not pay more on a proportional basis in settlement than it has pursuant to this Settlement Agreement. This paragraph shall not apply to a settlement agreement reached after the close of fact discovery.

For purposes of this paragraph, the "settlement ratio" of a Subsequent Dunlop Settlement is the number obtained by dividing the settlement amount paid by Dunlop by the monetary value of the non-individual settling parties' aggregate purchases of Marine Hose from Dunlop between January 1, 1985 and August 2, 2007. If the settlement ratio for a Subsequent Dunlop Settlement is higher than the 11% initial settlement ratio set forth above, within ten (10) business days after payment or, if required, final court approval of the Subsequent Dunlop Settlement, Dunlop shall pay an amount to Plaintiffs and the Settlement Class that will increase the 11% initial settlement ratio to the settlement ratio for the Subsequent Dunlop Settlement. If a later settlement by Plaintiffs and the Settlement Class results in the reduction of Dunlop's initial settlement ratio under this Agreement, the reduced settlement ratio shall be used for purposes of this paragraph for a Subsequent Dunlop Settlement entered into by Dunlop subsequent to the one that triggers this provision. This paragraph does not apply to settlements between Dunlop and individual

-10-

direct purchasers where the settlement amount paid by Dunlop to an individual direct purchaser is $500,000 or less, or the settlement agreement is reached after the close of fact discovery.

F.      The Settlement Fund

21.     The Settlement Fund is intended by the parties to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Dunlop, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end.

22.     Before the Effective Date of this Agreement, reasonable disbursements for expenses associated with providing notice of the settlement to the Class, expenses associated with administering the settlement escrow account, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Agreement may be made from the Settlement Fund, and such amounts shall not be refundable to Dunlop in the event the Agreement is disapproved, rescinded, or otherwise fails to become effective.

23.     The Settlement Fund shall be invested in United States Government Treasury obligations (provided, however, that such portions of the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Settlement Class, administering the Settlement Fund and the settlement, and any taxes may be deposited in a federally insured interest bearing bank account in the Bank or United States Treasury Money Market funds in an amount not exceeding $100,000). All interest earned on the Settlement Amount shall become and remain part of the Settlement Fund.

-11-

24.    Dunlop shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, administration, or use except as expressly otherwise provided in this Agreement.

25.    After the Effective Date, Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses. Dunlop shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund. No disbursements shall be made from the Settlement Fund prior to the Effective Date of this Agreement except as described in paragraph 22 above.

26.    The Settlement Fund shall be distributed to Settlement Class Members pursuant to a plan of distribution submitted by Settlement Class Counsel and approved by the Court.

G.    Rescission

27.    If Dunlop and the individuals withdraw from this Agreement pursuant to the provisions of paragraph 19, or if the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment order or if the Court enters the final judgment order and appellate review is sought and, on such review, such final judgment order is not affirmed, then Dunlop, the individuals, and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety (except as hereafter provided in this paragraph) and any and all amounts then constituting the Settlement Fund shall be returned forthwith to Dunlop, except for such disbursements made or incurred in accordance with paragraph 22 of this Agreement. A

-12-

43834_1

modification or reversal on appeal of any amount of attorneys' fees or expenses awarded by the

Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund

shall not be deemed a modification of all or a part of the terms of this Agreement or such final

judgment order. Dunlop and the individuals and Plaintiffs expressly reserve all of their rights if

the Agreement does not become effective or if it is rescinded by Dunlop pursuant to paragraph

19 or Dunlop or Plaintiffs pursuant to this paragraph 27. The provisions of paragraph 22 of this

Agreement shall remain in effect in the event this Agreement is rescinded.

H.     Cooperation Agreement

28.     Dunlop and the individuals agree to use their best efforts to provide cooperation

to Plaintiffs as part of the settlement as set forth in this Section H. The cooperation shall be

limited to information needed to pursue claims by the Settlement Class Members arising from

Class Claims. Dunlop and the individuals shall have no obligation to cooperate with counsel

pursuing any other claims.

29.     Beginning within ten (10) days after the Execution Date, Dunlop and the

individuals will begin to furnish documents or other items potentially relevant to the Action in

their possession, custody, or control insofar as those documents relate to Class Claims. Dunlop

and the individuals may redact information pertaining to non-Class Claims from any materials

produced pursuant to this Settlement Agreement. If any information is redacted Dunlop and the

individuals agree that their counsel will meet with Settlement Class Counsel as is reasonably

necessary to discuss such redactions. Dunlop and the individuals' continued compliance with

their document production obligations under this Agreement will be at Dunlop's expense.

30.     In connection with its provision of information, testimony, and documents,

Dunlop and the individuals shall have the right to assert the attorney-client privilege, attorney-

-13-

43834_1

work product protection, arising under U.S. or foreign law, or applicable privacy laws available under the pertinent foreign law, provided, however, that Plaintiffs and the Settlement Class are not relinquishing any rights to obtain information that Dunlop and the individuals would be obligated to produce if the Action was being litigated. Any information, testimony, or documents provided pursuant to this Agreement shall be deemed confidential and designated confidential pursuant to any protective orders entered in the Action. All such designations shall survive the termination or rescission of this Settlement Agreement. Dunlop and the individuals shall be obligated to provide information pertaining solely to Class Claims.

31.    Plaintiffs and Settlement Class Counsel will not use or disclose any information, testimony or documents provided by Dunlop and the individuals for any purpose other than the investigation or prosecution of the claims asserted in the Action. Information, testimony, or documents provided by Dunlop and the individuals pursuant to this Settlement Agreement shall not be used by any Plaintiff's counsel in connection with any non-Class Claims. To the extent that Plaintiffs and/or Settlement Class Counsel disclose any such information in the Action to the Court, Plaintiffs and/or Settlement Class Counsel shall only disclose such information pursuant to the terms of any protective orders entered in the Action. Information, testimony, or documents provided by Dunlop and the individuals in the United States shall remain in the United States unless Plaintiffs are validly compelled to produce it by a court, tribunal or governmental entity to a litigant or governmental entity outside the United States.

32.    Interviews. Beginning ten (10) days after the Effective Date, upon reasonable notice by Settlement Class Counsel, Dunlop shall direct to be available for interviews with Settlement Class Counsel and/or experts, at a location of Dunlop's choice any of the current directors, officers, or employees of Dunlop who have been interviewed by the United States

-14-

Department of Justice, the Federal Bureau of Investigation or any other domestic or foreign governmental entity (including, without limitation, the United Kingdom, the European Commission, the Japanese Fair Trade Commission or the Canadian Competition Commission) (collectively referred to herein as the "Governmental Entities") and any other current directors, officers, employees of Dunlop who Settlement Class Counsel or Dunlop believe in good faith possess information that would reasonably assist Plaintiffs in the prosecution of the Action. If any person initially refuses to cooperate under this paragraph, Dunlop shall use its best efforts to make such person available for interviews with Settlement Class Counsel. The individuals shall use their best efforts to make themselves available for interviews with Settlement Class Counsel and/or experts, at a location of the individuals' respective choices.

33.    Declarations and Affidavits.  Beginning ten (10) days after the Effective Date, upon reasonable notice by Settlement Class Counsel, Dunlop shall direct to be available for the provision of declarations and affidavits, at a location of its choice, any current directors, officers, and employees of Dunlop who have been interviewed by any of the Governmental Entities. Furthermore, upon consultation with counsel for Dunlop and upon Settlement Class Counsel's good faith belief that such declarations and affidavits are reasonably necessary for Plaintiffs' prosecution of the Action, Dunlop also shall direct to be available for the provision of declarations and affidavits any other additional current directors, officers, and employees of Dunlop who Settlement Class Counsel or Dunlop believe in good faith possess information that would reasonably assist Plaintiffs in the prosecution of the Action.  If any person initially refuses to cooperate under this paragraph, Dunlop shall use its best efforts to make such person available for the provision of declarations and affidavits.  The individuals shall use their best efforts to provide declarations or affidavits on the same terms.

