IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

—————————————————————————x

IN RE MARINE HOSE ANTITRUST     :
LITIGATION                      :
                                :
————————————————————————————    :
                                :
THIS DOCUMENT RELATES TO:       :
                                :
ALL ACTIONS                     :
                                :
                                :
—————————————————————————X

## MANULI RUBBER INDUSTRIES S.P.A. AND MANULI OIL & MARINE (U.S.A.) INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR CROSS-MOTION TO DEFER PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DUNLOP OIL & MARINE LTD., ET AL.

Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc. (collectively, "Manuli") respectfully submit this reply memorandum in further support of their cross-motion to defer preliminary approval of a proposed settlement with defendants Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar.

In its opening brief, Manuli alerted the Court to the very real risk that plaintiffs' counsel have brought this putative class action through four named plaintiffs who never purchased the product at issue in the United States and therefore lack standing to sue. In their opposition, plaintiffs seem to suggest that if they are right on the merits – *i.e.*, that there was a marine hose cartel – then it does not matter whether the four clients they have lined up actually bought marine hose in the U.S. Whether there may exist *other persons* who have meritorious claims against the defendants does not change the apparent fact that *these plaintiffs* are pursuing an unauthorized

action on behalf of an absent class of persons they have no legal right or standing to represent. *See, e.g., Church* v. *City of Huntsville*, 30 F.3d 1332, 1340 (11th Cir. 1994) ("If the named plaintiff seeking to represent a class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on that of the class.")

To date, none of the four named plaintiffs appears to have purchased marine hose from any of the defendants in the United States.[1] Surely if plaintiffs' counsel had met their obligations to investigate their clients' claims before commencing this action, they would be readily able to produce evidence of such purchases by all four named plaintiffs. They have not done so, and thus they should not be attempting to settle the claims of absent persons they cannot represent. To wit:

**Shipyard Supply, LLC** has not produced a single document in response to the Court's May 16 Order requiring each plaintiff to produce documents relating to U.S. purchases of marine hose. It has refused to submit to a deposition and, as discussed further in Manuli's recent motion to compel, is apparently not communicating with its counsel – who, incidentally, were appointed co-lead counsel for plaintiffs by the Court but would seem now to be litigating this action without a client. Upon information and belief, Shipyard Supply, LLC engages in lines of business in which it would not purchase the type of hose at issue in this litigation.

**Bayside Rubber & Products, Inc.** has produced no documents evidencing the purchase of marine hose from any of the defendants. What it has produced are invoices from one defendant for industrial hoses of a type unrelated to the product that was the object of the alleged cartel. These hoses appear, from the documents, to be primarily small air hoses with a unit price of

---

[1] Manuli is prepared to supply the Court with record evidence to support the factual contentions made herein. However, pursuant to Paragraph 19 of the protective order entered on July 1, 2008, Manuli cannot do so without first obtaining the Court's permission to file such documents under seal, due to the fact that all relevant documents and transcripts have been designated confidential by the plaintiffs. If the Court wishes to see such materials at this time, Manuli will promptly make an amended filing under seal.

anywhere between a few cents and a few dollars. Marine hose is a custom-made product that usually costs many thousands of dollars per unit. Either Bayside Rubber & Products, Inc. has not purchased marine hose from any of the defendants, or it is in clear violation of the Court's May 16 Order to produce evidence of its purchases.[2]

*Weeks Marine, Inc.* has produced no documents evidencing the purchase of marine hose. Instead, it has produced documents evidencing the purchase of dredge hose, a product entirely unrelated to the alleged cartel. At its deposition, Weeks Marine, Inc. offered no testimony that it ever purchased marine hose, as opposed to dredge hose.[3]

*Expro Gulf Limited* has produced documents evidencing one apparent purchase of the type of hose at issue in this litigation, but that transaction involved hose manufactured in Italy, shipped to Nigeria, invoiced to Cyprus, and – based on Expro Gulf Limited's own deposition testimony – probably paid for in England. That someone in Texas, as plaintiffs submit, was involved in the project that necessitated the purchase of the hose hardly presents a close call as to the Court's subject matter jurisdiction to hear this claim. The Sherman Act creates a cause of action for antitrust injuries in the United States, not globally. *See* 15 U.S.C. § 6a (2008); *F. Hoffmann-La Roche Ltd.* v. *Empagran S.A.*, 542 U.S. 155, 158 (2004) ("The Foreign Trade Antitrust Improvements Act . . . excludes from the Sherman Act's reach much anticompetitive conduct that causes only foreign injury.") To the extent Expro Gulf Limited cannot itself assert a Sherman Act claim against defendants, it is improperly seeking to represent a class of absent persons who possibly can.

