UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TORRES

| | |
|---|---|
| IN RE: MARINE HOSE ANTITRUST LITIGATION | : : : : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT MANULI RUBBER INDUSTRIES S.P.A., MANULI OIL & MARINE (U.S.A.) INC., PARKER ITR S.L.R., AND PARKER HANNIFIN CORP.'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF SHIPYARD SUPPLY LLC AND INCORPORATED MEMORANDUM OF <u>LAW IN SUPPORT THEREOF</u>**

Plaintiffs respectfully request that the Court deny the motion of Defendants Manuli Rubber Industries S.P.A., Manuli Oil & Marine (U.S.A.) Inc., Parker ITR S.L.R., and Parker Hannifin Corp. to Compel the Deposition of Plaintiff Shipyard Supply LLC ("Shipyard"). Defendants seek Shipyard's deposition on class certification issues. However Plaintiffs have not sought Shipyard's appointment as a class representative, and on September 4, 2008 Shipyard moved to dismiss itself from the litigation. Given this, there is no reason to compel the deposition of a Shipyard representative and the Motion should be denied.

I.
<u>BACKGROUND</u>

Plaintiff Shipyard is one of four named plaintiffs alleged in the Consolidated Class Action Complaint. The parties were engaged in class certification discovery with an August 21, 2008 cut-off date. Two plaintiffs were deposed during that time, and a third was scheduled to be deposed after August 21, 2008 by agreement of the parties and by leave of Court. On September 4, 2008, Plaintiffs filed their Motion for Class Certification and Amended

45479_3
1374839.1

Consolidated Complaint, neither of which includes Shipyard as a named plaintiff or proposed class representative. Also on September 4, 2008, Shipyard moved to dismiss itself from the litigation without prejudice to its rights to remain an absent class member.

Defendants noticed Shipyard's deposition for July 18, 2008. While the deposition initially was scheduled for that date, it had to be continued due to conflicts in the schedule of Shipyard's President and corporate designee, Jeffrey Wickersham. Plaintiffs' Lead Counsel had been attempting to work with Shipyard to reschedule the deposition during August but were unsuccessful in securing a date for the deposition. As a result of this, and also in light of the fact that Shipyard's records were destroyed in Hurricane Katrina, Plaintiffs determined that Shipyard would not be proposed as a class representative.

As the class discovery period was coming to a close, Plaintiffs' Lead Counsel communicated with Defendants about the difficulties in rescheduling Shipyard's deposition, and suggested to them strongly that it was unlikely that Shipyard would be offered as a class representative. In an effort to obviate the instant motion, Plaintiffs' Lead Counsel suggested to Defendants that they would have no need to press for Shipyard's deposition once the class certification motion was filed on September 4, 2008. Plaintiffs believed that this suggestion was a reasonable one under the circumstances. Nevertheless, Defendants filed this motion, and did so in violation of the Local Rules of this Court, by failing to first contact the Magistrate Judge to place the matter on the discovery calendar as required by this Court's discovery procedures.[1]

---

[1] "If a discovery dispute arises, prior to filing a written motion, the moving party shall contact Magistrate Torres' chambers at (305) 523-5750 and place the matter on the next available discovery calendar. . . . . **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless directed by the Court at the discovery calendar**. This procedure is intended to minimize the need for discovery motions." *See* Discovery Procedures for Magistrate Judge Edwin G. Torres (emphasis added).

## II.
## ARGUMENT

Since Shipyard is not a proposed class representative, Defendants cannot demonstrate the right or need to depose Shipyard as part of class certification discovery. Defendants seemed to recognize this, but assert in their Motion that Shipyard has not made a "concrete commitment" to dismiss its claims or withdraw itself as a class representative.

Given that Plaintiffs' Motion for Class Certification and Amended Consolidated Complaint removed Shipyard as a named plaintiff, and in light of Shipyard's pending motion to dismiss its claims without prejudice, Defendants' motion is now moot. Accordingly, there is no basis for compelling Shipyard's deposition, and the Defendants' motion should be denied.

## III.
## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion of Defendants Manuli Rubber Industries S.P.A., Manuli Oil & Marine (U.S.A.) Inc., Parker ITR S.L.R., and Parker Hannifin Corp. to Compel the Deposition of Plaintiff Shipyard

---

Although Magistrate Judge Torres recused himself, the "discovery procedures apply to all civil cases assigned to United States District Judge Donald L. Graham."

Supply LLC ("Shipyard").

DATED: September 8, 2008				Respectfully submitted,


						  /s/ Alexander Rundlett_____
						Robert C. Josefsberg
						Florida Bar No. 040856
						RJosefsberg@podhurst.com
						Katherine W. Ezell
						Florida Bar No. 114771
						KEzell@podhurst.com
						Alexander Rundlet
						Florida Bar No. 0692302
						ARundlet@podhurst.com
						PODHURST ORSECK
						City National Bank Building
						25 West Flagler Street, Suite 800
						Miami, Florida 33130
						Telephone: (305) 358-2800
						Fax: (305) 358-2382

						Counsel for Plaintiffs

							and

						Gregory P. Hansel
						Florida Bar No. 607101
						Ghansel@preti.com
						Randall B. Weill
						Maine Bar No. 2836
						rweill@preti.com
						PRETI, FLAHERTY, BELIEVEAU
						   & PACHIOS, LLP
						One City Center, P.O. Box 9546
						Portland, ME 04112-9546
						Telephone: (207) 791-3000
						Fax: (207) 791-3111

						Hollis Salzman
						hsalzman@labaton.com
						Gregory Asciolla
						gasciolla@labaton.com
						LABATON SUCHAROW LLP
						140 Broadway

45479_3
1374839.1                                              4

New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 907-0717

Bruce Gerstein
bgerstein@garwingerstein.com
Jan Bartelli
jbartelli@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Fax: (212) 764-6620

Co-Lead Counsel and Proposed
Class Counsel

Certificate of Service

I hereby certify that the foregoing was filed through the Court's ECF system this 8th day of September, 2008, and will therefore be automatically served on counsel of record via electronic means.

/s/ Alexander Rundlett
Robert C. Josefsberg
Florida Bar No. 040856
RJosefsberg@podhurst.com
Katherine W. Ezell
Florida Bar No. 114771
KEzell@podhurst.com
Alexander Rundlet
Florida Bar No. 0692302
ARundlet@podhurst.com
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382