UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

---------------------------------x
IN RE MARINE HOSE ANTITRUST :
LITIGATION :
 :
 :
_____:
 :
THIS DOCUMENT RELATES TO: :
 :
ALL ACTIONS :
 :
 :
 :
---------------------------------x

## MANULI RUBBER INDUSTRIES S.P.A. AND MANULI OIL & MARINE (U.S.A.) INC.'S MEMORANDUM IN OPPOSITION TO CERTAIN PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc. (collectively, "Manuli") respectfully submit this memorandum in opposition to Certain Plaintiffs' Motion for Voluntary Dismissal Without Prejudice.

Manuli agrees that Shipyard Supply LLC ("Shipyard") and Weeks Marine, Inc. ("Weeks") should no longer be plaintiffs in this case, and in that respect it does not oppose the instant motion. However, for the reasons set forth below, Manuli believes that any such dismissal should be *with* prejudice. In addition, the Court should explicitly retain jurisdiction over Shipyard and Weeks for the purpose of hearing applications for sanctions, fees and costs based on the conduct of Shipyard and Weeks in this proceeding.

## BACKGROUND

In May 2007, Shipyard filed suit against Manuli in this Court. In July 2007, Weeks sued Manuli in the United States District Court for the Southern District of New York; Weeks'

complaint was later transferred to this Court by the MDL Panel. Manuli has answered Shipyard's and Weeks' complaints and has also answered their Consolidated Class Action complaint. For well over a year, Manuli has been engaged in costly and contentious litigation with each Shipyard and Weeks.

At an early stage in the litigation, Manuli had reason to believe that neither Weeks nor Shipyard had ever purchased marine hose from any of the defendants in the United States (or anywhere else). This was based on the apparent nature of Weeks and Shipyard's business, as well as a survey of all corporate defendants that revealed no sales of marine hose to either plaintiff.

During a telephone call with plaintiffs' counsel on April 10, 2008, defendants' counsel asked for some basic evidence that each named plaintiff – including Weeks and Shipyard – had made a direct purchase of marine hose from one or more of the corporate defendants in the United States. Counsel for Manuli reiterated this request in writing on April 11. (Declaration of Alan G. Greer ("Greer Decl."), dated September 22, 2008, Ex. A.) By letter dated April 25, plaintiffs' counsel declined to provide any proof that Weeks or Shipyard had ever purchased marine hose. (Greer Decl., Ex. B.)

By Order dated March 4, 2008, the Court directed the parties to make a joint pre-trial scheduling submission on April 30, 2008. Plaintiffs indicated that they wished to be "excused" from the portion of the Rule 26(a) initial disclosures that would require them, at an early stage in the litigation, to provide evidence of their U.S. marine hose purchases. Defendants insisted that this part of Rule 26 should apply, and the Court agreed. Accordingly, on May 16, 2008, the Court ordered that "documents relating to U.S. sales and purchases of Marine Hose must be exchanged as part of initial disclosures."

Shipyard produced no documents in response to the May 16 Order and failed to produce a witness for deposition.

Weeks produced a limited volume of documents to the defendants, none of which evidenced purchases of marine hose. On July 17, counsel for defendant Trelleborg issued a written Rule 11 warning to plaintiffs' counsel with respect to Weeks. (Greer Decl., Ex. C.) At its Rule 30(b)(6) deposition on July 24, it became clear that Weeks had never directly purchased marine hose from any of the defendants. Weeks testified that it purchased hose to use in its dredging division, which moved material, like sand and dirt, from one location to another. (Greer Decl., Ex. D.) Weeks stated that it never purchased hose to transport oil, which is what marine hose is used for. *Id.* Weeks described how it purchased dredge hose and float hose, entirely different products, and had purchased one used marine hose from a third party, which it had used as dredge hose. *Id.*

Following the Weeks deposition, counsel for Manuli wrote to plaintiffs' counsel to ask that Weeks dismiss its claims and withdraw as a proposed class representative, given its potentially sanctionable decision to file suit without having purchased marine hose. (Greer Decl., Ex. E.) Plaintiffs' counsel wrote back to say they would consider the issue and respond to it the following week, but they never did so. (Greer Decl., Ex. F.)

Manuli has expended substantial time, energy, legal fees and costs in defending against the claims of two plaintiffs who never purchased marine hose, and who could have so determined had they conducted the investigation required by Rule 11 before filing suit. Manuli put Weeks and Shipyard on notice of this consideration when it demanded evidence of their purchases in April, and reminded Weeks of this consideration again following its deposition in

3

July. Plaintiffs ignored these warnings and allowed Manuli's fees and costs to continue to accrue.

