# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN**

| | |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| ALL ACTIONS | ) ) ) |

## DEFENDANTS PARKER ITR SRL AND PARKER HANNIFIN CORPORATIONS' ADOPTION OF PENDING MOTION TO DISMISS FOR PURPOSES OF AMENDED CONSOLIDATED COMPLAINT

Defendants Parker ITR Srl ("Parker ITR") and Parker Hannifin Corporation ("Parker Hannifin"), by and through their undersigned counsel and pursuant to this Court's Order of September 15, 2008 [D.E. 181], hereby adopt their pending Motion to Dismiss of April 23, 2008 [D.E. 90], and reply in support thereof of May 22, 2008 [D.E. 123], for purposes of responding to Plaintiffs' First Amended Consolidated Class Action Complaint, and in support thereof state as follows:

In their pending motion to dismiss and reply, Parker ITR and Parker Hannifin have moved to dismiss Plaintiffs' complaint on the grounds that Plaintiffs have failed to plead that Parker ITR or Parker Hannifin were part of any alleged conspiracy to restrain trade. In fact, Plaintiffs do not include a single factual allegation specifically against Parker Hannifin in the Complaint. Plaintiffs make just three allegations specifically related to Parker ITR, none of which support Plaintiffs' allegation that Parker ITR entered into a conspiracy to restrain trade. Finally, Plaintiffs' general and conclusory allegations against the group of "Defendants," none of

which are supported by any specific factual allegations that pertain to either Parker ITR or Parker Hannifin, are insufficient to support Plaintiffs' claims.

The same deficiencies that cause Plaintiffs' initial complaint to fail still exist in Plaintiffs' amended complaint. Like their initial complaint, Plaintiffs' amended complaint lacks any allegations of interaction between Parker ITR and Parker Hannifin, and Plaintiffs still do not include a single factual allegation specifically against Parker Hannifin.

As the argument in favor of dismissal has been fully brief, Parker ITR and Parker Hannifin adopt their previous motion and reply, and respectfully request that this Court grant their motion and dismiss Plaintiffs' First Amended Class Action Complaint.

Dated: September 26, 2008

Respectfully submitted,

*/s/Jeffrey A. Sudduth*
Jeffrey A. Sudduth
Florida Bar No. 169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Avenue, Suite 2150
Miami, Florida 33131
Telephone: (305) 444-9991
Facsimile: (305) 444-9937
jsudduth@lpflaw.com
Counsel for Defendants Parker ITR Srl and
Parker Hannifin Corporation

Additional Counsel:

John M. Majoras, Esquire
Carmen G. McLean, Esquire
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
jmmajoras@jonesday.com
cgmclean@jonesday.com

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/O'SULLIVAN

- 3 -

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 26, 2008 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information for Case 08-MDL-1888. Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.

/s/ Jeffrey A. Sudduth
Jeffrey A. Sudduth