UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon a review of the record.

Plaintiffs have filed a Motion to File Under Seal Plaintiffs' Memorandum of Law in Support of Motion for Class Certification [D.E. 175] and numerous pleadings related to class certification. The Court has considered the motions, the pertinent portions of the record, and is otherwise fully advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that, within five (5) days from the date of the entry of this Order, Plaintiffs shall file the respective documents that the Court unseals as noted below. Specifically, Plaintiffs shall file the respective memoranda and composite exhibits (in redacted form) concerning the class certification issues. Because this is an MDL matter that impacts several cases, the electronic filing procedures may include certain options not customary in non-MDL cases and the parties must take due care to

maintain an accurate record. Therefore, to the extent that the parties require assistance to appropriately file the materials in the numerous cases, they shall contact the Court's CM/ECF Help Desk (Tel. 1-888-318-2260) and request to speak with the MDL clerk. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to file Under Seal Plaintiffs' Memorandum of Law in Support of Motion for Class Certification [D.E. 175] is **GRANTED IN PART**. The following documents contained within docket entry 175 shall be unsealed: (i) Exhibit A: Report on Marine Hoses Prepared by Minoo Patel; (ii) Exhibit D: U.S. Department of Justice Press Release, July 28, 2008; (iii) Exhibit E: Deposition of Paul Galvin, July 17, 2008 and (iv) Exhibit F: Plaintiff Bayside Rubber Product & Products, Inc.'s Objections and Responses to Corporate Defendants' First Set of Interrogatories Relating to Class Certification. Unless indicated herein, no other portions of docket entry 175 shall be unsealed. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Supplemental Motion to File Under Seal Portions of Plaintiffs' Memorandum of Law In Support of Motion for Class Certification [D.E. 188] is **GRANTED IN PART**. The following documents contained within docket entry 188 shall be unsealed: (i) Plaintiffs' Supplemental Motion to File Under Seal Portions of Plaintiffs' Memorandum of Law In Support of Motion for Class Certification; (ii) Exhibit B: Report of John

C. Bayer, Ph.D. Regarding Class Certification (as redacted); (iii) Exhibit C: Deposition of Craig Anderson, Corporate Representative of Parker ITR s.l.r and Parker-Hannafin Corporation, August 8, 2008 (as redacted); and (iv) Exhibit D: Plaintiffs' Memorandum of Law in Support of Motion for Class Certification (as redacted). Unless indicated herein, no other portions of docket entry 188 shall be unsealed. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to File Under Seal Plaintiffs' Reply re Plaintiffs' Memorandum of Law in Support of Motion for Class Certification [D.E. 209] is **GRANTED IN PART** as further set forth below. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Supplemental Motion to File Under Seal Portions of Plaintiffs' Reply re Plaintiffs' Memorandum of Law in Support of Motion for Class Certification [D.E. 239] is **GRANTED IN PART**. The following documents contained within docket entry 239 shall be unsealed: (i) Plaintiffs' Supplemental Motion to File Under Seal Portions of Plaintiffs' Reply re Plaintiffs' Memorandum of Law in Support of Motion for Class Certification and (ii) Composite Exhibit C to Plaintiffs' Supplemental Motion to File Under Seal Portions of Plaintiffs' Reply re Plaintiffs' Memorandum of Law in Support of Motion for Class Certification (containing redacted materials). Unless indicated herein, no other portions of docket entry 239 shall be unsealed. It is further

**ORDERED AND ADJUDGED** that Defendants Manuli Rubber Industries S.p.A, Manuli Oil & Marine (U.S.A.) Inc., Parker ITR S.r.l., and Parker Hannafin Corporation's Motion for Leave to File a Sur-Reply in Response to Plaintiffs' Reply to Moving Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification [D.E. 220] is **GRANTED**. Plaintiffs' Opposition to the Sur-reply [D.e. 246] is overruled and the Court shall not allow further briefing on this issue. It is further

**ORDERED AND ADJUDGED** that Parker Hannifin Corporation, Parker ITR S.r.l., Manuli Rubber Industries, S.p.A., Manuli Oil & Marine (U.S.A.), Inc., and Giovanni Scodeggio's Motion to File Under Seal Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 232] is **GRANTED**. It is further

**DONE AND ORDERED** in Chambers in Miami, Florida this 4th day of November, 2008.

s/Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record