**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF**

| | |
|---|---|
| In re MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| ALL ACTIONS | ) ) ) ) |

**DEFENDANTS ITR, S.P.A., SAIAG, S.P.A. AND COMITAL SAIAG, S.P.A.'S**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED**
**CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## Table of Contents

Page

INTRODUCTION..................................................................................................................1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 4

I.    PLAINTIFFS' FAILURE TO ASSERT ANY INDEPENDENT ALLEGATIONS
      AGAINST THE COMITAL DEFENDANTS IS FATAL TO THE AMENDED
      COMPLAINT..........................................................................................................6

II.   PLAINTIFFS' FORMULAIC ALLEGATIONS AS TO THE SECTION 1 CONSPIRACY
      ARE INSUFFICIENT UNDER *TWOMBLY*..........................................................8

CONCLUSION............................................................................................................... 10

## Table of Authorities

**Page**

**Cases**

*Bell Atl. Corp. v. Twombly et al.*,
550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................. passim

*Bivens Gardens Office Building, Inc. v. Karns et al.*,
140 F.3d 898 (11th Cir. 1998) ........................................................................ 6

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99 (1957)..................................................................... 4

*DM Research, Inc. v. Col. of American Pathologists*,
170 F.3d 53 (1st Cir. 1999)............................................................................. 8

*In re: Antitrust Elevator Litigation Transhorn, LTD*,
502 F.3d 47 (2d Cir. 2007) ............................................................................. 9

*In re: TFT-LCD Antitrust Litigation*,
Case No. M 07-1827 SI, MDL. No. 1827, 2008 U.S. Dist. LEXIS 65535 (N.D. Cal. Aug. 25,
2008) ........................................................................................................... 6, 7

*Lombard's, Inc. v. Prince Mfg., Inc.*,
753 F.2d 974 (11th Cir. 1985) ........................................................................ 4

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506, 122 S. Ct. 992 (2002)............................................................... 4

*Watts v. Fla. Int'l Univ.*,
495 F.3d 1289 (11th Cir. 2007) ...................................................................... 5

**Statutes**

15 U.S.C. § 1 ..................................................................................................... passim

**Rules**

Federal Rules of Civil Procedure 12(b)(6)................................................... 1, 2, 4, 10

Local Rule 7.1 ................................................................................................. 1

Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.

(collectively, the "Comital Defendants") respectfully submit this memorandum of law in

accordance with Local Rule 7.1 in support of their motion pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure to dismiss plaintiffs Bayside Rubber & Products, Inc. and

Expro Gulf Limited's ("Plaintiffs") First Amended Consolidated Class Action Complaint (the

"Amended Complaint").

## INTRODUCTION

Plaintiffs' Amended Complaint does not contain a single allegation against the

Comital Defendants that can support a cognizable claim under Section 1 of the Sherman Act.

Most egregiously, Plaintiffs fail to allege any facts whatsoever connecting the Comital

Defendants to the alleged conspiracy.  Instead, Plaintiffs merely insert the Comital Defendants'

names into a long list of the other defendants in an Amended Complaint containing the same

conclusory allegations set forth in the original version.  This, Plaintiffs hope, will be enough to

hold the Comital Defendants liable for an alleged antitrust conspiracy lasting 22 years.

However, the United States Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly et al.*,

550 U.S. 544, 127 S. Ct. 1955 (2007) flatly rejects this type of general, cursory pleading in a

Section 1 case.  Specifically, *Twombly* mandates that Plaintiffs allege much more than bald

accusations of conspiracy and bid rigging.  Under this new pleading paradigm, Plaintiffs are

required to provide enough detail to connect all of the individuals and circumstances together

into a "plausible" antitrust conspiracy.

