UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST
LITIGATION

_____/

THIS DOCUMENT RELATES TO:
ALL ACTIONS

_____/

**PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENTS WITH (1) DUNLOP OIL & MARINE
LTD., BRYAN ALLISON AND DAVID BRAMMAR; (2) TRELLEBORG
INDUSTRIE S.A. AND JACQUES COGNARD; (3) THE YOKOHAMA
RUBBER CO., LTD; (4) PARKER ITR S.R.L., PARKER HANNIFIN
CORPORATION AND GIOVANNI SCODEGGIO; AND (5)
BRIDGESTONE CORPORATION, BRIDGESTONE INDUSTRIAL
PRODUCTS AMERICA, INC. AND MISAO HIOKI, AND FOR
AUTHORIZATION TO DISSEMINATE NOTICE AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, on behalf of themselves and a proposed Class of direct purchasers of Marine

Hose, have entered into Settlement Agreements with Defendants Dunlop Oil & Marine Ltd.,

Bryan Allison and David Brammar (collectively "Dunlop"); Trelleborg Industrie S.A. and

Jacques Cognard (collectively "Trelleborg"); The Yokohama Rubber Co., Ltd. ("Yokohama");

Parker ITR S.r.l., Parker Hannifin Corporation and Giovanni Scodeggio (collectively "Parker");

and Bridgestone Corporation, Bridgestone Industrial Products America, Inc. and Misao Hioki

(collectively "Bridgestone").[1]

---

[1] All defined terms herein have the same meaning as in the respective Settlement Agreements
unless otherwise noted. All Defendants subject to this motion will be collectively referred to as
the "Settling Defendants" or individually as a "Settling Defendant."

40947_3
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

Under the Settlement Agreements entered into with Dunlop, Trelleborg, Yokohama, Parker and Bridgestone (attached hereto as Exhibits A through E, respectively), each Settling Defendant has agreed to make a cash payment ranging from 8% to 25% of its estimated United States sales during the Settlement Class Period.  Dunlop has agreed to pay $6.5 million to the Class; Trelleborg has agreed to pay $1.874 million; Yokohama has agreed to pay $1.95 million; Parker has agreed to pay $2.9 million; and Bridgestone has agreed to pay $8.5 million.

In addition, all Settling Defendants have agreed to extensively cooperate with Plaintiffs in connection with Plaintiffs' continued prosecution of the litigation against the non-settling Defendants.

Plaintiffs now move the Court to enter a Preliminary Approval Order: (1) finding that the proposed settlements with Dunlop, Trelleborg, Yokohama, Parker and Bridgestone are sufficiently fair, reasonable and adequate to allow dissemination of notice of the settlements to the proposed Settlement Class; (2) appointing Plaintiffs' Co-Lead Counsel as counsel for the Settlement Class; (3) establishing a date for a hearing on final approval of the proposed settlements; (4) approving the forms of mailed notice and published summary notice of the proposed settlements; (5) approving the notice plan and directing that notice be disseminated; (6) establishing a deadline for filing papers in support of final approval of the proposed settlements; (7) establishing a deadline for filing any objections to the proposed settlements by Settlement Class Members; and (8) establishing a deadline for Settlement Class Members to exclude themselves from the proposed settlements.  Plaintiffs herewith submit a Proposed Preliminary

40947_3

Podhurst Orseck, P.A.

2

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

Approval Order, Proposed Notice, Proposed Summary Notice, Proposed Claim Form, and a Proposed Rule 54(b) Final Judgment Order as exhibits F - J respectively.[2]

At this juncture, the Court need only determine whether the proposed settlements are sufficiently fair, reasonable and adequate to allow notice to be disseminated. Plaintiffs submit that the proposed settlements satisfy the required standards, and they respectfully request that the Court authorize dissemination of notice pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and establish a schedule for final approval of the proposed settlements with Dunlop, Trelleborg, Yokohama, Parker and Bridgestone.

## II.

### BACKGROUND

This litigation was commenced in May 2007 with the filing by direct purchasers of "Marine Hose"[3] of five antitrust class action lawsuits against Dunlop, Trelleborg, Yokohama, Parker, Bridgestone and several individual Defendants, among others. Plaintiffs allege that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. §1, by engaging in a conspiracy to fix, raise, maintain and/or stabilize the price of Marine Hose purchased in the United States from

---

[2] The Plaintiffs previously filed a Motion for Preliminary Approval of Proposed Settlement with Dunlop on July 25, 2008 (Docket No. 152). The instant motion and memorandum of law supersedes and incorporates the earlier motion and includes all settlement agreements that have been reached to date, including the Dunlop Settlement Agreement.

