UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST
LITIGATION
_____/

THIS DOCUMENT RELATES TO:
ALL ACTIONS
_____/

# PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS

Plaintiffs Bayside Rubber & Products, Inc. and Expro Gulf Limited, by and through their undersigned counsel and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 26.1.H.2, respectfully ask the Court to enter an Order compelling (1) responses to certain interrogatories set forth in Plaintiffs' First Set of Interrogatories to Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries SpA and (2) production of documents responsive to certain document requests set forth in Plaintiffs' First Request for the Production of Documents and Things to Manuli Oil and Marine (U.S.A.) Inc. and Manuli Rubber Industries SpA both dated October 6, 2008 (collectively, "Plaintiffs' Discovery Requests").

In support of this motion, undersigned counsel states as follows:

1. Plaintiffs' counsel served Plaintiffs' Discovery Requests on or about October 6, 2008. (Attached hereto as Exhibits A and B).

2. Manuli Oil & Marine (U.S.A.) Inc. ("Manuli U.S.A.") and Manuli Rubber Industries SPA ("MRI") (collectively, the "Manuli Defendants") served objections and/or

Podhurst Orseck, P.A.
1423933.1

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

responses to Plaintiffs' Discovery Requests on or about November 10, 2008. (Attached hereto as Exhibits C and D).

3. Thereafter, on or about December 4, 2008, in an effort to resolve disputes with the Manuli Defendants, Plaintiffs sent a letter to their counsel requesting that they amend and/or supplement their responses. (Attached hereto as Exhibit E).

4. Despite being served with Plaintiffs' Discovery Requests on or about October 6, 2008, the Manuli Defendants have failed to produce any documents in response, including those documents they agreed to produce in their November 10, 2008 responses.

5. Plaintiffs subsequently held two telephonic meet and confer conferences with counsel for the Manuli Defendants regarding the discovery deficiencies on January 9 and 13, 2009.

6. Despite Plaintiffs' good faith efforts to resolve the discovery disputes, the Manuli Defendants have failed to either supply any further information responsive to their interrogatories or to even agree to supply further information since the January 13, 2009 meet and confer conference.

7. Likewise, during the meet and confer conferences, the Manuli Defendants failed to offer any date by which they would agree to produce documents. Instead, they asserted that they did not need to produce discovery (a) because of Judge Graham's postponement of certain unrelated pretrial deadlines until the status conference of January 28, 2009 and (b) because of alleged deficiencies in Plaintiffs' discovery responses. However, neither of these pretexts justifies the Manuli Defendants' refusal to produce discovery.

2

## PLAINTIFFS' REQUESTS AND DEFENDANTS OBJECTIONS

Pursuant to Local Rule 26.1.H.2, undersigned counsel states the following in support of this Motion to Compel. In their First Amended Consolidated Class Action Complaint [Dkt. No. 180] (the "First Amended Complaint"), Plaintiffs asserted claims that, beginning at least as early as 1985, the Defendants (including the Manuli Defendants) participated in a continuing contract, combination or conspiracy in unreasonable restraint of trade to artificially raise, fix, maintain, or stabilize prices, rig bids and allocate markets and customers for Marine Hose in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. *See* First Am. Compl. ¶ 56. Plaintiffs set forth a number of activities in which the Defendants engaged as part of their conspiracy. Such activities included: engaging in discussions regarding the sale of Marine Hose, agreeing to allocate the shares of the Marine Hose market among the Defendants and their co-conspirators; agreeing not to compete for one another's customers by not submitting prices or bids to certain customers; agreeing to charge specified prices for Marine Hose; and communicating with one another to discuss prices, customers, markets, market shares, and price levels of Marine Hose sold in the United States. *See* First Am. Compl. ¶ 57.

In 1999, the conspirators authorized and directed defendant Peter Whittle (head of PW consulting) to coordinate the conspiracy, paying him approximately $300,000 per year. The Defendants provided Whittle with information about upcoming Marine Hose contract bids; Whittle then designated which entity conspirator would "win" the contract, referring to the winning entity conspirator as the "champion." In designating which entity conspirator would win the contract, Whittle maintained the market share allocations that had been agreed to by the Defendants. Whittle then calculated how much the other Defendants should bid to ensure that the designated champion would win the contract. *See* First Am. Compl. ¶ 58. Plaintiffs

3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

likewise identified a number of specific meetings at which certain Defendants met in furtherance of the conspiracy. *See* First Am. Compl. ¶¶ 63-65.

