**EXHIBIT A**

**TO**

**PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS**

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

```
————————————————————————— x
                                )
IN RE MARINE HOSE ANTITRUST     )
LITIGATION                      )
                                )
————————————————————————————    )
                                )
THIS DOCUMENT RELATES TO:       )
                                )
ALL ACTIONS                     )
                                )
————————————————————————————— x
```

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MANULI OIL & MARINE (U.S.A.) INC. AND MANULI RUBBER INDUSTRIES SPA (MERITS)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by their undersigned counsel, request that you answer the interrogatories propounded herein separately, in writing, and under oath.

### DEFINITIONS

As used herein, the following terms are defined as follows:

A. "Defendant" means any company, organization, entity, or person presently named as a defendant in this litigation.

B. "Entity Defendants" or "Entity Defendant" means the following defendants, or any of them: (i) Bridgestone Corporation; (ii) Bridgestone Industrial Products America, Inc.; (iii) Comital SAIAG, S.p.A.; (iv) Dunlop Oil & Marine Ltd.; (v) ITR, S.p.A.; (vi) Manuli Oil & Marine (U.S.A.) Inc.; (vii) Manuli Rubber Industries SpA; (viii) Parker ITR S.r.l. f/k/a ITR Rubber S.r.l. f/k/a ITR, S.p.A.; (ix) Parker-Hannifin Corporation; (x) Pirelli Itala, S.p.A. a/k/a Pirelli Italia, S.p.A.; (xi) Pirelli, S.p.A.; (xii) Pirelli Treg, S.p.A.; (xiii) SAIAG, S.p.A.; (xiv) SRI



EXHIBIT
A

Hybrid Ltd.; (xv) Sumitomo Rubber Industries, Ltd., a/k/a Sumitomo Rubber Group; (xvi) Trelleborg Industrie S.A.; and (xvii) Yokohama Rubber Co., Ltd.

C.    "Individual Defendants" or "Individual Defendant" means the following defendants, or any of them: (i) David Brammar; (ii) Bryan Allison; (iii) Jacques Cognard; (iv) Christian Caleca; (v) Robert Furness; (vi) Charles Gillespie; (vii) Misao Hioki; (viii) Francesco Scaglia; (ix) Vanni Scodeggio; (x) Val Northcutt; (xi) Uwe Bangert; and (xii) Peter Whittle.

D.    "You", "your", or "your company" means the Entity Defendant responding to these requests, its predecessors, successors, subsidiaries, departments, divisions, or affiliates including, without limitation, any organization or entity that the responding Entity Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Entity Defendant. "You" or "Your" means the Individual Defendant responding to these requests.

E.    "Named Plaintiffs" refers to the following companies or entities, as well as any others whose lawsuits may be consolidated in this action after these requests were served: (i) Bayside Rubber & Products, Inc. and (ii) Expro Gulf Limited.

F.    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

G.    "Communication" means, without limitation, oral or written communications of all kinds, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

H.    "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital, analog or telephonic method of communication) of two or more persons for any purpose,

2

whether or not planned or scheduled.

I.      "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, or other person who is or was employed by you.

J.      "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising, and promotional literature, agreements, minutes or other records of meetings, all written or graphic records or representations of any kind, mechanical representations and all electronically stored information of any kind.

K.      "Electronically stored information" includes, without limitation, the following:

(1)     information that is generated, received, processed, and recorded by computers and other electronic devices;

(2)     internal or external web sites;

(3)     activity listings of electronic mail receipts and/or transmittals;

(4)     output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC

files, batch files, ASCII files, and all miscellaneous media on which they

reside and regardless of whether said electronic data exists in an active

file, a deleted file, or file fragment;

(5) any and all items stored on computer memories, networks, hard disks,

floppy disks, DVD, CD, magnetic tape, microfiche, or in any other vehicle

for digital data storage and/or transmittal, such as, but not limited to, a

personal digital assistant, *e.g.*, Palm or Blackberry or other smart phone

type device;

(6) file, folder tabs, and/or containers and labels appended to, or associated

with, any physical storage device associated with each original and/or

copy of all documents requested herein.

L. "Relating to", "referring to", "regarding" or "with respect to" means, without

limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to,

analyzing, evaluating, estimating, constituting, concerning, studying, surveying, projecting,

assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in

whole or in part.

M. "Or" and "and" should be construed so as to require the broadest possible

response. If, for example, a request calls for information about "A" or "B" or about "A" and

"B", you should produce all information about A and all information about B, as well as all

information about, collectively, A and B. In other words, "or" and "and" should be read as

"and/or".

N. "Including" is used by way of example or emphasis, not by way of limitation

O. "Identify" "identity," or "identification" means:

4

a.      when used in reference to a natural person, to provide the following information about that person: (i) his or her full name; (ii) present or last known business and residence address and telephone numbers; (iii) present or last known business affiliation; and (iv) present or last known business positions (including job title and a description of job functions, duties, and responsibilities);

b.      when used with reference to an entity other than a natural person to provide the following information about that entity: (i) its full name; (ii) the entity's principal place of business; (iii) the jurisdiction under the laws of which it has been organized or incorporated, if any, and the date of such organization or incorporation; (iv) the identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to; (v) in the case of a corporation, the names of its directors and principal officers; and (vi) in the case of an entity other than a corporation, the identities of its owners, partners, principals, members, managers, and all individuals who act or who authorized another to act on its behalf in connection with the matters referenced;

c.      when used in reference to a document, to provide the following information about that document: (i) the nature of the document (e.g., letter, contract, memorandum) and any other information (i.e., its title, index, or file number) which would facilitate the identification thereof; (ii) its date of preparation; (iii) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and its disposition; (iv) its subject matter and substance; (v) the identity (as defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role, or knowledge; and (vi) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identify (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian;

d.      when used in reference to a communication, to provide the following information about that communication: (i) its general nature (i.e., conference, meeting, telephonic communications, etc.); (ii) the time and place of its occurrence; (iii) its subject matter and substance; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto, or that was used, referred to, or prepared in the course of or as a result thereof;

e.      when used in reference to a meeting, to provide the following information about that meeting: (i) the date and time of its occurrence; (ii) the name and address of the meeting's location; (iii) the identities (as defined above) of any person who attended all or part of the meeting; (iv) the purpose, subject matter and substance of the meeting; (v) the identity (as defined above) of each document that refers thereto, or that was used, referred to, or prepared in the course of or as a result thereof;

5

   f.  when used in reference to an agreement, to provide the following information: (i) the date on which the agreement was entered into; (ii) the identity of each person that was a party to the agreement; (iii) the identity of each person who participated in the negotiation of the agreement; (iv) the subject matter and material terms of the agreement; and (v) whether the agreement was reduced to writing.

   P.  "Marine Hose" means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and including ancillary products.

INSTRUCTIONS

   1.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that with respect to any interrogatory herein, or any part thereof, as to which you, after answering, acquire additional knowledge or information, Plaintiffs direct that you serve supplemental answers upon them within seven (7) days after acquiring such additional knowledge or information.

   2.  If at any time after answering these Interrogatories you determine that an answer you provided was incorrect you must immediately notify Plaintiffs' counsel and provide amended answers as soon as reasonably possible.

   3.  If you decline to respond to any of these Interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents supporting the claimed privileged, including the dates, authors, recipients, title and subject matter, and present location of any documents involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

   4.  If you answer any Interrogatory by reference to business records pursuant to

6

Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents as business records for purposes of answering the Interrogatory.

5.      Unless otherwise noted, these Interrogatories require responses for the time period from January 1, 1984, through the present.

## INTERROGATORIES

1.      Identify each of your current and former employees or agents who have or had any policy-making, management, or supervisory responsibilities or duties with respect to the production, marketing, distribution, pricing, bidding, and sale of Marine Hose. In answering this Interrogatory, set forth that person's name, present or last known address, present or last known position with your company, all of the positions which that person held during the relevant time period, the responsibilities included in that employee's position, and, if the person is represented by counsel, the name and professional affiliation of such counsel.

2.      Identify every entity that sought a bid for Marine Hose from you, state the date the bid was requested, and state your bid and identify all other bidders.

3.      Identify each purchaser of Marine Hose from you.

4.      Identify all persons who provided testimony or statements to any federal or state grand jury or any federal or state law enforcement authority, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any committee of the United States Congress, and any agency or representative body of any state or political subdivision thereof, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the

European Commission, and the Japanese Fair Trade Commission, regarding Marine Hose.

5.     Identify for each year of the relevant period the person(s) most knowledgeable about the record layout, field codes, and other codes or descriptions contained in or the operation of any equipment or software utilized by you to maintain, read, or utilize, electronically stored information produced pursuant to Plaintiffs' discovery requests.

6.     Identify for each year of the relevant period the Marine Hose manufactured and sold by you.

7.     Identify all communications, agreements or understandings relating to the production, manufacture, distribution, marketing, pricing, bids, customers or sale of Marine Hose, between or among you and any Entity or Individual Defendants or any other manufacturer of Marine Hose.

8.     Identify all meetings attended by you and any other Individual or Entity Defendant or other manufacturer of Marine Hose at which meeting there was any communication concerning the production, manufacture, distribution, marketing, pricing bidding, customers, or sale of Marine Hose. Set forth the date, place, time and all persons who attended all or part of the meeting either in person or by telephone or other device, and set forth every communication about Marine Hose at each meeting identified.

9.     For each of your Affirmative Defenses in your Answer to the First Amended Consolidated Class Action Complaint filed on October 2, 2008, set forth in detail your factual basis for asserting the Affirmative Defense, identify each person with knowledge of such facts, and identify each document which relates to or refers to such facts.

Dated: October 6, 2008

_Hollis Salzman (LWK)_
Hollis L. Salzman
Florida Bar No. 947751
Gregory S. Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
hsalzman@labaton.com
gasciolla@labaton.com

Gregory P. Hansel
Florida Bar No. 607101
Randall B. Weill
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com

Bruce Gerstein
Barry Taus
Noah H. Silverman
GARWIN GERSTEIN & FISHER L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
bgerstein@garwingerstein.com
btaus@garwingerstein.com
nsilverman@garwingerstein.com

_Co-Lead Counsel for Plaintiffs_

9

Joseph C. Kohn
William E. Hoese
Craig W. Hillwig
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
JKohn@kohnswift.com
WHoese@kohnswift.com
CHillwig@kohnswift.com

*Plaintiffs' Counsel*

10

## CERTIFICATE OF SERVICE

I, William V. Reiss, hereby certify that on October 6, 2008, I caused a true and correct

copy of the following:

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MANULI OIL
& MARINE (U.S.A.) INC. AND MANULI RUBBER INDUSTRIES SPA (MERITS);
and

PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND
THINGS TO MANULI OIL & MARINE (U.S.A.) INC.AND MANULI RUBBER
INDUSTRIES SPA (MERITS)

and I hereby certify that the foregoing is being served this day by the United States Post Service
via First Class Mail on the attorneys listed below:

Daniel A. Goldschmidt, Esq.
Robert M. Osgood, Esq.
Fern Mechlowitz, Esq.
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1AN England

Alan Graham Greer, Esq.
Lyle Eric Shapiro, Esq.
Richman Greer Weil Brumbaugh
Mirabito & Christensen
201 South Biscayne Boulevard, Suite 1000
Miami, FL 33131

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2008

William V. Reiss

**EXHIBIT B**

**TO**

**PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

```
                                        x
                                        )
IN RE MARINE HOSE ANTITRUST            )
LITIGATION                             )
                                        )
————————————————————————————————————)
                                        )
THIS DOCUMENT RELATES TO:              )
                                        )
ALL ACTIONS                            )
————————————————————————————————————x
```

PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF
DOCUMENTS AND THINGS TO MANULI OIL & MARINE (U.S.A.) INC. AND
MANULI RUBBER INDUSTRIES SPA (MERITS)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby

request that you respond to the following requests for the production of documents and produce

for inspection and copying by Plaintiffs all of the following documents and things which are in

the possession, custody, or control of you and/or your agents or attorneys, within thirty (30) days

following the date of service of these requests.

