# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 08-1888-CIV-GRAHAM/Turnoff

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Compel Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries SPA to Respond to Interrogatories and Produce Documents **[DE 343]**. This matter was referred to the undersigned by the Honorable Donald L. Graham, District Court Judge for the Southern District Court of Florida. **[DE 141]**. A hearing on this matter was held on February 6, 2009.[1] The Court has considered the oral and written arguments, the record, the applicable law, and is otherwise duly advised in the premises.

On October 6, 2008, Plaintiff Bayside Rubber & Products, Inc. ("Bayside"), served discovery requests on Defendants Manuli Oil & Marine (U.S.A.) Inc. and Manuli Rubber Industries, SpA (collectively, "Manuli"). Manuli served objections and responses on November 10, 2008.

At issue are the following interrogatories and requests to produce documents:

---

[1] Counsel for Manuli and counsel for Defendant Trelleborg Industries, S.A., appeared telephonically.

Interrogatory No. 4 sought identification of all persons who provided testimony/statements to any federal or state grand jury, law enforcement authority or foreign investigatory body. The motion is **Granted** with respect to Interrogatory No. 4 as it relates to present and former employees of Manuli.

Interrogatory No. 7 sought identification of communications/agreements related to production, manufacture, distribution, etc. of marine hose between or among Manuli and any entity or individual defendant. The undersigned accepts Manuli's representations that it will comply after conducting a reasonable search. The motion is **Granted** with respect to Interrogatory No. 7.

Interrogatory No. 8 sought identification of all meetings attended by Manuli and any other individual or defendant at which there was any communication concerning the production, manufacture, distribution, etc. of marine hose. The undersigned accepts Manuli's representations that it will comply after conducting a reasonable search and Plaintiffs' representation that it is not seeking all internal communications, just communications with outside parties. The motion is **Granted** with respect to Interrogatory No. 8.

Interrogatory No. 9 sought the factual basis for each affirmative defense asserted by Manuli, as well as the person with knowledge of such facts and any documents which refer to same. The motion is **Granted** with respect to Interrogatory No. 9.

General Objection No. 10 to Requests to Produce objected to the production of documents prior to January 2000 an/or after May 2007 as overly broad and unduly

burdensome. Manuli agreed to produce documents dating back to the beginning of the class period. The motion is **Granted** as to General Objection No. 10, but the cut-off date is May 17, 2007, the date on which the complaint was filed.

Request No. 6 sought documents relating to marine hose that Manuli provided to, were seized by, or received from any government agency, legislative body, or foreign investigatory body. Request No. 7 sought transcript notes, statements, and documents relating to marine hose and reflecting any testimony provided to any federal or state grand jury, law enforcement, or foreign investigative body. The motion is **Granted-in-part and Denied-in-part** with respect to Requests No. 6 and No. 7. They are **Granted** with respect to documents produced by Manuli to the grand jury, but **Denied** with respect to documents that Manuli produced to foreign investigatory bodies.

Request No. 33 sought documents relating to any statistical information submitted to or received from any trade association relating to marine hose. The motion is **Granted-in-part** with respect to Request No. 33. Plaintiffs must submit more specific categories of information sought both qualitatively and quantitatively.

Request No. 38 sought documents relating to any planned, pending, or executed purchases, acquisitions, mergers, or joint ventures with any other manufacturers of marine hose. The motion is **Granted** with respect to Request No. 38 to the extent Manuli is to provide documents identifying other parties they were considering regarding planned, pending, or executed mergers, acquisitions, and/or joint ventures.

Request No. 42 sought documents of any other defendants or other manufacturers

of marine hose in Manuli's possession. The motion is **Granted** with respect to Request No. 42 to the extent the documents relate to marine hose.

Unless otherwise specifically stated, Manuli has thirty (30) days to provide written responses in compliance with the terms of this Order.

As part of its Response to Plaintiffs' Motion to Compel, Manuli filed a Cross-Motion to Compel. **[DE 351]**. **PLEASE TAKE NOTICE** that Manuli's Cross-Motion to Compel is set for hearing before the undersigned on **February 26, 2009, at 2:00 p.m.**, on the 11th Floor, 301 N. Miami Avenue, Miami, FL 33128.

Both counsel for Defendant Trelleborg Industries, S.A., and counsel for Defendant Manuli moved *ore tenus* to appear telephonically at the February 26th hearing. The motion is **Granted** with respect to counsel for Trelleborg, and **Denied** with respect to counsel for Manuli.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 10 day of February 2009.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Hon. Donald L. Graham
All counsel of record