UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

IN RE MARINE HOSE ANTITRUST
LITIGATION
_____/

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

## SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff, by and through its undersigned counsel, brings this action for treble damages and costs of suit under the antitrust laws of the United States against Defendants, and complains and alleges upon information and belief, except as to those paragraphs applicable to the named Plaintiff, which are based on personal knowledge, as follows:

### NATURE OF THE CASE

1.    This lawsuit is brought as a class action on behalf of direct purchasers (other than the United States Department of Defense) of Marine Hose (defined below) who purchased Marine Hose in the United States from Entity Defendants (defined below) or their predecessors, parents, subsidiaries, or affiliates from January 1, 1985 to March 24, 2008 (the "Class Period").

2.    During the Class Period, Defendants and their co-conspirators, manufactured, sold and/or were otherwise involved in the manufacture and/or sale of Marine Hose, and contracted, combined or conspired to fix, raise, maintain or stabilize prices, rig bids and allocate markets and/or customers for Marine Hose. Because of Defendants' unlawful conduct, Plaintiff and the

137196\_3
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Class (defined below) paid artificially inflated prices for Marine Hose and as a result have suffered antitrust injury to their business or property.

## JURISDICTION AND VENUE

3.     Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages and the costs of this suit, including reasonable attorneys' fees, for injuries sustained by Plaintiff and the Class as a result of Defendants' violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, as alleged in this Consolidated Class Action Complaint ("Complaint").

4.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

5.     Venue is proper in this Judicial District pursuant to 15 U.S.C. §§ 15(a) and 22 and 28 U.S.C. § 1391(b), (c) and (d) because during the Class Period, Defendants resided, transacted business, were found, or had agents in this District, or because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and a substantial portion of the affected interstate trade and commerce described below has been carried out in this District.

6.     This Court has personal jurisdiction over each Defendant because, *inter alia,* each Defendant: (a) transacted business throughout the United States, including in this District; (b) manufactured, sold, shipped, and/or delivered substantial quantities of Marine Hose throughout the United States, including in this District; (c) had substantial contacts with the United States, including in this District; and/or (d) was engaged in an antitrust conspiracy that was directed at and had a direct, foreseeable and intended effect of causing injury to the business or property of persons residing in, located in, or doing business throughout the United States, including in this District.

2

### DEFINITIONS

7. "Person" means any individual, partnership, corporation, association or other business or legal entity.

8. "Marine Hose," as the term is used herein, means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and including ancillary products.

### PLAINTIFFS

9. At all relevant times, Plaintiff Bayside Rubber & Products, Inc. was an Alabama corporation with its principal place of business in Mobile, Alabama.

10. During the Class Period, Plaintiff purchased Marine Hose directly from one or more of the Defendants or their predecessors, parents, subsidiaries, or affiliates and suffered antitrust injury to its business or property by reason of the antitrust violations alleged herein.

### DEFENDANTS

11. Defendant Bridgestone Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.

12. Defendant Bridgestone Industrial Products America, Inc. is a Delaware corporation with its principal place of business in Nashville, Tennessee (together with Bridgestone Corporation, "Bridgestone"). It is a subsidiary of BFS Diversified Products LLC, which in turn is a subsidiary of Bridgestone Americas Holding, Inc. Bridgestone Americas Holding, Inc. is a subsidiary of Defendant Bridgestone Corporation.

13. Defendant Trelleborg Industrie S.A. ("Trelleborg") is a French corporation with its principal place of business in Clermont-Ferrand, France.

3

Podhurst Orseck, P.A.
13719613

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

14.     Defendant Dunlop Oil & Marine Ltd. ("Dunlop") is a United Kingdom limited liability company with its principal place of business in Grimsby, England.

15.     Defendant Pirelli, S.p.A. is an Italian corporation with its principal place of business in Milan, Italy. At relevant times, Pirelli, S.p.A. was the parent corporation of Pirelli Itala, Pirelli Treg, and ITR, S.p.A. (together, "Pirelli").

16.     Defendant Pirelli Itala, S.p.A. a/k/a Pirelli Italia, S.p.A ("Pirelli Itala") was, at relevant times, an Italian corporation with its principal place of business in Italy. At relevant times, Pirelli Itala was a subsidiary of Pirelli, S.p.A.

17.     Defendant Pirelli Treg, S.p.A. ("Pirelli Treg") was, at relevant times, an Italian corporation with its principal place of business in Italy. At relevant times, Pirelli Treg was a subsidiary of Pirelli, S.p.A.

18.     Defendant ITR, S.p.A. ("ITR") was, at relevant times, an Italian corporation with its principal place of business in Veniano, Italy. In or around 1990, Pirelli, S.p.A. merged Pirelli Itala and Pirelli Treg to create ITR, which became a subsidiary of Pirelli, S.p.A. In October 1993, ITR was sold by Pirelli S.p.A. and became a subsidiary of SAIAG, S.p.A. In February 2002, the business of ITR was restructured and became a subsidiary of Parker-Hannifin Corporation where it was known as Parker ITR S.r.l. and/or ITR Rubber S.r.l.

