IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE MARINE HOSE ANTITRUST          )
LITIGATION (NO. II)                  )
                                     )   Fort Pierce, Florida
                                     )
_____     )
                                     )
                                     )      Case No.
                                     )   08-MD-01888-DLG
THIS DOCUMENT RELATES TO:  ALL       )
ACTIONS                              )
_____)    PAGES 1 THROUGH 23


TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE

BEFORE THE HONORABLE DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

JANUARY 28, 2009, 4:00 P.M.



APPEARANCES:

For the Plaintiff:      Ms. Hollis Salzman, Esq.
(Bayside Rubber)        Mr. Gregory Asciolla, Esq.
                        LABATON SUCHAROW
                        140 Broadway
                        New York, NY  10005


For the Plaintiff:      Ms. Jan Bartelli, Esq.
(Expro Gulf)            GARWIN GERSTEIN & FISHER
                        1501 Broadway, Suite 1416
                        New York, NY  10036



For the Plaintiff:      Mr. Alexander Rundlet, Esq.
(Shipyard LLC)          Mr. Robert C. Josefsberg, Esq.
                        PODHURST ORSECK
                        City National Bank Building
                        25 W. Flagler Street, Suite 800
                        Miami, FL  33130


(appearances continued on next page)

APPEARANCES:


For the Plaintiff:      Mr. Randall B. Weill, Esq.
(Shipyard LLC)          Mr. Gregory P. Hansel, Esq.
                        Mr. Joshua R. Carver, Esq.
                        PRETI FLAHERTY
                        One City Center
                        P.O. Box 9546
                        Portland, ME  04112


For the Defendant:      Mr. Robert H. Schwartz, Esq.
(BIPA)                  ADORNO & ROSS
                        888 SE 3rd Avenue, Suite 500
                        Fort Lauderdale, FL  33335

                        Mr. Harold Donnelly, Esq.
                        ATTORNEY AT LAW
                        211 Union Street, Suite 200
                        Nashville, TN  37201


For the Defendant:      Mr. Jeff Butler, Esq.
(Bridgestone)           CLIFFORD CHANCE US, LLP
                        2001 K Street, NW
                        Washington, DC  20006


For the Defendants:     Mr. James Martin, Esq.
(Dunlop Oil, et al.)    DICKSTEIN SHAPIRO, LLP
                        1825 Eye Street NW
                        Washington, DC  20006


For the Defendant:      Mr. Robert H. Bell, Esq.
(Yokohama Rubber)       LINKLATERS LLP
                        1345 Avenue of the Americas
                        New York, NY  10105

                        Mr. Bryan R. Cleveland, Esq.
                        GILBRIDE HELLER
                        One Biscayne Tower, 15th Fl.
                        2 S. Biscayne Boulevard
                        Miami, Florida  33131


(appearances continued on next page)

APPEARANCES:

For the Defendants:      Ms. Susan E. Trench, Esq.
(ITR, SAIAG, and         GOLDSTEIN TANEN & TRENCH
Comital SAIAG)           2 S. Biscayne Boulevard
                         Suite 3700 One Biscayne Tower
                         Miami, Florida  33131

                         Mr. Joseph D. Pizzurro, Esq.
                         CURTIS MALLET-PREVOST
                         101 Park Avenue
                         New York, New York  10178-0061

For the Defendant:       Ms. Alison Smith, Esq.
(Gillespie)              HAYNES & BOONE, LLP
                         One Houston Center Suite 2100
                         1221 McKinney Street
                         Houston, Texas  77010

                         Ms. Catherine MacIvor, Esq.
                         MALTZMAN FOREMAN PA
                         2 Biscayne Boulevard, Suite 2300
                         Miami, Florida  33131

For the Defendant:       Leon Fresco, Esq.
(Pirelli)                HOLLAND & KNIGHT
                         701 Brickell Avenue, Suite 3000
                         Miami, Florida  33131

                         Mr. C. Vernon Hartline, Jr.
                         HARTLINE DACUS
                         6688 N. Central Expressway, Suite 1000
                         Dallas, Texas  75206

For the Defendant:       Ms. Carmen G. McLean, Esq.
(Parker Hannafin)        JONES DAY
                         51 Louisiana Avenue, N.W.
                         Washington, DC  20001

(appearances continued on next page)

APPEARANCES:

For the Defendant:        Mr. William Hill, Esq.
(Sumitomo, SRI)           Mr. Scott N. Wagner, Esq.
                          BILZIN SUMBERG
                          200 S. Biscayne Boulevard, Suite 2500
                          Miami, Florida  33131

