UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-1888-CIV-GRAHAM/Turnoff

IN RE MARINE HOSE ANTITRUST
LITIGATION

_____

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.'s Cross-Motion to Compel. **[DE 351, 353]**. This matter was referred to the undersigned by the Honorable Donald L. Graham, District Court Judge for the Southern District Court of Florida. **[DE 141]**. A hearing on this matter was held on February 26, 2009.[1] The Court has considered the oral and written arguments, the record, the applicable law, and is otherwise duly advised in the premises.

Manuli served its discovery requests on Plaintiff Bayside Rubber & Products, Inc. ("Bayside"), on October 27, 2008, and December 15, 2008. Plaintiff served its objections and responses on December 8, 2008, and January 23, 2009. Plaintiff served Manuli with supplemental responses to discovery on January 31, 2009.

At issue are the following interrogatories and requests to produce documents:

---

[1] London-based counsel for Defendant Manuli, counsel for Defendants Parker Hannifin Corporation and Parker ITR S.r.l., and counsel for Defendant Trelleborg Industries, S.A. appeared telephonically.

Interrogatory No. 3, which contained 12 discrete sub-parts, sought identification of all purchases and sales of marine hose made by Plaintiff including for each purchase or sale, the date of purchase/sale, the manufacturer, the price paid or price sold, the specifications for the marine hose, the quantity, the entity that ordered, along with the location of the entity, the name and location of the entity to whom the order was transmitted, the location where the marine hose was manufactured, where it was shipped and/or delivered, the identity and location of the entity that paid for the marine hose, and who used the marine hose. The motion is **Granted** with respect to Interrogatory No. 3, consistent with the instructions stated in open court and by agreement of the parties. Within ten (10) days from the date of this Order, Plaintiff shall supplement its response to this interrogatory to specifically indicate what VP Steve R. Gatlin recalls.

Interrogatory No. 4 sought identification of all documents, information, or people upon which Plaintiff relied to provide the information in response to Interrogatory No. 3. The motion is **Granted** with respect to Interrogatory No. 4 under the same circumstances as for Interrogatory No. 3 above.

Interrogatory No. 9 sought identification of each transaction for which Plaintiff believes the activities alleged in the Complaint caused it to pay more for marine hose than it would have otherwise paid. The motion is **Granted** with respect to Interrogatory No. 9 under the same circumstances as for Interrogatory No. 3 above.

Interrogatory No. 13 sought identification of the basis for the statements in the Gatlin affidavit that, "[i]n the mid-to-late 80's," Plaintiff purchased marine hose of up to 10

inches and greater in diameter from one or more of the named Defendants in this litigation. The motion is **Granted** with respect to Interrogatory No. 13 under the same circumstances as for Interrogatory No. 3 above.

Interrogatory No. 14 sought identification of whether each hose that Plaintiff allegedly purchased from Defendants during the class period was in compliance with marine hose standards set by the Oil Companies International Marine Forum (OCIMF) and/or the American Petroleum Institution (API). The undersigned accepts the representations made by Plaintiff's counsel that it has no further information other than what has been provided previously. The motion is **Deemed Moot** with respect to Interrogatory No. 14.

Request No. 1 sought documents that Plaintiff has received from the settling Defendants in this litigation. The motion is **Granted** with respect to Request No. 1. Compliance shall be within twenty (20) days from the date of this Order. Within this time frame, the settling Defendants shall have an opportunity to review the documents and raise any objections to their production to Manuli. If the settling Defendants have any objections, they are to provide a sufficiently detailed privilege log in connection with same.

Request No. 2 sought documents reflecting information that Plaintiff has received from the settling Defendants in this litigation. The motion is **Granted** with respect to Request No. 2, consistent with the instructions stated in open court. Within ten (10) days from the date of this Order, Plaintiff shall file a supplemental response to Request No. 2 indicating whether there are any such documents and shall submit a privilege log, if

Case No.: 08-1888-CIV-GRAHAM/Turnoff

applicable.

Request No. 8 sought documents reflecting contacts Plaintiff has made to purchasers of marine hose from April 2007 through the date of response. The motion is **Granted** with respect to Request No. 8. Within ten (10) days from the date of this Order, Plaintiff shall file a supplemental response to Request No. 8 setting forth any privilege assertions, along with a sufficiently detailed privilege log.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this ___ day of February 2009.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided to:
Hon. Donald L. Graham
All counsel of record