IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 1:08-mdl-01888-GRAHAM/TURNOFF

| | |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | § § § § |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | § § § § § § |

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
CLASS ACTION COMPLAINT AS TO DEFENDANTS
PIRELLI, S.P.A. AND PIRELLI ITALA, S.P.A.

COME NOW, Pirelli, S.p.A., ("Pirelli"), and Pirelli Itala, S.p.A., ("Pirelli Itala"), collectively referred to as the "Pirelli Defendants," non-existent entities, who hereby move to dismiss Plaintiff's latest complaint against them in all subject actions for similar reasons as those set forth in their Motion to Dismiss Plaintiff's [First] Amended Class Action Complaint (Dkt No. 308). Plaintiff's Second Amended Consolidated Class Action Complaint (Dkt. No. 363) (hereafter "Second Amended Complaint"), should be dismissed under Federal Rule of Civil Procedure 12(b)(2) and 12(b)6) for the following reasons: (1) these Defendants do not exist and therefore are not proper parties to the subject actions, (2) Plaintiff has failed to allege any specific conduct in violation of the applicable antitrust statutes by the Pirelli Defendants, (3) the statute of limitations has run; and (4) this Court cannot exercise personal jurisdiction over these non-existent entities.

## Background

As detailed in the attached affidavits of Anna Chiara Svelto, Exhibits A and B, neither of the "Pirelli Defendants" currently exist. On December 31, 1990 Pirelli Itala changed its corporate name to ITR S.p.A. when its affiliate company, Pirelli Treg, S.p.A. merged into it. *See* Exhibit A. Pirelli Treg, which has not been served and no longer exists, and ITR, S.p.A. were the only companies within the Pirelli family of companies that were ever engaged in the marine hose business. *See id.* On October 12, 1993, Pirelli sold its entire interest in ITR S.p.A. *Id.* This sale included the transfer of all liabilities to the purchaser, except for past taxes. *See* Exhibit B, ¶ 5. At that point, Pirelli ceased any and all connection to the marine hose business. Also at that time, Pirelli ceased to have any liability for any prior acts of which Plaintiff complains in this lawsuit. *See* Exhibits A and B. (ITR S.p.A. has also been named as a Defendant in this suit along with its affiliated companies.) On August 4, 2003 Pirelli merged with its parent corporation, Pirelli & C., S.p.A. The combined company is named Pirelli & C., S.p.A. *See* Exhibit A.

In its latest complaint Plaintiff attempts to correct its glaringly deficient allegations against the Pirelli Defendants first made in Plaintiffs' "First Amended Consolidated Class Action Complaint" (hereafter "First Amended Complaint"). However, despite the fact it reasserted its claims against defunct companies, it also failed to meet the standards required by Federal Rules of Civil Procedure 8 and 12. Plaintiff attempted to remedy its deficient pleadings against the Pirelli Defendants by asserting that a former employee of ITR, S.p.A. by the name of Romano Pisciotti, took part in the alleged conspiracy. Regardless of the fact that the Pirelli Defendants do not exist, Plaintiff's allegations remain inadequate under Federal Rules of Civil Procedure 8 and 12

because Plaintiff again fails to specifically tie the allegedly wrong conduct to either Pirelli Defendant. Accordingly, the Pirelli Defendants should be dismissed from this matter.

Similarly, the statute of limitations has run on Plaintiff's claims against the Pirelli Defendants. Plaintiff has failed to plead sufficient facts to effectively toll the statute's application to Plaintiff's claims against these two defendants.

Finally, the Pirelli Defendants must be dismissed from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(2). Years ago, when the Pirelli Defendants existed, they were Italian companies. They did not conduct continuous and systematic business in the United States. They did not have sufficient contact with the United States or purposefully avail themselves of the privilege of doing business here to confer the jurisdiction of this Court upon them. Because Plaintiff has failed to plead allegations against the Pirelli Defendants adequate enough to establish personal jurisdiction over them, dismissal of the Pirelli Defendants is necessary.

### Argument and Authorities

Plaintiff's Second Amended Complaint against the Pirelli Defendants must be dismissed. Neither defendant exists in any legal capacity; this latest Complaint fails to make sufficient allegations against either Pirelli Defendant; the statute of limitations has run; and personal jurisdiction cannot be established over these non-existent entities.

