IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF**

|  |  |
|---|---|
| In re MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) |

**DEFENDANTS ITR, S.P.A., SAIAG, S.P.A. AND COMITAL SAIAG, S.P.A.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION <u>COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>**

## **Table of Contents**

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ............................................................................................................................2

ARGUMENT..................................................................................................................................7

I.  PLAINTIFF'S FAILURE TO MAKE ANY NEW ALLEGATIONS AS TO COMITAL AND
    SAIAG WARRANTS DISMISSAL........................................................................................7

II. PLAINTIFF'S ALLEGATIONS AGAINST ITR ARE INSUFFICIENT TO MEET THE
    *TWOMBLY* STANDARD .......................................................................................................11

CONCLUSION..............................................................................................................................13

## Table of Authorities

**Cases**

*Assoc. Gen. Contractors v. Cal State Council of Carpenters*,
  459 U.S. 519, 103 S. Ct. 897 (1983)......................................................................................12

*Bell Atlantic v. Twombly*,
  127 S. Ct. 1955 (2007)..................................................................................................passim

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800, 108 S. Ct. 2166 (1988)......................................................................................8

*De Jesus v. Sears Roebuck & Co., Inc.*,
  87 F.3d 65 (2d Cir. 1996) ......................................................................................................10

*Golding v. Imperial Sterling Limited, et al.*,
  Case No. 99-8906-Civ-Jordan, 2001 U.S. Dist. LEXIS 25226 (S.D. Fla. June 28, 2001) ........10

*Harvest Food Group, Inc. v. Newport Int'l of Tierra Verde, Inc.*,
  Case No. 08-80681-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 95943 (S.D. Fla. Nov. 17,
  2008) ...................................................................................................................................9, 10

*In re Graphics Processing Units Antitrust Litig.*,
  527 F. Supp. 2d 1011 (N.D. Cal. 2007)..................................................................................11

*In re OSB Antitrust Litig.*,
  Case No. 06-826, 2007 U.S. Dist. LEXIS 56573 (E.D. Pa. Aug. 3, 2007) .................................8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  2008 U.S. Dist. LEXIS 65535 (N.D. Cal. 2008) .......................................................................8

*Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*,
  162 F.3d 1290 (11th Cir. 1998)..............................................................................................10

*Klay v. Pacificare Health Sys., Inc.*,
  389 F.3d 1191 (11th Cir. 2004)................................................................................................8

*Torrent & Ramos, M.D., P.A. v. Neighborhood Health Partnership, Inc.*,
  Case No. 05-21668-Civ-Huck/Simonton, 2005 U.S. Dist. LEXIS 46502 (S.D. Fla. Sept. 2,
  2005) .........................................................................................................................................9

*United States v. Bestfoods, et al.*,
  524 U.S. 51, 118 S. Ct. 1876 (1998)........................................................................................9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1

Federal Rule of Civil Procedure 8(a)(2) ........................................................................................7

Local Rule 7.1.................................................................................................................................1

Defendants ITR, S.p.A. ("ITR"), SAIAG, S.p.A. ("SAIAG") and Comital SAIAG, S.p.A. ("Comital SAIAG" and, collectively, the "Comital Defendants") respectfully submit this memorandum of law in accordance with Local Rule 7.1 in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff Bayside Rubber & Products, Inc.'s ("Plaintiff" or "Bayside") Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint").[**]

## PRELIMINARY STATEMENT

In its January 28th Order this Court held that the allegations in the First Amended Complaint as to defendants Comital, SAIAG and ITR failed to meet the pleading requirements set forth in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). Nevertheless, the Court afforded Plaintiff another opportunity to amend its complaint and allege sufficient facts to render it plausible that each defendant joined and participated in the conspiracy. Plaintiff's Second Amended Complaint ignores the Court's instructions and fails again to meet this standard in every respect.