-15-

34.     Depositions. Beginning ten (10) days after the commencement of discovery in the Action, upon reasonable notice by Class Counsel, Dunlop shall direct to be available for depositions by Settlement Class Counsel, at a location of Dunlop's choice, any current directors, officers, and employees of Dunlop who have been interviewed by any of the Governmental Entities. Furthermore, upon consultation with counsel for Dunlop and upon Settlement Class Counsel's good faith belief that such depositions are reasonably necessary for Plaintiffs' prosecution of this Action, Dunlop also shall direct to be available for depositions by Class Counsel at a location of Dunlop's choice any other current directors, officers, and employees of Dunlop who Settlement Class Counsel or Dunlop believe in good faith possess information that would reasonably assist Plaintiffs in the prosecution of the Action. If any person initially refuses to cooperate under this paragraph, Dunlop shall use its best efforts to make such person available for deposition. The individuals shall use their best efforts to provide depositions on the same terms.

35.     Written notice by Settlement Class Counsel upon Dunlop's counsel shall constitute sufficient service of notice for such depositions.

36.     Depositions shall be conducted pursuant to the Federal Rules of Civil Procedure regardless of the location at which the deposition takes place or the citizenship of the deponent.

37.     Testimony at Trial. Upon reasonable notice, Dunlop shall direct to be available for trial testimony in the United States at Dunlop's expense, any current directors, officers, and employees of Dunlop who have been interviewed by any of the Governmental Entities. Furthermore, upon consultation with counsel for Dunlop and upon Settlement Class Counsel's good faith belief that such trial testimony is reasonably necessary for Plaintiffs' prosecution of the Action, Dunlop also shall direct to be available for trial testimony in the United States at

-16-

Dunlop's expense any other current directors, officers, and employees of Dunlop who possess information that Settlement Class Counsel or Dunlop believe in good faith would reasonably assist Plaintiffs in the prosecution of the Action. If any person initially refuses to cooperate under this paragraph, Dunlop shall use best efforts to make such person available for testimony at trial. The individuals shall use their best efforts to make themselves available for testimony at trial on the same terms.

38. Efforts as to Former Directors, Officers and Employees. With respect to all former directors, officers, and employees, Dunlop shall use its best efforts to have such former directors, officers, and employees appear for interviews, depositions, trial testimony, and/or to provide declarations and/or affidavits, under the same conditions provided under this Agreement for the current directors, officers, and employees of Dunlop. Any former directors, officers, and employees made available under this paragraph shall be made available at a mutually agreeable time and place, except with respect to trial testimony, which shall be provided in the United States.

39. Production of Documents. Dunlop and the individuals agree to provide full cooperation with Settlement Class Counsel with respect to discovery and gathering evidentiary materials relating to Plaintiffs' claims in the Action. Dunlop and the individuals' cooperation under this paragraph includes production of the following categories of documents, to the extent such documents are in its or their possession, custody, or control, except insofar as Dunlop or the individuals have obtained possession, custody, or control of documents other than Dunlop or individuals' documents exclusively from access granted to Dunlop or the individuals by: (a) European Commission investigators as part of the Statement of Objections process, (b) the

-17-

United Kingdom's Office of Fair Trading as part of its investigation, or (c) Brazil's Ministerio da

Justica as part of its investigation:

      (a)    documents relating to or reflecting actual or potential communications between two or more Defendants (or a Defendant and another manufacturer of Marine Hose) regarding pricing, bidding, or markets for purchases in the United States;

      (b)    copies of all Documents provided to or seized by the United States Department of Justice or other governmental entity in the United States investigating antitrust violations in the Marine Hose industry insofar as those documents relate to purchasers who purchased Marine Hose in the United States;

      (c)    upon reasonable and specific requests, and within a reasonable time frame, any other documents relevant to Plaintiffs' claims as alleged in the Action, to the extent such documents have not already been produced. The obligations under this paragraph shall apply only to documents in the possession, custody or control of Dunlop or the individuals; and

      (d)    for any documents withheld from production pursuant to: (1) the attorney-client privilege; (2) the work product doctrine; or (3) applicable privacy laws available under the pertinent foreign law. Dunlop shall provide a privilege log describing such documents in sufficient detail to as explain the nature of the privilege asserted or the basis of any other law or rule protecting such Documents. Dunlop agrees that its counsel will meet with Settlement Class Counsel as is reasonably necessary to discuss any such documents and any attorney-client privilege or work-product protection. Plaintiffs and the Settlement Class are not relinquishing any rights to obtain information that Dunlop and the individuals would be obligated to produce if the Action was being litigated.

    40.    Authentication of Documents. Dunlop agrees to produce at trial and/or

deposition, or through affidavits or declarations, qualified representatives to establish the

requisites for admission so far as possible into evidence any of Dunlop's documents, Dunlop's

electronic transactional data, or any other Dunlop material produced or to be produced in the

Action, and to the extent possible, any documents produced by any of Dunlop's alleged

conspirators.

41.     Meeting with Counsel.  Dunlop and the individuals agree that their counsel, within ten (10) days after preliminary approval by the Court, will meet with Settlement Class Counsel to provide background relating to the antitrust violations at issue in the Action.  Dunlop and the individuals, Plaintiffs, and Plaintiffs' Counsel agree that any statements made by counsel for Dunlop under this paragraph shall be protected by Federal Rule of Evidence 408.

42.     Dunlop and the individuals's obligations to cooperate shall not be affected by the release set forth in this Settlement Agreement.  Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Dunlop and the individuals's respective obligations to cooperate under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in the Action against all Defendants.

I.     Taxes

43.     Class Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund.  Dunlop shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Dunlop. In the event the settlement is not consummated, Dunlop shall be responsible for the payment of all taxes (including any interest or penalties), if any, on said income.

-19-

43834_1

J.    Miscellaneous

44.    This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member against any Defendant or alleged co-conspirator or any other person or entity other than the Releasees. All rights of any Class Member against a Defendant or co-conspirator or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Class Members. The monetary amount of sales of Marine Hose by Dunlop in the United States shall remain in the Action as a basis for damage claims against the remaining Defendants and shall be part of any joint and several liability claims against those Defendants or other persons or entities other than the Releasees.

45.    Each Releasor waives California Civil Code Section 1542 and similar provisions in other states. Plaintiffs hereby certify that they are aware of and have read and reviewed the following provision of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of this paragraph, but each Releasor hereby expressly and fully, finally and forever waives and relinquishes, and forever settles and releases any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope

-20-

of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

46.     This Agreement and the letter referred to in paragraph 19 constitutes the entire agreement among Plaintiffs and Dunlop and the individuals pertaining to the settlement of the Action against Dunlop and the individuals. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Dunlop and the individuals, as approved by the Court.

47.     Neither this Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party or any Releasee or Releasor of evidence of any fact or matter in the Action or in any related action or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.

48.     This Agreement may be executed in counterparts by Plaintiffs and Dunlop and the individuals, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

49.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement.

Dated: _____, 2008        _____

                                            Gregory P. Hansel
                                            PRETI, FLAHERTY BELIVEAU
                                             & PACHIOS LLP
                                            One City Center
                                            P.O. Box 9546
                                            Portland, ME 04112-9546

-21-

Dated: _____, 2008

                _____
                Bruce Gerstein
                Jan Bartelli
                GARWIN GERSTEIN & FISHER, LLP
                1501 Broadway, Suite 1416
                New York, NY 10036

Dated: _____, 2008

                _____
                Hollis L. Salzman
                LABATON SUCHAROW LLP
                140 Broadway
                New York, NY 10005

                Co-Lead and Settlement Class Counsel

Dated: _____, 2008

                _____
                R. Bruce Holcomb
                James R. Martin
                DICKSTEIN SHAPIRO LLP
                1825 Eye Street, N.W.
                Washington, DC 20006-5403

                Counsel for Defendants Dunlop Oil & Marine Ltd.,
                Bryan Allison and David Brammar

43834_1

of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

46.     This Agreement and the letter referred to in paragraph 19 constitutes the entire agreement among Plaintiffs and Dunlop and the individuals pertaining to the settlement of the Action against Dunlop and the individuals. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Dunlop and the individuals, as approved by the Court.