---

[2] Manuli intends to conduct the deposition of Bayside Rubber & Products, Inc. on September 3, pursuant to the Court's Order dated August 26, 2008.

[3] On July 30, 2008, Manuli requested in writing that Weeks Marine, Inc. seek leave to dismiss its underlying complaint and withdraw from consideration as a class representative (or face possible motions for sanctions, fees, and costs) because it had evidently filed its complaint without first ascertaining whether it had actually purchased the product at issue. Plaintiffs have never responded to the concerns raised in Manuli's letter.



Plaintiffs are no doubt eager to push through settlements in a case that is so deeply flawed, but their most recent submission fails to explain what real prejudice they will suffer if the Court defers consideration of their preliminary approval motion by just a few weeks. On the other hand, by waiting, the Court may avoid wasting its time and resources on, and lending its imprimatur to, settlements that must ultimately be unwound. Manuli would suggest that the more prudent course is to await the parties' submissions on class certification, which Manuli believes will confirm that none of these plaintiffs ever bought the product at issue in the United States.

Plaintiffs are fundamentally misguided in suggesting that Manuli's lack of formal standing to object to the Dunlop settlement precludes it – and its counsel, in their capacity as officers of the Court – from bringing matters of concern to the Court's attention. The instant motion is not a formal objection to the Dunlop settlement; it simply invites the Court to exercise its implicit power to manage its docket by deferring consideration of the preliminary approval motion until it is clear whether the lawyers advancing the settlement actually represent any person with standing to bring a claim. *See, e.g., Dinardo* v. *Palm Beach County Circuit Court Judge*, 199 Fed. Appx. 731, 735 (11th Cir. 2006) (acknowledging "court's inherent power to manage its docket"); *Baratta* v. *Homeland Housewares LLC*, 2007 U.S. Dist. LEXIS 92845, at *5 (S.D. Fla. Dec. 13, 2007) ("District Courts have 'inherent power to manage their dockets and stay proceedings....'") It is beyond argument that the Court may wait to rule on plaintiffs' preliminary approval motion until it has decided their anticipated motion for class certification.

Finally, plaintiffs are wrong to suggest (*see* Plaintiffs' Brief at 5) that notice should be sent to proposed class members before the court has evaluated whether the requirements of Rule 23 have been satisfied and, accordingly, whether a class can be certified for settlement purposes.

*See, e.g., In re Beef Industry Antitrust Litig.*, 607 F.2d 167, 177 (5th Cir. 1979) ("When a court orders that a notice of a proposed settlement be sent to members of a temporary settlement class, the order carries the necessary implication that the action complies with Rule 23.") Surely the Court would care to know whether the requirements of Rule 23 can conceivably be satisfied in this case before it authorizes the dissemination of notices to potential class members.

In concluding their memorandum, plaintiffs suggest that Manuli is asking the Court "to postpone consideration of a settlement with Dunlop that will put money in the pockets of the victims of the conspiracy." (*See* Plaintiffs' Brief at 10.) On the contrary, Manuli is asking the Court to postpone consideration of a settlement that would put money in the pockets of four companies that never purchased the product at issue in the United States (including three that never bought it *anywhere*), and the pockets of the lawyers who precipitously filed suit on their behalf. If anything, allowing this settlement to proceed on the present record would take money *out* of the pockets of the alleged victims of the conspiracy, who are not properly before the Court, and compensate named plaintiffs who have suffered no injury. If the Court were to countenance such unjust enrichment of the named plaintiffs, it would simply encourage the filing in the future of class actions by persons who have no connection whatsoever to the claims being presented.

For the foregoing reasons, Manuli respectfully urges the Court to defer consideration of the Dunlop settlement at least until the parties have completed briefing of class issues in this case on October 6.

Dated: August 28, 2008            Respectfully submitted,


                        _____/s/Alan G. Greer_____
                        Alan G. Greer (Florida Bar No. 123294)
                        agreer@richmangreer.com
                        Lyle E. Shapiro (Florida Bar No. 0120324)
                        lshapiro@richmangreer.com
                        RICHMAN GREER, P.A.
                        Miami Center – Suite 1000
                        201 South Biscayne Boulevard
                        Miami, Florida 33131
                        Telephone: (305) 373-4000
                        Facsimile: (305) 373-4099


                        Robert M. Osgood (admitted *pro hac vice*)
                        Daniel A. Goldschmidt (admitted *pro hac vice*)
                        Fern Mechlowitz (admitted *pro hac vice*)
                        SULLIVAN & CROMWELL LLP
                        One New Fetter Lane
                        London EC4A 1AN, England
                        Telephone: +44 (0) 20 7959 8900
                        Facsimile: +44 (0) 20 7959 8950