In the process of pursuing Shipyard's deposition, Manuli learned that the lawyers purportedly representing Shipyard – the firm of Preti Flaherty Beliveau & Pachios LLP – had not been in contact with their client for some time and that Shipyard was ignoring their phone calls and messages. Despite the fact that Preti's client, Shipyard, is no longer participating in the proceedings, Preti continues to vigorously litigate this action, appearing frequently at depositions and representing plaintiffs at conferences before the Court. As the Court has not certified a class nor appointed class counsel (except on an interim basis), the Preti firm would appear to be litigating this case without an actual client.

## ARGUMENT

Rule 41(a)(2) confers upon the Court the discretion to dismiss Weeks and Shipyard's claims *with* prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("... an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.") Manuli submits that such a sanction is appropriate where, as here, plaintiffs filed suit despite actual or constructive knowledge that they had no claim. The Court's May 16 Order required Weeks and Shipyard to produce documents evidencing their U.S. marine hose purchases, which they failed to do. Unless they are withholding such evidence in contempt of the May 16 Order, it seems very clear that neither party has a provable claim. If they are not dismissed with prejudice, Weeks and Shipyard will – as their counsel represented to the Court during the September 10, 2008 telephonic status conference – simply seek to participate as class members in this or future lawsuits despite their manifest inability to establish that they purchased marine hose. The risk that such a claim might slip past a claims administrator and unjustly enrich Weeks and/or

Shipyard – potentially at the expense of other persons who might have actual claims – should concern the Court.

Moreover, the Court may, *sua sponte*, dismiss Shipyard's claims with prejudice under Rule 41(b) for its failure to prosecute. *See* Fed. R. Civ. P. 41(b) (dismissal under Rule 41(b) "operates as an adjudication on the merits."); *see also, e.g., Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (courts may dismiss actions *sua sponte* for failure to prosecute, either under color of Rule 41(b) or their inherent power to manage their dockets). As described in detail above, Shipyard has done nothing since filing its complaint, and its own lawyers represented in August that Shipyard was refusing even to return their phone calls. Dismissal with prejudice for failure to prosecute is especially appropriate "where a party, as distinct from counsel, is culpable." *Betty K*, 432 F.3d at 1338.

Upon dismissing Weeks and Shipyard with prejudice, the Court should retain jurisdiction to hear applications for sanctions, fees and costs. As Manuli has incurred significant expense in defending the claims of Weeks and Shipyard, which should never have been brought, it will be prejudiced if it is unable to hail Weeks and Shipyard before the Court on possible sanctions motions. It is well-settled that the Court may issue a Rule 41 dismissal subject to certain conditions, including the retention of jurisdiction to hear possible sanctions motions. *See, e.g., Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990). Accordingly, the order dismissing Weeks and Shipyard should make clear that the Court retains jurisdiction to hear any future application by Manuli or others relating to Weeks and Shipyard's conduct in this litigation.

## CONCLUSION

For the reasons stated herein, Manuli respectfully requests that plaintiffs Weeks and Shipyard be dismissed with prejudice. In addition, Manuli requests that the Court retain residual

jurisdiction over Weeks and Shipyard for the limited purpose of hearing applications for sanctions, fees and costs in connection with their conduct in these proceedings.

Dated: September 22, 2008         Respectfully submitted,

    /s/ Alan G. Greer
Alan G. Greer (Florida Bar No. 123294)
agreer@richmangreer.com
Lyle E. Shapiro (Florida Bar No. 0120324)
lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Robert M. Osgood (admitted *pro hac vice*)
Daniel A. Goldschmidt (admitted *pro hac vice*)
Fern Mechlowitz (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
One New Fetter Lane
London EC4A 1AN, England
Telephone: +44 (0) 20 7959 8900
Facsimile: +44 (0) 20 7959 8950

    -and-

125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                /s/Alan G. Greer
                                                ALAN G. GREER