In light of *Twombly*, the Amended Complaint fails to state a Section 1 claim

against the Comital Defendants for two separate but related reasons.  First, the Amended

Complaint simply adds the Comital Defendants into the group of Entity Defendants contained in

the Original Complaint.  In so doing, Plaintiffs fail to allege any new substantive allegations to

distinguish the Comital Defendants from any other defendants.  Indeed, the Amended Complaint

is devoid of even a single allegation of an action by any one of the Comital Defendants either as

an entity or through an individual actor.  Second, the Amended Complaint's generalized,

conclusory allegations regarding the conspiracy lack the requisite detail to make it "plausible"

that the Comital Defendants engaged in concerted anticompetitive conduct.  Thus, Plaintiffs have

fallen well short of providing sufficient notice as to facts that would establish that the Comital

Defendants carried out an alleged agreement in such a way that unreasonably restrained trade in

the marine hose industry.

Accordingly, Plaintiffs' Amended Complaint should be dismissed as to the

Comital Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a

claim on which relief can be granted.

## BACKGROUND

On March 24, 2008, four plaintiffs purporting to be purchasers of marine hose

filed a consolidated complaint in this putative class action ("Original Complaint").  (Dkt. No. 79,

Original Compl. ¶¶ 9-13.)  The Original Complaint alleged violations of Section 1 of the

Sherman Act, 15 U.S.C. § 1, against seven "Entity Defendants" from the United States, Europe,

and Japan, three of their subsidiaries, and ten related individual employees.  (Dkt. No. 79,

Original Compl. ¶¶ 14-34.)  It generally alleged that these entities, in some combination, had met

on different occasions, as well as exchanged phone calls and emails.  (Dkt. No. 79, Original

Compl. ¶¶ 53-62, 75.)  The Original Complaint claimed that those defendants somehow

conspired to fix prices, rig bids, and allocate markets related to marine hose from 1985 to 2007.

(Dkt. No. 79, Original Compl. ¶¶ 55-62.)  The Original Complaint then references criminal

investigations in the United States, United Kingdom and Japan involving some of the individuals

named as defendants, beginning in 2007.  (Dkt. No. 79, Original Compl. ¶¶ 63-74.)  The Original

Complaint did not name the Comital Defendants.

On September 12, 2008, two of the four original plaintiffs ("Plaintiffs")[1] filed an

Amended Complaint naming several new defendants, including the Comital Defendants, which

are entities organized and operating in Italy.  (Dkt. No. 180, Am. Compl. ¶¶ 9-40.)  Not only

does the Amended Complaint set forth the exact same generalized allegations of anticompetitive

conduct as the Original Complaint, it simply inserts the Comital Defendants in the laundry list of

ten "Entity Defendants" and eight of their subsidiaries without any further distinction.  (Dkt. No.

180, Am. Compl. ¶¶ 12-41.)  Indeed, other than naming the Comital Defendants in this list and

briefly mentioning them as part of the "Entity Defendants" in paragraph 41, the Amended

Complaint contains no other mention of the Comital Defendants nor any of their employees.

The Amended Complaint's conspiracy allegations are equally weak.  Plaintiffs

generally allege that Defendants participated in a conspiracy to "fix, raise, maintain and stabilize

prices of Marine Hose in the United States at artificially high and inflated levels, rig bids and

allocate markets and customers" over the course of 22 years, from January 1, 1985 to May 2,

2007.  (Dkt. No. 180, Am. Compl. Count 1, ¶ 83.)[2]  The Amended Complaint includes

allegations that Defendants hired an outside consultant and consulting firm to coordinate a

conspiracy to win Marine Hose contract bids.  (Dkt. No. 180, Am. Compl. ¶ 58.)  It avers that

individuals from some of the Entity Defendants participated in a series of meetings, but does not

allege that any individual affiliated with the Comital Defendants was present.  (Dkt. No. 180,

---

[1] In connection with the Motion for Leave to File an Amended Consolidated Complaint (Dkt. No. 172), two of the four named plaintiffs in the Original Complaint (Shipyard Supply, LLC and Weeks Marine, Inc.) moved for an Order Granting Voluntary Dismissal Without Prejudice.  This motion was opposed by certain defendants and is currently *sub judice.*

[2] The Amended Complaint is misnumbered.  There are two paragraph 83s.  For purposes of this motion all references to the form  "¶ 83" are to the paragraph in the Plaintiffs' general allegations.  All references to "Count 1, ¶ 83" are to the paragraph under Count I alleging a violation of 15 U.S.C. § 1.