[3] "Marine Hose", as defined in the Settlement Agreements, means "a flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks." For purposes of the proposed settlements, "Marine Hose" does not include dredge hose. Dunlop Settlement Agreement ¶ 6, Trelleborg Settlement Agreement ¶ 6, Yokohama Settlement Agreement ¶ 1, Parker Settlement Agreement ¶ 6, and Bridgestone Settlement Agreement ¶ 6. The Parker Settlement Agreement likewise excludes hydraulic and industrial hose from the definition of "Marine Hose." Parker Settlement Agreement ¶ 6.

at least 1985 to 2007. Plaintiffs contend that, as a result of the conspiracy, they and the other members of the Class were injured when they paid artificially inflated prices for Marine Hose.

On May 2, 2007, the U.S. Department of Justice ("DOJ") announced that eight executives from the United Kingdom, France, Italy and Japan had been arrested in Houston and San Francisco and charged for their role in a conspiracy to fix prices, rig bids and allocate markets and customers for United States sales of Marine Hose. Also on May 2, 2007, a criminal complaint was unsealed in the Miami Division of this Court against four executives: Defendant Peter Whittle, owner of Defendant PW Consulting (Oil & Marine) Ltd.; Defendant Jacques Cognard, oil and marine manager of Defendant Trelleborg Industrie S.A. in France; and former Dunlop employees and Defendants Bryan Allison (managing director) and David Brammar (sales and marketing director).

The DOJ also announced that a separate criminal complaint was filed on May 1, 2007 in the Fort Lauderdale Division of this Court against four other executives: Defendant Christian Caleca, president of the Industrial Hose Business Unit of Trelleborg Industrie S.A. in France; Defendant Giovanni Scodeggio, a business unit manager at Defendant Parker ITR S.r.l. in Italy; Defendant Francesco Scaglia, a product manager at Defendant Manuli Rubber Industries S.p.A. in Italy; and Defendant Misao Hioki, an executive involved in the sale of Marine Hose for Defendant Bridgestone Corporation in Japan. According to the criminal complaints, the charged executives participated in the conspiracy at various times during the period from at least 1999 to the present.

Simultaneous with the May 2 arrests, agents of the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General executed search warrants at locations throughout the United States. Competition authorities abroad, including the

40947_3

Podhurst Orseck, P.A.

4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

Office of Fair Trading in the U.K., the European Commission and the Japanese Fair Trade Commission, also raided Defendants' offices in Europe and Japan.

According to the affidavit filed in support of the criminal complaint charging Whittle, Allison, Brammar and Cognard, the conspirators met in locations such as Key Largo, Florida, Houston, Texas, Bangkok and London. At these meetings, the conspirators discussed and agreed to the rules for implementing their price-fixing, bid-rigging and allocation scheme. They also kept agendas and detailed minutes of cartel meetings. According to the same affidavit, the conspiracy participants also devised code names to conceal their involvement and communications.

According to court papers, Whittle, the cartel coordinator, collected approximately $300,000 a year, with each conspirator paying him about $50,000. The Defendants allegedly provided Whittle with information about upcoming Marine Hose jobs, and Whittle then designated which conspirator would win the job, referring to the winning conspirator as the "champion." The affidavit filed in support of the complaint charging Caleca, Scodeggio, Scaglia and Hioki alleges that members of the cartel met as recently as May 1, 2007 in a hotel in Houston, Texas for the purpose of carrying out the conspiracy.

Since May 2007, ten (10) of the conspirators have pleaded guilty or agreed to plead guilty to participating in a Marine Hose antitrust conspiracy, including, Defendants Dunlop Oil & Marine Ltd., Manuli Rubber Industries SpA, Robert L. Furness, Charles Gillespie, Bryan Allison, David Brammar, Peter Whittle, Christian Caleca, Jacques Cognard and Misao Hioki. Defendant Yokohama is in the DOJ's amnesty program.

Settlement negotiations with Dunlop began in 2007, and were conducted by Plaintiffs' Co-Lead Counsel and Dunlop's counsel, the law firm of Dickstein Shapiro, LLP. Likewise, in

2008, settlement negotiations began with Trelleborg, Yokohama, Parker and Bridgestone and were conducted by Plaintiffs' Co-Lead Counsel and the law firms of Howrey LLP, Linklaters LLP, Jones Day and Clifford Chance US LLP, respectively. All such negotiations continued and concluded with the execution of the respective Settlement Agreements attached hereto. The negotiations, conducted by experienced and able counsel, were vigorous in nature and were at all times conducted at arm's-length. As part of each settlement negotiation with the Settling Defendants, defense counsel provided Plaintiffs' Co-Lead Counsel with transaction data that was, in the view of Plaintiffs' Co-Lead Counsel, sufficient to enable them to evaluate the fairness, reasonableness and adequacy of the proposed settlements.