Since May 2007, ten (10) of the conspirators have pleaded guilty or agreed to plead guilty to participating in a Marine Hose antitrust conspiracy, including Defendants Manuli U.S.A. (one of the subjects of this motion to compel), Dunlop Oil & Marine Ltd., Robert L. Furness, Charles Gillespie, Bryan Allison, David Brammer, Peter Whittle, Christian Caleca, Jacques Cognard and Misao Hioki. In addition, Defendant Yokohama is in the U.S. Department of Justices amnesty program.

Plaintiffs' Interrogatories and Requests for Production of Documents are all highly relevant in that they target information and documents necessary to demonstrate the Manuli Defendants' involvement in the alleged conspiracy and the extent to which each defendant was involved in the alleged conspiracy.

## A. INTERROGATORIES

*Interrogatory No. 4*: Identify all persons who provided testimony or statements to any federal or state grand jury or any federal or state law enforcement authority, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any committee of the United States Congress, and any agency or representative body of any state or political subdivision thereof, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, regarding Marine Hose.

4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   www.podhurst.com

*Response to Interrogatory No. 4*: Defendants object to this interrogatory to the extent it seeks information that is outside Defendants' possession, custody or control. Defendants further object to this interrogatory to the extent it seeks information after May 2007. Subject to and without waiving any objection, Defendants respond as follows: the only present employee of MRI who provided testimony was Giuseppe Vuolo.

*Plaintiffs' Response Supporting Motion to Compel*: The Manuli Defendants' response included one "present" employee of MRI only, but did not indicate whether there are any former employees that provided testimony and/or statements or whether any present or former employee of Manuli U.S.A. did as well.

*Interrogatory No. 7*: Identify all communications, agreements or understandings related to the production, manufacture, distribution, marketing, pricing, bids, customers or sale of Marine Hose, between or among you and any Entity or Individual Defendants or any other manufacturer of Marine Hose.

*Response to Interrogatory No. 7*: Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. The information in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

*Plaintiffs' Response Supporting Motion to Compel*: Federal Rule of Civil Procedure 33(d)(1) mandates that the responding party must specify the records that must be reviewed in sufficient detail so as to enable the interrogating party to locate and identify them as readily as the responding party could. *See* Fed. R. Civ. P. 33(d)(1). The Manuli Defendants' blanket statement does not comply with the Rule's requirement.

5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

*Interrogatory No. 8*: Identify all meetings attended by you and any other Individual or Entity Defendant or other manufacturer of Marine Hose at which meeting there was any communication concerning the production, manufacture, distribution, marketing, pricing, bidding, customers, or sale of Marine Hose. Set forth the date, place, time and all persons who attended all or part of the meeting either in person or by telephone or other device, and set forth every communication about Marine Hose at each meeting identified.

*Response to Interrogatory No. 8*: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

*Plaintiffs' Response Supporting Motion to Compel*: As noted in regards to the Manuli Defendants' response to Interrogatory No. 7, Rule 33(d)(1) requires the responding party to specify the records that must be reviewed in sufficient detail so as to enable the interrogating party to locate and identify them as readily as the responding party could. *See* Fed. R. Civ. P. 33(d)(1). The Manuli Defendants' blanket statement does not comply with the Rule's requirement.

*Interrogatory No. 9*: For each of your Affirmative Defenses in your Answer to the First Amended Consolidated Class Action Complaint filed on October 2, 2008, set forth in detail your factual basis for asserting the Affirmative Defenses, identify each person with knowledge of such facts, and identify each document which relates to or refers to such facts.