DEFINITIONS

As used herein, the following terms are defined as follows:

A.     "Defendant" means any company, organization, entity, or person presently named

as a defendant in this litigation.

B.     "Entity Defendants" or "Entity Defendant" means the following defendants, or

any of them: (i) Bridgestone Corporation; (ii) Bridgestone Industrial Products America, Inc.; (iii)

Comital SAIAG, S.p.A.; (iv) Dunlop Oil & Marine Ltd.; (v) ITR, S.p.A.; (vi) Manuli Oil &

Marine (U.S.A.) Inc.; (vii) Manuli Rubber Industries SpA; (viii) Parker ITR S.r.l. f/k/a ITR



Pirelli Italia, S.p.A.; (xi) Pirelli, S.p.A.; (xii) Pirelli Treg, S.p.A.; (xiii) SAIAG, S.p.A.; (xiv) SRI Hybrid Ltd.; (xv) Sumitomo Rubber Industries, Ltd., a/k/a Sumitomo Rubber Group; (xvi) Trelleborg Industrie S.A.; and (xvii) Yokohama Rubber Co., Ltd.

C.     "Individual Defendants" or "Individual Defendant" means the following defendants, or any of them: (i) David Brammar; (ii) Bryan Allison; (iii) Jacques Cognard; (iv) Christian Caleca; (v) Robert Furness; (vi) Charles Gillespie; (vii) Misao Hioki; (viii) Francesco Scaglia; (ix) Vanni Scodeggio; (x) Val Northcutt; (xi) Uwe Bangert; and (xii) Peter Whittle.

D.     "You", "your", or "your company" means the Entity Defendant responding to these requests, its predecessors, successors, subsidiaries, departments, divisions, or affiliates including, without limitation, any organization or entity that the responding Entity Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Entity Defendant.

E.     "Named Plaintiffs" refers to the following companies or entities, as well as any others whose lawsuits may be consolidated in this action after these requests were served: (i) Bayside Rubber & Products, Inc. and (ii) Expro Gulf Limited.

F.     "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

G.     "Communication" means, without limitation, oral or written communications of all kinds, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

H.     "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital,

2

analog or telephonic method of communication) of two or more persons for any purpose, whether or not planned or scheduled.

      I.     "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, or other person who is or was employed by you.

      J.     "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising, and promotional literature, agreements, minutes or other records of meetings, all written or graphic records or representations of any kind, mechanical representations and all electronically stored information of any kind.

      K.     "Electronically stored information" includes, without limitation, the following:

          (1)     information that is generated, received, processed, and recorded by computers and other electronic devices;

          (2)     internal or external web sites;

          (3)     activity listings of electronic mail receipts and/or transmittals;

          (4)     output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or

bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(5) any and all items stored on computer memories, networks, hard disks, floppy disks, DVD, CD, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm or Blackberry or other smart phone type device;

(6) file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

L.     "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, concerning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

M.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B" or about "A" and "B", you should produce all information about A and all information about B, as well as all information about, collectively, A and B. In other words, "or" and "and" should be read as "and/or".

N.    "Including" is used by way of example or emphasis, not by way of limitation.

O.    "Marine Hose" means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and including ancillary products.

## INSTRUCTIONS

A.    Unless otherwise noted, the relevant time period of these document requests is January 1, 1984 through the date of these Requests (the "relevant time period"). These document requests seek all responsive documents created or generated during the relevant time period, as well as all responsive documents created or generated outside the relevant time period but which contain information concerning the relevant time period.

B.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document which plaintiffs have previously requested, you shall promptly make such document available.

C.    In producing documents and other materials, you are to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your employees, managing agents, parent company(ies), investigators, or by your attorneys or their employees and investigators.

D.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by you. If for any reason the container cannot be

5

produced, you should produce copies of all labels or other identifying marks present on the container.

      E.      Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

      F.      Documents attached to each other should not be separated.

      G.      If a document once existed and subsequently has been lost, destroyed, or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details including whether the document:

      (1)      is lost of missing;

      (2)      has been destroyed and, if so, by whom and at whose request;

      (3)      has been transferred or delivered to another person or entity and at whose request; and/or

      (4)      has been otherwise disposed of.

      H.      In each instance in which a document once existed and subsequently has been lost, missing, destroyed, or has been otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

      (1)      the identity of the person who last possessed the document;

      (2)      the date or approximate date of the document's disposition; and

      (3)      the identities of all people who have or had knowledge of the document's contents.

      I.      If any document responsive to any of the requests you contend is privileged, and the document or any portion of the document requested is withheld based on the claim of

privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of a claim of privilege and all facts relied upon in support of that claim, including the following information:

      (1)    the reason for withholding it;

      (2)    the date of such communication;

      (3)    the medium of such communication;

      (4)    the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

      (5)    the identity of any document that was the subject of such communication and the present location of the document;

      (6)    the identity of the persons involved in such communication;

      (7)    the paragraph or paragraphs of these requests for production of documents to which such information is responsive.

      J.    Each document requested herein should be produced in its entirety and without deletion, redaction, or excisions, except as qualified by Instruction I above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of the document, stamp the word "REDACTED" beside the redacted information on each page of the document that you have redacted. Any redactions to documents produced should be identified in accordance with Instruction I above.

      K.    Documents in electronic format should be produced in electronic format on hard disk drive, DVD-R or CD-R media in the original electronic file format(s) of the documents, and should also be produced in hard copy (paper) form, along with manuals and all other documents sufficient to operate, display, read, and interpret the programs, documents or data.

L.     The documents should be Bates numbered sequentially, with a unique number on each page, and with prefix identifying the party producing the document.

## DOCUMENT REQUESTS

1.     For each year during the relevant time period, all organizational charts or other documents sufficient to show your corporate structure or organization, including any division, department, unit, subdivision, joint venture, affiliate or other sub-unit of your company that has or had any role relating to in any way to Marine Hose.

2.     All personnel directories, organizational charts or other documents sufficient to identify all persons in your company who had any managerial or supervisory responsibility relating in any way to Marine Hose.

3.     Documents sufficient to identify purchasers of Marine Hose from You.

4.     All documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or employee who had any responsibility relating in any way to Marine Hose, because of any communications (or refusal to communicate) or knowledge of communications with any Individual or Entity Defendant or any other manufacturer of Marine Hose regarding Marine Hose.

5.     For each of your employees who has or had any responsibility for or participation in recommending, reviewing, setting, or approving prices, price increase announcements, bids or quotes for the sale of Marine Hose, produce:

        (a)     all copies of electronic and manual diaries, calendars, appointment books or appointment notes;

        (b)     all copies of trip and travel logs, records or other supporting documents;

        (c)     all copies of expense reports or other supporting documents;

        (d)     all copies of telephone number logs, address books, phone directories, notebooks, contact lists, Rolodex cards and related memoranda; and

8

(e) all bills, statements, records, and supporting documents concerning telephone calls, e-mails or text messages by such employees;

(f) all documents relating to membership in any trade association or industry group; and

(g) the complete personnel file for these employees.

6. All documents relating to Marine Hose that you have provided to, were seized by, or received from, any government agency or legislative body or representative, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any other law enforcement agency of any state, any federal or state grand jury, and committee of the United States Congress, and any agency or representative body of any state or other political subdivision, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission.

7. All transcripts, notes, summaries, statements or other documents relating to Marine Hose and reflecting any testimony provided before or statements made to any federal or state grand jury or any federal or state law enforcement authority, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any federal or state grand jury, and committee of the United States Congress, and any agency or representative body of any state or other political subdivision, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission about Marine Hose.

9

8.    All documents provided to, received from, or relating to any of the Named Plaintiffs.

9.    All of your financial statements relating to sales, costs, market share, competitors and profits for Marine Hose.

10.    All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to Marine Hose.

11.    All reports, studies, memoranda, or written communications relating to the production, manufacture, distribution, marketing, pricing, bidding, customers or sale of Marine Hose.

12.    All documents relating to any of the following with respect to Marine Hose, including without limitation, any documents relating to any communication between you and any other Defendant or other manufacturer of Marine Hose:

      (a)    any actual, proposed, or prospective price announcements, price changes, or price lists, including without limitation, all documents regarding discounts or rebates, the elimination of discounts or rebates, or the offering of free product to customers issued by you or any other Entity Defendant or manufacturer of Marine Hose;

      (b)    any actual, proposed, or prospective quotes, bids, or bid announcements issued by you or any other Entity Defendant or manufacturer of Marine Hose;

      (c)    any actual, proposed, or prospective pricing methods, practices, policies, guidelines or strategies relating to pricing created by you or any other Entity Defendant or manufacturer of Marine Hose;

      (d)    any guidelines or procedures for sales personnel to request or obtain price concessions or discounts from list price;

      (e)    any actual, proposed, or prospective bidding methods, practices, policies, guidelines or strategies created by you or any other Entity Defendant or manufacturer of Marine Hose;

      (f)    any actual, proposed, or prospective marketing methods, practices, policies or strategies created by you or any other Entity Defendant or manufacturer of Marine Hose;

10

<table>
<tr><td>(g)</td><td>any actual, proposed, or prospective contracts for the purchase or sale of Marine Hose;</td></tr>
<tr><td>(h)</td><td>any actual, proposed, or prospective method, practice, policy or strategy to use for gaining or maintaining market share or customers for Marine Hose;</td></tr>
<tr><td>(i)</td><td>any comparison of your prices, price lists, or price schedules with the prices, price lists, or price schedules of any other Defendant or manufacturer of Marine Hose;</td></tr>
<tr><td>(j)</td><td>any comparison of your Marine Hose products with the Marine Hose products of any other Entity Defendant or manufacturer of Marine Hose;</td></tr>
<tr><td>(k)</td><td>sources and costs of raw materials and production of Marine Hose, including without limitation, labor costs and costs of the plants, machines and tools used to produce Marine Hose;</td></tr>
<tr><td>(l)</td><td>substitutes for Marine Hose;</td></tr>
<tr><td>(m)</td><td>production capacity, including without limitation rated capacity, production capacity utilization and changes in production capacity, and any actions or prospective actions to reduce capacity or capacity utilization;</td></tr>
<tr><td>(n)</td><td>sales volume;</td></tr>
<tr><td>(o)</td><td>any complete or partial closing or temporary shut-down of any plants or any other actual or proposed act or conduct that could have the effect of reducing output of Marine Hose;</td></tr>
<tr><td>(p)</td><td>imports into the United States of Marine Hose;</td></tr>
<tr><td>(q)</td><td>terms and conditions of purchase or sale of Marine Hose;</td></tr>
<tr><td>(r)</td><td>supply and demand of Marine Hose, including any changes in supply and demand;</td></tr>
<tr><td>(s)</td><td>territories or markets for sales or potential sales of Marine Hose; or</td></tr>
<tr><td>(t)</td><td>product brochures for Marine Hose.</td></tr>
</table>

13.    All electronically stored information reflecting a complete or partial compilation of the names, telephone numbers, addresses, or last known addresses of direct purchasers of Marine Hose. To the extent such data is not available in electronic form, you should produce the data in hard copy.

14.    All electronically stored information reflecting the gross price and actual net price charged by you for Marine Hose for each day, month and year during the relevant time period.

To the extent such data is not available in electronic form, you should produce the data in hard copy.

15. All electronically stored information reflecting sales or potential sales of Marine Hose to each customer for each day, month and year during the relevant time period, including without limitation, the date, dollar amount, customer, product and/or grade of product sold, volume sold, unit price and/or other pricing information, transportation and/or shipping charges, any other charges or sur-charges, and any other terms and conditions of the sales. To the extent such data is not available in electronic form, you should produce the data in hard copy.

16. All electronically stored information relating to discounts, rebates, credits, or any other reductions from list prices or announced prices relating to the sale of Marine Hose. To the extent such data is not available in electronic form, you should produce the data in hard copy.

17. All electronically stored information reflecting your costs of manufacturing Marine Hose, for each day, month, and year during the relevant time period, including without limitation, raw material costs, marketing costs, operating costs, transportation costs, storage costs, environmental costs, tariffs or taxes. To the extent such data is not available in electronic form, you should produce the data in hard copy.