19.     Defendant SAIAG, S.p.A. ("SAIAG"), was, at relevant times, an Italian corporation with its principal place of business in Turin, Italy. SAIAG became part of Comital SAIAG, S.p.A. sometime in 2004.

20.     Defendant Comital SAIAG, S.p.A. ("Comital") is an Italian corporation with its principal place of business in Turin, Italy.

4

13719613
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

21.     Defendant Parker ITR S.r.l. f/k/a ITR Rubber S.r.l., f/k/a ITR, S.p.A. is an Italian limited liability company with its principal place of business in Veniano, Italy.

22.     Defendant Parker-Hannifin Corporation is an Ohio corporation with its principal place of business in Cleveland, Ohio. Defendant Parker ITR S.r.l. is a subsidiary of Parker-Hannifin Corporation (together, "Parker").

23.     Defendant Manuli Rubber Industries S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

24.     Defendant Manuli Oil & Marine (U.S.A.) Inc. was a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. At relevant times, it was a wholly-owned subsidiary of Manuli Rubber Industries S.p.A. (together, "Manuli").

25.     Defendant Yokohama Rubber Co., Ltd. ("Yokohama") is a Japanese corporation with its principal place of business in Tokyo, Japan.

26.     Defendant PW Consulting (Oil and Marine) Ltd. ("PW Consulting") is a United Kingdom company with its principal place of business in Surrey, United Kingdom.

27.     Defendant Sumitomo Rubber Industries, Ltd., a/k/a or d/b/a Sumitomo Rubber Group ("Sumitomo"), is a Japanese corporation with its principal place of business in Kobe, Japan.

28.     Defendant Peter Whittle ("Whittle") was the principal of Defendant PW Consulting during the Class Period.

29.     Defendant David Brammar ("Brammar") was the Sales and Marketing Director of Defendant Dunlop during the Class Period.

30.     Defendant Bryan Allison ("Allison") was the Managing Director of the Marine Hose business for Defendant Dunlop during the Class Period.

5

Podhurst Orseck, P.A.

13719663

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

31.     Defendant Jacques Cognard ("Cognard") was the Oil & Marine Manager of Defendant Trelleborg during the Class Period.

32.     Defendant Christian Caleca ("Caleca") was the President of the industrial hose business unit of Defendant Trelleborg during the Class Period.

33.     Defendant Misao Hioki ("Hioki") was an executive involved in the Marine Hose business of Defendant Bridgestone during the Class Period.

34.     Defendant Francesco Scaglia ("Scaglia") was Product Manager for Manuli's Oil and Marine Business group, and reported to Defendant Robert Furness during the Class Period.

35.     Defendant Vanni Scodeggio ("Scodeggio") was the Business Unit Manager for Marine Hose for Defendant Parker ITR during the Class Period.

36.     Defendant Val Northcutt ("Northcutt") was a regional sales manager for Defendant Manuli's U.S. operations in Fort Lauderdale, Florida during the Class Period.

37.     Defendant Robert Furness ("Furness") was the President of Defendant Manuli's Fort Lauderdale, Florida-based subsidiary during the Class Period. At all relevant times, he was a resident of the State of Florida.

38.     Defendant Charles Gillespie ("Gillespie") was a regional sales manager for Defendant Manuli's U.S. operations in Fort Lauderdale, Florida during the Class Period. At all relevant times, he was a resident of the State of Florida.

39.     Defendants Bridgestone, Trelleborg, Dunlop, Manuli, Parker, Pirelli, ITR, SAIAG, Comital, Sumitomo, Yokohama and PW Consulting are collectively referred to herein as the "Entity Defendants."

6

Podhurst Orseck, P.A.

13719663

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

## CO-CONSPIRATORS

40.     Wherever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business or affairs.

41.     The acts alleged in this Complaint engaged in by the Entity Defendants were performed by their officers, directors, agents, employees or representatives while engaged in the management, direction, control or transaction of the Entity Defendants' business affairs.

42.     Various other persons, firms and corporations not named as Defendants herein have participated as co-conspirators in the violations alleged herein and have aided, abetted and performed acts and made statements in furtherance thereof.

## INTERSTATE TRADE AND COMMERCE

43.     The activities of Defendants and their co-conspirators, as described in this Complaint, were within the flow of and substantially affected interstate commerce.

44.     During the Class Period, the Entity Defendants sold and shipped substantial quantities of Marine Hose in a continuous and uninterrupted flow of interstate and foreign commerce to customers located in states other than the states or countries in which the Entity Defendants produced Marine Hose.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action against Defendants under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following Class:

7

Podhurst Orseck, P.A.