                          Mr. James Talen (sp), Esq.
                          (NO INFORMATION ON DOCKET)


For the Defendant:        Ms. Roxann E. Henry, Esq.
(Trelleborg)              HOWREY LLP
                          1299 Pennsylvania Avenue NW
                          Washington, DC  20004


For the Defendant:        Mr. M. Daniel Hughes, Esq.
(Furness)                 ATTORNEY AT LAW
                          3000 N. Federal Highway
                          Fort Lauderdale, Florida  33306


For the Defendant:        Ms. Jennifer M. Driscoll, Esq.
(Caleca)                  MAYER BROWN, LLP
                          1909 K Street NW, Suite 804
                          Washington, DC  20006


For the Defendant:        Mr. Robert M. Osgood, Esq.
(Manuli)                  SULLIVAN & CROMWELL, LLP
                          1 New Fetter Lane
                          London EC4A 1AN
                          ENGLAND


For the Defendant:        Ms. Kimberly Walker, Esq.
(Cognard)                 LYONS & LURVEY
                          1200 Brickell Avenue, Suite 1620
                          Miami, Florida  33131

(In Open Court at 4:00 p.m., Fort Pierce, Florida)

THE COURT: Good afternoon, ladies and gentlemen. This is <u>In Re Marine Hose Antitrust Litigation</u>, 08-1888.

Appearances, please.

MS. BARTELLI: Jan Bartelli for class plaintiffs.

THE COURT: I'm sorry, we didn't hear you.

MS. BARTELLI: Jan Bartelli for class plaintiffs.

MR. WEILL: Randall Weill for class plaintiffs.

MR. HANSEL: Greg Hansel for class plaintiffs.

MS. SALZMAN: Hollis Salzman, Labaton Sucharow, for class plaintiffs.

MR. RUNDLET: Alex Rundlet and Bob Josefsberg for class plaintiffs.

MR. ASCIOLLA: Gregory Asciolla for class plaintiffs.

MR. CARVER: Josh Carver for class plaintiffs.

MR. SCHWARTZ: Robert Schwartz for BIPA.

MS. TRENCH: Susan Trench, local counsel for defendants ITR S.p.A., SAIAG S.p.A., and Comital SAIAG, S.p.A.

MS. MACIVOR: Catherine MacIvor, local counsel for Charles Gillespie.

MR. FRESCO: Leon Fresco, local counsel for defendant Pirelli S.p.A. and Pirelli Itala, S.p.A., and I don't know if our national counsel is on the line.

MR. HARTLINE: Yes. Vernon Hartline, I'm here.

MS. ALISON SMITH: Alison Smith for Charles Gillespie.

          MR. PIZZURRO:  Joseph Pizzurro, national counsel for
defendants ITR S.p.A., SAIAG S.p.A., and Comital SAIAG, S.p.A.

          MS. McLEAN:  Carmen McLean for defendant Parker
Hannafin Corporation and Parker ITR srl.

          MS. HENRY:  Roxann Henry for Trelleborg Industrie S.A.

          MR. HILL:  William Hill and Scott Wagner for
defendant -- local counsel for defendant Sumitomo Rubber
Industries and SRI Hybrid Limited.

          MR. TALEN:  James Talen (sp), national counsel for
Sumitomo Rubber Industries and SRI Hybrid.

          MR. HUGHES:  Daniel Hughes for defendant Robert
Furness.

          MR. BELL:  Robert Bell for defendant the Yokohama
Rubber Company.

          MR. CLEVELAND:  Brian Cleveland, local counsel for
Yokohama.

          MS. DRISCOLL:  Jennifer Driscoll, counsel for
defendant (phone cuts out).

          MR. OSGOOD:  Robert Osgood for Manuli Rubber
Industries, Manuli Oil and Marine, Francesco Scaglia, and Val
Northcutt.

          MS. DRISCOLL:  Jennifer Driscoll, counsel for
defendant Christian Caleca.

          MS. WALKER:  Kimberly Walker, counsel for defendant
Jacques Cognard.

MR. DONNELLY:  Harold Donnelly for Bridgestone Industrial Products of America.

MR. BUTLER:  Jeff Butler, Clifford Chance, for Bridgestone Corporation.

MR. MARTIN:  James Martin, Dickstein Shapiro, for Dunlop Oil and Marine, Bryan Allison, and David Brammar.