**1.   Non-existent entities cannot be parties to this lawsuit.**

Because neither of the Pirelli Defendants exist, they are not proper parties to this suit. Plaintiff's alleged damages cannot be redressed by the Pirelli Defendants because they simply do not exist as named in Plaintiff's Second Amended Complaint.

Plaintiff has not made a simple mistake or misnomer by naming the Pirelli Defendants. If Plaintiff had simply misnamed the Pirelli Defendants, it would not have named ITR S.p.A. as a Defendant. ITR S.p.A. is the successor company to Pirelli Itala. *See* Exhibit A. Pirelli sold its entire interest in ITR S.p.A. in 1993. *Id.* This sale included the transfer to the purchaser of all liabilities for past conduct except that for past taxes. *See* Exhibit B. Neither Pirelli Defendant is a proper party because they do not exist in any legal or corporate capacity and therefore cannot be sued. Accordingly, Plaintiff's Second Amended Complaint against the Pirelli Defendants must be dismissed.

**2.      Plaintiff's allegations against the Pirelli Defendants are inadequate.**

The pleading standards set out in Federal Rule of Civil Procedure 8(a)(2) require that a plaintiff's complaint contain a "short and plain statement of the claim showing that [it] is entitled to relief." FED. R. CIV. P. 8(a)(2) (2007). The complaint at a minimum must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1500 (11th Cir. 1985). However, Rule 8(a)(2) requires that a complaint must show more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007)(Dismissing antitrust class action complaint for failing to plead facts of an actual agreement between defendants sufficient to state a plausible claim to relief). Without some factual allegations, a claimant cannot satisfy the requirements of providing fair notice of the nature of the claim as well as the grounds on which the claim rests. *Id.* at 1965; *E & L Consulting, Ltd. v. Doman Industries Ltd*., 472 F.3d 23, 32 (2d Cir. 2006). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965.

To this end, a complaint alleging antitrust violations must include factual allegations giving the opposing party notice of "which of its actions" give rise to plaintiff's claims. *E & L Consulting, Ltd.*, 472 F.3d at 32. Even under notice pleading, an antitrust defendant charged with illegal tying is entitled to some specificity as to what conduct it engaged in that is alleged to give rise to plaintiff's complaint against it. *See id.; Mountain View Pharmacy v. Abbott Labs.,* 630 F.2d 1383, 1387-88 (10th Cir. 1980). Conclusory allegations of an agreement are not enough. *Twombly,* 127 S.Ct. at 1965; *In re Elevator Antitrust Litigation,* 502 F.3d 47, 50 (2d Cir. 2007). When an antitrust complaint fails to allege the requisite particular acts of each defendant, dismissing the complaint is appropriate. *See Mountain View Pharmacy*, 630 F.2d at 1387-88. (Upholding dismissal of certain antitrust defendants because plaintiff failed to allege any specific conduct by those defendants that gave rise to plaintiff's claims.). Accordingly, an antitrust complaint must allege illegal acts by each defendant and injury to the plaintiff. *See id.; In re Elevator Antitrust Litigation,* 502 F.3d at 50.

In the present suit, Plaintiffs' Second Amended Complaint fails to allege any particular conduct by either of the Pirelli Defendants that gives rise to Plaintiff's claims against them. Nowhere in this latest Complaint does Plaintiff specifically allege what either of the Pirelli Defendants did individually or together in furtherance of the alleged antitrust conspiracy.

Plaintiff's latest allegations against the Pirelli Defendants mirror the previous allegations except that this time Plaintiff identified a new individual whom it alleges took part in the alleged conspiracy. However, Plaintiff's allegations that Romano Pisciotti took part in the cartel do not establish a plausible claim to relief against either Pirelli

Defendant. Plaintiff simply alleges Pisciotti coordinated the cartel participation of ITR, S.p.A. and Yokohama. The Complaint does not tie him to either Pirelli Defendant. The applicable paragraph of Plaintiff's latest complaint reads:

> Defendant ITR, and its predecessors Pirelli Itala and Pirelli Treg, were active members of the conspiracy to fix, raise, maintain and stabilize the price of Marine Hose in the United State throughout the Class Period, including but not limited to those periods when it was owned by Pirelli, S.p.A., SAIAG, and Parker-Hannifin. Co-conspirator Romano Pisciotti ran ITR, S.p.A.'s Marine Hose business from at least 1985 until at least May 2006, when he was replaced with Defendant Vanni Scodeggio. During those years, Pisciotti attended cartel meetings and agreed with Defendants to, *inter alia*, fix prices for Marine Hose and to allocate among themselves the Marine Hose market. During a portion of the life of the cartel, Pisciotti also coordinated the participation of Yokohama in the cartel."