First, and most glaringly, Plaintiff's allegations against Comital and SAIAG are identical to those contained in the First Amended Complaint. Plaintiff proffers no new or different allegations as to those defendants. With nothing more than the same cursory and insufficient allegations as in the First Amended Complaint, defendants Comital and SAIAG should be dismissed with prejudice both under *Twombly* and as a matter of law of the case. Furthermore, though Plaintiff has proffered new allegations as to SAIAG's subsidiary ITR, it still fails to set forth any factual allegations which, if true, would allow Plaintiff to pierce the

---

[**] Defendants are re-filing this motion to correct a docketing error that occurred with the original filing at Docket Entry 382.

corporate veil and hold a parent liable for the actions of its subsidiaries. Therefore, Comital and SAIAG cannot be connected to allegations concerning ITR as a matter of law.

Second, the allegations as to ITR are also wholly deficient. Plaintiff fails to allege any facts which render it plausible that ITR joined and participated in the conspiracy. Instead, Plaintiff returns to the tactics it employed in the First Amended Complaint and makes only formulaic allegations as to ITR's alleged participation. For this reason, the Second Amended Complaint should be dismissed with prejudice as to ITR.

## BACKGROUND

The Second Amended Complaint is Plaintiff's second attempt to satisfy the pleading requirements for a Section One antitrust claim set forth *Bell Atlantic v. Twombly* as to Comital, SAIAG, and SAIAG's former subsidiary ITR. On September 12, 2008, Plaintiff[1] filed its First Amended Complaint in this Court against the Comital Defendants, seventeen other entity defendants and twelve individual defendants alleging participation in a twenty-year antitrust conspiracy in the Marine Hose industry. (Dkt. No. 180, First Am. Compl. ¶¶ 12-41.) The First Amended Complaint, however, contained absolutely no specific allegations against the Comital Defendants. It named no individual employees of Comital, SAIAG or ITR. Nor did it contain any allegations as to specific anticompetitive behavior on the part of Comital, SAIAG or ITR. Instead, the First Amended Complaint included the three entities in vague, collective allegations against all of the "Entity Defendants."

---

[1] In addition to Bayside, Expro Gulf Limited ("Expro") was also a plaintiff in the First Amended Complaint. On January 28, 2009, this Court held that it lacked subject matter jurisdiction over Expro's claims and dismissed Expro from the case. Accordingly, Bayside is the only remaining plaintiff in this action.

### A. The Comital Defendants' Motion to Dismiss the First Amended Complaint

On December 19, 2008, Comital, SAIAG and ITR filed a motion to dismiss the First Amended Complaint arguing that the First Amended Complaint's collective allegations failed to meet the pleading requirements for a Section One antitrust claim set forth in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). (Dkt. No. 301, Defs.' Mot. to Dismiss). The Comital Defendants contended that Plaintiffs failed to set forth even a single allegation sufficient to establish that any of those entities had agreed to join and participate the conspiracy (Dkt. No. 301, Defs.' Mot to Dismiss at 7-8), and that Plaintiff did not include the necessary allegations of a veil piercing theory to hold any of those entities liable for the actions of its affiliate parent or subsidiary. (Dkt. No. 334, Defs.' Reply Mem. at 9-10).

### B. The January 28, 2009 Omnibus Order

On January 28, 2009, this Court issued an Omnibus Order on Motions to Dismiss (the "January 28th Order") dismissing the First Amended Complaint as to Comital, SAIAG and ITR and various other defendants. (Dkt. No. 346, January 28th Order). This Court expressly held that the allegations as to many of the defendant entities and individuals were fundamentally deficient in light of *Twombly*. Specifically, the Court concluded that Plaintiff's "general allegations as to all of the Defendants" were insufficient, and that Plaintiff had failed in many respects to allege "how" each of the defendants "joined the conspiracy." (Id. at 22). For example, with respect to defendant Francesco Scaglia, the Court concluded that merely placing him at a meeting during the course of a twenty-year conspiracy was insufficient to link him to the alleged wrongdoing. (Id. at 23). It further concluded that the mere three mentions of defendant Val M. Northcutt, including the allegations that he was an executive at Manuli Rubber Industries "who was indicted by the government and charged with conspiring to suppress and

3

eliminate competition for Marine Hose in the United States," were insufficient to link him to the conspiracy.  (Id. at 25 n.25).