47.     Neither this Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party or any Releasee or Releasor of evidence of any fact or matter in the Action or in any related action or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.

48.     This Agreement may be executed in counterparts by Plaintiffs and Dunlop and the individuals, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

49.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement.

Dated:  6/27/08 , 2008

Gregory P. Hansel
PRETI, FLAHERTY BELIVEAU
& PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546

-21-

43834_1

Dated: 6 - 2 9 _____, 2008

_Jon Bartell_
Bruce Gerstein
Jan Bartelli
GARWIN GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036


Dated: _____ , 2008

_____
Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Co-Lead and Settlement Class Counsel


Dated: _____, 2008

_____
R. Bruce Holcomb
James R. Martin
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Counsel for Defendants Dunlop Oil & Marine Ltd.,
Bryan Allison and David Brammar

43804_1

Dated: 6 - 2 9 _____, 2008

Bruce Gerstein
Jan Bartelli
GARWIN GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036

Dated: 7 - 11 _____, 2008

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Co-Lead and Settlement Class Counsel

Dated: July 11 _____, 2008

R. Bruce Holcomb
James R. Martin
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Counsel for Defendants Dunlop Oil & Marine Ltd.,
Bryan Allison and David Brammar

-22-

43334_1

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

|                                                    |     |
| :------------------------------------------------- | :-- |
|                                                    | :   |
| IN RE: MARINE HOSE ANTITRUST LITIGATION            | :   |
|                                                    | :   |
|                                                    | :   |
| THIS DOCUMENT RELATES TO: ALL ACTIONS              | :   |
|                                                    | :   |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR AND AUTHORIZING THE DISSEMINATION OF NOTICE

Upon consideration of the Motion for Preliminary Approval of Proposed Settlement with

Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar and for Authorization to

Disseminate Notice ("Motion"), it is hereby **ORDERED** as follows:

1.    The Motion is hereby **GRANTED**.

2.    The Court finds that the proposed settlement with Dunlop Oil & Marine Ltd.,

Bryan Allison and David Brammar (collectively, "Dunlop"), as set forth in the Settlement

Agreement, and subject to final determination following a hearing after notice to the proposed

Settlement Class, is sufficiently fair, reasonable and adequate to authorize dissemination of

notice to the proposed Settlement Class.

3.    Notice shall be provided to all members of the following proposed Settlement

Class (the "Settlement Class") who can be identified using reasonable efforts:

> All persons and entities (excluding Defendants, their predecessors,
> parents, subsidiaries, affiliates, and co-conspirators and the United
> States Department of Defense) who purchased Marine Hose in the
> United States directly from one or more of the Defendants or any
> of their predecessors, parents, subsidiaries, or affiliates at any time

EXHIBIT A

during the period from and including January 1, 1985 to and
including March 24, 2008.

4.     Plaintiffs Shipyard Supply, LLC , Expro Gulf Limited, Bayside Rubber &
Products, Inc. and Weeks Marine, Inc. are adequate representatives of the Settlement Class and
arc hereby appointed as the class representatives of the Settlement Class. The Court appoints the
following firms as Settlement Class Counsel: Preti, Flaherty, Beliveau & Pachios, LLP, One
City Center, P.O. Box 9546, Portland, ME 04112; Garwin, Gerstein & Fisher, LLP, 1501
Broadway, Suite 1416, New York, NY 10036; and Labaton Sucharow LLP, 140 Broadway, New
York, NY 10005.

5.     The Court approves the form of the Notice and Summary Notice (the "Notices"),
attached to the Settlement Agreement as Exhibits "B" and "C" respectively. The Court further
finds that the mailing and publication of the Notices in the manner set forth in Paragraphs 6 and
7 below constitutes the best notice practicable under the circumstances as well as valid, due and
sufficient notice to all persons entitled thereto and complies fully with the requirements of
Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the
United States.

6.     Settlement Class Counsel are hereby directed to cause a Notice of Proposed
Settlement of Class Action with Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar
and Hearing on Settlement Approval and the attached Claim Form ("Notice"), in the form
attached to the Settlement Agreement as Exhibit "B", to be (a) mailed by first class mail, postage
prepaid, within 14 days of entry of this Order ("Notice Date") to all members of the Settlement
Class who can be identified using reasonable efforts; and (b) provided to all persons who request
it. Settlement Class Counsel shall also post a copy of the Notice on the Internet at a readily
accessible web address. Settlement Class Counsel shall identify the web address in all Notices

2

EXHIBIT A

that Settlement Class Counsel cause to be mailed, provided, or distributed pursuant to this
paragraph.

7.      Settlement Class Counsel are hereby directed to cause a Summary Notice of
Proposed Settlement of Class Action with Dunlop Oil & Marine Ltd., Bryan Allison and David
Brammar and Hearing on Settlement Approval ("Summary Notice"), in the form attached to the
Settlement Agreement as Exhibit "C", to be published within 10 days of the Notice Date on one
occasion in the National Edition of The Wall Street Journal.

8.      The Court will hold a hearing (the "Hearing") on _____, 2008, at
_____ __.m. at the United States Courthouse, 400 North Miami Avenue, Miami, Florida
33128, Courtroom 13-4, to determine the fairness, reasonableness and adequacy of the proposed
settlement and whether the settlement should be finally approved and a final judgment entered
thereon. The Court will also consider whether to approve Plaintiffs' Fee and Expense
Application. Any Settlement Class Member who follows the procedure set forth in the Notice
may appear and be heard at this hearing. The hearing may be continued without further notice to
the Settlement Class.

9.      Settlement Class Counsel shall file with the Court and serve on the parties a
motion for final approval of the Settlement Agreement and Plaintiffs' Fee and Expense
Application no later than 30 days prior to the Hearing.

10.     All requests for exclusion from the Settlement Class shall be postmarked no later
than 45 days prior to the Hearing, and shall otherwise comply with the requirements set forth in
the Notices.

11.     Any member of the Settlement Class who wishes to object to the terms of the
Settlement Agreement or to Plaintiffs' Fee and Expense Application must do so in writing, filed

3

EXHIBIT A

with the Clerk and served on Settlement Class Counsel and counsel for Dunlop no later than 45 days prior to the Hearing, and shall otherwise comply with the requirements set forth in the Notices.

12.      Ten days before the date fixed by this Court for the Hearing, Settlement Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for Dunlop, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

13.      Any member of the Settlement Class who wishes to submit a Claim Form must do so postmarked no later than 120 days after the Notice Date, and shall otherwise comply with the requirements and instructions set forth in the Claim Form.

14.      The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15.      The litigation against Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar is stayed except to the extent necessary to effectuate the Settlement Agreement.

DONE AND ORDERED in Chambers in Miami, Florida this _____ day of _____, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

4

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

|  |  |
|---|---|
| IN RE: MARINE HOSE ANTITRUST LITIGATION | : : : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : |

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION WITH DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR AND HEARING ON SETTLEMENT APPROVAL

TO:    ALL INDIVIDUALS OR ENTITIES WHO PURCHASED MARINE HOSE IN THE UNITED STATES DIRECTLY FROM ONE OF THE DEFENDANTS LISTED BELOW AT ANY TIME DURING THE PERIOD JANUARY 1, 1985 TO AND INCLUDING MARCH 24, 2008.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED BY A LAWSUIT NOW PENDING IN THIS COURT.