                          -and-

                        125 Broad Street
                        New York, New York 10004
                        Telephone: (212) 558-4000
                        Facsimile: (212) 558-3588

                        *Counsel for Defendants Manuli Rubber Industries*
                        *S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Alan G. Greer
ALAN G. GREER

## Service List

| | |
|---|---|
| **Gregory P. Hansel, Esq.**<br>ghansel@preti.com<br>**James C. Bush, Esq.**<br>jbush@preti.com<br>**Patrick N. Strawbridge, Esq.**<br>pstrawbridge@preti.com<br>**Randall B. Weill, Esq.**<br>rweill@preti.com<br>Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center, P.O. Box 9546<br>Portland, ME 04112-9546<br>Telephone: (207) 791-3000 | **Jeffrey Bruce Crockett, Esq.**<br>jcrockett@coffeyburlington.com<br>Coffey Burlington<br>Penthouse<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone (305) 858-2900<br>Fax: (305) 858-5261<br>**Counsel for Misao Hioki** |
| **Bruce Gerstein, Esq.**<br>bgerstein@garwingerstein.com<br>**Barry Taus, Esq.**<br>btaus@garwingerstein.com<br>**Noah H. Silverman, Esq.**<br>nsilverman@garwingerstein.com<br>Garwin, Gerstain & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Telephone: (212) 398-0055 | **Christopher T. Casamassima, Esq.**<br>ccasamassima@kirkland.com<br>Kirkland & Ellis<br>777 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Telephone: (213) 680-8400<br>**Counsel for Misao Hioki** |
| **Hollis Lee Salzman, Esq.**<br>hsalzman@labaton.com<br>Labaton Sucharow, LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0717<br>Fax: (212) 883-7017 | **James H. Mutchnik, Esq.**<br>mutchnick@kirkland.com<br>Kirkland & Ellis<br>200 E. Randolph Drive, Suite 6048<br>Chicago, IL 60601<br>Telephone: 312 861-2350<br>Fax: 312 861-2200<br>**Counsel for Misao Hioki** |
| **Richard Aldo Serafini, Esq.**<br>serafinir@gtlaw.com<br>Greenberg Traurig<br>401 E. Las Olas Blvd., Suite 2000<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 768-8256<br>Fax: (954) 765-1477<br>**Counsel for Dunlop Oil & Marine LTD** | **John M. Marjoras, Esq.**<br>jmmajoras@jonesday.com<br>**Carmen G. McLean, Esq.**<br>cgmclean@jonesday.com<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, DC 20001-2113<br>Telephone: (202) 879-3939<br>Fax: (202) 626-1700<br>**Counsel for Parker-Hannifin Corporation** |
| | **Jennifer Seraphine, Esq.**<br>jseraphine@jonesday.com<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939 |

Alan G. Greer, Esq.
agreer@richmangreer.com
Lyle E. Shapiro, Esq.
lshapiro@richmangreer.com
Richman Greer, PA
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 373-4000
Fax: (305) 373-4099
**Counsel for Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.)**

Robert M. Osgood, Esq.
osgoodrm@sullcrom.com
Daniel A. Goldschmidt, Esq.
Goldschmidt@sullcrom.com
Fern Mechlowitz, Esq.
mechlowitz@sullcrom.com
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1AN
England
Telephone: 020 7959 8550
Fax: 020 7959 8950
**Counsel for Manuli Oil & Marine (USA)**

Alain E. Boileau, Esq.
aeb@adorno.com
Robert Hunt Schwartz, Esq.
rhs@adorno.com
Adorno & Yoss
888 SE 3rd Avenue, Suite 500
Ft. Lauderdale, FL 33335-9002
Telephone: (954)523-5885
Fax: (954) 760-9531
**Counsel for Bridgestone Industrial Products America, Inc.**

Harold Donnelly, Esq.
donnelly77@comcast.net
Hal D. Hardin, Esq.
halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 37201

Fax: (415) 875-5700
**Counsel for Parker-Hannifin Corporation**

Paul M. Alfieri, Esq.
paul.alfieri@linklaters.com
Joseph P. Armao, Esq.
joseph.armao@linklaters.com
Robert H. Bell, Esq.
robert.bell@linklaters.com
Danielle Randazzo, Esq.
danielle.randazzo@linklaters.com
Benjamin D. Singer, Esq.
Ben.singer@linklaters.com
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Fax: (212) 903-9100
**Counsel for Yokohama Rubber Co., LTD**