# Service List

| | |
|---|---|
| **Gregory P. Hansel, Esq.**<br>ghansel@preti.com<br>**James C. Bush, Esq.**<br>jbush@preti.com<br>**Patrick N. Strawbridge, Esq.**<br>pstrawbridge@preti.com<br>**Randall B. Weill, Esq.**<br>rweill@preti.com<br>Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center, P.O. Box 9546<br>Portland, ME 04112-9546<br>Telephone: (207) 791-3000<br><br>**Bruce Gerstein, Esq.**<br>bgerstein@garwingerstein.com<br>**Barry Taus, Esq.**<br>btaus@garwingerstein.com<br>**Noah H. Silverman, Esq.**<br>nsilverman@garwingerstein.com<br>Garwin, Gerstain & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Telephone: (212) 398-0055<br><br>**Hollis Lee Salzman, Esq.**<br>hsalzman@labaton.com<br>Labaton Sucharow, LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0717<br>Fax: (212) 883-7017<br><br>**Richard Aldo Serafini, Esq.**<br>serafinir@gtlaw.com<br>Greenberg Traurig<br>401 E. Las Olas Blvd., Suite 2000<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 768-8256<br>Fax: (954) 765-1477<br>**Counsel for Dunlop Oil & Marine LTD** | **Jeffrey Bruce Crockett, Esq.**<br>jcrockett@coffeyburlington.com<br>Coffey Burlington<br>Penthouse<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone (305) 858-2900<br>Fax: (305) 858-5261<br>**Counsel for Misao Hioki**<br><br>**Christopher T. Casamassima, Esq.**<br>ccasamassima@kirkland.com<br>Kirkland & Ellis<br>777 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Telephone: (213) 680-8400<br>**Counsel for Misao Hioki**<br><br>**James H. Mutchnik, Esq.**<br>mutchnick@kirkland.com<br>Kirkland & Ellis<br>200 E. Randolph Drive, Suite 6048<br>Chicago, IL 60601<br>Telephone: 312 861-2350<br>Fax: 312 861-2200<br>**Counsel for Misao Hioki**<br><br>**John M. Marjoras, Esq.**<br>jmmajoras@jonesday.com<br>**Carmen G. McLean, Esq.**<br>cgmclean@jonesday.com<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, DC 20001-2113<br>Telephone: (202) 879-3939<br>Fax: (202) 626-1700<br>**Counsel for Parker-Hannifin Corporation**<br><br>**Jennifer Seraphine, Esq.**<br>jseraphine@jonesday.com<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939 |

| | |
|---|---|
| **Alan G. Greer, Esq.**<br>agreer@richmangreer.com<br>**Lyle E. Shapiro, Esq.**<br>lshapiro@richmangreer.com<br>Richman Greer, PA<br>201 S. Biscayne Blvd., Suite 1000<br>Miami, FL 33131<br>Telephone: (305) 373-4000<br>Fax: (305) 373-4099<br>**Counsel for Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.)**<br><br>**Robert M. Osgood, Esq.**<br>osgoodrm@sullcrom.com<br>**Daniel A. Goldschmidt, Esq.**<br>Goldschmidt@sullcrom.com<br>**Fern Mechlowitz, Esq.**<br>mechlowitz@sullcrom.com<br>Sullivan & Cromwell LLP<br>1 New Fetter Lane<br>London EC4A 1AN<br>England<br>Telephone: 020 7959 8550<br>Fax: 020 7959 8950<br>**Counsel for Manuli Oil & Marine (USA)**<br><br>**Alain E. Boileau, Esq.**<br>aeb@adorno.com<br>**Robert Hunt Schwartz, Esq.**<br>rhs@adorno.com<br>Adorno & Yoss<br>888 SE 3rd Avenue, Suite 500<br>Ft. Lauderdale, FL 33335-9002<br>Telephone: (954)523-5885<br>Fax: (954) 760-9531<br>**Counsel for Bridgestone Industrial Products America, Inc.**<br><br>**Harold Donnelly, Esq.**<br>donnelly77@comcast.net<br>**Hal D. Hardin, Esq.**<br>halhardin@aol.com<br>211 Union Street, Suite 200<br>Nashville, TN 37201 | Fax: (415) 875-5700<br>**Counsel for Parker-Hannifin Corporation**<br><br>**Paul M. Alfieri, Esq.**<br>paul.alfieri@linklaters.com<br>**Joseph P. Armao, Esq.**<br>joseph.armao@linklaters.com<br>**Robert H. Bell, Esq.**<br>robert.bell@linklaters.com<br>**Danielle Randazzo, Esq.**<br>danielle.randazzo@linklaters.com<br>**Benjamin D. Singer, Esq.**<br>Ben.singer@linklaters.com<br>Linklaters LLP<br>1345 Avenue of the Americas<br>New York, NY 10105<br>Telephone: (212) 903-9000<br>Fax: (212) 903-9100<br>**Counsel for Yokohama Rubber Co., LTD**<br><br>**Bryan Robert Cleveland, Esq.**<br>beleveland@ghblaw.com<br>Gilbride Heller & Brown<br>2 South Biscayne Blvd.<br>One Biscayne Tower, 15th Floor<br>Miami, FL 33131<br>Telephone: (305) 358-3580<br>Fax: (305) 374-1756<br>**Counsel for Yokohama Rubber Co., LTD**<br><br>**Walter M. Berger, Esq.**<br>bergerc@howrey.com<br>Howrey LLP<br>111 Louisiana, 25th Floor<br>Houston, TX 77002-5242<br>Telephone: (202) 333-6517<br>**Counsel for Trelleborg Industrie SA**<br><br>**James G. Kress, Esq.**<br>kressj@howrey.com<br>**Roxann E. Henry, Esq.**<br>henryr@howrey.com<br>**Richard E. DiZinno, Esq.**<br>dizinnor@howrey.com<br>**Christina Guerola Sarchio, Esq.**<br>sarchiochristina@howrey.com |