Am. Compl. ¶¶ 60-69.)  Plaintiffs allege that these meetings were all for the purpose of agreeing to carry out their conspiratorial activities.  (Dkt. No. 180, Am. Compl. ¶ 60.)  In addition, Plaintiffs again refer to investigations and prosecutions by authorities in the United States, the United Kingdom and Japan – but not the European Commission – of various different individuals connected with some of the numerous Entity Defendants.  (Dkt. No. 180, Am. Compl. ¶¶ 70-81.)  Neither the Comital Defendants nor any of their individual employees are alleged to be the subject of those investigations.  (*See id.*)

## ARGUMENT

In reviewing a motion to dismiss under Federal Rule 12(b)(6), the court is required to take the facts in the complaint as true and to determine whether those facts are sufficient to put the defendant on notice of the claim against it and to support all of the elements of the claim alleged.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 999 (2002); *see also Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985) ("enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified") (internal quotation marks omitted), *aff'd* 783 F.2d 203, *cert. denied* 474 U.S. 1082, 106 S. Ct. 851 (1986).

In *Bell Atl. Corp. v. Twombly*, the Supreme Court clarified and raised the pleading standard required to state a claim under Section 1 of the Sherman Act.  It is now not enough to say that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."  *Id.* at 1968-69 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  A post-*Twombly* Section 1 claim demands much more.  *Id.* at 1974.  Specifically, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action….Factual allegations must be enough to raise the right to relief above the speculation level."  *Id.* at 1965 (citation omitted); *see also Watts v. Fla. Int'l Univ.*, 495

F.3d 1289, 1295-1296 (11th Cir. 2007).  In addition, the Supreme Court emphasized the particular importance of these specific factual allegations in antitrust cases because discovery "can be expensive" and, therefore, courts must exercise caution before allowing a "massive factual controversy to proceed."  *Twombly,* at 1966-67.  Thus, in *Twombly*, the Court concluded that the plaintiffs' complaint could not survive by simply making "a bare assertion of conspiracy…and a conclusory allegation of agreement at some unidentified point."  *Twombly,* 127 S. Ct. at 1966.  The Court ultimately held that the plaintiffs had to allege sufficient detail to make it "plausible" that the defendants had engaged in prohibited conspiratorial conduct, and not merely acted independently of each other.  *Id.* at 1970.

Measured by standards established by the Supreme Court in *Twombly*, the factual allegations in the Amended Complaint fall well short of establishing the necessary detail to state a claim under Section 1 of the Sherman Act.  As set forth below, Plaintiffs' Amended Complaint fails to meet the *Twombly* standard in two fundamental respects.  First, it merely lumps the Comital Defendants with the other "Entity Defendants" without any differentiation or discussion of the Comital Defendants' acts or actors.  Second, the allegations in the Amended Complaint as to the conspiracy itself are nothing more than bald, conclusory assertions that are insufficient to sustain a Section 1 Sherman Act claim.

**I.**

## PLAINTIFFS' FAILURE TO ASSERT ANY INDEPENDENT ALLEGATIONS AGAINST THE COMITAL DEFENDANTS IS FATAL TO THE AMENDED COMPLAINT