**III.**

**SUMMARY OF SETTLEMENT TERMS COMMON TO ALL AGREEMENTS**

### A.    Cooperation

The Settlement Agreements require each Settling Defendant, in addition to paying the agreed-upon settlement amount, to extensively cooperate with Settlement Class Counsel in connection with the prosecution of Plaintiffs' claims against the remaining Defendants and any Defendants subsequently added to the litigation. This cooperation is detailed in each settlement agreement, Section H, ¶¶ 28-42 of the Dunlop Settlement Agreement, Section H, ¶¶ 28-42 of the Trelleborg Settlement Agreement, Section H ¶¶ 27-43 of the Yokohama Settlement Agreement, Section H ¶¶ 28-42 of the Parker Settlement Agreement, and Section H   ¶¶ 28-41 of the Bridgestone Settlement Agreement and generally includes each Settling Defendant's agreement to:

- furnish documents or other items potentially relevant to Plaintiffs' claims in each Settling Defendant's possession, custody, or control;

- make available for interviews the Settling Defendant's current directors,

40947_3

Podhurst Orseck, P.A.

6

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

officers, or employees who have been interviewed by any Governmental Entities or who Settlement Class Counsel or Settling Defendant believe in good faith possess information that would reasonably assist Plaintiffs in the prosecution of their actions;

• make available for the provision of declarations and affidavits any current directors, officers, and employees of the Settling Defendant who have been interviewed by any Governmental Entities or who Settlement Class Counsel or Settling Defendant believe in good faith possess information that would reasonably assist Plaintiffs in the prosecution of their actions;

• make available for depositions by Settlement Class Counsel any current directors, officers, and employees of the Settling Defendant who have been interviewed by any Governmental Entities or who Settlement Class Counsel or Settling Defendant believes in good faith possess information that would reasonably assist Plaintiffs in the prosecution of their actions;

• make available for trial testimony at Settling Defendant's expense any current directors, officers, and employees of the Settling Defendant who have been interviewed by Governmental Entities or who possess information that Settlement Class Counsel or Settling Defendant believe in good faith would reasonably assist Plaintiffs in the prosecution of their actions;

• meet with Settlement Class Counsel to provide background relating to the alleged antitrust violations;

• produce the following categories of documents relating to purchases of Marine Hose in the United States, to the extent such documents are in the Settling Defendant's possession, custody, or control:

   - documents relating to or reflecting actual or potential communications between two or more Defendants (or a Defendant and another manufacturer of Marine Hose) regarding pricing, bidding, or markets for purchases in the United States;

   - copies of all documents provided to or seized by the DOJ or any of the other Governmental Entities investigating antitrust violations in the Marine Hose industry insofar as they relate to Class Claims;

   - upon reasonable and specific requests, and within a reasonable time frame, any other documents relevant to Plaintiffs' claims.

## B.   Release

Upon the Effective Date and in consideration of each Settling Defendant's payment and

40947_3
Podhurst Orseck, P.A.

7

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

each Settling Defendant's compliance with the cooperation provisions of its respective Settlement Agreement, the Releasees (as defined in ¶ 7 of the Dunlop, Trelleborg, Parker and Bridgestone Settlement Agreements and in ¶ 2 of the Yokohama Settlement Agreement) shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors (as defined in ¶ 8 of the Dunlop, Trelleborg, Parker and Bridgestone Settlement Agreements and in ¶ 3 of the Yokohama Settlement Agreement), or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing or distribution of Marine Hose based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Complaints filed by Plaintiffs against the Settling Defendants regarding Marine Hose which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided, however, that nothing in the Settlement Agreements shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) claims for any product defect, breach of contract, or similar claims relating to Marine Hose; or (3) claims under law other than those of the United States for other than Class Claims. Dunlop Settlement Agreement ¶ 17, Trelleborg Settlement Agreement ¶ 16, Yokohama Settlement Agreement ¶ 16, Parker Settlement Agreement ¶ 17, and Bridgestone Settlement Agreement ¶ 16.

40947_3
Podhurst Orseck, P.A.                                         8

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

**D.     The Proposed Settlements Do Not Affect the Non-Settling Defendants' Joint and Several Liability for the Alleged Conspiracy**

Settlement Class Members and Plaintiffs specifically reserve all of their rights against other Defendants or alleged co-conspirators not explicitly released in the Settlement Agreements. Dunlop Settlement Agreement ¶ 43, Trelleborg Settlement Agreement ¶ 44, Yokohama Settlement Agreement ¶ 45, Parker Settlement Agreement ¶ 44, Bridgestone Settlement Agreement ¶ 44. Thus, the settlement with each Settling Defendant will not affect the Settlement Class' ability to recover the full amount of damages from the other Defendants.

**E.     Stipulation to Class Certification**

The Settlement Agreements provide that the parties stipulate that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied with respect to the settlements, subject to Court approval, and that the following Settlement Class shall be certified for settlement purposes with respect to the Dunlop, Trelleborg, Yokohama, and Bridgestone Settlement Agreements:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States[4] directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008.