6

*Response to Interrogatory No. 9*: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the grounds that it calls for a legal conclusion. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

*Plaintiffs' Response Supporting Motion to Compel*: As noted in regards to the Manuli Defendants' responses to Interrogatories Nos. 7 and 8, Rule 33(d)(1) requires the responding party to specify the records that must be reviewed in sufficient detail so as to enable the interrogating party to locate and identify them as readily as the responding party could. *See* Fed. R. Civ. P. 33(d)(1). Their blanket statement does not comply with the Rule's requirement.

**B.     DOCUMENT REQUESTS**

*Instruction A*: Unless otherwise noted, the relevant time period of these document requests is January 1, 1984 through the date of these Requests (the "relevant time period"). These document requests seek all responsive documents created or generated during the relevant time period, as well as all responsive documents created or generated outside the relevant time period but which contain information concerning the relevant time period.

*General Objection No. 10*: Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent they seek documents from before January 2000 and/or after May 2007 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such responsive documents from January 2000 through May 2007 as can be located after a reasonable search.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

*Plaintiffs' Response Supporting Motion to Compel*: Plaintiffs' First Amended Consolidated Class Action Complaint alleges that the Defendants began fixing prices in the Marine Hose industry "at least as early as 1985" and allege a class period of January 1, 1985 through March 24, 2008. *See* First Am. Compl. ¶ 1. Moreover, it is now abundantly clear that Manuli U.S.A. participated in the cartel prior to 1993—indeed, throughout the 1980s and early 1990s and probably before. This fact was testified to in detail by government witnesses Robert Furness, former president of Manuli U.S.A., and Peter Whittle, the cartel's coordinator, during the recent trial of Manuli employees Francisco Scaglia and Val Northcutt on charges of participating in the conspiracy.

Thus, the instruction related to the relevant time period is both warranted and relevant and the Manuli Defendants' objection to this instruction is unfounded. This is particularly true because their objection lacks any indicia of specificity. *See e.g., Hammond v. Lowe's Home Ctrs., Inc.*, 215 F.$.D. 666, 672 (D. Kan. 2003) ("The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, [the] question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

*Document Request No. 6*: All documents relating to Marine Hose that you have provided to, were seized by, or received from, any government agency or legislative body or representative, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any committee of the United States Congress, and any agency or representative body of any state or political subdivision thereof, or

8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 www.podhurst.com

any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, regarding Marine Hose.

*Response to Request No. 6*: Defendants object to this request to the extent that it seeks production of confidential information that has been provided to a grand jury. Defendants further object to this request to the extent that it seeks production of confidential information submitted to foreign regulatory bodies and enforcement agencies, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission. *See, e.g.*, *In re Methionine Antitrust Litig.*, MDL No. 00-1311 CRB (N.D. Cal. June 17, 2002). Subject to and without waiving any objection, Defendants will produce such documents given to the U.S. Department of Justice as can be located after a reasonable search.

*Plaintiffs' Response Supporting Motion to Compel*: The Manuli Defendants have no basis to object to the production of material on the ground that it is confidential information provided to a grand jury. The *Manual for Complex Litigation* (Third), Federal Judicial Center 1995 states:

> The production to a grand jury of otherwise discoverable material does not, however, entitle it to Rule 6 protection. Copies made by a person of material produced to a grand jury are subject to discovery.

*Manual*, p. 100. Moreover, material submitted to foreign investigative bodies is not protected from discovery for similar reasons. *See In re: Plastic Additives Antitrust Litigation*, 2004 U.S. Dist LEXIS 23989, *41.


*Request No. 7*: All transcripts, notes, summaries, statements or other documents relating to Marine Hose and reflecting any testimony provided before or statements made to any federal or state grand jury or any federal or state law enforcement authority, including without limitation,

9

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any committee of the United States Congress, and any agency or representative body of any state or political subdivision thereof, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, about Marine Hose.

*Response to Request No. 7*: Defendants object to this request to the extent that it seeks documents after May 2007. Defendants further object to this request on the grounds that it seeks confidential communications protected by attorney work product and the attorney client privilege and to the extent that it seeks production of confidential information that has been provided to a grand jury. Defendants object to this request to the extent that it seeks production of confidential information submitted to foreign regulatory bodies and enforcement agencies, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission. *See, e.g., In re Methionin Antitrust Litig.*, MDL No. 00-1311 CRB (N.D. Cal. June 17, 2002).