18. All electronically stored information reflecting:

    (a)    your total production and inventory of Marine Hose for each day, month and year for each year during the relevant time period; and

    (b)    the utilization of your capacity to manufacture Marine Hose.

To the extent such data is not available in electronic form, you should produce the data in hard copy.

19. Documents sufficient to explain the record layout, field codes, and other codes or descriptions contained in or the operation of any equipment or software utilized by you to

maintain, read, or utilize, electronically stored information produced pursuant to these discovery requests, including without limitation, all documentation or programs necessary to run the equipment or software.

20. All electronically stored information regarding bids for Marine Hose sales. To the extent such data is not available in electronic form, you should produce the data in hard copy.

21. Documents sufficient to describe all electronic data processing systems, programs and outputs from them which were used by you during the relevant time period to record, store, compute, analyze or retrieve any electronically stored information relating to pricing, production, distribution or sale of Marine Hose.

22. Documents sufficient to describe how Marine Hose is made.

23. Documents sufficient to identify or describe the classes, types, grades or categories of your Marine Hose, and their respective uses.

24. All documents that set forth any industry standards relating to the manufacture, marketing or sale of Marine Hose.

25. All trade publications, reports, journals, bulletins and papers that relate to the manufacture, pricing, marketing, sale, purchasers, or distribution of Marine Hose.

26. Documents sufficient to identify all raw materials used to produce Marine Hose that you manufacture or manufactured, and the source and cost of those raw materials.

27. Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of Marine Hose among you and any other Defendant or producer of Marine Hose.

28. Documents sufficient to show your inventory levels of Marine Hose (by type, grade or category, if applicable) for each month, quarter, calendar year or fiscal year of the relevant period.

29.     All documents relating to any agreement or understanding relating to the production, manufacture, distribution, marketing, pricing, bidding, customers or sale of Marine Hose, between or among any Defendants or any other manufacturers of Marine Hose, including without limitation, agreements or understandings made or entered by you.

30.     All documents relating to the negotiation, formation, operation, or termination of any joint venture, production, purchasing or marketing agreement with any other entity that relates to the production, distribution, sale or marketing of Marine Hose.

31.     Any public statements, announcements, or press releases issued by you or any other Defendant or other manufacturer of Marine Hose relating to the production, manufacture, distribution, marketing, pricing or sale of Marine Hose.

32.     All documents relating to any trade association whose membership includes any producer, manufacturer, distributor, seller or purchaser of Marine Hose, including without limitation, agendas, minutes, notes, attendance lists, expense reports, handouts, or correspondence.

33.     All documents relating to any statistical information submitted to or received from any trade association relating to Marine Hose.

34.     All documents relating to, provided to, or received from defendant Peter Whittle and/or PW Consulting (Oil and Marine) Ltd.

35.     All documents relating to any payments you made to or received from Peter Whittle and/or PW Consulting (Oil and Marine) Ltd.

36.     All documents relating to meetings attended by you and any other Defendant or manufacturer of Marine Hose at which meeting there was any communication concerning the

14

production, manufacture, distribution, marketing, pricing, bidding, customers, output or sale of Marine Hose, including without limitation:

      a.     Any meeting held in Bangkok, Thailand in December, 2000;

      b.     Any meeting held in Key Largo, Florida, in June, 2001;

      c.     Any meeting held in London, England, in July, 2002; and

      d.     Any meeting held in Houston, Texas, in May, 2007.

37.     All documents relating to communications between you and any other Defendant or other manufacturer of Marine Hose, concerning the production, manufacture, distribution, marketing, pricing, bidding, customers, output or sale of Marine Hose.

38.     All documents relating to any planned, pending, or executed purchases or acquisitions of, or mergers or joint ventures with, any other manufacturer of Marine Hose.

39.     All documents relating to any actions by you to conceal or avoid detection by customers, law enforcement agents, or others, of communications, understandings, or agreements between you and any other Defendant or other manufacturer of Marine Hose (or its employees or agents), regarding the production, manufacture, distribution, marketing, pricing, bidding, customers, or sale of Marine Hose, including without limitation all documents referring to any Entity Defendant by a code name (*e.g.*, "B1", "B2") and all documents referring to "the club" or the "Technical Committee - Marine Hose."

40.     All documents relating to communications to or from your customers for Marine Hose, concerning any actual, proposed, or prospective prices, price changes, bids, or terms or conditions of the purchase or sale of Marine Hose.

41.     All documents relating to your policies or practices directed to compliance with antitrust or competition laws, including without limitation, any statements signed by your

employees with pricing, sales, or marketing responsibility for Marine Hose acknowledging their receipt of, and compliance with, your antitrust compliance policy.

42. All documents of any other Entity Defendant or other manufacturer or Marine Hose in your possession.

43. All documents relating to your policy or practice regarding the retention, destruction, disposal, or preservation of documents, and, if such policy or practice has been different with respect to any category of documents or over different times, documents sufficient to identify each such category or time period and to describe your retention policy or practice with respect to each such category or time period.

44. If you are a wholly-owned or partially-owned subsidiary, division or affiliate of any other entity, all documents sufficient to identify that entity and the percentage of your stock or assets owned or controlled by that entity, as well as any documents that constitute, refer, or relate to any correspondence or communication with any parent, subsidiary or affiliate regarding the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose.

45. If you wholly or partially own any subsidiary corporation, division, or affiliate that is engaged in the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose, all documents sufficient to identify the subsidiary, division, or affiliate, the business in which it is engaged, its principal place of business, the percentage of its stock or assets that you own or control, as well as all documents that constitute, refer or relate to any correspondence or communication with any subsidiary, division or affiliate regarding the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose.

16

46. All documents relating to any joint defense, contribution, or judgment sharing agreement that you or others have entered into in connection with any investigation or litigation involving the production, sale or marketing of Marine Hose.

47. All documents identified in your response to Interrogatory No. 9 of the First Set of Interrogatories Directed to Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries SpA.

Dated: October 6, 2008

Hollis Salzman (WUR)

Hollis L. Salzman
Florida Bar No. 947751
Gregory S. Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
hsalzman@labaton.com
gasciolla@labaton.com

Gregory P. Hansel
Florida Bar No. 607101
Randall B. Weill
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com

17

Bruce Gerstein
Barry Taus
Noah H. Silverman
GARWIN GERSTEIN & FISHER L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
bgerstein@garwingerstein.com
btaus@garwingerstein.com
nsilverman@garwingerstein.com

*Co-Lead Counsel for Plaintiffs*

Joseph C. Kohn
William E. Hoese
Craig W. Hillwig
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
JKohn@kohnswift.com
WHoese@kohnswift.com
CHillwig@kohnswift.com

*Plaintiffs' Counsel*

**EXHIBIT C**

**TO**

**PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and
MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND
PRODUCE DOCUMENTS**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### MASTER DOCKET NO. 08-MDL-1888-GRAHAM/ TURNOFF

|  |  |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) |

### MANULI RUBBER INDUSTRIES, S.P.A. AND MANULI OIL & MARINE (U.S.A.) INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (MERITS)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, Defendants Manuli Rubber Industries S.p.A. ("MRI") and Manuli Oil & Marine (U.S.A.), Inc. (collectively "Defendants") hereby submit the following responses and objections to Plaintiffs' First Set of Interrogatories to Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries, S.p.A. (Merits) ("Interrogatories").

### GENERAL RESPONSES AND OBJECTIONS

Defendants' General Responses and Objections set forth below are hereby incorporated by reference as if fully set forth in, and fully apply to, each of Defendants' responses and objections to the Specific Interrogatories and shall have the same force and effect as if set forth in full in response to each and every Specific Interrogatory:



1. Defendants' agreement to provide information and/or documents in response to the Interrogatories is made without waiver of any objections, and is not intended to constitute a representation that any such information and/or documents exist, but only that Defendants will produce information and/or documents that exist, can be found by means of a reasonable search, are not subject to any applicable privilege or immunity and are otherwise within the scope of appropriate discovery under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

2. The objections and responses contained in this response are subject to, and without waiver of, any right of Defendants to raise objections to other discovery requests directed to the subject matter of the Interrogatories.

3. Defendants' response is based on information presently known to Defendants. Defendants have not yet completed discovery in the litigation, and, irrespective of whether Defendants produce information and/or documents in response to the Interrogatories, Defendants reserve the right to: (a) revise, correct, supplement or clarify the content of this response in accordance with the Federal Rules of Civil Procedure; and (b) produce additional responsive information and/or documents in the future.

4. By responding to the Interrogatories, Defendants do not concede that the Interrogatories seek information and/or documents that are relevant to the claims or defenses of any party to, or that are reasonably calculated to lead to the discovery of admissible evidence in, the litigation. By providing, or arranging for the provision of, information and/or documents in response to the Interrogatories, Defendants do not waive, and hereby expressly reserve, all objections with respect to such information and/or documents, including, without limitation, their relevance and admissibility in any hearing, proceeding or trial in this litigation.

5.      In response to the Interrogatories, Defendants will not respond on behalf of anyone who is an individual defendant named in this litigation.

6.      Defendants object to the Interrogatories on the grounds that they are overly broad, vague and unduly burdensome, and that they purport to seek documents or information that are neither relevant to the claims or defenses of any party to, nor reasonably calculated to lead to the discovery of admissible evidence in, the litigation.

7.      Defendants object to the Interrogatories to the extent that they purport to require Defendants to reach legal conclusions about any information, document, thing, occurrence or event, they are unduly burdensome and exceed the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

8.      Defendants object to the Interrogatories to the extent that the information sought is protected from disclosure by the work product doctrine, the attorney-client privilege, or any other privilege or protection from discovery, on the ground that such information is not properly discoverable under the Federal Rules of Civil Procedure.

9.      Defendants object to the Interrogatories to the extent they seek information outside the custody or control of Defendants or purport to require the production of protected materials under the laws of foreign countries.

10.      Defendants object to the Interrogatories to the extent that they seek confidential or proprietary business information or confidential personal information. Defendants will produce such information to Plaintiffs, to the extent the information is responsive and is not subject to other objections, under the Protective Order that has been entered in this case.

11.    Defendants object to the Interrogatories to the extent that they seek information that is cumulative and duplicative of information requested from, related to, or in the custody and control of another party, on the ground that such interrogatories are unreasonably cumulative, duplicative and are obtainable from another source that is more convenient, less burdensome, or less expensive, as prohibited by Federal Rule of Civil Procedure 26(b)(2)(C)(i).

12.    Defendants object to the Interrogatories to the extent they seek documents from before January 2000 and/or after May 2007, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

13.    Defendants object to the Interrogatories to the extent that they seek documents unrelated to sales of Marine Hose which was imported into or exported from the United States. By responding to the Interrogatories, Defendants do not concede or admit anything regarding the definition of a U.S. sale or U.S. customer.

14.    Defendants object to the definition of the term "Marine Hose," as set forth in Definition P and applied throughout the Interrogatories, as vague, ambiguous and overbroad, and seeking information that is not relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence with respect to any such claim or defense.

15.    Defendants object to the Interrogatories to the extent that they imply the existence of facts, circumstances, or documents that did not or do not exist.

## RESPONSES AND OBJECTIONS TO THE SPECIFIC INTERROGATORIES

Without waiving and subject to the General Responses and Objections set forth above, Defendants submit the following responses and objections to the Specific Interrogatories:

**Interrogatory No. 1**. Identify each of your current and former employees or agents who have or had any policy-making, management, or supervisory responsibilities or duties with respect to the

-4-

production, marketing, distribution, pricing, bidding, and sale of Marine Hose. In answering this Interrogatory, set forth that person's name, present or last known address, present or last known position with your company, all of the positions which that person held during the relevant time period, the responsibilities included in that employee's position, and, if the person is represented by counsel, the name and professional affiliation of such counsel.