13719663

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

> All persons and entities (excluding Defendants, their
> predecessors, parents, subsidiaries, affiliates, and co-
> conspirators and the United States Department of Defense)
> who purchased Marine Hose in the United States directly
> from the Defendants or any of their predecessors, parents,
> subsidiaries, or affiliates, at any time during the period
> from January 1, 1985 to March 24, 2008.

46.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants or their co-conspirators due to the nature of the trade and commerce involved. However, Plaintiff believes that Class members are sufficiently numerous and geographically dispersed so that joinder of all Class members is impracticable.

47.     Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the Class members and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is a direct purchaser of Marine Hose and its interests are consistent with and not antagonistic to those of the other members of the Class. In addition, Plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

48.     There are questions of law or fact common to the Class:

(a)     Whether Defendants and their co-conspirators engaged in a contract, combination, or conspiracy to fix, raise, maintain or stabilize prices of Marine Hose, rig bids or allocate markets and/or customers for Marine Hose;

(b)     Whether Defendants' contract, combination or conspiracy as alleged in this Complaint violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(c)     Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of Plaintiff and the other members of the Class;

8

(d)     The effect of Defendants' conspiracy on the prices of Marine Hose sold to purchasers in the United States during the Class Period; and

(e)     The appropriate measure of damages sustained by Plaintiff and other members of the Class.

49.     These questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

50.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by Class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties in management that would preclude maintenance as a class action.

51.     Finally, the Class is readily definable and is one for which records likely exist in the files of Defendants and their co-conspirators.

## THE MARINE HOSE INDUSTRY

52.     The Marine Hose industry is highly concentrated, with just a handful of major producers manufacturing the Marine Hose sold to purchasers in the United States and the rest of the world.

53.     Much of the technology used in manufacturing Marine Hose was developed in the tire industry, including steel reinforcement of flexible rubber.

9

Podhurst Orseck, P.A.
1371961 3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

## VIOLATIONS ALLEGED

54.     Beginning at least as early as 1985, Defendants and their co-conspirators participated in a continuing contract, combination or conspiracy in unreasonable restraint of trade to artificially raise, fix, maintain or stabilize prices, rig bids and allocate markets and/or customers for Marine Hose in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

55.     In formulating and effectuating their contract, combination or conspiracy, Defendants and their co-conspirators engaged in anticompetitive activities, the purpose and effect of which were to artificially raise, fix, maintain or stabilize the price of Marine Hose in the United States. These activities included:

(a)     Attending meetings or otherwise engaging in discussions in the United States and elsewhere by telephone, facsimile and electronic mail regarding the sale of Marine Hose;

(b)     Agreeing during those meetings and discussions to allocate shares of the Marine Hose market among the Defendants and their co-conspirators;

(c)     Agreeing during those meetings and discussions to a price list for Marine Hose in order to implement and monitor the conspiracy;

(d)     Agreeing during those meetings and discussions not to compete for one another's customers by not submitting prices or bids to certain customers or by submitting intentionally high prices or bids to certain customers;

(e)     Agreeing to charge prices for Marine Hose at specified levels and to allocate customers and markets and otherwise fixing, increasing, maintaining or stabilizing the prices of Marine Hose sold to purchasers in the United States;

10

(f)       Submitting bids in accordance with the agreements reached;

(g)       Providing information received from customers in the United States and elsewhere about upcoming Marine Hose jobs to Peter Whittle, who served between 1999 and 2007 as the coordinator of the conspiracy and acted as clearinghouse for information to be shared among the Defendants and their co-conspirators;

(h)       Receiving Marine Hose prices for customers in the United States and elsewhere from Whittle;

(i)       Selling Marine Hose to customers in the United States and elsewhere at collusive and non-competitive prices pursuant to the agreement reached;

(j)       Accepting payment for Marine Hose sold in the United States and elsewhere at collusive and non-competitive prices;

(k)       Authorizing or consenting to the participation of employees in the conspiracy;

(l)       Concealing the conspiracy and conspiratorial contacts through various means, including code names and private e-mail accounts and telephone numbers; and

(m)       Communicating with one another to discuss the prices, customers, markets, market shares and price levels of Marine Hose sold in the United States.

56.       In 1999, in furtherance of their conspiracy, the Defendants and their co-conspirators authorized and directed PW Consulting and Whittle to coordinate the Defendants' conspiratorial activities, paying them approximately $300,000 per year. They provided Whittle with information about upcoming Marine Hose contract bids, and Whittle then designated which entity conspirator would "win" the contract, referring to the winning entity conspirator as the "champion." Whittle maintained the market share allocations agreed to by the Defendants and

11

Podhurst Orseck, P.A.
1371961.3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

their co-conspirators when designating which entity conspirator would be the champion. The Defendants and their co-conspirators periodically adjusted these market share allocations. After designating the champion, Whittle calculated how much the other Defendants should bid to ensure that the designated champion would win the contract.

57. As part of the conspiracy, the Defendants and their co-conspirators reviewed and agreed to market share allocations and price lists for Marine Hose.