THE COURT:  Thank you very much for appearing this afternoon, counsel.  There are a number of matters I would like to discuss with you this afternoon.  Let me go through my list and then I can entertain the issues that you have.  There are several pending motions and in just a few moments that order is going to be filed and uploaded.  You should have access to it via our docketing system I would say not later than about 5 or 5:15 today.  You will see that all of the ripe motions will have been ruled upon.  Most of those motions involve those to dismiss.  There are two motions to dismiss which are not yet ripe.  Responses are due by mid February, I believe, and so we will rule on those in time.  The issues are very similar so we should be able to get an order out on those fairly soon after the ripe date.  Just generally speaking, you will note that the motion to dismiss on subject matter jurisdiction will be granted in part and denied in part.  The claims of Expro are going to be barred by the FTAIA.  The Bayside claims will be allowed to proceed.  Of course, there will be a detailed explanation of the Court's ruling.  I'm just giving you a

preliminary indication of what you will find.

The motions to dismiss of the settling defendants, that is, Trelleborg and Dunlop, are denied without prejudice pending the Court's ruling on the proposed settlements. There are some parties who have decided to oppose and so we are awaiting final disposition of that issue.

There is a plaintiffs' motion for class certification and appointment of class counsel. That's Docket Entry No. 71. Some new defendants are in the case and they have not responded to this motion, so the motion for class certification and appointment of class counsel will be resolved after all of the parties have responded. Those who have not responded to the plaintiffs' motion for class certification have ten days to do so. I want to get this issue resolved as soon as possible, so you will have ten days to file your response.

There is a motion pending, it's plaintiffs' amended motion for preliminary approval of the proposed settlement with Dunlop Oil and certain Dunlop executives. I believe that is Docket Entry 307. Some of the new defendants want an opportunity to respond to this motion. You have ten days to do so.

There is plaintiffs' cross-motion to file a corrective complaint, essentially substituting the name of a party, Pirelli primarily. I would like for the parties to brief this issue timely. It is not quite ripe and so please respond in

accordance with the local rules.

There is plaintiffs' motion to compel, Docket Entry 343, which was filed today so of course it is not ripe. I am curious, however, whether or not Judge Turnoff requested the parties to file a motion. You are aware of our motion practice. That practice was included in your scheduling materials. Did Judge Turnoff request the filing of a motion?

MR. RUNDLET: Your Honor, this is Alex Rundlet with plaintiffs' counsel. I personally spoke with Judge Turnoff's clerk just to verify the discovery procedures that he was following and that was the advice that his chambers gave to us as relates to this motion.

THE COURT: All right. As long as Judge Turnoff has requested you to file a motion, that's fine, and we're going to check with him to see if we can get him to follow our procedure. As you know, our assigned magistrate judge had to recuse and so Judge Turnoff is now handling the discovery matters.

Now, with respect to the pending matters, I tried to give you a summary of what you can expect to receive this afternoon. With regard to the trial schedule, obviously it will have to be amended, but I believe I want to await ruling on all of the motions to dismiss. You will note that with respect to many of the individual defendants, the Court granted the motion to dismiss with leave to amend within ten days.

Generally speaking, the Court found that many of the allegations that related to some of the individual defendants was not particularized enough.  For example, just stating that a person was at a meeting over a 20-year period certainly isn't sufficient enough to allege a proper cause of action.  So I've given you ten days to particularize your allegations as to that particular individual.  So please follow the Court's directives.  Where you are invited to amend, amend those items, please.  I'm not looking for you to be creative with new arguments, et cetera.  Be very specific in responding to the Court's directive if you desire to amend the complaint.  And once again, ten days.  Please accomplish all of your directives within the time period allowed so that we can finally get this case moving.

        I do appreciate counsel's efforts in getting everyone served.  We did have some problems early on.  I'm very pleased that you acted with dispatch in getting parties served.  So I want you to know that I appreciate your efforts in this regard.

        MS. BARTELLI:  Your Honor, this is Jan Bartelli for class plaintiffs.  Could you just clarify, in terms of any of the --

        THE COURT:  I'm sorry, I couldn't hear you clearly, ma'am.

        MS. BARTELLI:  I'm sorry, Your Honor.

        THE COURT:  You asked me to clarify something.

MS. BARTELLI:  Yes.  If you could clarify, for any of the deadlines that were deferred by Your Honor in the, I think it was in the January 14th order, could you clarify, are those also -- do those continue to be deferred as well as the trial date?

THE COURT:  Yes.  Once we get everything at issue, at that time I'm going to make a determination as to what our schedule will be.