Plaintiff's Second Amended Consolidated Class Action Complaint, Dkt. No. 363 ¶61. The factual allegations in this paragraph do not tie either Pirelli Defendant to the alleged conspiracy. There are no factual allegations tying Pisciotti to either Pirelli Defendant. The allegations simply state that he worked for ITR, S.p.A. and engaged in conspiratorial actions while at that company, not at either of Pirelli Itala or Pirelli, S.p.A. The allegations against the Pirelli Defendants are simply conclusory. Accordingly, even these latest allegations against the Pirelli Defendants are like those against the Comital Defendants which this Court previously found inadequate. *See* Omnibus Order on Motions to Dismiss, Dkt. No. 346, p. 30-31.

Furthermore, if Pisciotti truly was involved in the cartel, Plaintiff cannot tie him to either Pirelli Defendant because neither one of them was ever engaged in the marine hose business. *See* Exhibit A. The only companies under the Pirelli ownership umbrella that were ever engaged in the marine hose business were Pirelli Treg and ITR, S.p.A. *See*

Exhibit A.  If those two companies did participate in the alleged cartel, they might be liable.  However, all liabilities for such past conduct were part of the sale of ITR, S.p.A. in 1993.  *See* Exhibit B.  Accordingly, any liabilities for misconduct by ITR, S.p.A. or Pirelli Treg belongs to the successor companies.

As the above referenced authorities provide, Plaintiff's Complaint must allege facts that a defendant is a party to the anticompetitive agreement.  Plaintiff has now had at least two opportunities to make allegations tying the Pirelli Defendants to the alleged marine hose cartel.  However, it has again failed to make any allegation specifically tying either Pirelli, S.p.A. or Pirelli Itala to the alleged conspiracy.  As it stands, the non-existent Pirelli Defendants have not been apprised of their allegedly wrongful conduct.  Accordingly, Plaintiff's Second Amended Complaint fails to state a claim against either of the Pirelli Defendants for which relief may be granted.  Therefore, the Pirelli Defendants should be dismissed.

3.      **Plaintiffs have not alleged facts to toll the statute of limitations as to the Pirelli Defendants.**

The statute of limitations for antitrust cases is four years.  *See* 15 U.S.C. §15b. Pirelli Itala ceased to exist on December 31, 1990; Pirelli severed any ties it might have had to the marine hose business when it sold its subsidiary company, ITR, S.p.A., on October 12, 1993; Pirelli ceased to exist on August 24, 2003.  All three of these events occurred more than four years before Plaintiff filed suit against the Pirelli Defendants. Therefore, the limitations have run.

Plaintiff has alleged the "entity defendants" fraudulently concealed their conspiracy in an effort to toll the statute of limitations.  However, these allegations of fraudulent concealment are inadequate as to the Pirelli Defendants.  Such allegations of

fraud are required to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9. For the reasons discussed above, Plaintiff did not plead facts specifically tying either Pirelli Defendant to the alleged conspiracy. As such Plaintiff has not met the lower standard for pleadings under Rule 8 in alleging such fraudulent concealment against the Pirelli Defendants. Because Plaintiffs have not and cannot plead a proper claim of fraudulent concealment against the Pirelli Defendants, the statute of limitations has run and Plaintiffs' suit against the Pirelli Defendants must be dismissed. *See, e.g.*, *Berkson v. Del Monte Corp.*, 743 F.2d 53, 55 (1st Cir. 1984).

**4.       There is no personal jurisdiction over the non-existent Pirelli Defendants**

The Due Process Clause requires that a defendant purposefully avail itself of the benefits and protections of the forum by establishing "minimum contacts" with that forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Due process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident corporate defendant having "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). Conversely, due process requirements for personal jurisdiction are not satisfied where a nonresident corporate defendant named as a party to a suit does not have sufficient minimum contacts with the forum. *Id*. "'[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established 'minimum contacts' in the forum State.'" *Asahi Metal Indus. Co., Ltd. v.*

*Super. Ct. of Cal., Solano County*, 480 U.S. 102 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

As the Supreme Court stated, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "purposeful availment" requirement ensures a corporate defendant will not be hauled into a jurisdiction solely as a result of "random, fortuitous or attenuated" contacts. *Burger King Corp.,* 471 U.S. at 475. A defendant's contacts with the forum must be such that the defendant should "reasonably anticipate being hauled into court" there. *World-Wide Volkswagen*, 444 U.S. 286, 296 (1980).