With regard to Comital, SAIAG and ITR, the Court held that Plaintiff had completely failed to meet the *Twombly* standard by alleging that "each defendant joined the conspiracy and played some role in it."  (Id. at 31).  The Court concluded that Plaintiff had failed to proffer any allegation that Comital, SAIAG or ITR participated in the conspiracy.  (Id. at 31).  In so doing, the court also noted that "unlike instances concerning other Defendants where Plaintiffs have identified employees and attendance at specific meetings and their conduct, there are no such allegations as to the Comital Defendants."  (Id. at 31).  "Consequently, the Court [granted] the Comital Defendants' motion to dismiss to the extent Plaintiffs failed to allege any particular conduct as to the Comital Defendants."  (Id. at 31).  The January 28th Order granted Plaintiff leave to amend its complaint to include the requisite allegations against Comital, SAIAG and ITR within ten days.  (Id. at 31).  Plaintiff's Second Amended Complaint has failed to rectify the deficiencies of the First Amended Complaint.

### C. The Seconded Amended Complaint

On February 11, 2009, Plaintiff filed a Second Amended Complaint in this Court in which it repeats its allegations of a twenty year antitrust conspiracy to bid rig, allocate markets and restrain trade in the Marine Hose industry.  The Second Amended Complaint again names Comital, SAIAG and ITR as defendants.  As to Comital and SAIAG, Plaintiff has not included a single new allegation.  *See* (Dkt. No. 363, Second Am. Compl. ¶¶ 19-20).  Exactly as in the First Amended Complaint, Plaintiff still alleges only that SAIAG became part of Comital in 2004, and SAIAG was the parent of ITR from 1993 until 2002, when ITR was sold.  (Id. ¶¶ 18-20).  The Second Amended Complaint names no individual employee of Comital as a defendant.  It makes

4

no allegation that any of the employees of Comital were present at any of the alleged conspiratorial meetings. Indeed, in manifest disregard of this Court's January 28th Order, the Second Amended Complaint does not even include the most cursory allegation that Comital joined the conspiracy and played a role in it. (Id. at ¶ 31).

The same is true of SAIAG. The Second Amended Complaint alleges only that SAIAG was the parent of ITR. It names no SAIAG employee, alleges no presence of SAIAG at meetings and does not include any allegation that SAIAG joined the conspiracy and played some role in it.

With respect to ITR, Plaintiff again makes the same vague, conclusory allegations present in the First Amended Complaint. ITR is an entity that was at one point held by defendant Pirelli, then by SAIAG and then ultimately by defendant Parker-Hannifin. It is alleged to have been a subsidiary of SAIAG from 1993 until 2002, when all of its assets were sold to Parker-Hannifin. (Id. at ¶ 18). The only individual alleged to have acted on behalf of ITR during the period that SAIAG held ITR is Romano Pisciotti ("Pisciotti"), who is not named as an individual defendant. The sum total of allegations as to Pisciotti is that he was present at a total of two alleged meetings from 1993 until 2002. (Id. at ¶¶ 79-80). The Second Amended Complaint alleges that Pisciotti "attended" meetings, but says nothing of any role he played in alleged anticompetitive activities. It also alleges that at some point in time – without specifying whether it was during the time that ITR was held by SAIAG – Pisciotti coordinated the participation of Yokohama in the alleged cartel, but says nothing about any actions in furtherance of that coordination. (Id. at ¶ 60). Pisciotti, unlike other employees of other defendants, is not even alleged to have been the subject of any of the criminal prosecutions by United States or European authorities.