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida. The purpose of this Notice is to inform you that a proposed settlement (the "Dunlop Settlement") has been reached with defendants Dunlop Oil and Marine Ltd., Bryan Allison and David Brammar (collectively, the "Dunlop") in the amount of $6,500,000 (the "Settlement Fund"), as well as their cooperation with plaintiffs in the prosecution of the claims against the remaining defendants, on behalf of a Settlement Class.

"Marine Hose" for purposes of the Dunlop Settlement means flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. For purposes of the Dunlop Settlement, it does not include dredge hose. If you purchased Marine Hose in the United States during the Settlement

1

EXHIBIT B

Class Period of January 1, 1985 through March 24, 2008 directly from any of the defendant sellers of Marine Hose listed below, you are a member of the Settlement Class (defined below) and have the rights summarized below.

The defendant sellers of Marine Hose named in *In re: Marine Hose Antitrust Litigation,* Master Docket No. 08-MDL-1888 are: (1) Bridgestone Corporation, (2) Bridgestone Industrial Products America, Inc.; (3) Trelleborg Industrie S.A., (4) Dunlop Oil & Marine Ltd., (5) Parker ITR SLR, (6) Manuli Rubber Industries S.P.A., (7) Manuli Oil & Marine (U.S.A.); and (8) Yokohama Rubber Co. Ltd.

Your legal rights and options with respect to this class action, as described in this Notice, are as follows:

• You may remain in the Settlement Class and be bound by the settlement if it is approved. If you remain in the Settlement Class, you may be eligible to share in the Dunlop Settlement Fund, as well as any other settlements approved by the Court, subject to the conditions set forth below, if you complete and submit the enclosed Claim Form no later than

_____, 2008;

• You may exclude yourself from the Settlement Class, in which case you will not be bound by the settlement if approved and will not be eligible to submit a claim for a portion of the Settlement Fund;

• If you do not exclude yourself from the Settlement Class, you may also (i) object to the proposed Dunlop Settlement and/or Plaintiffs' Fee and Expense Application, and; (ii) appear at the hearing before the Court to determine whether the proposed settlement should be approved as fair, adequate and reasonable and whether Plaintiffs' Fee and Expense Application should be granted, and;

2

EXHIBIT B

- You may enter an appearance in the litigation through your own counsel at your own

expense.

## I. DEFINITION OF THE SETTLEMENT CLASS

On _____ _____, 2008, the Court granted preliminary approval of a proposed

Settlement Class defined as follows:

> All persons and entities (excluding Defendants, their predecessors,
> parents, subsidiaries, affiliates, and co-conspirators and the United
> States Department of Defense) who purchased Marine Hose in the
> United States directly from one or more of the Defendants or any of
> their predecessors, parents, subsidiaries, or affiliates at any time
> during the period from and including January 1, 1985 to and
> including March 24, 2008.

Plaintiffs Shipyard Supply, LLC, Expro Gulf Limited, Bayside Rubber & Products, Inc. and Weeks

Marine, Inc. have been appointed by the Court to serve as representatives of the Settlement Class.

The Court has appointed the following law firms for plaintiffs as Settlement Class Counsel: Preti,

Flaherty, Beliveau & Pachios, LLP, One City Center, P.O. Box 9546, Portland, ME 04112; Garwin,

Gerstein & Fisher, LLP, 1501 Broadway, Suite 1416, New York, NY 10036; and Labaton

Sucharow LLP, 140 Broadway, New York, NY 10005.

## II. THE LITIGATION

In 2007, a number of class actions were filed against the defendants[1] by direct purchasers of

Marine Hose. The cases are pending in the United States District Court for the Southern District of

Florida, Miami Division. Plaintiffs allege that defendants conspired and agreed to fix, maintain,

raise or stabilize the price of Marine Hose sold in the United States, rig bids, and/or allocate

markets and customers in violation of the federal antitrust laws. Plaintiffs further allege that as a

---

[1] In addition to the defendant sellers of Marine Hose listed above, the following individuals and
entities have also been named as defendants: Bryan Allison, David Brammar, Christian Caleca,
Jacques Cognard, Vanni Scodeggio, Francesco Scaglia, Misao Hioki, Val M. Northcutt, Peter
Whittle, PW Consulting (Oil and Marine) Ltd., Uwe Bangert, and Parker Hannafin Corporation.

EXHIBIT B

result of the conspiracy, they and other direct purchasers of Marine Hose have been injured by
paying more for Marine Hose than they would have paid in the absence of the alleged illegal
conduct, and seek recovery of treble damages, together with reimbursement of costs and an award
of attorneys' fees.

Defendants deny plaintiffs' allegations. At this time, neither plaintiffs nor defendants have
proven their assertions or defenses. The Court expresses no opinion as to whether plaintiffs'
allegations are correct or whether defendants have engaged in any wrongdoing. The litigation is
proceeding against the remaining defendants.

In connection with seeking final approval of the Dunlop Settlement, plaintiffs will submit a
Fee and Expense Application seeking an award of attorneys' fees of up to one-third (33⅓%) of the
Settlement Fund, reimbursement of expenses already incurred by Plaintiffs' Counsel, and for
permission to use up to $250,000 from the Settlement Fund to defray plaintiffs' future litigation
expenses, including, but not limited to, costs for economic experts, depositions and costs related to
document reproduction.

## III.   THE PROPOSED SETTLEMENT

Plaintiffs, on behalf of the Settlement Class, have entered into a settlement agreement with
Dunlop dated July 11, 2008 (the "Settlement Agreement") under which Dunlop has paid into
escrow the Settlement Fund of $6,500,000. The Settlement Agreement gives Dunlop the right to
withdraw from the Settlement Agreement in the event that the total dollar amount of sales of
Marine Hose made during the Settlement Class Period to Settlement Class Members who timely
exercise their rights to request exclusion from the Settlement Class (the "opt-out amount") exceeds
a certain amount.

4

EXHIBIT B

Dunlop has also agreed to cooperate with plaintiffs in the prosecution of the lawsuit against the remaining defendants. The cooperation provided for under the Settlement Agreement includes (a) the furnishing by Dunlop of certain documents, data or other items potentially relevant to plaintiffs' claims; (b) interviews with certain of Dunlop's directors, officers, or employees; (c) the provision of declarations and affidavits, (d) depositions and trial testimony of certain of Dunlop's directors, officers, and employees and (e) meetings between Settlement Class Counsel and Dunlop's litigation counsel to provide background relating to the antitrust violations at issue in these actions.

If you remain in the Settlement Class with respect to the Dunlop Settlement and the Settlement Agreement becomes effective, you (and your respective past and present parents, subsidiaries, affiliates, predecessors and agents) will release, acquit and forever discharge the Releasees (as defined in the Settlement Agreement) from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Hose, based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in, any of the Complaints filed against Dunlop regarding Marine Hose which arise under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided, however, that nothing herein shall release: (1)

5

EXHIBIT B

any claims made by purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) any product defect, breach of contract, or similar claim between the parties relating to Marine Hose; or (3) claims under laws other than those of the United States for other than claims by Settlement Class Members arising from their purchases of Marine Hose in the United States.

As used herein, "Releasees" refer, jointly and severally, individually and collectively, to Dunlop, its parent, subsidiaries, affiliates, divisions, and partners, the respective past and present officers, directors, employees, agents, attorneys, servants, and representatives of each of the aforesaid entities, excluding Peter Whittle, and including but not limited to David Brammar and Bryan Allison, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. Releasees does not include any of the persons or entities named in any of the Actions other than Dunlop. "Affiliates" means entities controlling, controlled by or under common control with a Releasee.

The above is only a summary of certain provisions of the Settlement Agreement. The Settlement Agreement is available at www. _____.