Bryan Robert Cleveland, Esq.
beleveland@ghblaw.com
Gilbride Heller & Brown
2 South Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Telephone: (305) 358-3580
Fax: (305) 374-1756
**Counsel for Yokohama Rubber Co., LTD**

Walter M. Berger, Esq.
bergerc@howrey.com
Howrey LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (202) 333-6517
**Counsel for Trelleborg Industrie SA**

James G. Kress, Esq.
kressj@howrey.com
Roxann E. Henry, Esq.
henryr@howrey.com
Richard E. DiZinno, Esq.
dizinnor@howrey.com
Christina Guerola Sarchio, Esq.
sarchiochristina@howrey.com

Telephone: (615) 620-3277
Fax: (615) 369-3344
**Counsel for Bridgestone Industrial Products America, Inc.**

**Gregory J. Trask, Esq.**
gtrask@homerbonnerlaw.com
Homer Bonner, PA
1441 Brickell Avenue
Four Seasons Tower, Suite 1200
Miami, FL 33131
Telephone: (305) 350-5100
Fax: (305) 372-2738
**Counsel for Bridgestone Corporation**

**Jennifer Marie Driscoll, Esq.**
jdriscoll@mayerbrown.com
**Donald C. Klawiter**
dklawiter@mayerbrown.com
Mayer Brown LLP
1909 K. Street NW
Washington, DC 20006
Telephone: (202) 263-3860
Fax: (202) 762-4252
**Counsel for Christian Caleca**

**Michael Abram Rosen, Esq.**
mrosen@frc-law.com
Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Fax: Telephone: (786) 364-8400
Fax: (786) 364-8401
**Counsel for Christian Caleca**

**Robert Mark Brochin, Esq.**
rbrochin@morganlewis.com
Morgan Lewis & Bockius
200 S. Biscayne Blvd.
Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415 3456
Fax: (305) 415-3001
**Counsel for Christian Caleca**
**Diana J. Pomeranz, Esq.**
dpomeranz@kslaw.com

Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
**Counsel for Trelleborg Industrie SA**

**Benedict P. Kuehne, Esq.**
ben.kuehne@kuehnelaw.com
**Susan Dmitrovshy, Esq.**
dmitrovsky@sk-lawyers.com
Benedict P. Kuehne, PA
100 SE 2nd Street, Suite 3550
Miami, FL 33131-2154
Telephone: (305) 789-5989
Fax: (305) 789-5987
**Counsel for Trelleborg Industrie SA**

**R. Bruce Holcomb, Esq.**
holcombb@dicksteinshapiro.com
**James R. Martin, Esq.**
martinj@dicksteinshapiro.com
**Christopher Fitzgerald Branch, Esq.**
branchc@dicksteinshapiro.com
Dickstein Shapiro, LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
**Counsel for Dunlop Oil & Marine**

**Marc David Seitles, Esq.**
mseitles@seitleslaw.com
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Telephone: (305) 379- 6667
Fax: (305) 379-6668
**Counsel for Vanni Scodeggio**

**Jeffrey Allan Sudduth, Esq.**
jsudduth@lpflaw.com
Legon Ponce & Fodiman, PA
1111 Brickell Avenue, Suite 2150
Miami, FL 33131
Telephone: (305) 444-9991
Fax: (305) 444-9937
**Counsel for Parker Hannafin Corp**

| | |
|---|---|
| **James M. Griffin, Esq.** | **Gerald Edward Greenberg, Esq.** |
| jgriffin@kslaw.com | ggreenberg@swmwas.com |
| **Kevin R. Sullivan, Esq.** | **Jay Brian Shapiro, Esq.** |
| ksullivan@kslaw.com | jshapiro@swmwas.com |
| **Susan D. Inman, Esq.** | Stearns Weaver Miller Weissler, et al. |
| sinman@kslaw.com | Museum Tower |
| King & Spalding LLP | 150 West Flagler Street, Suite 2200 |
| 1700 Pennsylvania Avenue NW | Miami, FL 33130 |
| Washington, DC 20006 | Telephone: (305) 789-3200 |
| Telephone: (202) 626-5540 | Fax: (305) 789-3395 |
| **Counsel for Vanni Scodeggio** | **Counsel for Francesco Scaglia** |
| | |
| **David Oscar Markus, Esq.** | |
| dmarkus@markuslaw.com | |
| 169 E. Flagler Street, Suite 1200 | |
| Miami, FL 33131 | |
| Telephone: (305) 379-6667 | |
| Fax: 305-379-6668 | |
| **Counsel for Francesco Scaglia** | |