| | |
|---|---|
| Telephone: (615) 620-3277<br>Fax: (615) 369-3344<br>**Counsel for Bridgestone Industrial Products America, Inc.**<br><br>**Gregory J. Trask, Esq.**<br>gtrask@homerbonnerlaw.com<br>Homer Bonner, PA<br>1441 Brickell Avenue<br>Four Seasons Tower, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 350-5100<br>Fax: (305) 372-2738<br>**Counsel for Bridgestone Corporation**<br><br>**Jennifer Marie Driscoll, Esq.**<br>jdriscoll@mayerbrown.com<br>**Donald C. Klawiter**<br>dklawiter@mayerbrown.com<br>Mayer Brown LLP<br>1909 K. Street NW<br>Washington, DC 20006<br>Telephone: (202) 263-3860<br>Fax: (202) 762-4252<br>**Counsel for Christian Caleca**<br><br>**Michael Abram Rosen, Esq.**<br>mrosen@frc-law.com<br>Fowler Rodriguez LLP<br>355 Alhambra Circle, Suite 801<br>Coral Gables, FL 33134<br>Fax: Telephone: (786) 364-8400<br>Fax: (786) 364-8401<br>**Counsel for Christian Caleca**<br><br>**Robert Mark Brochin, Esq.**<br>rbrochin@morganlewis.com<br>Morgan Lewis & Bockius<br>200 S. Biscayne Blvd.<br>Suite 5300<br>Miami, FL 33131-2339<br>Telephone: (305) 415 3456<br>Fax: (305) 415-3001<br>**Counsel for Christian Caleca**<br>**Diana J. Pomeranz, Esq.**<br>dpomeranz@kslaw.com | Howrey LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2402<br>**Counsel for Trelleborg Industrie SA**<br><br>**Benedict P. Kuehne, Esq.**<br>ben.kuehne@kuehnelaw.com<br>**Susan Dmitrovshy, Esq.**<br>dmitrovsky@sk-lawyers.com<br>Benedict P. Kuehne, PA<br>100 SE 2nd Street, Suite 3550<br>Miami, FL 33131-2154<br>Telephone: (305) 789-5989<br>Fax: (305) 789-5987<br>**Counsel for Trelleborg Industrie SA**<br><br>**R. Bruce Holcomb, Esq.**<br>holcombb@dicksteinshapiro.com<br>**James R. Martin, Esq.**<br>martinj@dicksteinshapiro.com<br>**Christopher Fitzgerald Branch, Esq.**<br>branchc@dicksteinshapiro.com<br>Dickstein Shapiro, LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202) 420-2200<br>**Counsel for Dunlop Oil & Marine**<br><br>**Marc David Seitles, Esq.**<br>mseitles@seitleslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379- 6667<br>Fax: (305) 379-6668<br>**Counsel for Vanni Scodeggio**<br><br><br>**Jeffrey Allan Sudduth, Esq.**<br>jsudduth@lpflaw.com<br>Legon Ponce & Fodiman, PA<br>1111 Brickell Avenue, Suite 2150<br>Miami, FL 33131<br>Telephone: (305) 444-9991<br>Fax: (305) 444-9937<br>**Counsel for Parker Hannafin Corp** |

| | |
|---|---|
| **James M. Griffin, Esq.**<br>jgriffin@kslaw.com<br>**Kevin R. Sullivan, Esq.**<br>ksullivan@kslaw.com<br>**Susan D. Inman, Esq.**<br>sinman@kslaw.com<br>King & Spalding LLP<br>1700 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 626-5540<br>**Counsel for Vanni Scodeggio**<br><br>**David Oscar Markus, Esq.**<br>dmarkus@markuslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379-6667<br>Fax: 305-379-6668<br>**Counsel for Francesco Scaglia** | **Gerald Edward Greenberg, Esq.**<br>ggreenberg@swmwas.com<br>**Jay Brian Shapiro, Esq.**<br>jshapiro@swmwas.com<br>Stearns Weaver Miller Weissler, et al.<br>Museum Tower<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 789-3200<br>Fax: (305) 789-3395<br>**Counsel for Francesco Scaglia** |