The Amended Complaint contains absolutely no allegations that the Comital Defendants' joined or agreed to participate in the conspiracy or what role they played. The "crucial question" in a Section 1 claim is whether there was an "agreement, tacit or express" to engage in anticompetitive conduct. *Twombly*, 127 S. Ct. at 1964 (internal quotation marks omitted); *see also In re: TFT-LCD Antitrust Litigation*, Case No. M 07-1827 SI, MDL. No. 1827, 2008 U.S. Dist. LEXIS 65535, at *13 (N.D. Cal. Aug. 25, 2008) (concluding that at the "heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it") (internal quotation marks omitted). These are allegations that must be made with specificity as to each and every defendant. In a claim for a conspiracy in violation of Section 1 of the Sherman Act, therefore, the plaintiff "must allege that each *individual* defendant joined the conspiracy and played some role in it…." *Id.* (emphasis added). *See also Bivens Gardens Office Building, Inc. v. Karns et al.*, 140 F.3d 898, 912 (11th Cir. 1998) ("[F]ailure to connect the alleged wrongdoing to the alleged wrongdoers is fatal to [plaintiff's] civil conspiracy claim."). Plaintiffs do not come close to meeting this benchmark as to the Comital Defendants.

The only references to the Comital Defendants in the Amended Complaint at all are in Paragraphs 19, 20, 21, and 41, wherein they are simply named as Defendants. Plaintiffs have not averred anywhere in the Amended Complaint that the Comital Defendants made a decision to join and then participate in the alleged conspiracy. They have named no individual officers or employees of the Comital Defendants. Nor have they alleged that such individual

participated in any of the meetings when the conspiracy was supposedly formed and implemented.

Instead, throughout the Amended Complaint, Plaintiffs merely list the Comital Defendants together with the so-called "Entity Defendants."  (Dkt. No. 180 Am. Compl. ¶ 41.) This method of pleading has been flatly rejected because it completely fails to put the Comital Defendants on notice as to the individuals, dates, actions, and/or events that connect them to the substantive allegations of wrongdoing.  *See In re: TFT-LCD*, 2008 U.S. Dist. LEXIS 65535, at *13-14.

*In re TFT-LCD Antitrust Litigation* is directly on point.  That case involved a Section 1 Sherman Act conspiracy claim by direct purchaser plaintiffs against "a number of American and foreign companies."  2008 U.S. Dist. LEXIS 65535, at *3-4.  That complaint contained general references to "all the defendants," to "the Japanese defendants," or to large-scale entities, such as "NEC" or "Hitachi," without specifying an individual corporate entity.  *Id.* at *12-13.  In response to the defendants' 12(b)(6) motions to dismiss, the court concluded that these types of general, collective allegations were "insufficient to put specific defendants on notice of the claims against them."  *Id.* at *13.  The court stated that a Section 1 complaint must "include allegations specific to each defendant alleging that defendant's role in the alleged conspiracy."  *Id.* at *14.

The Amended Complaint in this case suffers from the same defects.  The Plaintiffs' general, collective allegations as to "the Defendants" cannot survive a motion to dismiss because they fail to allege that the Comital Defendants actually joined and played a role in the alleged conspiracy.  Accordingly, this Court should reject Plaintiffs' collective pleading method and dismiss the Amended Complaint as to the Comital Defendants.

## II.

### PLAINTIFFS' FORMULAIC ALLEGATIONS AS TO THE SECTION 1 CONSPIRACY ARE INSUFFICIENT UNDER *TWOMBLY*

In addition to the Plaintiffs' impermissible collective pleading, the Amended Complaint also fails because it does not contain the requisite factual specificity to survive under the more stringent *Twombly* standard. *Twombly*, 127 S. Ct. at 1965-66. Plaintiffs cannot simply make "bare assertion[s] of conspiracy" – i.e., that the defendants all agreed to fix prices, allocate markets and rig bids – without providing details as to when, where and how they did so. *See Id.* at 1966-67 (citing with approval *DM Research, Inc. v. Col. of American Pathologists*, 170 F.3d 53, 55-58 (1st Cir. 1999) (concluding that allegations that there was a "conspiracy" to engage in the "creation, adoption, and enforcement of faulty and arbitrary standards and guidelines and…economic threats and intimidation of certain [entities and individuals] to cease or refrain from doing business with [plaintiff] and other [such entities]" were insufficient allegations)).