Dunlop Settlement Agreement ¶ 11, Trelleborg Settlement Agreement ¶ 12, Yokohama

---

[4] For purposes of the Yokohama and Bridgestone Settlements Agreements, sales invoiced in the United States, delivered to the United States, or negotiated in the United States by one of the contracting parties, subject to contracts governed by U.S. Law, or in or affecting U.S. commerce are deemed to be purchases "in the United States." For the purposes of the Trelleborg Settlement Agreement, sales invoiced in the United States, delivered to the United States, negotiated in the United States by one of the contracting parties, in or affecting U.S. commerce or under a contract subject to U.S. law are deemed to be purchases "in the United States."

40947_3
Podhurst Orseck, P.A.                                          9

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Settlement Agreement ¶ 11, Bridgestone Settlement Agreement ¶ 11. With respect to the Parker

Settlement Agreement, the following Settlement Class shall be certified for settlement purposes:

> All persons and entities (excluding Defendants, their
> predecessors, parents, subsidiaries, affiliates, and co-conspirators
> and the United Sates Department of Defense) who purchased
> Marine Hose in trade or commerce within the scope of the
> Sherman Act (15 U.S.C. § 1) directly from one or more of the
> Defendants or any of their predecessors, parents, subsidiaries, or
> affiliates at any time during the period from and including
> January 1, 1985 to and including March 24, 2008.

Parker Settlement Agreement, ¶ 12. At this time, Plaintiffs are seeking the Court's preliminary

approval of the Settlement Agreements and authorization to disseminate notice to members of

the proposed Settlement Class. In connection with the final settlement approval process,

Plaintiffs will move for certification of this Settlement Class and appointment of the Settlement

Class Representatives and Settlement Class Counsel under Rule 23.

## IV.

## SUMMARY OF OTHER SETTLEMENT TERMS

### A.    Dunlop Settlement

#### 1.    The Settlement Amount

Pursuant to the Dunlop Settlement Agreement, Dunlop has paid $6.5 million into a

Settlement Fund for the benefit of the Class. Settlement Agreement ¶¶ 9, 18. Dunlop placed the

Settlement Fund in escrow, where it was invested in United States Government Treasury

obligations, and all interest earned on the $6.5 million shall become and remain a part of the

Settlement Fund. Settlement Agreement ¶ 23. Prior to the Effective Date of the Settlement

Agreement, Settlement Class Counsel are authorized to make reasonable disbursements from the

Settlement Fund for the purpose of publishing and mailing notice to the proposed Settlement

Class, and to defray other expenses in connection with the administration of the Settlement.

40947_3
Podhurst Orseck, P.A.

10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

Settlement Agreement ¶ 22.

### 2.   Right to Withdraw

Paragraph 19 of the Settlement Agreement provides that if the amount of sales of Marine Hose to members opting out of the Settlement Class exceeds the amount set forth in a separate letter agreement between Settlement Class Counsel and counsel for Dunlop, then Dunlop shall have the right to withdraw from the settlement. The letter agreement is highly confidential and will be provided to the Court for review *in camera* if so requested.

### 3.   Most Favored Nation Provisions

Paragraph 20(a) of the Settlement Agreement provides that if Plaintiffs execute a settlement agreement after the date the Court preliminarily approves the settlement with Dunlop for less than 11% of the later settling defendant's United States sales of Marine Hose from and including January 1, 1985 to and including August 2, 2007, Dunlop's obligation under the Settlement Agreement shall be reduced proportionately, subject to various contingencies that can reduce or eliminate the effect of this provision.

Paragraph 20(b) provides that Dunlop will not settle with any direct purchasers on other than an individual basis for more than it has agreed to pay under the Settlement Agreement in this case, subject to various contingencies that can reduce or eliminate the effect of this provision.

## B.   Trelleborg Settlement

### 1.   The Settlement Amount

Pursuant to the Trelleborg Settlement Agreement, Trelleborg has paid $1.874 million into a Settlement Fund for the benefit of the Class. Trelleborg Settlement ¶¶ 9, 18. Trelleborg placed the Settlement Fund in escrow, where it was invested in United States Government Treasury

40947_3

Podhurst Orseck, P.A.

11

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346         www.podhurst.com

obligations, and all interest earned on the $1.874 million shall become and remain a part of the

Settlement Fund.   Settlement Agreement ¶ 23.   Prior to the Effective Date of the Settlement

Agreement, Settlement Class Counsel are authorized to make reasonable disbursements from the

Settlement Fund for the purpose of publishing and mailing notice to the proposed Settlement

Class, and to defray other expenses in connection with the administration of the Settlement.

Settlement Agreement ¶ 22.

### 2.      Right to Withdraw

Paragraph 19 of the Trelleborg Settlement provides that if the amount of sales of Marine

Hose to members opting out of the Settlement Class exceeds the amount set forth in a separate

letter agreement between Settlement Class Counsel and counsel for Trelleborg, then Trelleborg

shall have the right to withdraw from the settlement.   The letter agreement is highly confidential

and will be provided to the Court for review *in camera* if so requested.