*Plaintiffs' Response Supporting Motion to Compel*: There is no basis for the Manuli Defendants' objection to producing documents dated after May 2007. Instruction A, which is set forth *supra*, states that their responses should include responsive documents from January 1, 1984 through the date of the requests (October 8, 2008). Such information is well within the scope of discovery under Rule 26 as it is reasonable calculated to lead to the discovery of admissible evidence. In addition, the objection to producing documents to a grand jury is without basis for the reasons stated *supra* in connection with Request No. 6.

10

*Request No. 33*: All documents relating to any statistical information submitted to or received from any trade association relating to Marine Hose.

*Response to Request No. 33*: Defendants objection to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden that is beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

*Plaintiffs' Response Supporting Motion to Compel*: As set forth *supra*, the crux of Plaintiffs' First Amended Consolidated Class Action Complaint is that Defendants conspired to fix the price of Marine Hose in the United States beginning at least as early as 1985. The documents sought in this request are relevant to Plaintiffs' claims as statistical information would indicate, *inter alia*, the total amount of Marine Hose sold by Defendants during the relevant time period. These documents would also indicate what price Defendants charged for Marine Hose during the relevant time period, as well as the total market for Marine Hose in the United States. Such facts, among others, are relevant to Plaintiffs claims as they relate to both liability and damages. Finally, the Manuli Defendants' objection does not specify how or why the request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hamond*, 216 F.R.D. at 672.

*Request No. 38*: All documents relating to any planned, pending, or executed purchases or acquisitions of, or mergers or joint ventures with, any other manufacturers of Marine Hose.

*Response to Request No. 38*: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal

11

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346  www.podhurst.com

Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents after May 2007.

*Plaintiffs' Response Supporting Motion to Compel*: Documents related to any merger within the Marine Hose industry are relevant to determining, *inter alia*, the correct identity of all the Defendants, as well as each Defendant's proportionate market share. These facts are relevant to establish both liability and damages. Likewise, the Manuli Defendants' objection does not specify how or why the Request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hamond*, 216 F.R.D. at 672.

Request No. 42: All documents of any other Entity Defendant or other manufacturer of Marine Hose in your possession.

*Response to Request No. 42*: Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request to the extent it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Defendants assert that Plaintiffs should seek documents of other Entity Defendants or other manufacturers of Marine Hose directly from those Entity Defendants or manufacturers.

*Plaintiffs' Response Supporting Motion to Compel*: The Manuli Defendants' objection does not specify how or why the Request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hamond*, 216 F.R.D. at 672. Moreover,

12

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 • Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

documents in their possession related to other Entity Defendants are directly related to Plaintiffs' allegations that Defendants entered into a conspiracy to fix prices of Marine Hose in the United States. Furthermore, documents of any Entity Defendants or other manufacturer of Marine Hose in their possession may lead to the discovery of relevant evidence, including, *inter alia*, information concerning sales data, market share, bidding practices, or Plaintiffs' damages.

Undersigned counsel certifies pursuant to Rule 37(a)(1) and Local Rule 7.1.A.3 that they have conferred in good faith with Counsel for the Manuli Defendants in an effort to obtain the production of document and information requested, but these efforts have been unsuccessful.

WHEREFORE, for the reasons set forth herein and for any other reason the Court may deem appropriate, undersigned counsel respectfully asks the Court to enter an order compelling responses to Interrogatories Nos. 4, 7, 8, and 9, and compelling production of documents (from January 1, 1984 through the date of the Request) requested in Requests Nos. 6, 7, 33, 38, and 42.