**Response No. 1.** Defendants object to this interrogatory on the grounds that the phrase "policy-making, management, or supervisory responsibilities or duties with respect to the production, marketing, distribution, pricing, bidding, and sale of Marine Hose" is vague and ambiguous. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search, and respond as follows: the employees or former employees with principal policy-making, management, or supervisory responsibilities or duties with respect to the production, marketing, distribution, pricing, bidding, and sale of Marine Hose were:

> Robert Furness
> Former President of Manuli Oil & Marine (U.S.A.) Inc.
> Represented by M. Daniel Hughes
>
> Francesco Scaglia
> Deputy Oil & Marine Division Manager, MRI
> Represented by Jay Brian Shapiro of Stearns Weaver Miller Weissler Alhadeff & Sitterson

Because Mr. Furness and Mr. Scaglia are individual defendants in this litigation, you may wish to ask them directly about the scope of their responsibilities.

**Interrogatory No. 2.** Identify every entity that sought a bid for Marine Hose from you, state the date the bid was requested, and state your bid and identify all other bidders.

**Response No. 2.** Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not limited to bids for Marine Hose that was imported into or exported from the United States. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving

-5-

any objection, and without conceding or admitting anything regarding the definition of a "U.S. sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Interrogatory No. 3.** Identify each purchaser of Marine Hose from you.

**Response No. 3**. Defendants object to this interrogatory on the grounds that it is overly broad and is not limited to purchasers of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "U.S. purchaser" under applicable law, the information requested in this interrogatory can be ascertained from reviewing Defendants' document production. *See, e.g.*, MAN0000001 – MAN0000072, MAN0000911, MAN0002047 – MAN0002192.

**Interrogatory No. 4.** Identify all persons who provided testimony or statements to any federal or state grand jury or any federal or state law enforcement authority, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any committee of the United States Congress, and any agency or representative body of any state or political subdivision thereof, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, regarding Marine Hose.

**Response No. 4**. Defendants object to this interrogatory to the extent it seeks information that is outside Defendants' possession, custody or control. Defendants further object to this interrogatory to the extent it seeks information after May 2007. Subject to and without waiving any objection, Defendants respond as follows: the only present employee of MRI who provided testimony was Giuseppe Vuolo.

**Interrogatory No. 5.** Identify for each year of the relevant period the person(s) most knowledgeable about the record layout, field codes, and other codes or descriptions contained in or the operation of any equipment or software utilized by you to maintain, read, or utilize, electronically stored information produced pursuant to Plaintiff's discovery requests.

**Response No. 5.** Defendants object to this interrogatory on the grounds that it seeks information that is not likely to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants respond as follows: members of the technical support group of counsel to MRI are most familiar with the layout and codes contained in Defendants' electronically stored information that has been produced to Plaintiffs.

**Interrogatory No. 6.** Identify for each year of the relevant period the Marine Hose manufactured and sold by you.

**Response No. 6.** Defendants object to this interrogatory on the grounds that it is overly broad and it is not limited to sales of Marine Hose that was imported into or exported from the United States. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "U.S. sale" under applicable law, the information requested in this interrogatory can be ascertained from reviewing Defendants' document production. *See, e.g.*, MAN0000001 – MAN0000072, MAN0000911, MAN0002046 – MAN0002192.

**Interrogatory No. 7.** Identify all communications, agreements or understandings relating to the production, manufacture, distribution, marketing, pricing, bids, customers or sale of Marine Hose, between or among you and any Entity or Individual Defendants or any other manufacturer of Marine Hose.

**Response No. 7.** Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Interrogatory No. 8.** Identify all meetings attended by you and any other Individual or Entity Defendant or other manufacturer of Marine Hose at which meeting there was any communication concerning the production, manufacture, distribution, marketing, pricing,

bidding, customers, or sale of Marine Hose. Set forth the date, place, time and all persons who attended all or parts of the meeting either in person or by telephone or other device, and set forth every communication about Marine Hose at each meeting identified.

**Response No. 8.** Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Interrogatory No. 9.** For each of your Affirmative Defenses in your Answer to the First Amended Consolidated Class Action Complaint filed on October 2, 2008, set forth in detail your factual basis for asserting the Affirmative Defense, identify each person with knowledge of such facts, and identify each document which relates to or refers to such facts.

**Response No. 9.** Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this interrogatory on the ground that it calls for a legal conclusion. The information requested in this interrogatory can be ascertained from reviewing Defendants' document production. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

Dated: November 10, 2008

Respectfully submitted,

Alan G. Greer (Florida Bar No. 123294)
agreer@richmangreer.com
Lyle E. Shapiro (Florida Bar No. 0120324)
lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Robert M. Osgood
Fern Mechlowitz
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1AN
England
Phone: 44-20-7959-8900
Fax: 44-20-7959-8950

*Attorneys for Manuli Oil & Marine (U.S.A.), Inc. and Manuli Rubber Industries S.p.A.*

## VERIFICATION

I Luca Coccioli, General Legal Counsel for Manuli Rubber Industries S.p.A., have read Manuli Rubber Industries, S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories (Merits), and on the basis of information known to me personally or supplied to me by other agents or employees of Manuli acting under my direction or at my request, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5TH, 2008

_____
Luca Coccioli

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2008, the foregoing document was served on all

counsel of record or pro se parties identified on the attached Service List in the manner specified.

_____

LYLE E. SHAPIRO

# 08-MDL-1888-GRAHAM/O'SULLIVAN

## Service List

**VIA EMAIL AND MAIL:**
Gregory P. Hansel, Esq.
ghansel@preti.com
James C. Bush, Esq.
jbush@preti.com
Patrick N. Strawbridge, Esq.
pstrawbridge@preti.com
Randall B. Weill, Esq.
rweill@preti.com
Preti, Flaherty, Beliveau & Pachios, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000

Bruce Gerstein, Esq.
bgerstein@garwingerstein.com
Barry Taus, Esq.
btaus@garwingerstein.com
Noah H. Silverman, Esq.
nsilverman@garwingerstein.com
Garwin, Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055

M. Stephen Dampier
sdampier@vickersriis.com
Vickers, Riis, Murray and Curran, LLC
106 St. Francis Street, Suite 1100
P.O. Drawer
Mobile, AL 36652-2568
Telephone: (251) 432-9772
Fax: (251) 432-9781

Hollis Lee Salzman, Esq.
hsalzman@labaton.com
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0717
Fax: (212) 883-7017
**Attorneys for Plaintiffs**

**VIA MAIL:**
Ann-Marie Luciano
lucianoa@dsmo.com
Christopher Fitzgerald Branch
branchc@dicksteinshapiro.com
James R. Martin
martinj@dicksteinshapiro.com
R. Bruce Holcomb
holcombb@dicksteinshapiro.com
Dickstein Shapiro, LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 572-2200
**Counsel for Bryan Allison, David Brummer, and Dunlop Oil & Marine**

**VIA MAIL:**
Jeffrey Bruce Crockett, Esq.
jcrockett@coffeyburlington.com
Coffey Burlington
Penthouse
2699 South Bayshore Drive
Miami, FL 33133
Telephone (305) 858-2900
Fax: (305) 858-5261
**Counsel for Misao Hioki**

**VIA MAIL:**
Christopher T. Casamassima, Esq.
ccasamassima@kirkland.com
Kirkland & Ellis
777 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 680-8400
**Counsel for Misao Hioki**

**VIA MAIL:**
**Richard Aldo Serafini, Esq.**
serafinir@gtlaw.com
Greenberg Traurig
401 E. Las Olas Blvd., Suite 2000
Ft. Lauderdale, FL 33301
Telephone: (954) 768-8256
Fax: (954) 765-1477
**Counsel for Dunlop Oil & Marine LTD**

**VIA MAIL:**
**Alain E. Boileau, Esq.**
aeb@adorno.com
**Robert Hunt Schwartz, Esq.**
rhs@adorno.com
Adorno & Yoss
888 SE 3rd Avenue, Suite 500
Ft. Lauderdale, FL 33335-9002
Telephone: (954)523-5885
Fax: (954) 760-9531
**Counsel for Bridgestone Industrial
Products America, Inc.**

**VIA MAIL:**
**Harold Donnelly, Esq.**
donnelly77@comcast.net
**Hal D. Hardin, Esq.**
halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 37201
Telephone: (615) 620-3277
Fax: (615) 369-3344
**Counsel for Bridgestone Industrial
Products America, Inc.**

**VIA MAIL:**
**Peter W. Homer, Esq.**
**Gregory J. Trask, Esq.**
gtrask@homerbonnerlaw.com
Homer Bonner, PA
1441 Brickell Avenue
Four Seasons Tower, Suite 1200
Miami, FL 33131
Telephone: (305) 350-5100
Fax: (305) 372-2738
**Counsel for Bridgestone Corporation**

**VIA MAIL:**
**James H. Mutchnik, Esq.**
mutchnick@kirkland.com
Kirkland & Ellis
200 E. Randolph Drive, Suite 6048
Chicago, IL 60601
Telephone: 312 861-2350
Fax: 312 861-2200
**Counsel for Misao Hioki**

**VIA MAIL:**
**John M. Marjoras, Esq.**
jmmajoras@jonesday.com
**Carmen G. McLean, Esq.**
cgmclean@jonesday.com
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700
**Counsel for Parker-Hannifin Corporation**

**VIA MAIL:**
**Jennifer Seraphine, Esq.**
jseraphine@jonesday.com
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Fax: (415) 875-5700
**Counsel for Parker-Hannifin Corporation**

**VIA MAIL:**
**Jennifer Marie Driscoll, Esq.**
jdriscoll@mayerbrown.com
**Donald C. Klawiter**
dklawiter@mayerbrown.com
Mayer Brown LLP
1909 K. Street NW
Washington, DC 20006
Telephone: (202) 263-3860
Fax: (202) 762-4252
**Counsel for Christian Caleca**

**VIA MAIL:**
**Michael Abram Rosen, Esq.**
mrosen@frc-law.com
Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Fax: Telephone: (786) 364-8400
Fax: (786) 364-8401
**Counsel for Christian Caleca**

**VIA MAIL:**
**Robert Mark Brochin, Esq.**
rbrochin@morganlewis.com
Morgan Lewis & Bockius
200 S. Biscayne Blvd.
Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415 3456
Fax: (305) 415-3001
**Counsel for Christian Caleca**

**VIA MAIL:**
**Paul M. Alfieri, Esq.**
paul.alfieri@linklaters.com
**Joseph P. Armao, Esq.**
joseph.armao@linklaters.com
**Robert H. Bell, Esq.**
robert.bell@linklaters.com
**Danielle Randazzo, Esq.**
danielle.randazzo@linklaters.com
**Benjamin D. Singer, Esq.**
Ben.singer@linklaters.com
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Fax: (212) 903-9100
**Counsel for Yokohama Rubber Co., LTD**

**VIA MAIL:**
**Bryan Robert Cleveland, Esq.**
beleveland@ghblaw.com
Gilbride Heller & Brown
2 South Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Telephone: (305) 358-3580
Fax: (305) 374-1756
**Counsel for Yokohama Rubber Co., LTD**

**VIA MAIL:**
**Walter M. Berger, Esq.**
bergerc@howrey.com
Howrey LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (202) 333-6517
**Counsel for Trelleborg Industrie SA**

VIA MAIL:
Diana J. Pomeranz, Esq.
dpomeranz@kslaw.com
James M. Griffin, Esq.
jgriffin@kslaw.com
Kevin R. Sullivan, Esq.
ksullivan@kslaw.com
Susan D. Inman, Esq.
sinman@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 626-5540
Counsel for Vanni Scodeggio

VIA MAIL:
David Oscar Markus, Esq.
dmarkus@markuslaw.com
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Telephone: (305) 379-6667
Fax: 305-379-6668
Counsel for Francesco Scaglia

VIA MAIL:
Jeffrey A. Kimmel
jkimmel@meisterseelig.com
Meister Seelig & Fein LLP
2 Grand Central Tower 19th Floor
140 E 45th Street
New York, NY 10017
Telephone: (212) 655-3578
Counsel for Bridgestone Industrial
Products America, Inc.