58. The Defendants and their co-conspirators held and attended meetings in the United States and elsewhere in which they would discuss and agree to the rules for implementing their price-fixing, bid-rigging and market allocation scheme. They also kept agendas and detailed "minutes" of cartel meetings.

59. The Defendants and their co-conspirators devised code names to conceal their involvement in the conspiracy and their communications with each other. In written communications, the Defendants and their co-conspirators referred to the cartel as "the club" or the "Technical Committee - Marine Hose." The Defendants also devised code designations to refer to each other in written communications. As examples, Dunlop was designated as "B1", Trelleborg was designated as "B2", Sumitomo was designated "A3", Pirelli ITR - as ITR often was referred to by cartel members - was designated as "B3," and Manuli was designated "C" or "C1."

60. Defendant ITR, and its predecessors Pirelli Itala and Pirelli Treg, were active members of the conspiracy to fix, raise, maintain and stabilize the price of Marine Hose in the United States throughout the Class Period, including but not limited to those periods when it was owned by Pirelli S.p.A., SAIAG and Parker-Hannifin. Co-conspirator Romano Pisciotti ran ITR's Marine Hose business from at least 1985 until at least May 2006, when he was replaced

12

Podhurst Orseck, P.A.
1371961 3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

with Defendant Vanni Scodeggio. During those years, Pisciotti attended cartel meetings and agreed with Defendants to, *inter alia,* fix prices for Marine Hose and to allocate among themselves the Marine Hose market. During a portion of the life of the cartel, Pisciotti also coordinated the participation of Yokohama in the cartel.

61. At relevant times, Defendant Scaglia worked in the oil and gas unit of Defendant ITR, reporting to Pisciotti. At ITR, Scaglia joined in and was an active member of the conspiracy. Scaglia, *inter alia,* communicated regularly by e-mail with cartel coordinator Whittle regarding the prices to be charged for Marine Hose, and the jobs that ITR had been "awarded" by the cartel, and to lobby for additional jobs. Scaglia left ITR in 2004 and began working for Defendant Manuli. At Manuli, Scaglia continued to actively participate in and engage in conduct in furtherance of the conspiracy to fix the price of Marine Hose. For example, Scaglia regularly communicated with Whittle, complaining, for example, that Manuli was not being awarded sufficient work by the cartel.

62. At relevant times, Defendant Northcutt worked as a regional sales manager for Manuli's U.S. - based operations, where he joined in and was an active member of the conspiracy to fix the price of Marine Hose in the United States. Northcutt engaged in conduct in furtherance of the conspiracy by, *inter alia*, soliciting and coordinating bids through Whittle, receiving and following cartel bid instructions, quoting cartel-set prices for Marine Hose to customers, and having regular discussions with Defendants Furness and Gillespie regarding Manuli's participation in the cartel. Northcutt also attended at least one cartel meeting in Japan in 2002.

63. Defendant Furness, who worked for Manuli's U.S. subsidiary from 1984 until 2006, pleaded guilty to DOJ charges that he conspired to fix prices of Marine Hose in the United

13

Podhurst Orseck, P.A.
137196.1

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

States. Furness admitted that he joined the conspiracy and colluded with the other Defendants to fix, raise, maintain or stabilize prices, rig bids, and allocate markets and customers for sales of Marine Hose, including in the United States. Furness, who was President of Manuli's U.S. based operations, admitted he engaged in conduct in furtherance of the conspiracy, including attending meetings in Thailand, England and the United States for the purpose of conspiring with other Defendants to fix the price of Marine Hose and to discuss the operations of the cartel.

64. Defendant Gillespie also pleaded guilty to DOJ charges that he conspired to fix the price of Marine Hose in the United States. From about 1999 to May 2007, Gillespie worked as a regional sales manager for Manuli's U.S. based operations. During that time, he regularly engaged in conduct in furtherance of the conspiracy, including communicating by e-mail with cartel coordinator Whittle regarding cartel pricing for Marine Hose, the jobs awarded to Manuli by the cartel and "cheating" among the cartel members. Gillespie also attended the May 2007 cartel meeting in Houston on Manuli's behalf.

65. There were numerous cartel meetings held during the Class Period. Agendas and detailed minutes of several of the meetings were prepared contemporaneously with or at the meetings.

66. In the Spring of 1986, the Defendants and their co-conspirators met in Bangkok, Thailand. The meeting was attended by representatives from Bridgestone, Dunlop, Trelleborg (Cognard), Pirelli (Pisciotti), Sumitomo and Yokohama. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

67. In the Fall of 1986, Defendants and their co-conspirators met in Lake Como, Italy. The meeting was attended by representatives from Bridgestone, Trelleborg (Cognard),

14

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

ITR (Pisciotti), Sumitomo, and Yokohama. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

68.     On April 6 through April 7, 1987, Defendants and their co-conspirators met in Bangkok, Thailand. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

69.     On July 27, 1987, Defendants and their co-conspirators met in Tokyo, Japan. The meeting was attended by representatives from Bridgestone, Dunlop, and Yokohama. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

70.     On September 28 through September 30, 1987, Defendants and their co-conspirators met in Venice, Italy. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

71.     On February 29 through March 2, 1988, Defendants and their co-conspirators met in Bangkok, Thailand. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

72.     On September 26 through September 28, 1988, Defendants and their co-conspirators met in Switzerland. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

Podhurst Orseck, P.A.