Now, some items may not be altered.  For example, adding new parties or something of that sort.

Just one moment, please.

(Off-the-record discussion.)

THE COURT:  I'm not sure if you were making reference to the fact that some parties decided not to participate in discovery.

MS. BARTELLI:  Yes, Your Honor.

THE COURT:  But that shouldn't be a problem.  In other words, it's not an excuse not to participate in discovery because the deadlines are going to be extended.  That doesn't make any -- that's just not good policy.

MS. BARTELLI:  Well, we agree with that, Your Honor.

THE COURT:  All right.  So is that the basis of the motion to compel?

MS. BARTELLI:  It's certainly part of the basis.

THE COURT:  Well, to that extent I can handle that

now.  We don't have to send that to Judge Turnoff.  Produce the discovery.

MS. BARTELLI:  There are other issues in the motion to compel, Your Honor, but yes, that certainly was one of the issues that we've been discussing with defendants.

THE COURT:  Well, to the extent that the motion involves not producing discovery based upon the fact that the Court is going to alter the deadlines, then you should be producing the discovery.  So to that extent --

MR. OSGOOD:  Your Honor --

THE COURT:  One second, sir.

MR. OSGOOD:  -- this is Robert -- sorry.

THE COURT:  To that extent, the motion should be granted.  Now, if you --

MR. OSGOOD:  Your Honor, this is Robert Osgood --

THE COURT:  Yes, sir.

MR. OSGOOD:  -- on behalf of some of the Manuli defendants, if I may speak to that.

THE COURT:  Yes, sir.

MR. OSGOOD:  First, apparently there was a motion filed just today, and it's now 9:20 in London so I'm trying to catch up with that, and I would like an opportunity to respond to that motion in the normal course.

THE COURT:  Sir, to the extent that you are making an argument that you should not have to produce discovery, to the

extent that we're going to have some different deadlines for discovery, then what I am suggesting to you is that no, that's not a basis for you to avoid discovery.

Now, as to any other portion of the motion and what it seeks, review it and then respond accordingly as Judge Turnoff has directed you to.

MR. OSGOOD:  Yes, Your Honor.  And may I just observe that there are ten new defendants that haven't been served with any discovery and that it would make sense going forward if all the parties were on the same schedule.  There are now something like 30 defendants in all, some were brought in 18 months ago, some were brought in, you know, six months ago or less, three months ago, two of them haven't even been served yet.  So in order to handle this efficiently for all the parties, I would have thought that we would all be on the same schedule.

THE COURT:  Well, you will be on the same schedule because all of the motions have been ruled upon with respect to the parties who are in the case with very few exceptions.

MR. OSGOOD:  And I guess I also would have thought, Your Honor, that to the extent there were, for example, depositions, that all parties have a right to notice and to participate in depositions in the future.

THE COURT:  I don't recall the motion, it was filed today, but I don't believe it related to depositions.

MS. BARTELLI:  Your Honor, to the extent that

depositions go forward, the plaintiffs certainly will apprise the new defendants and they will be given every opportunity to participate.

THE COURT:  All right.  Thank you very much.

MR. JOSEFSBERG:  Your Honor, this is Bob Josefsberg, may I make two areas of inquiry?

THE COURT:  Yes, sir.

MR. JOSEFSBERG:  First is very simple.  You have a May 6 telephone conference scheduled with all of us.  Is that still as scheduled?

THE COURT:  Yes, sir, that one is still scheduled unless you get some further notice, but as I look at the file now, I think we should be on track for that session.

MR. JOSEFSBERG:  And my next question as regards the May 11th scheduled trial, which you said will be put back.

THE COURT:  Yes, sir.

MR. JOSEFSBERG:  If other courts have asked me to be in front of them at that time --

THE COURT:  We're going to give you all an opportunity to be heard before the schedule is set.

MR. JOSEFSBERG:  Your Honor, my only question is if other courts or higher authorities like my wife ask me where I'll be on May 11th, may I be free to say that I will not be at the Marine Hose trial?

THE COURT:  Well, you know, nothing is certain, but I

have great confidence, Mr. Josefsberg, that you will be able to interpret what the Court has said and answer accordingly.

MR. JOSEFSBERG:  Okay, so it's not definitely off for May 11th.

THE COURT:  We will not be in trial on May 11th in this case.

MR. JOSEFSBERG:  Fine.  Thank you.

THE COURT: Yes, sir.  All right.  I think I have responded to a few questions.  I've set forth all of the issues that we have resolved.  Of course, importantly you will want to take a careful look at the orders that are going to be filed in a short period of time.  Are there other issues that the Court should address?