General jurisdiction over a foreign corporation exists if its business contacts with the forum district are 'continuous and systematic.' *Helicopteros Nacionales de Colombia, S.A..,* 466 U.S. at 415 n. 9 (1984). Specific jurisdiction exists when a plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum. *Id.* at n.8. When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship between the defendant, the forum, and the litigation. *Helicopteros*, 466 U.S. at 414. Finally, even if a defendant has sufficient contact with the forum, the exercise of personal jurisdiction must not offend "fair play and substantial justice." *Asahi Metal Ind. Co.,* 480 U.S. at 113-15.

Here, the Pirelli Defendants do not have the requisite contact with this forum to give rise to personal jurisdiction. Neither entity exists. Therefore, jurisdiction is not even conceivable. Furthermore, when these entities did exist they did not have sufficient contact with this forum to confer jurisdiction over them. Both Pirelli Defendants were

Italian companies that did not systematically and continuously conduct business activities here. To this end, they did not "purposely avail" themselves of the privilege of conducting business here. This non-existent conduct could not reasonably have led them to anticipate being hauled into this Court. Quite simply, when the Pirelli Defendants did exist many years ago, neither had the systematic and continuing contacts with this forum necessary to establish general jurisdiction.

Similarly, specific jurisdiction does not exist here because neither Pirelli Defendant made a purposeful act in this country connected with the alleged conspiracy. Plaintiff still has not specifically tied either Pirelli Defendant to the alleged conspiracy sufficient to establish that either Pirelli Defendant should have anticipated being pulled into court here. Plaintiff's latest complaint simply alleges that Romano Pisciotti, an employee of ITR, S.p.A., participated in certain cartel meetings on behalf of ITR, S.p.A. and Yokohama. Like Plaintiffs' First Amended Complaint, Plaintiff's latest Complaint does not plead factual allegations that specifically tie either of the two Pirelli Defendants to the conspiracy. Plaintiff's allegations related to ITR, S.p.A at a time it was owned by Pirelli are insufficient to confer specific jurisdiction over either Pirelli Defendant. *See Shapiro, Lifschitz & Schram v. Hazard,* 24 F.Supp.2d 66, 70 (D.D.C.1998)(a defendant's contacts with a forum cannot be attributed to an affiliate for jurisdictional purposes unless the affiliate was merely an alter ego.) Accordingly, there are no minimum contacts which could be considered "deliberate or significant" to satisfy the requirements of specific jurisdiction.

Without the requisite contacts in this forum, there is no personal jurisdiction over the non-existent Pirelli Defendants. Consequently, the Pirelli Defendants cannot be made

parties to this suit.  Doing so would offend traditional notions of fair play and substantial justice.

### Conclusion

For the reasons discussed above, Plaintiff's Second Amended Complaint against Pirelli, S.p.A. and Pirelli Itala, S.p.A. should be dismissed with prejudice.  Plaintiff has now had several opportunities and almost two years to make adequate allegations against the Pirelli Defendants.  It has not done so and cannot do so.  Accordingly, it is appropriate to dismiss with prejudice Plaintiff's latest complaint against the Pirelli Defendants.

Dated this 2nd day of March 2009.

                        Respectfully submitted,

By:  /s/ Leon Fresco
     LEE TEICHNER
     Florida State Bar No.: 816280
     LEON FRESCO
     Florida State Bar No.: 0673943
     HOLLAND & KNIGHT
     701 Brickell Avenue, Suite 3000
     Miami, FL 33131
     (305) 374-8500
     (305) 789-7799 fax

C. VERNON HARTLINE, JR.
Texas State Bar No. 09159500
JEFFREY S. PATTERSON
Texas State Bar No. 15596700
THOMAS J. ADAIR
Texas State Bar No. 24047753
HARTLINE, DACUS, BARGER,
DREYER & KERN, L.L.P.
6688 North Central Expressway
Suite 1000
Dallas, Texas  75206
(214) 369-2100
(214) 369-2118 – fax

**ATTORNEYS FOR NON-EXISTENT DEFENDANTS PIRELLI, S.P.A AND PIRELLI ITALA, S.P.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Leon Fresco
Fla. Bar No. 0673943