5

Finally, the Second Amended Complaint names individual defendant Scaglia as an employee of ITR who "at relevant times" assisted Pisciotti in his allegedly improper activities and who left to work at entity defendant Manuli in 2004.  (Dkt. No. 363, Second Am. Compl. ¶ 61).  The Second Amended Complaint makes no attempt to allege when Scaglia's alleged improper conduct at ITR took place and does not state that it took place during the time that ITR was held by SAIAG.  Scaglia's primary role in the alleged conspiracy remains as an individual defendant acting on behalf of entity defendant Manuli.  (Id. ¶ 34).

The Second Amended Complaint against Comital, SAIAG and ITR should be dismissed.

**ARGUMENT**

**I.**

**PLAINTIFF'S FAILURE TO MAKE ANY NEW ALLEGATIONS AS TO COMITAL AND SAIAG WARRANTS DISMISSAL**

Blatantly ignoring this Court's January 28th Order, Plaintiff has set forth the exact same allegations against Comital and SAIAG in the Second Amended Complaint that this Court concluded were insufficient in the First Amended Complaint. The Second Amended Complaint, therefore, should be dismissed pursuant to *Twombly* and, indeed, as a matter of law of the case. Furthermore, as previously argued in the Comital Defendants' first motion to dismiss, the bare allegation of some type of parent-subsidiary relationship between Comital, SAIAG and ITR is wholly insufficient to connect allegations against one entity to another.

As this Court stated in its January 28th Order, the Supreme Court's decision in *Bell Atlantic v. Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculation level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." (Dkt. No. 346, January 28th Order at 24-25 (citing *Twombly*, 127 S. Ct. 1964-65)). The complaint must show that it is "plausible" that defendants engaged in conspiratorial conduct. *Twombly,* 127 S. Ct. at 1265. "Sherman antitrust claims require a complaint with enough factual matter (taken as true) to suggest that an agreement was made. . . .  Indeed, '[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreements reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief.'" (Dkt. No. 346, January 28th Order at 25 (quoting *Twombly*, 127 S. Ct. at 1966)).  In the case of an "international conspiracy, spanning more than twenty years, including more than ten

7

corporations and numerous executives," general allegations as to all the defendants are insufficient to allege agreement. (Dkt. No. 346, January 28th Order at 26). Thus, a complaint must contain allegations sufficient to make it plausible that each individual defendant joined the conspiracy and played some role in it. (Dkt. No. 346, January 28th Order at 26 (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2008 WL 3916309, *4 (N.D. Cal. 2008)).

The Second Amended Complaint completely fails to meet this standard. Plaintiff has chosen to rely on the same collective allegations as to the "Entity Defendants" in total disregard of this Court's January 28th Order. They have named no employees of either Comital or SAIAG as defendants; they have alleged that no employee of either entity agreed at a meeting to play some role in the conspiracy; and, indeed, they have not even included the most basic allegation that Comital or SAIAG joined the conspiracy and played some role in it. *Cf. In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2008 U.S. Dist. LEXIS 65535, *6 (N.D. Cal. 2008); *In re: OSB Antitrust Litig.*, Case No. 06-826, 2007 U.S. Dist. LEXIS 56573, *12-13 (E.D. Pa. Aug. 3, 2007).

Given that these are the exact same allegations with regard to Comital and SAIAG, the Court should dismiss the Second Amended Complaint as a matter of law of the case. "The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1197 (11th Cir. 2004), (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 2177 (1988) (citation omitted)), *cert. denied*, 544 U.S. 1061, 125 S. Ct. 2523 (2005). When a plaintiff fails to address deficiencies in the original complaint in an amended complaint, courts have employed the law of the case doctrine to dispose of those claims again. *See, e.g., Torrent & Ramos, M.D., P.A. v.*

*Neighborhood Health Partnership, Inc.*, Case No. 05-21668-Civ-Huck/Simonton, 2005 U.S. Dist. LEXIS 46502, *6-7 (S.D. Fla. Sept. 2, 2005) ("Because [plaintiff's] claim for unjust enrichment, as asserted in…the Amended Complaint, is identical to the claim as it appeared in the original complaint, this Court's prior ruling in its Order . . . applies pursuant to the 'law of the case' doctrine."). Plaintiff's claims against Comital and SAIAG should be dismissed on this basis.