## IV.   CONSEQUENCES OF SETTLEMENT CLASS MEMBERSHIP

If you are a member of the Settlement Class as defined above, you will automatically remain a Settlement Class member with respect to the Dunlop Settlement unless you elect to be excluded. If you wish to remain in the Settlement Class with respect to the Dunlop Settlement, you do not need to take any action at this time and your interests will be represented by plaintiffs and by Settlement Class Counsel. You will have no responsibility to individually pay attorneys' fees or expenses. Any such fees and expenses will be paid solely from the Settlement Fund as approved by the Court. Settlement Class Counsel may also request that the Court authorize payment of

6

EXHIBIT B

incentive awards to the Class Representatives to compensate them for serving as representative

plaintiffs in this matter. If you choose, you may also have your own attorney enter an appearance

on your behalf and at your expense.

If you remain in the Settlement Class with respect to the Dunlop Settlement, and the final

judgment order dismissing Dunlop from the litigation becomes final and unappealable, you will be

bound by the judgment or other final disposition of this litigation as to Dunlop and the Releasees

whether or not it is favorable to the Settlement Class. As a member of the Settlement Class, you

are entitled to submit a Claim Form, that, if valid, will allow you to receive a portion of the money

from the Dunlop Settlement and any future settlements. You will also be afforded an opportunity

to be heard with respect to the proposed Dunlop Settlement.

If you wish to exclude yourself from the Settlement Class with respect to the Dunlop

Settlement, you must send a request for exclusion, in writing, via certified mail, return receipt

requested, postmarked no later than _____, 2008, to Settlement Class Counsel as follows:

> Gregory P. Hansel
> PRETI, FLAHERTY BELIVEAU
> & PACHIOS LLP
> One City Center
> P.O. Box 9546
> Portland, ME 04112-9546
>
> Bruce Gerstein
> GARWIN, GERSTEIN & FISHER, LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036
>
> Hollis L. Salzman
> LABATON SUCHAROW LLP
> 140 Broadway
> New York, NY 10005
>
> Co-Lead and Settlement Class Counsel

7

EXHIBIT B

In your request for exclusion please include the full name and address of the purchaser (including any predecessor or successor entities), the amount and approximate date of your purchases of Marine Hose during the Settlement Class Period, and the identity of the seller of Marine Hose to you. If you exclude yourself from the Settlement Class, then: (a) you will not be bound by any decision concerning the Dunlop Settlement and you can pursue any claims you may have against Dunlop; but (b) you will not share in the Settlement Fund created by the Dunlop Settlement.

## V.     SUBMITTING A CLAIM FORM

Attached to this Notice is a Claim Form. Follow all instructions on the Claim Form carefully. If you are a member of the Settlement Class (and have not excluded yourself), then you should complete and return the Claim Form at the end of this Notice, postmarked on or before

_____ , 2008, to the following address:

_____
_____
_____

Any member of the Settlement Class who does not complete and timely return the Claim Form will not be entitled to share in the Settlement Fund.

## VI.    THE SETTLEMENT HEARING

The Court will hold a hearing on _____ , 2008, at _____ .m. at the United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, Courtroom 13-4, to determine whether the proposed Dunlop Settlement should be approved as fair, reasonable and adequate. The Court will also consider at the hearing whether to approve Plaintiffs' Fee and Expense Application. The hearing may be continued without further notice.

Any Settlement Class Member who wishes to object to the Settlement Agreement or Plaintiffs' Fee and Expense Application must do so in writing. The objection must include the

8

EXHIBIT B

caption of this litigation; must be signed; and be filed no later than _____, 2008, with the

Clerk of Court, United States District Court for the Southern District of Florida, 301 North Miami

Avenue, Room 150, Miami, Florida 33128, and mailed to:

Gregory P. Hansel
PRETI, FLAHERTY BELIVEAU
& PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546

R. Bruce R. Holcomb
James R. Martin
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Bruce Gerstein
GARWIN, GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036

Counsel for Defendants Dunlop Oil & Marine
Ltd., Bryan Allison and David Brammar

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Co-Lead and Settlement Class Counsel

If you do not object to the proposed Dunlop Settlement or Fee and Expense Application,

you need not appear at the hearing.

## VII.   CHANGE OF ADDRESS, ADDITIONAL INFORMATION

If this Notice reached you at an address other than the one on the mailing label, or if your

address changes, please send your correct address to the Settlement Class Counsel set forth in

Section IV.

The Settlement Agreement, complaint and other public documents filed in the case are

available for review during normal business hours at the offices of the Clerk of Court, United States

District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami,

Florida 33128.

9

EXHIBIT B

If you have questions concerning the proposed Dunlop Settlement, the Notice or the

litigation, you may contact Settlement Class Counsel identified above.

**Please do not contact the Clerk of the Court or the Judge.**

Dated: _____, 2008          BY ORDER OF:

The Clerk of the United States District Court
for the Southern District of Florida

10

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

|                                          |   |
|------------------------------------------|---|
| IN RE: MARINE HOSE ANTITRUST LITIGATION  | : |
|                                          | : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS    | : |

**All Class Members who wish to share in any funds recovered in this litigation to date, or in
the future, must submit a Claim Form, postmarked no later than _____, 2008.**

### Instructions for Completing Claim Form

If you are a member of the Class defined below (and have not excluded yourself), you may be
entitled to share in the distribution of the $6.5 million settlement reached in this case with
defendants Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar (the "Settlement
Fund"). To receive your share of the Settlement Fund, and any other funds recovered in the
future in this litigation via settlement or judgment, you must submit a timely and valid Claim
Form in accordance with the instructions set forth herein.

     1.    **Eligibility**: You are eligible to submit a claim seeking to share in the distribution
of the Settlement Fund in this litigation if, during the period from January 1, 1985 to March 24,
2008, you purchased Marine Hose in the United States **directly** from any of the defendants. As
used here, "Marine Hose" means "flexible rubber hose and ancillary products used to, among
other things, transport oil between offshore operations, ships, terminals, refineries, buoys and
storage tanks." For purposes of the settlement with defendants Dunlop Oil & Marine Ltd., Bryan
Allison and David Brammar, "Marine Hose" does not include dredge hose.

The Class certified by the Court is defined as follows:

> All persons and entities (excluding Defendants, their predecessors,
> parents, subsidiaries, affiliates, and co-conspirators and the United
> States Department of Defense) who purchased Marine Hose in the
> United States directly from one or more of the Defendants or any
> of their predecessors, parents, subsidiaries, or affiliates at any time
> during the period from and including January 1, 1985 to and
> including March 24, 2008 ("Settlement Class").

For purposes of the Class Definition set forth above, the following entities are Defendants: (1)
Bridgestone Corporation, (2) Bridgestone Industrial Products America, Inc.; (3) Trelleborg

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

Industrie S.A., (4) Dunlop Oil & Marine Ltd., (5) Parker ITR SLR, (6) Manuli Rubber Industries S.P.A., (7) Manuli Oil & Marine (U.S.A.), and (8) Yokohama Rubber Co. Ltd.

2. **Submission of Claim**: Each Claim Form must be signed and verified by the claimant or a person authorized to act on behalf of the claimant, and must be **postmarked no later than** _____, 2008, and addressed to:

> _____
> _____
> _____
> _____

Do **not** send your Claim Form to the Court or to any of the parties or their counsel. If you receive multiple copies of the Claim Form, complete only one Claim Form covering all of your qualifying purchases. Do not submit more than one claim, and do not submit duplicate claims.

3. **Confirmation of Receipt of Claim**: The receipt of a claim will **not** be confirmed or acknowledged automatically by the Settlement Administrator. If you wish to have confirmation that your Claim Form has been received, send it by certified mail, return receipt requested.

4. **Photocopies of Form**: A claim may be submitted on a photocopy of the Claim Form. Other forms, or altered versions of the Claim Form, will not be accepted. Additional copies of the Claim Form may be requested from the Settlement Administrator and also may be obtained on-line at _____.