Plaintiffs' Amended Complaint contains only cursory allegations. First, it alleges that an industry consultant coordinated a conspiracy amongst the Defendants to fix bids on marine hose contracts. (Dkt. No. 180, Am. Compl. ¶ 58.) It completely fails, however, to allege details as to *what* bids were fixed, *when* they were fixed and *how* they were fixed. (Dkt. No. 180, Am. Compl. ¶¶ 58, 68-69.) Second, Plaintiffs have alleged meetings at which they claim that individuals from some of the other Defendants agreed to engage in a conspiracy to restrain trade. (Dkt. No. 180, Am. Compl. ¶¶ 63-65.) These allegations, however, amount only to references to meetings coupled with the legal conclusion that Defendants agreed to engage in anticompetitive conduct. In any event, there is not a single allegation that the Comital Defendants attended any of the meetings referred to in the Amended Complaint. And, again, Plaintiffs allege no details about what prices were fixed, what customers or markets were

allocated or any other specific acts that were carried out in furtherance of these meetings.  *See In re: Antitrust Elevator Litigation Transhorn, LTD*, 502 F.3d 47, 52 (2d Cir. 2007) (concluding that antitrust complaint had to be dismissed in part because there was "no indication that participants monitored prices in other markets" and "no allegations of the *actual* pricing of [product] or …services in the United States or changes therein attributable to defendants' alleged misconduct") (emphasis added).

       Third, Plaintiffs have named a series of investigations and/or prosecutions in the United States, the United Kingdom and Japan involving different individuals from some of the Defendants.  (Dkt. No. 180, Am. Compl. ¶¶ 70-83.)  But, each of these investigations are alleged to be related to different individuals from different Entity Defendants.  (*Compare* Am Compl. ¶¶ 70-77 *with* ¶¶ 80-81)  Plaintiffs must *link* these investigations together in order to establish that there was one conspiracy, and not different sets of independent conduct in different countries. *See In re: Antitrust Elevator Litigation Transhorn, LTD*, 502 F.3d at 52 (concluding that allegations as to antitrust investigations in different countries must be linked together in order to allege one, entire conspiracy).

       The above deficiencies are compounded with respect to the Comital Defendants because, unlike many of the other Entity Defendants, there is not one single, specific mention of them.  The Comital Defendants are not alleged to be part of the discussions with the outside consultant, are not alleged to have taken part in the so-called meetings of conspirators, and are not the subject of any of the criminal investigations.  Plaintiffs may not rely on an inference that, because other individuals from other entities in the marine hose industry were investigated, the Comital Defendants themselves were involved in wrongdoing.  *See Twombly*, 127 S. Ct. at 1970. These assertions cannot cross the line from fanciful to conceivable, much less to plausible.

## <u>CONCLUSION</u>

For all of the above reasons, Plaintiffs' Amended Complaint should be dismissed

pursuant to Federal Rule of Civil Procedure 12(b)(6) as to the Comital Defendants.

Dated:  December 19, 2008

                                          Respectfully Submitted,


                                          By:   _____/s/ Susan E. Trench_____
                                          Susan E. Trench
                                          Florida Bar No. 253804
                                          GOLDSTEIN, TANEN & TRENCH, P.A.
                                          One Biscayne Tower, Suite 3700
                                          Two South Biscayne Boulevard
                                          Miami, FL 33131-1804
                                          Telephone: (305) 374-3250
                                          Facsimile: (305) 374-7632
                                          Email: strench@gttpa.com


                                          CURTIS, MALLET-PREVOST
                                            COLT & MOSLE LLP
                                          Joseph D. Pizzurro (pro hac vice motion pending)
                                          Nancy E. Delaney (pro hac vice motion pending)
                                          Timothy N. McCabe (pro hac vice motion pending)
                                          101 Park Avenue
                                          New York, NY  10178
                                          Telephone: (212) 696-6000
                                          Facsimile: (212) 697-1559


                                          *Attorneys for Defendants ITR, S.p.A.*
                                          *SAIAG, S.p.A. and Comital SAIAG, S.p.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on December 19, 2008 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information System for Case 08-MDL-1888.  Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.

_____/s/ Susan E. Trench_____
Susan E. Trench