### 3.      Most Favored Nation Provisions

Paragraph 20(a) of the Trelleborg Settlement provides that if Plaintiffs execute a

settlement agreement after the date the Court preliminarily approves the settlement with

Trelleborg for less than 25% of the later settling Defendant's United States sales of Marine Hose

from and including January 1, 1985 to and including May 2, 2007, Trelleborg's obligation under

the Settlement Agreement shall be reduced proportionately, subject to various contingencies that

can reduce or eliminate the effect of this provision.

Paragraph 20(b) of the Trelleborg Settlement provides that Trelleborg will not settle with

any direct purchasers on other than an individual basis for more than it has agreed to pay under

the Settlement Agreement in this case, subject to various contingencies that can reduce or

eliminate the effect of this provision.

40947_3
Podhurst Orseck, P.A.                                         12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

### C.   Yokohama Settlement

#### 1.   The Settlement Amount

Pursuant to the Yokohama Settlement Agreement, Yokohama has paid $1.95 million into a Settlement Fund for the benefit of the Class.   Yokohama Settlement ¶¶ 4, 17.   Yokohama placed the Settlement Fund in escrow, where it was invested in United States Government Treasury obligations, and all interest earned on the $1.95 million shall become and remain a part of the Settlement Fund.   Yokohama Settlement ¶ 22.   Prior to the Effective Date of the Settlement Agreement, Settlement Class Counsel are authorized to make reasonable disbursements from the Settlement Fund for the purpose of publishing and mailing notice to the proposed Settlement Class, and to defray other expenses in connection with the administration of the Settlement.   Yokohama Settlement ¶ 21.

#### 2.   Right to Withdraw

Paragraph 18 of the Yokohama Settlement provides that if the amount of sales of Marine Hose to members opting out of the Settlement Class exceeds the amount set forth in a separate letter agreement between Settlement Class Counsel and counsel for Yokohama, then Yokohama shall have the right to withdraw from the settlement.   The letter agreement is highly confidential and will be provided to the Court for review *in camera* if so requested.

#### 3.   Most Favored Nation Provisions

Paragraph 19(a) of the Yokohama Settlement provides that if Plaintiffs execute a settlement agreement after the date the Court preliminarily approves the settlement with Yokohama for less than 8% of the later settling defendant's United States sales of Marine Hose from and including January 1, 1985 to and including January 1, 2007, Yokohama's obligation under the Settlement Agreement shall be reduced proportionately, subject to various

contingencies that can reduce or eliminate the effect of this provision.

Paragraph 19(b) provides that Yokohama will not settle on a class-wide basis for more, on a proportional basis, than it has agreed to pay under the Yokohama Settlement in this case, subject to various contingencies that can reduce or eliminate the effect of this provision.

### D.  Parker Settlement

#### 1.  The Settlement Amount

The Parker Settlement provides that Parker will pay $2.9 million into a Settlement Fund for the benefit of the Class. Parker Settlement ¶¶ 9, 18. Parker placed the Settlement Fund in escrow, where it has been invested in United States Government Treasury obligations, and all interest earned on the $2.9 million shall become and remain a part of the Settlement Fund. Parker Settlement ¶ 23. Prior to the Effective Date of the Settlement Agreement, Settlement Class Counsel are authorized to make reasonable disbursements from the Settlement Fund for the purpose of publishing and mailing notice to the proposed Settlement Class, and to defray other expenses in connection with the administration of the Settlement. Parker Settlement ¶ 22.

### E.  Bridgestone Settlement

#### 1.  The Settlement Amount

The Bridgestone Settlement provides that Bridgestone will pay $8.5 million into a Settlement Fund for the benefit of the Class. Bridgestone Settlement ¶¶ 9, 17. Bridgestone has agreed to place the Settlement Fund in escrow, where it is to be invested in United States Government Treasury obligations, United States Treasury Money Market funds or in a bank account, and all interest earned on the $8.5 million shall become and remain a part of the Settlement Fund. Bridgestone Settlement ¶ 22. Prior to the Effective Date of the Settlement Agreement, Settlement Class Counsel are authorized to make reasonable disbursements from the

40947_3
Podhurst Orseck, P.A.                                    14

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Settlement Fund for the purpose of publishing and mailing notice to the proposed Settlement Class, and to defray other expenses in connection with the administration of the Settlement. Bridgestone Settlement ¶ 21.

### 2.   <u>Right to Withdraw</u>

Paragraph 18 of the Bridgestone Settlement provides that if the amount of sales of Marine Hose to members opting out of the Settlement Class exceeds the amount set forth in a separate letter agreement between Settlement Class Counsel and counsel for Bridgestone, then Bridgestone shall have the right to withdraw from the settlement. The letter agreement is highly confidential and will be provided to the Court for review *in camera* if so requested.

### 3.   <u>Most Favored Nation Provisions</u>

Paragraph 20(a) of the Bridgestone Settlement provides that if Plaintiffs execute a settlement agreement after the Bridgestone Settlement's execution date for less than 21% of the later settling defendant's United States sales of Marine Hose from and including January 1, 1985 to and including March 24, 2008, Bridgestone's obligation under the Settlement Agreement shall be reduced proportionately, subject to various contingencies that can reduce or eliminate the effect of this provision.