Dated: January 28, 2009            Respectfully submitted,

/s/ Gregory P. Hansel
Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Jan Bartelli
GARWIN, GERSTEIN & FISHER, LLP
1501 Broadway
Suite 1416

13

New York, NY 10036

Plaintiffs' Co-Lead Counsel and Proposed
Settlement Class Counsel

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION
### Case No. 08-MDL-1888-Graham/Turnoff
### The following counsel of record have been served
### via the Southern District of Florida's CM/ECF System
### and/or electronic mail by Plaintiffs' counsel:

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff's Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311/Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480/Fax: (318) 487-1741

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddie Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**
Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0717/Fax: (212) 883-7017

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/sdampier@vickersriis.com
VICKERS, RIIS, MURRYA & CURRAN, LLC
106 St. Francis St., Suite 1100 (36602)
P.O. Drawer 2568
Mobile, AL 36652-2568
Tel: (251) 432-9772/Fax: (251) 432-9781

Benjamin F. Johns/CFJ@chimicles.com
Joe Sauder/JosephSauder@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre, 361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500/Fax: (610) 649-3633

Gaines C. McCorquodale/tmiddletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett/pmbarrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodeggio:**
James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan ksullivan@kslaw.com
Washington DC Bar No. 411718
Diana J. Pomeranz/dpomeranz@kslaw.com
Washington DC Bar No. 494249
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

**Counsel for Defendant Misao Hioki:**
Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

**Counsel of Defendant Francesco Scaglia**
David O. Markus/dmarkus@markuslaw.com
Fla. Bar No. 119318
DAVID OSCAR MARKUS, PLLC
1200 Alfred I. DuPont Bldg.
169 E. Flagler St.
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6683

Alan G. Greer/ agreer@richmangrer.com
Lyle E. Shapiro/ lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center - Suite 1000
102 S. Biscayne Blvd.
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Robert M. Osgood
Fern Mechlowitz
SULLIVAN & CROMWELL, LLP
One New Fetter Lane
London EC4A 1AN, England
Tel: 011 44 20 79598900/Fax: 011 44 20 7959 8950

**Counsel for Defendant Christian Caleca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine (USA), Inc. and Manuli Rubber Industries SPA**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324
RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co., Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergerc@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressj@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for only Defendant Parker ITR SLR**
Sacha A. Boegem/saboegem@jonesday.com
JONES DAY
222 E. 42st St.
New York, NY 10017
Tel: (212) 326-3892/Fax: (212) 755-7306

**Counsel for Defendant Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

James Weidner /james.weidner@cliffordchance.com
David Cook/david.cook@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

**Counsel for Defendant Bridgestone Industrial Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

**Counsel for Defendants Bryan Allison & David Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Defendant Val M. Northcutt**
Walter J Tache wtache@carltonfields.com
Fla Bar #028850
Matthew T. Davidson/mdavidson@carltonfields.com
Fla Bar #713821
CARLTON FIELDS
400 International Place
100 S.E. 2nd Street
Miami, FL 3313-2114
Tel: (305) 530-0050/Fax: (305) 530-0055

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/ lurveylaw@aol.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

**Counsel for Charles Gillespie**
Catherine J. MacIvor/cmacivor@mflegal.com
Jeffrey E. Foreman/jforeman@mflegal.com
MALTZMAN FOREMAN, P.A.
One Biscayne Tower
2 So. Biscayne Blvd., Suite 2300
Miami, FL 33131
Tel: (305) 358-6555/Fax: (305) 374-9077

**Counsel for Robert L. Furness**
M. Daniel Hughes/LAWMDH@aol.com
M. DANIEL HUGHES, P.A.
3000 N. Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Tel: (954) 566-3390/Fax: (954) 561-1244

**Counsel for Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**
Susan E. Trench/strench@gttpa.com
GOLDSTEIN TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two S. Biscayne Blvd.
Miami, FL 33131-1804
Tel: (305) 374-3250/Fax: (305) 374-7632

Timothy N. McCabe tmccabe@curtis.com
Joseph D. Pizzurro jpizzurro@curtis.com
Nancy E. Delaney ndelaney@curtis.com

**Counsel for Pirelli, S.p.A. and Pirelli Itala, S.p.A.**
Lee Teichner
Fla Bar #816280
Leon Fresco
Fla Bar #0673943
HOLLAND & KNIGHT
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500/Fax: (305) 789-7799

C. Vernon Hartline, Jr.
Texas Bar #09159500
Jeffrey S. Patterson
Texas Bar #15596700
Thomas J. Adair
Texas Bar #24047753
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
6688 N. Central Expressway
Suite 1000
Dallas, TX 75206
Tel: (214) 369-2100/Fax: (214) 369-2118