VIA MAIL:
Daniel A. Lurvey, Esquire
lurveylaw@aol.com
Lyons & Lurvey, P.A.
1200 Brickell Avenue
Suite 1620
Miami, Florida 33131
Telephone (305) 379-5554
Counsel for Jacques Cognard

VIA MAIL:
James G. Kress, Esq.
kressj@howrey.com
Roxann E. Henry, Esq.
henryr@howrey.com
Richard E. DiZinno, Esq.
dizinnor@howrey.com
Christina Guerola Sarchio, Esq.
sarchiochristina@howrey.com
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
Counsel for Trelleborg Industrie SA

VIA MAIL:
Benedict P. Kuehne, Esq.
ben.kuehne@kuehnelaw.com
Susan Dmitrovsby, Esq.
dmitrovsky@sk-lawyers.com
Benedict P. Kuehne, PA
100 SE 2nd Street, Suite 3550
Miami, FL 33131-2154
Telephone: (305) 789-5989
Fax: (305) 789-5987
Counsel for Trelleborg Industrie SA

VIA MAIL:
R. Bruce Holcomb, Esq.
holcombb@dicksteinshapiro.com
James R. Martin, Esq.
martinj@dicksteinshapiro.com
Christopher Fitzgerald Branch, Esq.
branchc@dicksteinshapiro.com
Dickstein Shapiro, LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Counsel for Dunlop Oil & Marine

| | |
|---|---|
| **VIA MAIL:**<br>**M. Daniel Hughes**<br>lawmdh@aol.com<br>3000 N Federal Highway<br>Fort Lauderdale , FL 33306<br>954-566-3390<br>Fax: 561-1244<br>Email<br>**Counsel for Robert Furness**<br><br>**VIA MAIL:**<br>**Jeffrey Eric Foreman**<br>jforeman@mflegal.com<br>**Catherine J. MacIvor**<br>cmacivor@mflegal.com<br>Maltzman Foreman PA<br>2 S Biscayne Boulevard<br>Suite 2300 One Biscayne Tower<br>Miami , FL 33131-1803<br>305-358-6555<br>Fax: 374-9077<br>Email:<br>**Counsel for Charles Gillespie**<br><br>**VIA MAIL:**<br>**Gerald Edward Greenberg, Esq.**<br>ggreenberg@swmwas.com<br>**Jay Brian Shapiro, Esq.**<br>jshapiro@swmwas.com<br>Stearns Weaver Miller Weissler, et al.<br>Museum Tower<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 789-3200<br>Fax: (305) 789-3395<br>**Counsel for Francesco Scaglia** | **VIA MAIL:**<br>**Marc David Seitles, Esq.**<br>mseitles@seitleslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379- 6667<br>Fax: (305) 379-6668<br>**Counsel for Vanni Scodeggio**<br>**Jeffrey Allan Sudduth, Esq.**<br>jsudduth@lpflaw.com<br>Legon Ponce & Fodiman, PA<br>1111 Brickell Avenue, Suite 2150<br>Miami, FL 33131<br>Telephone: (305) 444-9991<br>Fax: (305) 444-9937<br>**Counsel for Parker Hannafin Corp**<br><br>**VIA MAIL:**<br>**Lisa Zeiler Joiner**<br>ljoiner@fulbright.com<br>Fulbright & Jaworski LLP<br>801 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2623<br>Telephone: (202) 662-0200<br>**Counsel for Jacques Cognard**<br><br>**VIA MAIL:**<br>**Alison Smith**<br>alison.smith@haynesboone.com<br>Haynes & Boone LLP<br>One Houston Center Suite 2100<br>1221 McKinney Street<br>Houston , TX 77010<br>Telephone: (713)547-2673<br>**Counsel for Charles Gillespie** |

**EXHIBIT D**

**TO**

**PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### MASTER DOCKET NO. 08-MDL-1888-GRAHAM/ TURNOFF

|  |  |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) |

## MANULI RUBBER INDUSTRIES, S.P.A. AND MANULI OIL & MARINE (U.S.A.) INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (MERITS)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.), Inc. (collectively, "Defendants") hereby submit the following responses and objections to Plaintiffs' First Request for the Production of Documents and Things to Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries, S.p.A. (Merits). Defendants reserve the right to enter supplemental responses and objections. The failure to object to any request does not waive any general objections or privilege. Discovery is ongoing, and Defendants will, where necessary and appropriate, supplement their document production in accordance with the Federal Rules of Civil Procedure.

Subject to and without waiving any objection, Defendants will produce, at a mutually convenient time and place, such responsive documents as can be located after a reasonable search.



EXHIBIT

D

## GENERAL OBJECTIONS

These objections apply to all requests as though set out as specific objections immediately following each request.

1. Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they request documents that have already been produced to Plaintiffs in response to Plaintiffs' First Request for the Production of Documents and Things to all Defendants (Class Certification).

2. Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they request documents that are publicly available or otherwise equally available to Plaintiffs and Defendants.

3. Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that the information sought is protected from disclosure by the work product doctrine, the attorney client privilege, or any other privilege or protection from discovery, on the ground that such information is not properly discoverable under the Federal Rules of Civil Procedure.

4. Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent they purport to require the production of protected materials under the laws of foreign countries.

5. Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they imply the existence of facts, circumstances, or documents that did not or do not exist. Defendants' agreement to produce requested documents is not intended as, and may not be construed as, a statement or implication that the requested documents actually exist or are in Defendants' possession, custody, or control. By agreeing to produce requested documents,

Defendants are agreeing only to search for such documents in the manner described herein and to produce any non-privileged responsive documents they may find.

6.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they: (a) seek documents or information for purposes that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) are, individually and cumulatively, are overly broad, and thus harassing, unduly burdensome and oppressive, and calculated to achieve those effects; or (c) are, individually and cumulatively, vague and ambiguous.

7.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they seek confidential or proprietary business information or confidential personal information. Defendants will produce such information to Plaintiffs, to the extent the information is responsive and is not subject to other objections, under the Protective Order that has been entered in this case.

8.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent that they seek documents that are cumulative and duplicative of those requested from, related to, or in the custody and control of another party, on the ground that such requests are unreasonably cumulative, duplicative and are obtainable from another source that is more convenient, less burdensome, or less expensive, as prohibited by Federal Rule of Civil Procedure 26(b)(2)(C)(i).

9.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent they seek *all* documents related to a request, as overbroad and unduly burdensome. Defendants agree to conduct a reasonable search.

10.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests to the extent they seek documents from before January 2000 and/or after May 2007, as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such responsive documents from January 2000 through May 2007 as can be located after a reasonable search.

11.     Defendants object to each one of Plaintiffs' definitions, instructions, and/or requests to the extent that they seek documents unrelated to sales of Marine Hose which was imported into or exported from the United States.

12.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests, including but not limited to, Instructions G and H, to the extent they seek information regarding lost, destroyed or missing documents, on the grounds that it is unduly burdensome and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure.

13.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests, including but not limited to, Instruction I, to the extent that it is overbroad, unduly burdensome or seeks to impose a burden beyond that required by the Federal Rule of Civil Procedure 26(b)(5)(A).

14.     Defendants object to each of Plaintiffs' definitions, instructions, and/or requests, including, but not limited to, Instruction K, to the extent Plaintiffs purport to require production of documents in multiple forms, on the grounds that this instruction is unduly burdensome and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure Rule, including but not limited to Rule 34(b)(2)(E)(iii). Defendants will produce documents in one form only, either in electronic format or in hard copy. Defendants further object to Instruction K

to the extent Plaintiffs purport to require a specific production method. To the extent Defendants produce materials collected electronically, they will do so by producing them in tiff or PDF format.

15.     Defendants object to the definition of the term "Marine Hose," as set forth in Definition O and applied throughout the Request, as vague, ambiguous and overbroad, and seeks documents that are not relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence with respect to any such claim or defense.

16.     Any inadvertent production of any document shall not constitute a waiver of any of Defendants' rights or privileges, and Defendants reserve their rights to demand and obtain the return of any such document and all copies thereof. If the production of any document is deemed to be a waiver of any right or privilege, the waiver shall be a limited waiver pertaining to that document only.

17.     Defendants make these responses without waiving their right: (a) to object to the use of any documents produced by Defendants; (b) to object to further discovery related to subject matters encompassed within Plaintiffs' requests; (c) to supplement their objections in the event additional pretrial preparation results in the discovery of additional grounds for such objections; or (d) to revise, correct, add to, clarify, or supplement their responses or production of documents.

# SPECIFIC OBJECTIONS

Each of Defendants' general objections are incorporated by reference into each of the responses set forth below and will not be repeated unless necessary for clarification.

**Document Request No. 1.**   For each year during the relevant time period, all organizational charts or other documents sufficient to show your corporate structure or organization, including any division, department, unit, subdivision, joint venture, affiliate or other sub-unit of your company that has or had any role relating in any way to Marine Hose.

**Response No. 1.**   Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 2.**   All personnel directories, organizational charts or other documents sufficient to identify all persons in your company who had any managerial or supervisory responsibility relating in any way to Marine Hose.

**Response No. 2.**   Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 3.**   Documents sufficient to identify purchasers of Marine Hose from You.

**Response No. 3.**   Defendants object to this request to the extent it seeks documents that are not related to purchasers of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States purchaser" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 4.** All documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or employee who had any responsibility relating in any way to Marine Hose, because of any communications (or refusal to communicate) or knowledge of communications with any Individual or Entity Defendant or any other manufacturer of Marine Hose regarding Marine Hose.

**Response No. 4.** Defendants object to this request to the extent that it seeks documents after May 2007. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 5.** For each of your employees who has or had any responsibility for or participation in recommending, reviewing, setting, or approving prices, price increase announcements, bids or quotes for the sale of Marine Hose, produce:

      (a) all copies of electronic and manual diaries, calendars, appointment books or appointment notes;

      (b) all copies of trip and travel logs, records or other supporting documents;

      (c) all copies of expense reports or other supporting documents;

      (d) all copies of telephone number logs, address books, phone directories, notebooks, contact lists, Rolodex cards and related memoranda;

      (e) all bills, statements, records, and supporting documents concerning telephone calls, e-mails or text messages by such employees;

      (f) all documents relating to membership in any trade association or industry group; and

      (g) the complete personnel file for these employees.

**Response No. 5.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 6.** All documents relating to Marine Hose that you have provided to, were seized by, or received from, any governmental agency or legislative body or representative, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department

> of Defense's Office of Inspector General, any other law enforcement agency of any state, any federal or state grand jury, and committee of the United States Congress, and any agency or representative body of any state or other political subdivision, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission.

**Response No. 6.**   Defendants object to this request to the extent that it seeks production of

confidential information that has been provided to a grand jury. Defendants further object to this

request to the extent that it seeks production of confidential information submitted to foreign

regulatory bodies and enforcement agencies, including without limitation the Office of Fair

Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission. *See,*

*e.g., In re Methionine Antitrust Litig.*, MDL No. 00-1311 CRB (N.D. Cal. June 17, 2002).

Subject to and without waiving any objection, Defendants will produce such documents given to

the U.S. Department of Justice as can be located after a reasonable search.

> **Document Request No. 7.**   All transcripts, notes, summaries, statements or other documents relating to Marine Hose and reflecting any testimony provided before or statements made to any federal or state grand jury or any federal or state law enforcement authority, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any federal or state grand jury, and committee of the United States Congress, and any agency or representative body of any state or other political subdivision, or any investigatory body outside the United States, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission about Marine Hose.

**Response No. 7.**   Defendants object to this request to the extent that it seeks documents after

May 2007. Defendants further object to this request on the grounds that it seeks confidential

communications protected by attorney work product and attorney client privilege and to the

extent that it seeks production of confidential information that has been provided to a grand jury.

Defendants object to this request to the extent that it seeks production of confidential information

submitted to foreign regulatory bodies and enforcement agencies, including without limitation the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission. *See, e.g., In re Methionine Antitrust Litig.*, MDL No. 00-1311 CRB (N.D. Cal. June 17, 2002).

> **Document Request No. 8.** All documents provided to, received from, or relating to any of the Named Plaintiffs.

**Response No. 8.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 9.** All of your financial statements relating to sales, costs, market share, competitors and profits for Marine Hose.