13719613

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

73.     On April 13 through April 18, 1989, Defendants and their co-conspirators met in Bangkok, Thailand. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

74.     On April 18 through April 20, 1991, Defendants and their co-conspirators met in Bangkok, Thailand. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

75.     On October 3 through October 5, 1991, Defendants and their co-conspirators met in Florence, Italy. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

76.     On October 7 through October 13, 1992, Defendants and their co-conspirators met in Paris, France. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

77.     On April 1, 1994, Defendants and their co-conspirators met in Tokyo, Japan. The purpose of the meeting was to further the objectives of the conspiracy to fix, raise, stabilize and/or maintain prices of Marine Hose in the United States and elsewhere.

78.     In December, 1999, the Defendants and their co-conspirators met in London, England. The meeting was attended by Whittle, Brammer, Cognard, and Pisciotti, among others. At the meeting, the Defendants agreed, *inter alia*, to allocate Marine Hose market share, designate a "champion" for any Marine Hose job, and not to compete once a champion had been selected.

79.     In December, 2000, the Defendants and their co-conspirators met in Bangkok, Thailand. The meeting was attended by Whittle, Allison, Brammar, Cognard, Furness, Pisciotti

16

and others. At the meeting, the Defendants agreed, *inter alia,* to market share allocations and price lists for Marine Hose.

80. In June 2001, the Defendants and their co-conspirators met in Key Largo, Florida. The meeting was attended by Caleca, Whittle, Allison, Brammar, Cognard, Furness and others. Caleca informed those present that the cartel had caused Marine Hose pricing to increase since the tough business years of 1998 and 1999. At the meeting, the Defendants also agreed, *inter alia,* to market share allocations and price lists for Marine Hose.

81. In July 2002, the Defendants and their co-conspirators met in London, England. The meeting was attended by Whittle, Allison, Brammar, Cognard and others. At the meeting, the Defendants agreed to, *inter alia,* market share allocations for each of the Entity Defendants.

82. During the Class Period, the Japanese companies that participated in the cartel (Bridgestone, Yokohama and Sumitomo) as well as the European companies, held additional cartel meetings among themselves, where they would coordinate internally before participating in the general cartel meeting. These meetings occurred on or about March, 17, 1988; May 2, 1988; June 27-30, 1988; June 30, 1988; August 9, 1988; October 15, 1988; April 26, 1989; November 8, 1989; March 4, 1991; March 15, 1991; May 21, 1991; September 9, 1991; April 28, 1992; and September 29, 1992.

83. Sumitomo was a participant in the conspiracy from at least 1985 until at least 1995. During this time, Sumitomo was allocated a share of the Marine Hose market, and agreed with the other cartel members to adopt a price list that would govern all Marine Hose sales to purchasers.

84. From January 2007 through April 2007, there also were numerous phone calls and e-mails exchanged between and among the Defendants continuing the efforts of the cartel to

17

Podhurst Orseck, P.A.
13719653

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

manage the conspiracy through instructions on making bids, fixing prices and allocating customers.

85.     An e-mail from mid-April 2007 outlined Whittle's agenda for a May 2007 meeting of the conspirators in Houston, Texas. The purpose of the meeting was for Defendants to exchange information regarding upcoming Marine Hose contracts, decide upon pricing strategies for Marine Hose, and discuss proposals for future cooperation, including new arrangements and understandings.

86.     The May 1, 2007 meeting was attended by Whittle, Allison, Brammer, Caleca, Scaglia, Gillespie, and others for the purpose of carrying out the conspiracy. The meeting, held in a hotel room in Houston, Texas, was planned to coincide with the Defendants' attendance at the Offshore Technology Conference ("OTC") in Houston, being held from April 30 through May 3, 2007, which was used as a cover for the conspirators.

87.     Whittle led the cartel meeting and introduced topics of discussion, including how to keep market prices high for Marine Hose. Whittle also highlighted how much higher Marine Hose prices had been since the conspiracy began as compared to the lower prices in the absence of the conspiracy. During the meeting, the Defendants discussed improving communications among themselves and better, more secure ways to communicate in the future. The Defendants also discussed rules for implementing their price-fixing, bid-rigging and allocation scheme, including not bidding against a conspirator who was designated by the coordinator to win a contract.

## The U.S. Department of Justice Investigation

88.     On May 2, 2007, the U.S. Department of Justice ("DOJ") announced that Defendants Allison, Brammar, Caleca, Cognard, Hioki, Scaglia and Scodeggio were arrested in

Podhurst Orseck, P.A.