MR. HILL:  Your Honor, this is William Hill on behalf of Sumitomo and SRI.  We're some of the newest defendant group to be joined here.  With respect to the briefing on the motion for class certification, I did hear Your Honor's indication that we were to have ten days from now to brief the issue.  My understanding is that there has been some reasonably significant discovery that was actually I guess initially bifurcated so that there was discovery on the class certification issue exchanged between other defendants and the plaintiffs and that that discovery is at this point in time designated confidential under a confidentiality order.  We have taken steps, with the plaintiffs' cooperation, to obtain the

confidentiality order, review it, and get ourselves under it as quickly as possible so that we can then get access to the discovery materials, but it will be very difficult for us to adequately brief the issue that involves discovery that we've not yet had access to, and the ten days is not sufficient time for us to obtain and digest that discovery material. I would ask you respectfully for a little more time after we get access to the discovery, which we will do as promptly as we can.

THE COURT: That's a fair request, sir. With regard to the confidentiality order, is there anyone who is taking the position that you should not be a part of that order? So why don't you just simply file an agreed-upon motion and I can get that signed tomorrow and you will be on your way.

What are you requesting in terms of a response? I would like it, of course, as soon as possible. I recognize you have just entered the case. It has been pending for some time, but we are cognizant of your unique situation.

MR. HILL: Your Honor, we were going to request 45 days from getting access to the discovery materials.

THE COURT: No, sir. We're going to get you access tomorrow. Hopefully you will -- can you file an agreed-upon order tomorrow on that issue?

MR. HILL: I don't see why that would be a problem, Your Honor. As I said, we've got the agreement from plaintiffs' counsel, so we should be able to take care of that

without a problem, but right now we don't know how much there is of that to digest.

THE COURT:  Well, give us a summary.  Can someone summarize the discovery in general terms?

MS. BARTELLI:  Well, certainly, Your Honor, for class plaintiffs, it will not be a problem for us to provide to any of the new defendants the discovery that we have provided to defendants thus far.

THE COURT:  And what is the extent of the discovery, to your knowledge?

MS. BARTELLI:  For the class plaintiffs, I think it's certainly not voluminous, and maybe my co-counsel can be more precise about that.

MS. SALZMAN:  I think for the plaintiffs I think it's roughly 2500 to 3,000 pages.  Pages, not documents.

THE COURT:  Who is speaking, please?

MS. SALZMAN:  I'm sorry, this is Hollis Salzman.

THE COURT:  Would you repeat your response?

MS. SALZMAN:  I would estimate, I know that for Bayside, which is I guess at present the class rep that will be before Your Honor, there's roughly three -- I'm sorry, 1300 pages, not documents, but 1300 pages of document production.

MR. OSGOOD:  There were also depositions of the plaintiffs' expert, a deposition of at least one of the class representatives.

THE COURT:  Two depositions, is that your recollection?

MR. OSGOOD:  That's my recollection.

MR. HANSEL:  There was a deposition of -- this is Greg Hansel speaking for the class plaintiffs.  We deposed defendant Parker.

MS. BARTELLI:  We can certainly get transcripts to the new defendants, Your Honor.

THE COURT:  All right.  Get that information to the defendants forthwith.  When can you get it to them?

MS. BARTELLI:  We'll start putting that together tomorrow.

THE COURT:  All right.

MS. SALZMAN:  Your Honor, this is Hollis Salzman.  We can certainly have it all FedExed out tomorrow.

MR. HILL:  Your Honor, this is William Hill again on behalf of the Sumitomo defendants.  Can we ask that the plaintiffs, to the extent that they have it and to the extent that they're gathering materials, also produce the documents produced by the other defendants so that we don't have to take a roll call of this large group of defendants?

THE COURT:  Any objection?  I think that's a fair request.

MS. SALZMAN:  This is Hollis Salzman again for plaintiffs.  We have no objection, assuming that the other

defendants are fine with that.

        THE COURT:  Hearing no objection, everyone is fine
with it.

        MS. SALZMAN:  Are we talking about the production of
documents that were produced through the discovery process or
documents which have been given pursuant to cooperation?

        MR. OSGOOD:  Well, we had requested the latter as
well.

        MS. BARTELLI:  Your Honor, that is the subject of the
motion to compel, whether or not plaintiffs need to provide
those, so at this point I think since they have not been
provided generally to the current -- or the original
defendants, we would say that the production, until that motion
to compel is resolved, should be limited to whatever has been
given in the litigation.