Finally, even assuming that Plaintiff seeks to connect Comital and SAIAG to the scant few, new allegations Plaintiff has proffered against ITR, that attempt also should fail as a matter of law. *Harvest Food Group, Inc. v. Newport Int'l of Tierra Verde, Inc.*, Case No. 08-80681-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 95943, *9 n.1 (S.D. Fla. Nov. 17, 2008) ("[E]ven though the Complaint does not expressly invoke a veil piercing theory of liability, the Court must assume Plaintiff is invoking such a theory because Plaintiff seeks to hold [defendant parent] liable for the alleged liabilities of [defendant subsidiary]."). Plaintiff may not rely on any of its allegations as to ITR to establish that Comital or SAIAG are involved the conspiracy. As a matter of law, allegations only that there was a parent-subsidiary relationship between three entities are insufficient to establish liability. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods, et al.*, 524 U.S. 51, 61, 118 S. Ct. 1876, 1885 (1998).

"A party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove (1) that the subsidiary was a mere instrumentality of the parent, and (2) that the parent engaged in improper conduct through its organization or use of the subsidiary." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290,

9

1320-21 (11th Cir. 1998). Thus, in order to "state a cognizable claim for piercing the corporate veil" and survive a motion to dismiss, "the plaintiff must alleged facts that, if taken as true, demonstrate that the subsidiaries are mere instrumentalities of the parent, and that the defendants engaged in improper conduct in the formation of the subsidiary." *Harvest Food Group, Inc.*, 2008 U.S. Dist. LEXIS 95943, at *9 n.1. *See also De Jesus v. Sears Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) (concluding that claims against parent company must be dismissed because, in accordance with the requirements necessary to pierce the corporate veil, "[t]he Complaint does not allege facts from which it may be inferred that [parent] dominated [subsidiary's] administration of ….program [at issue] or that [parent's] employees themselves acted to defraud Plaintiffs."), *cert. denied*, 519 U.S. 1007, 117 S. Ct. 509 (1996).

Therefore, the allegations that SAIAG became a part of Comital in 2004, and SAIAG was a parent of ITR from 1993 to 2002 mean nothing without some factual allegations to support piercing the corporate veil. *Golding v. Imperial Sterling Limited, et al.*, Case No. 99-8906-Civ-Jordan, 2001 U.S. Dist. LEXIS 25226, *10-11 (S.D. Fla. June 28, 2001) (concluding that claim must be dismissed because plaintiff failed to allege not only that the corporation was a "mere instrumentality" of an individual defendant but also that the individual defendant had "engaged in improper conduct such as fraud…in the formation or use of the corporation.") (internal quotation marks omitted). First, the Second Amended Complaint does not actually allege that ITR is a subsidiary of Comital, meaning that Plaintiff would have to pierce through two levels of the corporate form in order to reach Comital. Moreover, the Second Amended Complaint alleges that Comital did not even become affiliated with SAIAG until 2004 – i.e., *after* SAIAG had sold ITR's assets to Parker-Hannifin. (Dkt. No. 363, Second Am. Compl. ¶¶ 18-19). And, the mere allegation that SAIAG was the parent entity of ITR for some period of

10

time is insufficient on its own to hold SAIAG liable for any actions of ITR. Finally, and in any event, as argued herein, the allegations as to ITR are also insufficient to establish that it joined and played a role in the conspiracy.