5. **Completion and Support of Claim**: Please type or neatly print all requested information. Failure to complete all parts of the Claim Form may result in denial of the claim, may delay processing, or may otherwise adversely affect the claim. All information submitted in a Claim Form is subject to further inquiry and verification. The Settlement Administrator may ask you to provide supporting information. Failure to provide such requested information also might delay, adversely affect, or result in denial of the claim.

The Claim Form asks for certain information relating to your qualified purchases of Marine Hose, as well as an explanation of the available documentation (such as account statements and extracts of books and records) that supports your claimed purchases.

**ONLY INCLUDE IN YOUR CLAIM FORM PURCHASES OF MARINE HOSE THAT YOU MADE *DIRECTLY* FROM ONE OR MORE OF THE DEFENDANTS DURING THE PERIOD FROM JANUARY 1, 1985 TO MARCH 24, 2008.**

6. **Claims of Separate Entities**: Each corporation, trust, or other business entity making a claim must submit its claim on a separate Claim Form.

7. **Taxpayer Identification Number**: A Claim Form is not complete without the federal taxpayer identification number of the claimant.

2

EXHIBIT B

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

8.      **Identity of Contact Person**: Provide the name, telephone number and e-mail address of the person to be contacted about the information in your Claim Form.

9.      **Assistance**: If you have any questions about your claim, you may contact the Settlement Administrator at the above address. You may also contact your own attorney or other person to assist you, at your own expense.

10.     **Keep a copy**: You should keep a photocopy of your completed Claim Form for your records. You should also retain all of your documents and records relating to **direct** purchases of Marine Hose in the United States from any of the defendants during the period from January 1, 1985 to March 24, 2008.

**WARNING: THERE ARE COMPANIES THAT WRITE OR CALL CLASS MEMBERS AND OFFER THEIR SERVICES IN FILING CLAIM FORMS OR PROVIDING OTHER INFORMATION ABOUT POTENTIAL RECOVERY OF MONIES IN CLASS ACTIONS IN EXCHANGE FOR A PORTION OF ANY SETTLEMENT FUNDS THAT THE CLASS MEMBER MAY ULTIMATELY RECOVER. PLEASE BE ADVISED THAT YOU DO NOT NEED TO USE ONE OF THOSE COMPANIES TO ASSIST YOU OR HELP YOU IN FILING A CLAIM.**

## [CLAIM FORM STARTS NEXT PAGE]

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

### CLAIM FORM

### I.      IDENTITY OF CLAIMANT

Indicate below the claimant's name and mailing address.    Please note: Correspondence concerning your claim will be directed to you at your mailing address. **You should notify the Settlement Administrator promptly if your address changes after you have submitted this Claim Form.**

Name: _____    _____

Address: _____

City: _____    _____    State: _____    Zip Code: _____ - _____

Country: _____    E-Mail Address: _____

Claimant is a (Check one):

___ Corporation    ___ Individual    ___ Trustee in Bankruptcy    ___ Partnership

Other (specify, and provide the name and address of the
person or entity on whose behalf you are acting):

Name: _____

Address: _____    _____

City: _____    State: ____    Zip Code: _____ - _____

Country: _____    _____    E-Mail Address: _____

### II.      CONTACT PERSON

Indicate below the person to be contacted regarding this claim and the person's telephone numbers and e-mail address:

Name: _____    _____

_____    _____    _____    _____
Area Code    Telephone No. (Day)        Area Code    Telephone No. (Evening)

_____    _____
Area Code    Fax Number

E-Mail Address: _____

4

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

If it is different from the claimant's address stated above, provide the contact person's address:

Address: _____   _____

City: _____   State: _____   Zip Code: _____ -_____

### PLEASE PROMPTLY NOTIFY THE SETTLEMENT ADMINISTRATOR OF ANY CHANGE IN THE ADDRESSES AND TELEPHONE NUMBERS SET FORTH ABOVE.

## III.   YOUR PURCHASES

On the attached Schedule of Purchases worksheet, list the total amount of **direct** purchases of Marine Hose from each defendant for each year during the period from January 1, 1985 to March 24, 2008. **The purchase amounts must be the net amounts paid after deducting any discounts, rebates, taxes, delivery and freight charges. Purchases from distributors that are not defendants should not be included.**

When records are available to allow you to calculate and document the dollar amount of your purchases, you must base your purchase information on those records. You must identify those records (e.g., invoices, purchase journals, accounts payable journals, etc.) in the Section entitled "Proof of Purchases."

When records are **not** available, you may submit purchase information based on estimates. If you do submit your purchase information based on estimates, you must explain in the Proof of Purchases section why documents are not available to you and why the estimate is reasonable. In the explanation of how you calculated the estimated purchases, you must identify the documents you used as a basis for your estimates. Estimates can be based on extrapolation from similar circumstances in analogous contexts in the same year (for which you have documentation) or extrapolation from the same or nearly the same circumstances, but in other years (for which you have documentation). For example, if you have no records allowing you to calculate your purchases in 1994, you may calculate those purchases by using available records, dated as close to that year as possible (e.g., 1995 or 1996), adjusting for appropriate volume differences and any inflationary unit costs. If you are using sales data and trends to estimate your purchases, you must explain your calculations and retain the documentation used for your calculations until the conclusion of this litigation.

## IV.   PROOF OF PURCHASES

List and identify below those records (e.g., invoices, purchase journals, accounts payable journals, etc.) you used to calculate your claimed purchases. If you based your claim on estimates, list and identify below those records (e.g., invoices, purchase journals, sales journals, accounts payable journals, etc.) used by you as the basis of your estimates, and explain how you calculated your estimated payments.

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

_____

_____

_____

_____

_____

_____

_____

_____

Your claim is subject to audit by the Settlement Administrator and you may, at a later time, be required to provide copies of some or all of the underlying documentation supporting your claim. Therefore, please retain your documentation until the conclusion of this litigation.

## V. CLAIMS BASED UPON ASSIGNMENT OR TRANSFER

If the claimant on whose behalf this claim is being submitted acquired the rights that are the basis of the claim asserted herein from some other person or entity (as assignee, transferee, successor or otherwise), please check the box below and attach copies of legal documents that support the acquisition of your claim.

_____ Yes - This claim is based upon an assignment or transfer and I have attached copies of supporting legal documents.

## VI. SUBSTITUTE FORM W-9

Each claimant must provide the information requested in the following box. If the correct information is not provided, a portion of any payment that the claimant may be entitled to receive from the Settlement Funds may be withheld.

### Request for Federal Taxpayer Identification Number and Certification

Claimant's federal taxpayer identification number is:

_____    OR    _____
Employer Identification Number        Social Security Number
(for corporations, trusts, etc.)        (for individuals)

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

Name of taxpayer whose identification number is written above:

_____

I certify that the above taxpayer is **NOT** subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the word **"NOT"** in the previous sentence.

Under the penalties of perjury, I certify that the foregoing information is true and correct.

Dated: _____    /

_____
(signature)

_____
(printed name)

Instructions regarding IRS Form W-9 are available at the Internal Revenue Service website at http://www.irs.gov.

## VII.   CERTIFICATION

I, _____, swear or affirm under penalty of perjury that the information contained in this Claim Form is true and correct to the best of my knowledge and belief, that I am authorized to sign and submit this claim on behalf of the claimant, that the specific purchases of Marine Hose listed were made by the claimant **directly** from the defendant(s) listed, that the claimant is a member of the Class and has not requested to be excluded from the Class, that this claim is the only claim being submitted by the claimant, that the claimant does not know of any other claim being submitted for the same purchases, that the claimant has not transferred or assigned its claims, and that I have read the accompanying Instructions and the Notice of Proposed Settlement and Hearing. Claimant submits to the exclusive jurisdiction of the United States District Court for the Southern District of Florida for the purpose of investigation or discovery (if necessary) with respect to this claim and any proceeding or dispute arising out of or relating to this claim. The filing of a false claim is a violation of the criminal laws of the United States and may subject the violator to appropriate criminal penalties.