Paragraph 20(b) provides that Bridgestone will not settle with any class, group, or individual on behalf of a group besides the Plaintiffs and the Settlement Class for more than it has agreed to pay under the Bridgestone Settlement in this case, subject to various contingencies that can reduce or eliminate the effect of this provision.

In sum, the Settlement Agreements with Settling Defendants are the result of extensive good faith negotiation, after substantial factual investigation and legal analysis, and is, in the opinion of Plaintiffs' Co-Lead Counsel, who are experienced in these matters, fair, reasonable

40947_3
Podhurst Orseck, P.A.

15

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

and adequate to the proposed Settlement Class. Accordingly, Plaintiffs' Co-Lead Counsel believe that the Settlement Agreements with the Settling Defendants are in the best interests of the Settlement Class and should be preliminarily approved by the Court for the purpose of sending notice of the Settlement Agreements to the Settlement Class.

## V.

## PROPOSED TIMETABLE

The proposed Preliminary Approval Order sets forth a procedure and schedule for disseminating notice to the Settlement Class and final approval of the proposed settlements. Plaintiffs' Co-Lead Counsel propose the following schedule:

(1)   Notice to be mailed and posted on the internet approximately (14) days following the date of the Preliminary Approval Order;

(2)   Summary Notice to be published once in the national edition of The Wall Street Journal within ten (10) days after the Notice is mailed and once in Offshore Magazine, the leading trade publication in the Marine Hose industry;

(3)   Ten days (10) before the date fixed by this Court for the hearing on final approval of the Settlement Agreements, Settlement Class Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person(s) under whose general direction the mailing and publication of the Notice and Summary Notice were made in accordance with the Preliminary Approval Order;

(4)   A hearing before the Court on final approval of the Settlement Agreements ("Final Approval Hearing") to be scheduled within approximately ninety (90) days of the date on which the Notice is mailed, or as the Court's schedule permits;

(5)   All papers in support of final approval of the Settlement Agreements to be filed thirty (30) days prior to the Final Approval Hearing;

(6)   Any requests for exclusion from the Settlement Class must be postmarked by forty-five (45) days prior to the Final Approval Hearing; and

(7)   Any objections to the Settlement Agreements must be filed with the Court and served on Settlement Class Counsel and counsel for Settling Defendants within forty-five (45) days prior to the Final Approval Hearing.

40947_3
Podhurst Orseck, P.A.                                      16

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

# VI.

## THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND ADEQUATE TO AUTHORIZE DISSEMINATION OF NOTICE TO THE CLASS

### A.    Governing Standards

The Manual For Complex Litigation (Fourth) §21.632 (2004), provides a framework for

the Court's preliminary evaluation of a proposed class action settlement:

> Review of a proposed class action settlement generally involves
> two hearings.    First counsel submit the proposed terms of
> settlement and the Judge makes a preliminary fairness evaluation .
> . .   The Judge must make a preliminary determination on the
> fairness, reasonableness and adequacy of the settlement terms and
> must direct the preparation of notice of the . . . proposed
> settlement,    and    the    date    of    the    fairness    hearing.

*See also Fresco v. Auto Data Direct, Inc.* No., 03-61063, 2007 WL 2330895, * 4 (S.D. Fla. May

14, 2007).   A court's authorization to disseminate notice constitutes its recognition that the

settlement is within the range of possible approval.   *In re Corrugated Container Antitrust Litig.*,

643 F.2d 195, 205 (5th Cir. 1981); *Figueroa v. Sharper Image Corp.*   517 F.Supp.2d 1292, 1299

(S.D. Fla. 2007).   As one court noted, dissemination of notice "is at most a determination that

there is what might be termed 'probable cause' to submit the proposal to class members and hold

a full-scale hearing as to its fairness."   *In re Traffic Executive Assoc.-Eastern R.R*, 627 F.2d 631,

634 (2d Cir. 1980).   *See also Fresco*, 2007 WL 2330895 at *4 ("'A proposed settlement should

be preliminarily approved if it 'is within the range of possible approval or, in other words, [if]

there is 'probable cause' to notify the class of the proposed settlement'") (internal quotations

omitted).

A proposed settlement falls within the "range of possible approval" under Rule 23(e)

where there is a conceivable basis for presuming that the proposed settlement will meet the more

40947_3
Podhurst Orseck, P.A.                                                  17

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(1)(C); *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

When authorizing the dissemination of notice, a court does not conduct a "definitive proceeding on the fairness of the proposed settlement, and the judge must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable and adequate." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement is assessed under the factors set forth in *Bennett v. Behring Corp., supra.*[5] As notice of a settlement is routinely sent to proposed settlement class members before a litigation class is certified, Plaintiffs ask the court to make certain preliminary findings regarding the proposed settlement class so that notice can be disseminated. *See e.g., In re Air Cargo Antitrust Litig.* (Attached as Exhibit K).