**Response No. 9.** Defendants object to this request to the extent it seeks documents that are not related to sales and profits of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 10.** All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to Marine Hose.

**Response No. 10.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 11.** All reports, studies, memoranda, or written communications relating to the production, manufacture, distribution, marketing, pricing, bidding, customers or sale of Marine Hose.

**Response No. 11.** Defendants object to this request to the extent it seeks documents which are not related to Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the

definition of a "United States sale" under applicable law, Defendants will produce such

documents as can be located after a reasonable search.

**Document Request No. 12.** All documents relating to any of the following with respect to Marine Hose, including without limitation, any documents relating to any communication between you and any other Defendant or other manufacturer of Marine Hose:

(a)     any actual, proposed, or prospective price announcements, price changes, or price lists, including without limitation, all documents regarding discounts or rebates, the elimination of discounts or rebates, or the offering of free product to customers issued by you or any other Entity Defendant or manufacturer of Marine Hose;

(b)     any actual, proposed, or prospective quotes, bids, or bid announcements issued by you or any other Entity Defendant or manufacturer of Marine Hose;

(c)     any actual, proposed, or prospective pricing methods, practices, policies, guidelines or strategies relating to pricing created by you or any other Entity Defendant or manufacturer of Marine Hose;

(d)     any guidelines or procedures for sales personnel to request or obtain price concessions or discounts from list price;

(e)     any actual, proposed, or prospective bidding methods, practices, policies, guidelines or strategies created by you or any other Entity Defendant or manufacturer of Marine Hose;

(f)     any actual, proposed, or prospective marketing methods, practices, policies or strategies created by you or any other Entity Defendant or manufacturer of Marine Hose;

(g)     any actual, proposed, or prospective contracts for the purchase or sale of Marine Hose;

(h)     any actual, proposed, or prospective method, practice, policy or strategy to use for gaining or maintaining market share or customers for Marine Hose;

(i)     any comparison of your prices, price lists, or price schedules with the prices, price lists, or price schedules of any other Defendant or manufacturer of Marine Hose;

(j)     any comparison of your Marine Hose products with the Marine Hose products of any other Entity Defendant or manufacturer of Marine Hose;

(k)     sources and costs of raw materials and production of Marine Hose, including without limitation, labor costs and costs of the plants, machines and tools used to produce Marine Hose;

(l)     substitutes for Marine Hose;

(m)     production capacity, including without limitation rated capacity, production capacity utilization and changes in production capacity, and any actions or prospective actions to reduce capacity or capacity utilization;

(n)     sales volume;

(o)     any complete or partial closing or temporary shut-down of any plants or any other actual or proposed act or conduct that could have the effect of reducing output of Marine Hose;

(p)     imports into the United States of Marine Hose;

(q)     terms and conditions of purchase or sale of Marine Hose;

(r)     supply and demand of Marine Hose, including any changes in supply and demand;

(s)     territories or markets for sales or potential sales of Marine Hose; or

(t)     product brochures for Marine Hose.

**Response No. 12.**  Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents that are not related to Marine Hose that was imported into or exported from the United States.  Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 13.** All electronically stored information reflecting a complete or partial compilation of the names, telephone numbers, addresses, or last known addresses of direct purchasers of Marine Hose. To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 13.** Defendants object to this request to the extent it seeks documents that are not related to purchasers of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States purchaser" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 14.** All electronically stored information reflecting the gross price and actual net price charged by you for Marine Hose for each day, month and year during the relevant time period. To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 14.** Defendants object to this request on the grounds that it is overly broad and unduly burdensome in requesting cumulative information (*e.g.*, information by day, month, *and* year). Defendants further object to this request to the extent it seeks documents that are not related to the price of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 15.** All electronically stored information reflecting sales or potential sales of Marine Hose to each customer for each day, month and year during the relevant time period, including without limitation, the date, dollar amount, customer, product and/or grade of product sold, volume sold, unit price and/or other pricing information, transportation and/or shipping charges, any other charges or surcharges, and any other terms and conditions of the sales. To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 15.** Defendants object to this request on the grounds that it is overly broad and unduly burdensome in requesting cumulative information (*e.g.*, information by day, month, *and* year). Defendants further object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 16.** All electronically stored information relating to discounts, rebates, credits, or any other reductions from list prices or announced prices relating to the sale of Marine Hose. To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 16.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 17.** All electronically stored information reflecting your costs of manufacturing Marine Hose, for each day, month and year during the relevant time period, including without limitation, raw material costs, marketing costs, operating costs, transportation costs, storage costs, environmental costs, tariffs or taxes. To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 17.** Defendants object to this request on the grounds that it is overly broad and unduly burdensome in requesting cumulative information (*e.g.*, information by day, month, *and* year). Defendants further object to this request to the extent it seeks documents that are not related to cost of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 18.** All electronically stored information reflecting:

(a)     your total production and inventory of Marine Hose for each day, month and year for each year during the relevant time period; and

(b)     the utilization of your capacity to manufacture Marine Hose.

To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 18.** Defendants object to this request on the grounds that it is overly broad and unduly burdensome in requesting cumulative information (*e.g.*, information by day, month, *and* year). Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 19.** Documents sufficient to explain the record layout, field codes, and other codes or descriptions contained in or the operation of any

equipment or software utilized by you to maintain, read, or utilize, electronically stored information produced pursuant to these discovery requests, including without limitation, all documentation or programs necessary to run the equipment or software.

**Response No. 19.**  Defendants object to this request on the grounds that it is unduly burdensome and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 20.**  All electronically stored information regarding bids for Marine Hose sales.  To the extent such data is not available in electronic form, you should produce the data in hard copy.

**Response No. 20.**  Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 21.**  Documents sufficient to describe all electronic data processing systems, programs and outputs from them which were used by you during the relevant time period to record, store, compute, analyze or retrieve any electronically stored information relating to pricing, production, distribution or sale of Marine Hose.

**Response No. 21.**  Defendants object to this request on the grounds that it is unduly burdensome and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States.  Subject to and without waiving any objection, and without conceding or admitting anything regarding the

definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 22.** Documents sufficient to describe how Marine Hose is made.

**Response No. 22.** Defendants object to this request on the grounds that it is unduly burdensome and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 23.** Documents sufficient to identify or describe the classes, types, grades or categories of your Marine Hose, and their respective uses.

**Response No. 23.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 24.** All documents that set forth any industry standards relating to the manufacture, marketing or sale of Marine Hose.

**Response No. 24.** Defendants object to this request on the grounds that it seeks information that is publicly available to Plaintiffs. Defendants further object to this request to the extent it seeks documents that are not related to the sale of Marine Hose that was imported into or exported

from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 25.** All trade publications, reports, journals, bulletins and papers that relate to the manufacture, pricing, marketing, sale, purchasers, or distribution of Marine Hose.

**Response No. 25.** Defendants object to this request on the grounds that it seeks information that is publicly available to Plaintiffs. Defendants further object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 26.** Documents sufficient to identify all raw materials used to produce Marine Hose that you manufacture or manufactured, and the source and cost of those raw materials.

**Response No. 26.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 27.** Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of Marine Hose among you and any other Defendant or producer of Marine Hose.

**Response No. 27.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 28.** Documents sufficient to show your inventory levels of Marine Hose (by type, grade or category, if applicable) for each month, quarter, calendar year or fiscal year of the relevant period.

**Response No. 28.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 29.** All documents relating to any agreement or understanding relating to the production, manufacture, distribution, marketing, pricing, bidding, customers or sale of Marine Hose, between or among any Defendants or any other manufacturers of Marine Hose, including without limitation, agreements or understandings made or entered by you.

**Response No. 29.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 30.** All documents relating to the negotiation, formation, operation, or termination of any joint venture, production, purchasing or marketing agreement with any other entity that relates to the production, distribution, sale or marketing of Marine Hose.

**Response No. 30.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States.

Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 31.** Any public statements, announcements, or press releases issued by you or any other Defendant or other manufacturer of Marine Hose relating to the production, manufacture, distribution, marketing, pricing or sale of Marine Hose.

**Response No. 31.** Defendants object to this request on the grounds that it seeks information that is publicly available to Plaintiffs and in the possession of other Defendants. Defendants further object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 32.** All documents relating to any trade association whose membership includes any producer, manufacturer, distributor, seller or purchaser of Marine Hose, including without limitation, agendas, minutes, notes, attendance lists, expense reports, handouts, or correspondence.

**Response No. 32.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks

information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 33.** All documents relating to any statistical information submitted to or received from any trade association relating to Marine Hose.

**Response No. 33.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

> **Document Request No. 34.** All documents relating to, provided to, or received from defendant Peter Whittle and/or PW Consulting (Oil and Marine) Ltd.

**Response No. 34.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 35.** All documents relating to any payments you made to or received from Peter Whittle and/or PW Consulting (Oil and Marine) Ltd.

**Response No. 35.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 36.** All documents relating to meetings attended by you and any other Defendant or manufacturer of Marine Hose at which meeting there was any communication concerning the production, manufacture, distribution, marketing, pricing, bidding, customers, output or sale of Marine Hose, including without limitation:
>
> (a)   Any meeting held in Bangkok, Thailand in December, 2000;
>
> (b)   Any meeting held in Key Largo, Florida in June, 2001;
>
> (c)   Any meeting held in London, England, in July, 2002; and

(d)      Any meeting held in Houston, Texas, in May, 2007.

**Response No. 36.**  Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 37.**  All documents relating to communications between you and any other Defendant or other manufacturer of Marine Hose, concerning the production, manufacture, distribution, marketing, pricing, bidding, customers, output or sale of Marine Hose.

**Response No. 37.**  Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

> **Document Request No. 38.**  All documents relating to any planned, pending, or executed purchases or acquisitions of, or mergers or joint ventures with, any other manufacturer of Marine Hose.

**Response No. 38.**  Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure.  Defendants further object to this request on the grounds that it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it seeks documents after May 2007.

> **Document Request No. 39.**  All documents relating to any actions by you to conceal or avoid detection by customers, law enforcement agents, or others, of communications, understandings, or agreements between you and any other Defendant or other manufacturer of Marine Hose (or its employees or agents), regarding the production, manufacture, distribution, marketing, pricing, bidding, customers, or sale of Marine Hose, including without limitation all documents referring to any Entity Defendant by a code name (*e.g.*, "B1", "B2") and all documents referring to "the club" or the "Technical Committee – Marine Hose."

**Response No. 39.**  Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 40.** All documents relating to communication to or from your customers for Marine Hose, concerning any actual, proposed, or prospective prices, price changes, bids, or terms or conditions of the purchase or sale of Marine Hose.

**Response No. 40.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 41.** All documents relating to your policies or practices directed to compliance with antitrust or competition laws, including without limitation, any statements signed by your employees with pricing, sales, or marketing responsibility for Marine Hose acknowledging their receipt of, and compliance with, your antitrust compliance policy.

**Response No. 41.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 42.** All documents of any other Entity Defendant or other manufacturer of Marine Hose in your possession.

**Response No. 42.** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks to impose a burden beyond that required by the Federal Rules of Civil Procedure. Defendants further object to this request to the extent it seeks information not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. Defendants assert that Plaintiffs should seek documents of other Entity Defendants or other manufacturers of Marine Hose directly from those Entity Defendants or manufacturers.

**Document Request No. 43.** All documents relating to your policy or practice regarding the retention, destruction, disposal, or preservation of documents, and,

if such policy or practice has been different with respect to any category of documents or over different times, documents sufficient to identify each such category or time period and to describe your retention policy or practice with respect to each such category or time period.

**Response No. 43.** Subject to and without waiving any objection, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 44.** If you are a wholly-owned or partially-owned subsidiary, division or affiliate of any other entity, all documents sufficient to identify that entity and the percentage of your stock or assets owned or controlled by that entity, as well as any documents that constitute, refer, or relate to any correspondence or communication with any parent, subsidiary or affiliate regarding the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose.

**Response No. 44.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything regarding the definition of a "United States sale" under applicable law, Defendants will produce such documents as can be located after a reasonable search.