13719613

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Houston and San Francisco and charged for their role in a conspiracy to fix, raise, maintain or stabilize prices, rig bids, and allocate markets and/or customers for sales of Marine Hose, including in the United States. The arrests were made as the Defendants were meeting in furtherance of the conspiracy.

89.     Also on May 2, 2007, the DOJ unsealed one criminal complaint in U.S. District Court for the Southern District of Florida in Miami against four executives named as Defendants herein: Whittle, Allison, Brammar and Cognard. The DOJ also filed a second unsealed criminal complaint in the same Court in Fort Lauderdale against four additional executives named as Defendants herein: Caleca, Scodeggio, Scaglia and Hioki.

90.     According to the affidavits filed in support of the criminal complaints, the charged executives participated in a conspiracy to fix, raise, stabilize or maintain prices, rig bids and allocate markets for the sale of Marine Hose from 1999 through May 1, 2007, in violation of Section 1 of the Sherman Act.

91.     Simultaneous with the May 2 arrests, search warrants were executed during "dawn raids" at locations across the United States and in Europe. Agents of the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of the Inspector General executed search warrants at locations across the U.S. Competition authorities abroad, including the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, also raided Defendants' offices in Europe and Japan.

92.     Thomas O. Barnett, Assistant Attorney General in charge of the Justice Department's Antitrust Division, was quoted as saying, "Today's arrests, combined with the raids in the U.S. and Europe, demonstrate our ability to work effectively with foreign

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

competition authorities to shut down international cartels. The Antitrust Division will hold accountable executives who engage in illegal cartels, the supreme evil of antitrust."

93. In addition, in or around 2006, Defendant Yokohama struck a deal with the DOJ under the DOJ's corporate leniency program in exchange for amnesty, admitting its involvement in the Marine Hose conspiracy alleged herein. As a participant in the leniency program, Yokohama is cooperating with the DOJ's investigation and criminal cases and has produced numerous documents and other information detailing the conspiracy, including emails and facsimiles.

94. On November 15, 2007, Defendants Caleca and Cognard, both affiliated with Defendant Trelleborg, pleaded guilty to charges brought by the DOJ for conspiring to suppress and eliminate competition for the sales of Marine Hose in the United States and elsewhere. Under the terms of their respective plea agreements, Caleca agreed to serve 14 months in jail and pay a $75,000 fine, while Cognard agreed to serve 14 months in jail and pay a $100,000 fine.

95. On December 12, 2007, the Department of Justice filed plea agreements in which Defendants Allison and Brammar, both affiliated with Dunlop, and Defendant Whittle agreed to plead guilty to conspiring to fix, raise, stabilize or maintain prices, rig bids and allocate markets for sales of Marine Hose in the United States. They were sentenced to prison terms of 24 months, 20 months and 30 months, respectively. In addition, Allison and Whittle agreed to pay fines of $100,000, and Brammar agreed to pay a $75,000 fine.

96. After the entry of these guilty pleas in U.S. district court, in keeping with the terms of the plea agreements, the district court deferred the U.S. sentences and Defendants were sent to the United Kingdom for the purpose of cooperating with the United Kingdom's Office of Fair Trade in its own investigation of the Marine Hose conspiracy. On December 18, 2007, they

20

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

were arrested and charged in London. In the United Kingdom, Allison, Brammar and Whittle were sentenced to 36 months, 30 months, and 36 months, respectively. Their sentences later were reduced by the U.K. Court of Appeal to 24 months, 20 months, and 30 months to run concurrently with their U.S. sentences.

97.     In February 2008, the Japan Fair Trade Commission issued a cease and desist order against Defendants Bridgestone, Dunlop, Trelleborg, Manuli and Parker to halt anti-competitive practices regarding Marine Hose. Bridgestone also was fined 2.38 million Yen for its involvement in the cartel.

98.     On October 10, 2008, Defendant Furness, who was President of Manuli's U.S.-based operations, and who worked for Manuli for 21 years, pleaded guilty to criminal charges for his role in the conspiracy. On January 9, 2009, he was sentenced to 12 months and 1 day imprisonment, and agreed to pay a $50,000 fine and to cooperate fully in the DOJ's ongoing criminal investigation.

99.     On May 8, 2008, Defendant Gillespie pleaded guilty to criminal charges for his role in the conspiracy. On January 7, 2009 he was sentenced to a year and one day in jail and agreed to pay a fine of $20,000 and to cooperate fully in the DOJ's investigation.

100.     On July 28, 2008, the U.S. D.O.J. announced that Defendant Manuli Rubber Industries S.p.A. agreed to plead guilty to criminal charges for its role in the cartel. Manuli pleaded guilty on October 21, 2008 and was sentenced on December 5, 2008 to pay a criminal fine of $2 million. Manuli was the first corporation to be criminally charged in the investigation.