        MR. OSGOOD:  Your Honor, we -- on behalf of the
defendants this is Robert Osgood -- we take the position that
if documents have been produced by codefendants that are
thought to be relevant to this litigation, we are entitled to
see those documents.

        MS. BARTELLI:  As I said, Your Honor, that is subject
of the motion to compel.  Those documents are protected by
certain confidentiality agreements.

        THE COURT:  Well, the confidentiality agreement is
going to include all of the defendants, is it not?

MR. OSGOOD:  Yes, Your Honor.

THE COURT:  So that which should be produced to one party or has been produced then should be produced for the new.

MS. BARTELLI:  I understand, Your Honor, but those documents have not been produced.

THE COURT:  Well, to the extent that they haven't been produced, you can't produce them and --

MS. BARTELLI:  Exactly.

THE COURT:  -- and Judge Turnoff is going to resolve that issue.  So you will get everything that they have, sir.

MR. OSGOOD:  I think they're using a technical -- I think they're using a very technical sense of the word "produced" because, as I understand it, there are documents that my codefendants that have settled have given to the plaintiffs.  They have produced them by giving them over to the plaintiffs and it's those documents relating to this litigation that we think we are fairly entitled to.

MS. SALZMAN:  Your Honor, this is Hollis Salzman.  I think there's two issues that are being conflated.  No. 1 is the counsel for Sumitomo has asked that we give them all of the documents related to class certification, because as Your Honor recalled, the first wave of discovery in this case was related to class certification.  And there's no issue there and we are able and ready to produce those.  As soon as the vendor can turn them around we can overnight them to the new defendants,

and I think that's really what's ripe today.

THE COURT:  And that is the issue that we are discussing.

MR. OSGOOD:  Well, except that that does not include the documents that my codefendants have apparently given the plaintiffs and the plaintiffs are refusing to give to --

THE COURT:  As to class certification?

MR. OSGOOD:  As to the underlying litigation.

MS. BARTELLI:  They were not pursuant to class certification discovery, Your Honor.

MS. SALZMAN:  Class certification was long over and all of the defendants produced documents in response to class cert document requests and discovery.

THE COURT:  And you have no problem with producing all of that information to the new defendants, correct?

MS. BARTELLI:  No, Your Honor.

MS. SALZMAN:  That is correct.

THE COURT:  All right.  So that takes care of that issue.

MR. HILL:  Your Honor, this is William Hill again on behalf of Sumitomo and I appreciate that agreement.  We then need a little bit of time.  Could we have 30 days from receipt of -- which it sounds like it's going to be by the end of the week or early next week that we should get those documents. May we have 30 days to review the deposition transcripts?  I

started to hear that there were maybe more than two.  I'm not sure if we got a final number on how many transcripts there are and several thousand pages apparently.

THE COURT:  Well, I thought I heard two depositions and 1300 pages.  Is that correct?

MR. OSGOOD:  There are three depositions, including the Parker deposition.

THE COURT:  All right.  Three depositions.  And what, 1300 pages.

MR. HILL:  Your Honor, no, I think 1300 pages was the production from the, at this point, remaining plaintiff.  But I have not heard and I simply don't know how much was produced by the other defendants.  But I understand plaintiffs' counsel to be saying 1300 was from only one of the plaintiffs.

MS. BARTELLI:  That's correct, Your Honor.  There are many thousands of pages that were produced by defendants and there were, I think, probably -- I know the number keeps creeping up, but there were expert witness depositions and then depositions as well as the plaintiffs.

THE COURT:  All right.  30 days, sir.

MR. HILL:  Thank you, Your Honor.

THE COURT:  Additional issues?  All right.  Thank you very much, ladies and gentlemen.  Have a good afternoon and evening.

(Proceedings concluded at 4:33 p.m.)

UNITED STATES OF AMERICA                    )
                                            )   ss:
SOUTHERN DISTRICT OF FLORIDA                )


C E R T I F I C A T E

     I, Carly L. Horenkamp, Certified Shorthand Reporter in and for the United States District Court for the Southern District of Florida, do hereby certify that I was present at and reported in machine shorthand the proceedings had the 28th day of January, 2009, in the above-mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

     I further certify that this transcript contains pages 1 - 23.

     IN WITNESS WHEREOF, I have hereunto set my hand at Miami, Florida, this 11th day of February, 2009.


_s/ Carly Horenkamp_____

Carly L. Horenkamp, RMR, CRR
Certified Shorthand Reporter