## II.

### PLAINTIFF'S ALLEGATIONS AGAINST ITR ARE INSUFFICIENT TO MEET THE *TWOMBLY* STANDARD

In a futile attempt to comply with this Court's prior decision, the sum total of Plaintiff's new allegations against ITR during the period that SAIAG held it is that (i) Pisciotti was an employee of ITR and (ii) was present at two alleged meetings. Plaintiff has proffered not one single other factual allegation to connect ITR to the conspiracy. Thus, Plaintiff's allegations in the Second Amended Complaint against ITR are insufficient to meet the plausibility standard under *Twombly* and this Court's prior decision.

The allegations that Pisciotti attended two meetings from 1999-2000 are insufficient to link ITR to the conspiracy. As this Court stated in its Decision, "[m]ere attendance at one meeting within a twenty-plus year conspiracy, without more, is insufficient [to meet the *Twombly* standard]." (Dkt. No. 346, Decision at 23). Plaintiff's allegations that Pisciotti attended a total of two meetings when ITR was held by SAIAG should also be declared insufficient for the same reason; namely, that allegations of "attendance" at meetings fail to render it plausible that ITR joined and participated in a twenty-year conspiracy. (Dkt. No. 346, Decision at 23, 25-27). *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007) ("even where some competitors have admitted to meeting to fix prices at or near trade shows and conferences, it is not reasonable to infer that another competitor in attendance at the same meeting had done likewise"). Indeed, unlike with the individual employees of other defendants, there is no allegation that Pisciotti was ever even charged or

11

prosecuted for any wrongdoing, which, if anything, makes it less plausible that he engaged in conspiratorial activity when at the meetings. Absent some specific allegation that Pisciotti did more than just attend a meeting, the Court should not assume that he agreed to join and engage in any acts in furtherance of the alleged conspiracy. *Assoc. Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983) (a court should not "assume that [a plaintiff] can prove facts that it has not alleged"). The allegation of attendance at two meetings over a twenty-year conspiracy without more, therefore, is not enough to link ITR to the conspiracy.

Furthermore, although defendant Scaglia is mentioned briefly in connection with ITR, there is simply no allegation that his affiliation was during the period ITR was held by SAIAG from 1993 until 2002. The Second Amended Complaint states only that Scaglia was an employee of ITR at "relevant times" and that his employment ended in 2004. Without a specific allegation that Scaglia was employed by ITR during the period from 1993 to 2002, it is reasonable to assume that he could have been employed from 2003 to 2004 or only in 2004. Again, if Plaintiff has not proffered an allegation that Scaglia was employed by ITR at some point from 1993 to 2002, then the Court should not assume it. *Assoc. Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. at 526.

With not a single other specific allegation against ITR to connect it to the conspiracy at relevant times, the Second Amended Complaint represents yet another failed attempt to render it plausible that ITR agreed to join and participate in the conspiracy.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's Second Amended Complaint should be dismissed as to Comital, SAIAG and ITR with prejudice.

Dated: March 3, 2009

                        Respectfully Submitted,

                        By:     /s/ Susan E. Trench
                              Susan E. Trench
                              Florida Bar No. 253804
                              GOLDSTEIN, TANEN & TRENCH, P.A.
                              One Biscayne Tower, Suite 3700
                              Two South Biscayne Boulevard
                              Miami, FL 33131-1804
                              Telephone: (305) 374-3250
                              Facsimile: (305) 374-7632
                              Email: strench@gttpa.com

                        CURTIS, MALLET-PREVOST,
                          COLT & MOSLE LLP
                              Joseph D. Pizzurro (*pro hac vice*)
                              Nancy E. Delaney (*pro hac vice*)
                              Timothy N. McCabe (*pro hac vice*)
                              101 Park Avenue
                              New York, NY 10178
                              Telephone: (212) 696-6000
                              Facsimile: (212) 697-1559

                        *Attorneys for Defendants ITR, S.p.A.,*
                              *SAIAG, S.p.A. and Comital SAIAG, S.p.A.*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 3, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information System for Case 08-MDL-1888.  Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.

    /s/ Susan E. Trench
    Susan E. Trench