Date: _____    _____
(signature)

_____
(Print your name here)

_____
(Title or position [if claimant is not an individual])

7

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

### THIS CLAIM FORM MUST BE SENT TO THE FOLLOWING ADDRESS, POSTMARKED NO LATER THAN _____, 2008:

_____

_____

A Claim Form received by the Settlement Administrator shall be deemed to have been submitted when posted if it is mailed by _____, 2008, a postmark is indicated on the envelope, and it is mailed and addressed in accordance with the above instructions. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement Fund. This work will be completed as promptly as time permits, given the need to review each Claim Form.

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE

Reminder Checklist:

1.    Please sign the Claim Form on page ___.

2.    Please be sure that **all** required information has been provided.

3.    Your claim may be subject to review and verification by the Settlement Administrator. Accordingly, you should maintain all of the documentation supporting your claim while claims are being processed.

4.    Keep a copy of the completed Claim Form for your records.

5.    If you desire an acknowledgment of receipt of your claim, please send it by certified mail, return receipt requested.

6.    If you move after submitting your Claim Form, please promptly send the Settlement Administrator your new address.

7.    If you have any questions concerning this Claim Form or need additional copies, contact the Settlement Administrator at:

_____

_____

_____

Copies of the Claim Form also may be obtained online at _____

8

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

### SCHEDULE OF PURCHASES

NAME OF CLAIMANT _____     YEAR _____ [1]

| Defendant Purchased From [2] | Product Purchased [3] | Amount Purchased [4] |
|---|---|---|
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |
|  |  | ($) |

                                    **TOTAL FOR YEAR:**     ($) _____

---

[1] Please fill out ONE Worksheet for EACH YEAR in which you purchased Marine Hose during the Class Period (1985-2007 and January 1, 2008 through March 24, 2008). Enter the year of the purchases in the space provided. You may make as many copies of the blank Worksheet as necessary to list your purchases for each year. If you need more space to list your purchases for any year, please use an additional Worksheet.

[2] Identify the specific defendant you directly purchased from. Defendants are: (1) Bridgestone Corporation, (2) Bridgestone Industrial Products America, Inc.; (3) Trelleborg Industrie S.A., (4) Dunlop Oil & Marine Ltd., (5) Parker ITR SLR, (6) Manuli Rubber Industries S.P.A., (7) Manuli Oil & Marine (U.S.A.), and (8) Yokohama Rubber Co. Ltd.). Purchases from distributors that are not defendants should not be included. For purposes of the Dunlop Settlement, "Marine Hose" does not include dredge hose.

[3] List the name of the product purchased, if known.

[4] List the dollar amount of DIRECT PURCHASES of Marine Hose from that defendant for the year in question. The purchase amounts must be the net amounts paid after deducting any discounts, rebates, taxes, delivery and freight charges.

**EXHIBIT B**

## MARINE HOSE ANTITRUST LITIGATION CLAIM FORM

### NOTICE TO PURCHASERS OF MARINE HOSE *DIRECTLY* FROM ONE OF THE DEFENDANTS NAMED IN THIS CLASS ACTION LAWSUIT FROM JANUARY 1, 1985 TO MARCH 24, 2008

John Q. Class Member
123 Anywhere Street
Anytown, ST 12345-1234

### PLEASE FORWARD - IMPORTANT LEGAL NOTICE

(Above: Front of outside of Notice and Claim Form)

(Below: Back of outside of Notice and Claim Form)

## IF YOU PURCHASED MARINE HOSE *DIRECTLY* FROM ONE OF THE DEFENDANTS NAMED IN THIS CLASS ACTION LAWSUIT DURING THE PERIOD FROM JANUARY 1, 1985 TO MARCH 24, 2008, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT FROM SETTLEMENTS REACHED IN THIS CASE

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

                                  :

IN RE: MARINE HOSE ANTITRUST   :
LITIGATION                          :

                                 :

                                 :

THIS DOCUMENT RELATES TO:   :
ALL ACTIONS                     :

                                 :

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION WITH DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR AND HEARING ON SETTLEMENT APPROVAL

TO:    ALL DIRECT PURCHASERS OF MARINE HOSE IN THE UNITED STATES FROM ONE OR MORE OF THE DEFENDANTS LISTED BELOW AT ANY TIME DURING THE PERIOD JANUARY 1, 1985 TO AND INCLUDING MARCH 24, 2008.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  YOUR LEGAL RIGHTS MAY BE AFFECTED BY LAWSUITS NOW PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

Court for the Southern District of Florida (the "Court"), that a proposed settlement of the

litigation has been reached between a proposed Settlement Class and defendants Dunlop Oil &

Marine Ltd., Bryan Allison and David Brammar (collectively, "Dunlop") in the amount of

$6,500,000 (the "Settlement Fund").  The proposed settlement (the "Dunlop Settlement")

includes Dunlop's cooperation in the prosecution of the claims against the remaining defendants.

The Court will hold a final fairness hearing on _____, 2008, at ____

___.m., at the United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, in

Courtroom 13-4, to determine the fairness, reasonableness and adequacy of the proposed Dunlop

Settlement, and to consider plaintiffs' application for attorneys' fees, reimbursement of expenses,

1

EXHIBIT C

and request to use a portion of the Settlement Fund to defray future litigation expenses. The hearing may be continued without further notice.

"Marine Hose" means a flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. For purposes of the Dunlop Settlement it does not include dredge hose. If you purchased Marine Hose in the United States during the Class Period directly from any of the defendant sellers of Marine Hose listed below, you are a member of the Settlement Class and have the rights summarized below.

The defendant sellers of Marine Hose named in *In re: Marine Hose Antitrust Litigation,* Master Docket No. 08-MDL-1888 are: (1) Bridgestone Corporation; (2) Bridgestone Industrial Products America, Inc.; (3) Trelleborg Industrie S.A.; (4) Dunlop Oil & Marine Ltd.; (5) Parker ITR SLR; (6) Manuli Rubber Industries S.P.A.; (7) Manuli Oil & Marine (U.S.A.); and (8) Yokohama Rubber Co. Ltd.

Plaintiffs allege that defendants conspired to fix prices of Marine Hose sold in the United States, to rig bids, and/or to allocate markets or customers in violation of the antitrust laws of the United States. Defendants deny plaintiffs' allegations and are contesting plaintiffs' claims. The Court has not ruled on the merits of plaintiffs' claims or defendants' defenses. This Summary Notice is to inform you of the proposed settlement of the litigation between the Settlement Class and Dunlop and should not be interpreted as an expression of any opinion by the Court on the merits of the case. This is a settlement with Dunlop only and the litigation is continuing against the remaining defendants.

A printed Notice of Proposed Settlement of Class Action was mailed to potential Settlement Class members on or about _____, 2008. That Notice explains the

2

EXHIBIT C

litigation in detail, describes the options available to Settlement Class members with respect to
the Dunlop Settlement and plaintiffs' application for attorneys' fees and expenses, and includes a
Claim Form that Settlement Class members must complete and submit in order to be eligible to
share in the distribution of the Settlement Fund. If you have not received the Notice and Claim
Form you may obtain one by writing to Settlement Class Counsel listed below or online at
http://www._____.

     If you are a member of the Settlement Class as defined above, you will automatically
remain a Settlement Class Member and be eligible to submit a Claim Form unless you elect to be
excluded. If you wish to exclude yourself from the Settlement Class, you must send a request
for exclusion, in writing, via certified mail, return receipt requested, postmarked no later than
_____, 2008, to Settlement Class Counsel at the addresses listed below.