**B. The Proposed Settlements Are Fair and Within The Range of Possible Approval**

The Settlement Agreements reached here are the product of extensive negotiations, which unfolded over a period of months and concluded only after Plaintiffs obtained transaction data and other information from the Settling Defendants sufficient to allow Plaintiffs' counsel to

---

[5]   The "*Bennett* Factors" that a court considers on a motion for final approval of a class settlement as "fair, reasonable and adequate" include:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.

40947_3
Podhurst Orseck, P.A.                                    18

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

evaluate the respective Settlement Agreements. Further, the guilty pleas and related criminal trial have provided additional substantive information about the alleged conspiracy. The negotiations were conducted by Plaintiffs' counsel and by the Settling Defendants' respective counsel. Nothing in the course of the negotiations or the substance of the proposed Settlement Agreements presents any ground to doubt their fairness.

The Settlement Agreement require the Settling Defendants to make cash payments ranging from $1.874 million to $8.5 million. The cash Settlement Amounts reflect consideration of representations made and information provided by Settling Defendants and independently obtained by Plaintiffs' Co-Lead Counsel, and reflect a meaningful recovery. These Settlement Amounts represent 8% to 25% of the Settling Defendants' estimated Marine Hose sales in the United States during the Settlement Class Period – an excellent result and higher percentages than in settlements approved in other antitrust price-fixing class actions. *See, e.g., In re Shopping Carts Antitrust Litig.*, MDL No. 451, 1983 WL 1950, at *9 (S.D.N.Y. Nov. 18, 1983) (settlement representing 5.5% of sales approved); *Axelrod v. Saks & Co.*, Nos. 76-3805, 76-4011, 77-172, 1981 WL 2031, at *1 (E.D. Pa. Feb. 23, 1981) (recovery equal to 3.7% of total sales); *In re Armored Car Antitrust Litig.*, 472 F. Supp. 1357 (N.D. Ga. 1979) (recovery of less than 4% of sales).

Another important aspect of the Settlement Agreements is the substantial cooperation to which the Settling Defendants have agreed. Such cooperation components in early settlements such as these may facilitate a more prompt and efficient resolution of this action, and may trigger additional settlements sooner than might otherwise occur. As the court stated in *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003):

> The Court also notes that this settlement has significant value as an
> "ice-breaker" settlement -- it is the first settlement in the litigation

40947_3
Podhurst Orseck, P.A.                                         19

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

> -- and should increase the likelihood of future settlements. An
> early settlement with one of many defendants can "break the ice"
> and bring other defendants to the point of serious negotiations.

The cooperation provisions of the Settlement Agreement here provide just such a substantial

benefit to the class.

## VI.

## NOTICE TO THE CLASS

Federal Rule of Civil Procedure 23(e)(1)(B) provides that "[t]he Court must direct notice

in a reasonable manner to all class members who would be bound by the proposed settlement."

Plaintiffs propose providing individual, mailed notice to the extent practicable. The Notice will

be mailed, First Class and postage prepaid, to all persons and entities who have been identified

by the Settling Defendants, and the other entity Defendants to the extent provided voluntarily or

by Court Order, as direct purchasers of Marine Hose in the United States from Defendants in this

case during the Settlement Class Period. The Notice will also be posted on the internet. The

Summary Notice will be published once in the national edition of The Wall Street Journal and

once in Offshore Magazine, the leading trade publication in the Marine Hose industry.

Plaintiffs believe that the content and proposed method of dissemination of the Notice

fulfills the requirements of Federal Rule of Civil Procedure 23(e)(1)(B) and due process. *See*

*generally Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-88 (11th Cir.

2007). The Notice apprises Settlement Class Members of the material settlement terms, and

outlines the procedures (and related deadlines) for any Settlement Class Members who desire to

exclude themselves from the Settlement Agreements or object to their terms. The Notice also

informs Settlement Class Members of the date and place of the Final Approval Hearing. Further,

the mailed Notice will advise the Settlement Class Members that, in connection with the

approval of these Settlements, Settlement Class Counsel will ask the Court for attorneys' fees,

40947_3

Podhurst Orseck, P.A.

20

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

reimbursement for already incurred out-of-pocket litigation expenses and for permission to create a fund to defray future litigation expenses, up to $250,000, from the Settlement Funds. Litigation expenses include, but are not limited to, costs for economic experts, document copying and depositions. Courts have not only granted requests for reimbursement of past expenses, but also have permitted the creation of funds to be used to pay future litigation expenses. *E.g., In re Microcrystalline Cellulose Antitrust Litig.*, Master File No. 01-CV-111, MDL No. 1402 (E.D. Pa., June 15, 2005) (granting plaintiffs' counsel's request to use up to $2.5 million of a settlement fund to pay litigation expenses against the remaining defendant).