**Document Request No. 45.** If you wholly or partially own any subsidiary corporation, division, or affiliate that is engaged in the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose, all documents sufficient to identify the subsidiary, division, or affiliate, the business in which it is engaged, its principal place of business, the percentage of its stock or assets that you own or control, as well as all documents that constitute, refer or relate to any correspondence or communication with any subsidiary, division or affiliate regarding the production, sale, marketing, distribution, bidding, prices or customers of Marine Hose.

**Response No. 45.** Defendants object to this request to the extent it seeks documents that are not related to sales of Marine Hose that was imported into or exported from the United States. Subject to and without waiving any objection, and without conceding or admitting anything

regarding the definition of a "United States sale" under applicable law, Defendants will produce

such documents as can be located after a reasonable search.

> **Document Request No. 46.** All documents relating to any joint defense, contribution, or judgment sharing agreement that you or others have entered into in connection with any investigation or litigation involving the production, sale or marketing of Marine Hose.

**Response No. 46.** Defendants object to this request to the extent that it seeks documents after

May 2007 and documents protected by attorney-client privilege.

> **Document Request No. 47.** All documents identified in your response to Interrogatory No. 9 of the First Set of Interrogatories Directed to Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries SpA.

**Response No. 47.** Subject to and without waiving any objection, Defendants will produce such

documents as can be located after a reasonable search.

Dated: November 10, 2008

Respectfully submitted,

Alan G. Greer (Florida Bar No. 123294)
agreer@richmangreer.com
Lyle E. Shapiro (Florida Bar No. 0120324)
lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Robert M. Osgood
Fern Mechlowitz
Sullivan & Cromwell LLP
1 New Fetter Lane
London EC4A 1AN
England
Phone: 44-20-7959-8900
Fax: 44-20-7959-8950

*Attorneys for Manuli Oil & Marine (U.S.A.), Inc. and Manuli Rubber Industries S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2008, the foregoing document was served on all

counsel of record or pro se parties identified on the attached Service List in the manner specified.

_____

LYLE E. SHAPIRO

Service List

| VIA EMAIL AND MAIL: | VIA MAIL: |
|---|---|
| Gregory P. Hansel, Esq.<br>ghansel@preti.com<br>James C. Bush, Esq.<br>jbush@preti.com<br>Patrick N. Strawbridge, Esq.<br>pstrawbridge@preti.com<br>Randall B. Weill, Esq.<br>rweill@preti.com<br>Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center, P.O. Box 9546<br>Portland, ME 04112-9546<br>Telephone: (207) 791-3000 | Ann-Marie Luciano<br>lucianoa@dsmo.com<br>Christopher Fitzgerald Branch<br>branchc@dicksteinshapiro.com<br>James R. Martin<br>martinj@dicksteinshapiro.com<br>R. Bruce Holcomb<br>holcombb@dicksteinshapiro.com<br>Dickstein Shapiro, LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202) 572-2200<br>Counsel for Bryan Allison, David<br>Brummer, and Dunlop Oil & Marine |
| Bruce Gerstein, Esq.<br>bgerstein@garwingerstein.com<br>Barry Taus, Esq.<br>btaus@garwingerstein.com<br>Noah H. Silverman, Esq.<br>nsilverman@garwingerstein.com<br>Garwin, Gerstain & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Telephone: (212) 398-0055 | VIA MAIL:<br>Jeffrey Bruce Crockett, Esq.<br>jcrockett@coffeyburlington.com<br>Coffey Burlington<br>Penthouse<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone (305) 858-2900<br>Fax: (305) 858-5261<br>Counsel for Misao Hioki |
| M. Stephen Dampier<br>sdampier@vickersriis.com<br>Vickers, Riis, Murray and Curran, LLC<br>106 St. Francis Street, Suite 1100<br>P.O. Drawer<br>Mobile, AL 36652-2568<br>Telephone: (251) 432-9772<br>Fax: (251) 432-9781 | VIA MAIL:<br>Christopher T. Casamassima, Esq.<br>ccasamassima@kirkland.com<br>Kirkland & Ellis<br>777 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Telephone: (213) 680-8400<br>Counsel for Misao Hioki |
| Hollis Lee Salzman, Esq.<br>hsalzman@labaton.com<br>Labaton Sucharow, LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0717<br>Fax: (212) 883-7017<br>Attorneys for Plaintiffs | |

| | |
|---|---|
| **VIA MAIL:**<br>**Richard Aldo Serafini, Esq.**<br>serafinir@gtlaw.com<br>Greenberg Traurig<br>401 E. Las Olas Blvd., Suite 2000<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 768-8256<br>Fax: (954) 765-1477<br>**Counsel for Dunlop Oil & Marine LTD** | **VIA MAIL:**<br>**James H. Mutchnik, Esq.**<br>mutchnick@kirkland.com<br>Kirkland & Ellis<br>200 E. Randolph Drive, Suite 6048<br>Chicago, IL 60601<br>Telephone: 312 861-2350<br>Fax: 312 861-2200<br>**Counsel for Misao Hioki** |
| **VIA MAIL:**<br>**Alain E. Boileau, Esq.**<br>aeb@adorno.com<br>**Robert Hunt Schwartz, Esq.**<br>rhs@adorno.com<br>Adorno & Yoss<br>888 SE 3rd Avenue, Suite 500<br>Ft. Lauderdale, FL 33335-9002<br>Telephone: (954)523-5885<br>Fax: (954) 760-9531<br>**Counsel for Bridgestone Industrial Products America, Inc.** | **VIA MAIL:**<br>**John M. Marjoras, Esq.**<br>jmmajoras@jonesday.com<br>**Carmen G. McLean, Esq.**<br>cgmclean@jonesday.com<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, DC 20001-2113<br>Telephone: (202) 879-3939<br>Fax: (202) 626-1700<br>**Counsel for Parker-Hannifin Corporation** |
| **VIA MAIL:**<br>**Harold Donnelly, Esq.**<br>donnelly77@comcast.net<br>**Hal D. Hardin, Esq.**<br>halhardin@aol.com<br>211 Union Street, Suite 200<br>Nashville, TN 37201<br>Telephone: (615) 620-3277<br>Fax: (615) 369-3344<br>**Counsel for Bridgestone Industrial Products America, Inc.** | **VIA MAIL:**<br>**Jennifer Seraphine, Esq.**<br>jseraphine@jonesday.com<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Fax: (415) 875-5700<br>**Counsel for Parker-Hannifin Corporation** |
| **VIA MAIL:**<br>**Peter W. Homer, Esq.**<br>**Gregory J. Trask, Esq.**<br>gtrask@homerbonnerlaw.com<br>Homer Bonner, PA<br>1441 Brickell Avenue<br>Four Seasons Tower, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 350-5100<br>Fax: (305) 372-2738<br>**Counsel for Bridgestone Corporation** | |

| | |
|---|---|
| **VIA MAIL:**<br>Jennifer Marie Driscoll, Esq.<br>jdriscoll@mayerbrown.com<br>Donald C. Klawiter<br>dklawiter@mayerbrown.com<br>Mayer Brown LLP<br>1909 K. Street NW<br>Washington, DC 20006<br>Telephone: (202) 263-3860<br>Fax: (202) 762-4252<br>**Counsel for Christian Caleca**<br><br>**VIA MAIL:**<br>Michael Abram Rosen, Esq.<br>mrosen@frc-law.com<br>Fowler Rodriguez LLP<br>355 Alhambra Circle, Suite 801<br>Coral Gables, FL 33134<br>Fax: Telephone: (786) 364-8400<br>Fax: (786) 364-8401<br>**Counsel for Christian Caleca**<br><br>**VIA MAIL:**<br>Robert Mark Brochin, Esq.<br>rbrochin@morganlewis.com<br>Morgan Lewis & Bockius<br>200 S. Biscayne Blvd.<br>Suite 5300<br>Miami, FL 33131-2339<br>Telephone: (305) 415 3456<br>Fax: (305) 415-3001<br>**Counsel for Christian Caleca** | **VIA MAIL:**<br>Paul M. Alfieri, Esq.<br>paul.alfieri@linklaters.com<br>Joseph P. Armao, Esq.<br>joseph.armao@linklaters.com<br>Robert H. Bell, Esq.<br>robert.bell@linklaters.com<br>Danielle Randazzo, Esq.<br>danielle.randazzo@linklaters.com<br>Benjamin D. Singer, Esq.<br>Ben.singer@linklaters.com<br>Linklaters LLP<br>1345 Avenue of the Americas<br>New York, NY 10105<br>Telephone: (212) 903-9000<br>Fax: (212) 903-9100<br>**Counsel for Yokohama Rubber Co., LTD**<br><br>**VIA MAIL:**<br>Bryan Robert Cleveland, Esq.<br>bcleveland@ghblaw.com<br>Gilbride Heller & Brown<br>2 South Biscayne Blvd.<br>One Biscayne Tower, 15th Floor<br>Miami, FL 33131<br>Telephone: (305) 358-3580<br>Fax: (305) 374-1756<br>**Counsel for Yokohama Rubber Co., LTD**<br><br>**VIA MAIL:**<br>Walter M. Berger, Esq.<br>bergerc@howrey.com<br>Howrey LLP<br>111 Louisiana, 25th Floor<br>Houston, TX 77002-5242<br>Telephone: (202) 333-6517<br>**Counsel for Trelleborg Industrie SA** |

| | |
|---|---|
| **VIA MAIL:**<br>Diana J. Pomeranz, Esq.<br>dpomeranz@kslaw.com<br>James M. Griffin, Esq.<br>jgriffin@kslaw.com<br>Kevin R. Sullivan, Esq.<br>ksullivan@kslaw.com<br>Susan D. Inman, Esq.<br>sinman@kslaw.com<br>King & Spalding LLP<br>1700 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 626-5540<br>**Counsel for Vanni Scodeggio**<br><br>**VIA MAIL:**<br>David Oscar Markus, Esq.<br>dmarkus@markuslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379-6667<br>Fax: 305-379-6668<br>**Counsel for Francesco Scaglia**<br><br>**VIA MAIL:**<br>Jeffrey A. Kimmel<br>jkimmel@meisterseelig.com<br>Meister Seelig & Fein LLP<br>2 Grand Central Tower 19th Floor<br>140 E 45th Street<br>New York, NY 10017<br>Telephone: (212) 655-3578<br>**Counsel for Bridgestone Industrial<br>Products America, Inc.**<br><br>**VIA MAIL:**<br>Daniel A. Lurvey, Esquire<br>lurveylaw@aol.com<br>Lyons & Lurvey, P.A.<br>1200 Brickell Avenue<br>Suite 1620<br>Miami, Florida 33131<br>Telephone (305) 379-5554<br>**Counsel for Jacques Cognard** | **VIA MAIL:**<br>James G. Kress, Esq.<br>kressj@howrey.com<br>Roxann E. Henry, Esq.<br>henryr@howrey.com<br>Richard E. DiZinno, Esq.<br>dizinno@howrey.com<br>Christina Guerola Sarchio, Esq.<br>sarchiochristina@howrey.com<br>Howrey LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2402<br>**Counsel for Trelleborg Industrie SA**<br><br>**VIA MAIL:**<br>Benedict P. Kuehne, Esq.<br>ben.kuehne@kuehnelaw.com<br>Susan Dmitrovshy, Esq.<br>dmitrovsky@sk-lawyers.com<br>Benedict P. Kuehne, PA<br>100 SE 2nd Street, Suite 3550<br>Miami, FL 33131-2154<br>Telephone: (305) 789-5989<br>Fax: (305) 789-5987<br>**Counsel for Trelleborg Industrie SA**<br><br>**VIA MAIL:**<br>R. Bruce Holcomb, Esq.<br>holcombb@dicksteinshapiro.com<br>James R. Martin, Esq.<br>martinj@dicksteinshapiro.com<br>Christopher Fitzgerald Branch, Esq.<br>branchc@dicksteinshapiro.com<br>Dickstein Shapiro, LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202) 420-2200<br>**Counsel for Dunlop Oil & Marine** |