101.     On August 2008, Defendant Scodeggio pleaded guilty to participating in the conspiracy. He was sentenced to pay a criminal fine of $20,000 and to serve six months of house arrest.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

102.     On December 1, 2008 Dunlop pleaded guilty for its role in the conspiracy and agreed to pay a $4.5 million fine.

103.     On December 11, 2008, Defendant Hioki pleaded guilty to participating in the conspiracy and for violation of the Foreign Corrupt Practices Act (FCPA) for bribing foreign government officials in return for business. He has agreed to serve two years in jail and to pay a fine of $80,000.

104.     Additionally, on January 28, 2009, Defendants Bridgestone, Parker, Trelleborg, Dunlop and Manuli were fined collectively $173 million by the European Commission for participating in the international cartel. (Yokohomo was granted immunity for reporting the cartel.)

## COUNT I

### Violation of Section 1 of the Sherman Act -- 15 U.S.C. § 1

105.     Beginning at least as early as January 1, 1985 and continuing thereafter through at least May 2, 2007, the exact dates being unknown to Plaintiff, Defendants contracted, combined or conspired to fix, raise, maintain and stabilize prices of Marine Hose in the United States at artificially high and inflated levels, rig bids and allocate markets and customers, all in violation of 15 U.S.C. § 1.

106.     As a direct and proximate result of the unlawful conduct of Defendants and their co-conspirators, as alleged in this Complaint, Defendants have restrained competition in the sale of Marine Hose, and Plaintiff and the other members of the Class have been injured in their business and property in that they paid more during the Class Period for Marine Hose than they

Podhurst Orseck, P.A.
137196 1

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

otherwise would have paid in the absence of the unlawful conduct of Defendants and their co-conspirators.

## EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT

107.    Plaintiff had no knowledge of any of Defendants' unlawful, continuing, self-concealing conspiracy and could not have discovered the contract, combination, or conspiracy before May 2, 2007, by the exercise of due diligence because of the deceptive practices and techniques of secrecy employed by Defendants to avoid detection of, and fraudulently conceal, their contract, combination, or conspiracy. Defendants publicly held themselves out to the world as competitors during the Class Period, and Plaintiff had no knowledge or information concerning their participation in the conspiracy.

108.    Because the contract, combination, or conspiracy was kept secret by Defendants, Plaintiff was unaware of the fact that prices of Marine Hose were secretly raised, fixed, maintained or stabilized, bids were rigged and markets and customers were allocated as alleged herein.

109.    As a result of the concealment of the conspiracy, Plaintiff asserts the tolling of the applicable statute of limitations affecting the right of action by Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class proposed in this Complaint, respectfully requests:

A.    That the Court certify the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and adjudge Plaintiff to be an adequate representative thereof;

23

B.   That Defendants' unlawful combination, contract, or conspiracy as alleged in this Complaint be adjudicated and decreed a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

C.   That Plaintiff and the Class recover damages against Defendants and their co-conspirators, jointly and severally, in an amount to be trebled in accordance with the antitrust laws pursuant to 15 U.S.C. § 15(a);

D.   That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner:

(1)   continuing, maintaining or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect; and

(2)   communicating or causing to be communicated to any other person engaged in the manufacture, distribution or sale of Marine Hose information concerning prices, customers, markets or other terms or conditions of sale of any such product except to the extent necessary in connection with *bona fide* sales transactions between the parties to such communications.

E.   That Plaintiff and the Class be awarded expenses and costs of suit, including reasonable attorneys' fees, to the extent provided by law;

Podhurst Orseck, P.A.
137196.3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

F.    That Plaintiff and the Class be awarded pre-judgment and post-judgment

interest at the highest legal rate to the extent provided by law; and

G.    That Plaintiff be awarded such additional relief as the Court may deem

proper.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ. P. 38(b), Plaintiff demands a trial by jury of all claims in this

Complaint so triable.

Dated:  February 11, 2009                      Respectfully submitted


                                               By : /s/ Robert C. Josefsberg
                                               Robert C. Josefsberg
                                               Florida Bar No. 040856
                                               Victor M. Diaz, Jr.
                                               Florida Bar No. 503800
                                               Alexander Rundlet
                                               Florida Bar No. 0692301
                                               PODHURST ORSECK
                                               City National Bank Building
                                               25 West Flagler Street, Suite 800
                                               Miami, FL 33130
                                               Telephone: (305) 358-2800
                                               Facsimile: (305) 358-2382
                                               RJosefsberg@podhurst.com
                                               vdiaz@podhurst.com
                                               ARundlet@podhurst.com

                                               *Counsel for Plaintiffs*

Podhurst Orseck, P.A.
137196 1 3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Gregory P. Hansel
Florida Bar No. 607101
Randall B. Weill
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com

Bruce Gerstein
Jan Bartelli
GARWIN GERSTEIN & FISHER L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
bgerstein@garwingerstein.com
jbartelli@garwingerstein.com

Hollis L. Salzman
Florida Bar No. 947751
Gregory S. Asciolla
William Reiss
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
hsalzman@labaton.com
gasciolla@labaton.com
wreiss@labaton.com