     Your request for exclusion should contain the full name and address of the purchaser,
including any predecessor or successor entities, the amount and approximate date of your
purchases of Marine Hose during the Settlement Class Period, and the identity of the seller of
Marine Hose to you. If you exclude yourself from the Settlement Class you will not be bound by
any decision concerning the Dunlop Settlement and will have no right to participate in the
settlement if it is approved by the Court. You also may enter an appearance in the litigation
through your own counsel at your own expense.

     Any Settlement Class Member wishing to object to the Dunlop Settlement or plaintiffs'
application for attorneys' fees and expenses, must do so in writing by _____,
2008. The objection must include the caption of this litigation; must be signed; and must be filed
not later than _____, 2008 with the Clerk of Court, United States District Court for the

EXHIBIT C

Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, Florida 33128, and

mailed to:

Gregory P. Hansel
PRETI, FLAHERTY BELIVEAU
& PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546

R. Bruce R. Holcomb
James R. Martin
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403

Counsel for Defendants Dunlop Oil & Marine
Ltd. Bryan Allison and David Brammar

Bruce Gerstein
GARWIN, GERSTEIN & FISHER, LLP
1501 Broadway, Suite 1416
New York, NY 10036

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Co-Lead and Settlement Class Counsel

If you have questions concerning this litigation, you may contact Settlement Class

Counsel identified above. **Do not contact the Clerk of the Court or the Judge.**

BY ORDER OF:

Dated: _____, 2008

The Clerk of the United States District Court for
the Southern District of Florida

4

EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST     :
LITIGATION     :
    :
_____     :
    :
THIS DOCUMENT RELATES TO:     :
ALL ACTIONS     :
_____ :

## RULE 54(b) FINAL JUDGMENT ORDER
## DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR

The Court has considered Plaintiffs' Motion for Final Approval of Class Action

Settlement with defendants Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar

(collectively, the "Dunlop Defendants") and has held a duly-noticed final approval hearing on

_____ 2008. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, that there is no just reason for delay, and therefore expressly directs the entry

of Final Judgment as to Dunlop:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     The Court has jurisdiction over the subject matter of this litigation.

2.     Terms used in this Final Judgment Order which are defined in the Settlement

Agreement between the Plaintiffs and the Settlement Class on the one hand and the Dunlop

Defendants on the other hand dated July 11 2008 are, unless otherwise defined herein, used in

this Final Judgment Order as defined in the Settlement Agreement.

3.     The Court finds that the settlement was based on vigorous arm's-length

negotiations which were undertaken in good faith by counsel with significant experience

litigating antitrust class actions.

1

EXHIBIT D

4.      The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class certified herein, notifying the Settlement Class of, *inter alia*, the pendency of the above-captioned action and the proposed settlement with the Dunlop Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class who could be identified through reasonable effort as well as notice published in the national edition of The Wall Street Journal and on the Internet. Notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States.

5.      This Court certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008.

6.      For purposes of this Order, "Marine Hose" means flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. Marine Hose for purposes of the Settlement Class definition does not include dredge hose.

7.      The Court finds that certification of the Settlement Class is appropriate because:

    a.      The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

    b.      There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2), including: 1) did defendants

2

EXHIBIT D

conspire to raise, fix, maintain or stabilize the prices of Marine Hose purchased in the United States, rig bids or allocate markets or customers in violation of Section 1 of the Sherman Act; 2) the period of time the conspiracy operated; 3) whether the conspiracy raised, fixed, maintained or stabilized the prices of Marine Hose;

c.    The claims of representative plaintiffs Shipyard Supply, LLC , Expro Gulf Limited, Bayside Rubber & Products, Inc., and Weeks Marine, Inc. are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

d.    The representative plaintiffs will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4);

e.    Questions of law or fact common to the members of the Settlement Class, as set forth above, predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

f.    The action is manageable as a class action for settlement purposes.

8.    The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any defendant other than the Dunlop Defendants to contest certification of any other proposed class. The Court's findings in this Final Judgment Order shall have no effect on the Court's ruling on any motion to certify any litigation class and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify such class.

3

EXHIBIT D

9.     The Court finds that the Settlement Class Members identified on the schedule attached hereto as Exhibit "A," and no others, have timely requested to be excluded from the Settlement Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

10.     The Court finds that the Settlement Agreement with Dunlop is fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Court further finds that the escrow account described in the Settlement Agreement is a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11.     All Released Claims (as defined in ¶ 12 below) of Plaintiffs and the Settlement Class that were asserted against the Dunlop Defendants in the Complaints in the above-captioned Action are dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs.

12.     Plaintiffs and each member of the Settlement Class (other than those persons identified on Exhibit "A") and their respective past and present parents, subsidiaries, affiliates, and agents ("Releasors") are permanently barred and enjoined from prosecuting against Dunlop and the Releasees any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing,

4

EXHIBIT D

manufacturing, or distribution of Marine Hose, based in whole or in part on the facts,

occurrences, transactions, or other matters alleged in, or that could have been alleged in, any of

the Complaints filed by Plaintiffs against the Dunlop Defendants regarding Marine Hose which

arise under any United States federal or state antitrust, unfair competition, unfair practices, price

discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without

limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided,

however, that nothing herein shall release: (1) any claims made by purchasers who are solely

indirect purchasers of Marine Hose as to such indirect purchases; (2) any product defect, breach

of contract, or similar claim between the parties relating to Marine Hose; or (3) claims under

laws other than those of the United States for other than Class Claims.

13.    Each member of the Settlement Class (other than those persons identified on

Exhibit "A") has expressly agreed to waive and release, and shall be deemed to have waived and

released, any and all provisions, rights and benefits conferred by section 1542 of the California

Civil Code, which reads:

> Section 1542. Certain Claims Not Affected by General Release.
> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor;

and such release shall apply according to its terms, regardless of the provisions of Section 1542

or any equivalent, similar, or comparable present or future law or principle of any jurisdiction.

Each member of the Settlement Class (other than those persons identified on Exhibit "A") may

hereafter discover facts other than or different from those which he, she or it knows or believes

to be true with respect to the claims which are the subject matter of the provisions of this

paragraph, but each of those Settlement Class Members has expressly waived and has fully,

5

EXHIBIT D

finally and forever settled and released all rights and benefits existing under (i) Section 1542 or

any equivalent, similar or comparable present or future law or principle of law of any jurisdiction

and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or

scope of the provisions of the release set forth above, without regard to the subsequent discovery

or existence of such other or different facts.

14.     The Dunlop Defendants shall have no obligation for attorneys' fees, costs or

expenses, including, but not limited to, expenses of administering and distributing the Settlement

Fund, which expenses are to be paid out of the Settlement Fund subject to further order of this

Court.

15.     Nothing in this Final Judgment Order or the Settlement Agreement and no aspect

of the settlement or negotiation thereof is or shall be deemed or construed to be an admission or

concession of any violation of any statute or law or of any liability or wrongdoing by the Dunlop

Defendants or of the truth of any of the claims or allegations in any of the complaints in the

Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or

indirectly, in any way, whether in the Action or in any other action or proceeding other than to

enforce the terms of this Final Judgment Order or the Settlement Agreement.

16.     Without affecting the finality of the Final Judgment in any way, this Court

hereby retains continuing jurisdiction for the purposes of, inter alia, implementing and enforcing

the Settlement Agreement (including any issue that may arise in connection with the formation

and/or administration of the QSF), entering orders regarding the disbursement of the Settlement

Amount (as defined in the Settlement Agreement) to the Settlement Class and to Plaintiffs'

Class Counsel, and adjudicating the Action with respect to Plaintiffs' claims asserted against the

non-settling defendants.

EXHIBIT D

DONE AND ORDERED in Chambers in Miami, Florida this _____ day of

_____, 2008.


DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

7