## VIII.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that Plaintiffs' Motion for Preliminary Approval of a Proposed Settlement with Defendants Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar; Trelleborg Industrie S.A. and Jacques Cognard; Yokohama Rubber Co., LTD.; Parker ITR S.r.l., Parker Hannifin Corporation and Giovanni Scodeggio; and Bridgestone Corporation, Bridgestone Industrial Products America, Inc. and Misao Hioki and for Authorization to Disseminate Notice be granted.

40947_3

Podhurst Orseck, P.A.

21

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

Dated: December 22, 2008

Respectfully submitted,

   /s/ Robert C. Josefsberg
Robert C. Josefsberg
Florida Bar No. 040856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esq.
Florida Bar No. 503800
vdiaz@podhurst.com
Alexander Rundlet
Florida Bar No. 0692301
arundlet@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone:  (305) 358-2800
Facsimile:  (305) 358-2382

*Counsel for Plaintiffs*

**And**

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Jan Bartelli
GARWIN, GERSTEIN & FISHER, LLP
1501 Broadway
Suite 1416
New York, NY 10036

*Plaintiffs' Co-Lead Counsel and Proposed
Settlement Class Counsel*

40947_3
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alexander Rundlet

_____

Alexander Rundlet
Fla. Bar No. 0692301

40947_3
Podhurst Orseck, P.A.                                    23

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

## SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION
### Case No. 08-MDL-1888-Graham/Turnoff
#### The following counsel of record have been served
#### via the Southern District of Florida's CM/ECF System
#### and/or electronic mail by Plaintiffs' counsel:

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME  04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO, LLP
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff s Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311/Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480/Fax: (318) 487-1741

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  ◆  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddie Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**
Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0717/Fax: (212) 883-7017

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/sdampier@vickersriis.com
VICKERS, RIIS, MURRYA & CURRAN, LLC
106 St. Francis St., Suite 1100 (36602)
P.O. Drawer 2568
Mobile, AL  36652-2568
Tel: (251) 432-9772/Fax: (251) 432-9781

Benjamin F. Johns/CFJ@chimicles.com
Joe Sauder/JosephSauder@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre, 361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500/Fax: (610) 649-3633

Gaines C. McCorquodale/tmiddletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett/pmbarrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodeggio:**
James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan/ksullivan@kslaw.com
Washington DC Bar No. 411718
Diana J. Pomeranz/dpomeranz@kslaw.com
Washington DC Bar No. 494249
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

**Counsel for Defendant Misao Hioki:**
Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

**Counsel of Defendant Francesco Scaglia**
David O. Markus/dmarkus@markuslaw.com
Fla. Bar No. 119318
DAVID OSCAR MARKUS, PLLC
1200 Alfred I. DuPont Bldg.
169 E. Flagler St.
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6683

Alan G. Greer/ agreer@richmangrer.com
Lyle E. Shapiro/ lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center - Suite 1000
102 S. Biscayne Blvd.
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Robert M. Osgood
Fern Mechlowitz
SULLIVAN & CROMWELL, LLP
One New Fetter Lane
London EC4A 1AN, England
Tel: 011 44 20 79598900/Fax: 011 44 20 7959 8950

**Counsel for Defendant Christian Caleca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine
(USA), Inc. and Manuli Rubber Industries SPA**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324
RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co.,
Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergerc@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressj@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and
Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for only Defendant Parker ITR SLR**
Sacha A. Boegem/saboegem@jonesday.com
JONES DAY
222 E. 42st St.
New York, NY 10017
Tel: (212) 326-3892/Fax: (212) 755-7306

**Counsel for Defendant Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

James Weidner /james.weidner@cliffordchance.com
David Cook/david.cook@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

**Counsel for Defendant Bridgestone Industrial Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

**Counsel for Defendants Bryan Allison & David Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Defendant Val M. Northcutt**
Walter J Tache wtache@carltonfields.com
Fla Bar #028850
Matthew T. Davidson/mdavidson@carltonfields.com
Fla Bar #713821
CARLTON FIELDS
400 International Place
100 S.E. 2nd Street
Miami, FL 3313-2114
Tel: (305) 530-0050/Fax: (305) 530-0055

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/ lurveylaw@aol.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

**Counsel for Charles Gillespie**
Catherine J. MacIvor/cmacivor@mflegal.com
Jeffrey E. Foreman/jforeman@mflegal.com
MALTZMAN FOREMAN, P.A.
One Biscayne Tower
2 So. Biscayne Blvd., Suite 2300
Miami, FL 33131
Tel: (305) 358-6555/Fax: (305) 374-9077

**Counsel for Robert L. Furness**
M. Daniel Hughes/LAWMDH@aol.com
M. DANIEL HUGHES, P.A.
3000 N. Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Tel: (954) 566-3390/Fax: (954) 561-1244

**Counsel for Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**
Susan E. Trench/strench@gttpa.com
GOLDSTEIN TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two S. Biscayne Blvd.
Miami, FL 33131-1804
Tel: (305) 374-3250/Fax: (305) 374-7632

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com