| | |
|---|---|
| **VIA MAIL:**<br>M. Daniel Hughes<br>lawmdh@aol.com<br>3000 N Federal Highway<br>Fort Lauderdale , FL 33306<br>954-566-3390<br>Fax: 561-1244<br>Email<br>**Counsel for Robert Furness**<br><br>**VIA MAIL:**<br>**Jeffrey Eric Foreman**<br>jforeman@mflegal.com<br>**Catherine J. MacIvor**<br>cmacivor@mflegal.com<br>Maltzman Foreman PA<br>2 S Biscayne Boulevard<br>Suite 2300 One Biscayne Tower<br>Miami , FL 33131-1803<br>305-358-6555<br>Fax: 374-9077<br>Email:<br>**Counsel for Charles Gillespie**<br><br>**VIA MAIL:**<br>**Gerald Edward Greenberg, Esq.**<br>ggreenberg@swmwas.com<br>**Jay Brian Shapiro, Esq.**<br>jshapiro@swmwas.com<br>Stearns Weaver Miller Weissler, et al.<br>Museum Tower<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 789-3200<br>Fax: (305) 789-3395<br>**Counsel for Francesco Scaglia** | **VIA MAIL:**<br>**Marc David Seitles, Esq.**<br>mseitles@seitleslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379- 6667<br>Fax: (305) 379-6668<br>**Counsel for Vanni Scodeggio**<br>**Jeffrey Allan Sudduth, Esq.**<br>jsudduth@lpflaw.com<br>Legon Ponce & Fodiman, PA<br>1111 Brickell Avenue, Suite 2150<br>Miami, FL 33131<br>Telephone: (305) 444-9991<br>Fax: (305) 444-9937<br>**Counsel for Parker Hannafin Corp**<br><br>**VIA MAIL:**<br>**Lisa Zeiler Joiner**<br>ljoiner@fulbright.com<br>Fulbright & Jaworski LLP<br>801 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2623<br>Telephone: (202) 662-0200<br>**Counsel for Jacques Cognard**<br><br>**VIA MAIL:**<br>**Alison Smith**<br>alison.smith@haynesboone.com<br>Haynes & Boone LLP<br>One Houston Center Suite 2100<br>1221 McKinney Street<br>Houston , TX 77010<br>Telephone: (713)547-2673<br>**Counsel for Charles Gillespie** |

**EXHIBIT E**

**TO**

**PLAINTIFFS' MOTION TO COMPEL MANULI OIL & MARINE (U.S.A.) INC. and MANULI RUBBER INDUSTRIES SPA TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS**

# PretiFlaherty

GREGORY P. HANSEL
ghansel@preti.com
Direct Dial: 207-791-3232

December 4, 2008

**Via 1st Class and E-Mail**

Robert M. Osgood, Esquire
Sullivan & Cromwell
One New Fetter Lane
London, EC4A-1AN
England

> RE:  **Marine Hose Antitrust Litigation**
>  **Master Docket No.: 08-MDL-1888**

Dear Mr. Osgood:

Plaintiffs have finished their initial review of your client's Objections and Responses to their First Set of Requests for Production of Documents and Things and Interrogatories (dated October 6, 2008). Please consider this letter a part of our "meet and confer" requirement, as well as a request for your client to amend and/or supplement its Responses to the following:

## INTERROGATORIES

Interrogatory No. 4 asked for the identity of all persons who provided testimony or statements to governmental authorities relating to the underlying criminal charges regarding price fixing. Your Response includes one "present" employee of MRI only, but does not indicate whether there are any former employees that provided testimony and/or statements or whether any present or former employee of Manuli Oil & Marine (USA) Inc. did as well. Please supplement your Response to include this information. If there are no additional present or former employees who provided testimony and/or statements, please amend your Response to indicate as such.

Interrogatory No. 7 instructs your client to identify all communications, agreements or understandings related to the production, manufacture, distribution, marketing, pricing, bids, customers or sale of marine hose, between or among your client and any Entity or Individual Defendant or any other manufacturer of Marine Hose. Your Response states that the requested information can be ascertained by reviewing Defendants' document production.

Federal Rule of Civil Procedure 33(d)(1) mandates that your client must specify the records that must be reviewed in sufficient detail so as to enable Plaintiffs to locate and identify them as readily as your client could. *See* Fed. R. Civ. P. 33(d)(1). *See also* Instruction No. 5. Your blanket statement noted above does not comply with the Rule's requirements. Please

**Preti Flaherty Beliveau & Pachios LLP**    Attorneys at Law
1399964.1
One City Center | Portland, ME 04101 | TEL 207.791.3000 | FAX 207.791.3111 | Mailing address: P.O. Box 9546 | Portland, ME 04112

Augusta      Boston      Concord      Portland                                                        www.preti.com



supplement your Response to indicate the specific records—preferably via Bates numbers as you did in Response Nos. 3 and 6—that Plaintiffs must review.

Interrogatory No. 8 instructs you to identify all meetings attended by your client and any other Individual or Entity Defendant or other manufacturer of Marine Hose at which meeting there was any communication concerning production, manufacture, distribution, marketing, pricing, bidding, customers, or sale of Marine Hose. Your Response states that the requested information can be ascertained by reviewing Defendants' document production. Again, and per Rule 33(d)(1) as well as Instruction No. 5., please supplement your Response to indicate the specific records Plaintiffs must review.

Interrogatory No. 9 instructs you to provide the factual basis for asserting each of your client's Affirmative Defenses in your Answer to Plaintiffs' First Amended Consolidated Class Action Complaint. Your Response states that the requested information can be ascertained by reviewing Defendants' document production. This is inadequate. Per Rule 33(d)(1) as well as Instruction No. 5., please supplement your Response to indicate the specific records Plaintiffs must review.

Please supplement your Responses to the foregoing Interrogatories within 15 days.

## DOCUMENT REQUESTS

### A. Instructions.

Plaintiffs' First Set of Requests for Documents and Things instructs your client to produce documents from January 1, 1984 through the date of the Requests (October 6, 2008) (*i.e.*, the "relevant time period"). Your General Objection No. 10, however, notes that your client will only produce documents "from January 2000 through May 2007." No specific reason is given other than your general contention that Plaintiffs' Instruction is "overbroad" and "unduly burdensome."

As you are no doubt aware, Plaintiffs' First Amended Consolidated Class Action Complaint alleges that the Defendants, including your client, began fixing prices in the Marine Hose industry "at least as early as 1985" and allege a class period of January 1, 1985 through March 24, 2008. *See* Plaintiffs' First Amended Consolidated Class Action Complaint at ¶ 1. Moreover, it is now abundantly clear that Manuli participated in the cartel prior to 1993 – indeed, throughout the 1980s and early 1990s, and probably before. This fact was testified to in some detail by government witnesses Robert Furness, former president of Manuli U.S.A., and Peter Whittle, the cartel's coordinator, during the recent criminal trials of Manuli employees Francisco Scaglia and Val Northcutt on charges of participating in the conspiracy.

Accordingly. the instruction related to the relevant time period is both warranted and relevant. Your client's objection to this instruction is unfounded, especially in view of the fact that your objection lacks any indicia of specificity. *See, e.g., Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003) ("The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, [the] question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). Please instruct your client to produce documents responsive to each request for the relevant time period alleged by Plaintiffs. If your client does not have documents prior to January 2000, please instruct your client to comply with Instructions G and H of Plaintiffs' Requests.

## B. Document Requests.

Request No. 6 requires the production of all documents relating to Marine Hose that you have provided to, or that were seized by or received from, any government agency or legislative body or representative, including without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any other law enforcement agency of any state, any federal or state grand jury, and committee of the United States Congress, and any agency or representative body of any state or other political subdivision, or any investigatory body outside the United States, including without limitation the Office of Fair Trade in the U.K., the European Commission, and the Japanese Fair Trade Commission.

Your objection to the production of this material on the ground that it is confidential information provided to a grand jury is without basis. As the *Manual for Complex Litigation* (Third), Federal Judicial Center 1995, states:

The production to a grand jury of otherwise discoverable material does not, however, entitle it to Rule 6 protection. Copies made by a person of material produced to a grand jury are subject to discovery.

*Manual*, p. 100. Moreover, material submitted to foreign investigative bodies is not protected from discovery for similar reasons. *See In re: Plastics Additives Antitrust Litigation*, 2004 U.S. Dist. LEXIS 23989, *41. Please provide the documents requested.

Request No. 7 seeks all transcripts, notes, summaries, statements or other documents relating to Marine Hose and reflecting any testimony provided before or statements made to any federal or state grand jury or any federal or state law enforcement authority, including, without limitation, the Federal Trade Commission, the Federal Bureau of Investigation, the United States Department of Justice, the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General, any Committee of the United States Congress, any agency or representative body of any state or other political sub-division, or any investigatory

1399964.1

body outside of the United States, including without limitation, the Office of Fair Trading in the UK, the European Commission, and the Japanese Fair Trade Commission about Marine Hose.

In response, Manuli has objected to documents dated after May 2007. There is no basis for this objection. Instruction A clearly states that your response should include responsive documents from January 1, 1984 through the date of these requests (October 8, 2008). Such information is well within the scope of discovery under Rule 26 as it is reasonably calculated to lead to the discovery of admissible evidence. In addition, your objection to producing documents provided to a grand jury is without basis for the reasons stated above in connection with Request No. 6. As to your privilege claims, Local Rule 26.1(G)(3)(b)(ii) specifies the information must be provided in a privilege log when asserting a claim to privilege. Please provide a privilege log noting all of the relevant information as contained in the Local Rule.

Request No. 33 seeks all documents related to any statistical information submitted to or received from any trade association relating to Marine Hose. Your Response indicates an objection including, *inter alia*, that this Request seeks irrelevant information.

The crux of Plaintiffs' First Amended Consolidated Class Action Complaint is that the Defendants—which, again, include your client—conspired to fix the price of Marine Hose in the United States beginning at least as early as 1985. The documents sought in Request No. 33 are highly relevant to Plaintiffs' claims as statistical information would indicate, *inter alia*, the total amount of Marine Hose sold by your client during the relevant time period. These documents would also indicate what price your client charged for Marine Hose during the relevant time period, as well as the total market for Marine Hose in the United States. Obviously, these facts, among others, are relevant to Plaintiffs' claims as they relate to both liability and damages. Finally, your objection does not specify how or why the Request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hammond, supra* at 672. Please provide the documents requested.

Request No. 38 sought all documents related to all planned, pending, or executed purchases or acquisitions of, or mergers or joint ventures with, any other manufacturer of Marine Hose. Your Response indicates an objection including, *inter alia*, that this Request seeks irrelevant information.

Once again, the information sought in this Request is highly relevant to Plaintiffs' claims. Documents related to any merger within the Marine Hose industry are relevant to determining, *inter alia*, the correct identify of all the Defendants, as well as each Defendants' proportionate market share. These facts are relevant to establish both liability and damages. Finally, your objection does not specify how or why the Request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hammond, supra* at 672. Please provide the documents requested.

Request No. 42 sought all documents of any other "Entity Defendant" or other manufacturer of Marine Hose in your client's possession. Your Response indicates an objection including, *inter alia*, that this Request seeks irrelevant information.

Your objection does not specify how or why the Request is irrelevant, overly broad, unduly burdensome, or unlikely to lead to the discovery of admissible evidence. *See Hammond, supra* at 672. Moreover, documents in the possession of your client related to the other Entity Defendants are directly related to Plaintiffs' allegation that your client entered into a conspiracy with other Entity Defendants to fix the price of Marine Hose in the United States. Also, documents of any Entity Defendant or other manufacturer of Marine Hose in your possession may lead to the discovery of relevant evidence, including, *inter alia*, information concerning sales data, market share, bidding practices, or Plaintiffs' damages

Finally, many of your Responses state that, "Defendants will produce such documents as can be located after a reasonable search." Since time is of the essence and to comply with Judge Graham's Scheduling Order, please let me know immediately when Plaintiffs will receive your client's documents.

Thank you for your prompt attention to the foregoing. Should you have any questions, please do not hesitate to contact me directly.

Sincerely yours,

Gregory P. Hansel

GPH/smw

1399964.1