*Co-Lead Counsel for Plaintiffs*

Podhurst Orseck, P.A.
1371961-1

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alexander Rundlet

Alexander Rundlet
Fla. Bar No. 0692301

Podhurst Orseck, P.A.
13719613

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION
### Case No. 08-MDL-1888-Graham/Turnoff
### The following counsel of record have been served
### via the Southern District of Florida's CM/ECF System
### and/or electronic mail by Plaintiffs' counsel:

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff s Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311/Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Tel: (318) 445-4480/Fax: (318) 487-1741

**Podhurst Orseck, P.A.**

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddie Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**
Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0717/Fax: (212) 883-7017

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/sdampier@vickersriis.com
VICKERS, RIIS, MURRYA & CURRAN, LLC
106 St. Francis St., Suite 1100 (36602)
P.O. Drawer 2568
Mobile, AL 36652-2568
Tel: (251) 432-9772/Fax: (251) 432-9781

Benjamin F. Johns/CFJ@chimicles.com
Joe Sauder/JosephSauder@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre, 361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500/Fax: (610) 649-3633

Gaines C. McCorquodale/tmiddletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodeggio:**
James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan ksullivan@kslaw.com
Washington DC Bar No. 411718
Diana J. Pomeranz/dpomeranz@kslaw.com
Washington DC Bar No. 494249
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

**Counsel for Defendant Misao Hioki:**
Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

**Counsel of Defendant Francesco Scaglia**
David O. Markus/dmarkus@markuslaw.com
Fla. Bar No. 119318
DAVID OSCAR MARKUS, PLLC
1200 Alfred I. DuPont Bldg.
169 E. Flagler St.
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6683

Alan G. Greer/ agreer@richmangrer.com
Lyle E. Shapiro/ lshapiro@richmangreer.com
RICHMAN GREER, P.A.
Miami Center - Suite 1000
102 S. Biscayne Blvd.
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Robert M. Osgood
Fern Mechlowitz
SULLIVAN & CROMWELL, LLP
One New Fetter Lane
London EC4A 1AN, England
Tel: 011 44 20 79598900/Fax: 011 44 20 7959 8950

**Counsel for Defendant Christian Caleca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine
(USA), Inc. and Manuli Rubber Industries SPA**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324
RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co.,
Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergerc@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

**Podhurst Orseck, P.A.**

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressj@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for only Defendant Parker ITR SLR**
Sacha A. Boegem/saboegem@jonesday.com
JONES DAY
222 E. 42st St.
New York, NY 10017
Tel: (212) 326-3892/Fax: (212) 755-7306

**Counsel for Defendant Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

James Weidner /james.weidner@cliffordchance.com
David Cook/david.cook@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346       www.podhurst.com

**Counsel for Defendant Bridgestone Industrial Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

**Counsel for Defendants Bryan Allison & David Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Defendant Val M. Northcutt**
Walter J Tache wtache@carltonfields.com
Fla Bar #028850
Matthew T. Davidson/mdavidson@carltonfields.com
Fla Bar #713821
CARLTON FIELDS
400 International Place
100 S.E. 2nd Street
Miami, FL 3313-2114
Tel: (305) 530-0050/Fax: (305) 530-0055

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/ lurveylaw@aol.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

**Counsel for Charles Gillespie**
Catherine J. MacIvor/cmacivor@mflegal.com
Jeffrey E. Foreman/jforeman@mflegal.com
MALTZMAN FOREMAN, P.A.
One Biscayne Tower
2 So. Biscayne Blvd., Suite 2300
Miami, FL 33131
Tel: (305) 358-6555/Fax: (305) 374-9077

**Counsel for Robert L. Furness**
M. Daniel Hughes/LAWMDH@aol.com
M. DANIEL HUGHES, P.A.
3000 N. Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Tel: (954) 566-3390/Fax: (954) 561-1244

**Counsel for Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**
Susan E. Trench/strench@gttpa.com
GOLDSTEIN TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two S. Biscayne Blvd.
Miami, FL 33131-1804
Tel: (305) 374-3250/Fax: (305) 374-7632

Timothy N. McCabe tmccabe@curtis.com
Joseph D. Pizzurro jpizzurro@curtis.com
Nancy E. Delaney ndelaney@curtis.com

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

**Counsel for Pirelli, S.p.A. and Pirelli Itala, S.p.A.**
Lee Teichner
Fla Bar #816280
Leon Fresco
Fla Bar #0673943
HOLLAND & KNIGHT
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500/Fax: (305) 789-7799

C. Vernon Hartline, Jr.
Texas Bar #09159500
Jeffrey S. Patterson
Texas Bar #15596700
Thomas J. Adair
Texas Bar #24047753
HARTLINE, DACUS, BARGER,
DREYER & KERN, L.L.P.
6688 N. Central Expressway
Suite 1000
Dallas, TX 75206
Tel: (214) 369-2100/Fax: (214) 369-2118

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com