IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

|  |  |
|---|---|
| In re MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | ) ) ) ) ) ) ) |

**DEFENDANTS COMITAL SAIAG, S.P.A., SAIAG, S.P.A., AND ITR, S.P.A.,'S
MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 7.1 and 26.1.H., Defendants Comital SAIAG, S.p.A, SAIAG, S.p.A., and ITR, S.p.A. ("the Comital Defendants") submit this motion for a protective order staying the Comital Defendants' time to respond to discovery requests pending a decision on their Motion to Dismiss the Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") of Plaintiff Bayside Rubber and Products, Inc.

**PRELIMINARY STATEMENT**

The District Court has already dismissed one complaint by Plaintiff against the Comital Defendants. While Plaintiff has filed its Second Amended Complaint, that Complaint contains virtually the same allegations against the Comital Defendants as the dismissed complaint, and the Comital Defendants have moved to dismiss that Complaint as well. That

motion is currently *sub judice*. Plaintiff has now propounded 46 document requests, some with as many as twenty sub-requests, and eight interrogatories requiring intensive investigation. In this Circuit the law is clear that the Comital Defendants, and this Court, should be spared the burden associated with responding to, and potentially litigating over, these discovery requests when there is a pending motion to dismiss and when the claims asserted are, as in this case, of dubious merit. The Comital Defendants' motion for a protective order should be granted.

## PROCEDURAL BACKGROUND

Plaintiff filed its First Amended Consolidated Class Action Complaint ("First Amended Complaint") on September 12, 2008, alleging a 20 year antitrust conspiracy in the marine hose industry. In the First Amended Complaint, Plaintiff named the Comital Defendants in a long list of defendants. It alleged that ITR was a subsidiary of SAIAG from 1993 to 2002, when ITR became part of another defendant, Parker-Hannifin. (Dkt. No. 180, First Amended Compl. ¶¶ 19-20). It also alleged that Comital was a parent of SAIAG. (*Id.* ¶ 21). But, the First Amended Complaint included absolutely no additional allegations as to how any of the Comital Defendants joined the conspiracy or what role, if any, they played in it. Instead, the Comital Defendants were included in general collective allegations against "defendants" or "entity defendants." (*Id.* ¶ 41).

On January 28, 2009, the District Court dismissed the First Amended Complaint as to all of the Comital Defendants on the grounds that Plaintiff had failed to include specific allegations as to each of the Comital Defendants and their connection to the conspiracy. (Dkt. No. 346, January 28 Order at p. 31). The Comital Defendants were the only entity defendants to be fully dismissed from the case.

Plaintiff filed a Second Amended Complaint in the District Court on February 11, 2009. (Dkt. No. 363, Second Amended Compl.). The Second Amended Complaint also named

the Comital Defendants in the list of entity defendants. (*Id.* ¶¶ 18-20). However, the Second Amended Complaint failed to include any new additional allegations against Comital and SAIAG. Furthermore, Plaintiff included only vague and cursory allegations against ITR. Specifically, it alleged that Romano Piscotti, an ITR employee, had attended a handful of meetings. (*Id.* ¶¶ 79-80). It also alleged that another employee of ITR, Francesco Scaglia, attended a meeting – after he left the employ of ITR. (*Id.* ¶¶ 61, 86).

The Comital Defendants have moved to dismiss the Second Amended Complaint on the basis that the claims as to Comital and SAIAG are identical to those in the First Amended Complaint, and should be dismissed pursuant to the doctrine of law of the case. (D.E. 392, Motion to Dismiss at pp. 7-9). The Comital Defendants have also argued that the activities of ITR cannot be attributed to Comital and SAIAG based upon the mere allegation of a parent-subsidiary relationship. (*Id.* at pp. 9-11). Finally, the Comital Defendants argued that allegations that ITR employees attended meetings were insufficient to establish liability under *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) and pursuant to the District Court's January 28 Order. (*Id.* at pp. 11-12). That motion has been fully briefed as of March 30, 2009.

Subsequent to the filing of the Second Amended Complaint, Plaintiff propounded upon the Comital Defendants 46 lengthy, overly broad and unduly burdensome document requests and a separate set of similarly burdensome interrogatories.[1] *See* (Exs. A and B). These requests essentially ask the Comital Defendants to conduct an intensive and costly search to produce every document, down to the day, month, and year, for an over 23 year period with any tangential relation to marine hose. (Ex. A. at pp. 11-15, Ex. B. at pp. 7-8).

---

[1] Counsel for plaintiff also submitted a motion on behalf of Loop, LLC seeking to have Loop intervene in this action as another named plaintiff. (D.E. 377). That motion is currently *sub judice*.

Responding to these burdensome requests would cause the Comital Defendants to incur great expense and business disruption costs they should not have to bear when they will likely be dismissed from the case.

## ARGUMENT

### THE LIKELIHOOD OF SUCCESS ON THE MERITS OF COMITAL DEFENDANTS' MOTION TO DISMISS AND BURDEN OF THE DISCOVERY REQUESTS OUTWEIGHS ANY PREJUDICE TO THE PLAINTIFF

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is within a court's discretion to stay discovery until the court has ruled on a dispositive motion to dismiss. Courts must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Allmond v. Duval County*, No. 3:08-cv-486-J-34TEM, 2008 U.S. Dist. LEXIS 92697, at *3 (M.D. Fla. Nov. 5, 2008) (internal quotation marks omitted). The Eleventh Circuit has concluded that dismissal of a "nonmeritorious claim before discovery has begun" reduces "unnecessary costs to the litigants and the court system." *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Thus, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* See also *Moore v. Harrison*, 141 Fed. Appx. 803, 806, 2005 U.S. App. LEXIS 14070 (11th Cir. 2005) (citing Chudasma in affirming district court's order staying discovery). This case falls squarely within the governing standard in this Circuit and a stay of discovery is appropriate.

There can be little question that Plaintiff's claims against the Comital Defendants are nonmeritorious and legally unsupportable. The District Court has already dismissed these same claims based on essentially identical allegations. As set forth in the Comital Defendants motion to dismiss, the Second Amended Complaint should be dismissed as to Comital and

SAIAG pursuant to the doctrine of law of the case. (D.E. 392, Motion to Dismiss at pp. 8-9). The current motion to dismiss, which presents simple, straightforward issues as to Comital and SAIAG, has a high likelihood of success on the merits. *See Chudasma*, 123 F.3d at 1368 (noting that ruling on motion to dismiss before discovery is particularly appropriate when the claims against defendant are "especially dubious"); *see also Allmond v. Duval County*, 2008 U.S. Dist. LEXIS 92697 at *3 (noting plaintiff's history of filing frivolous lawsuits in granting stay of discovery pending a motion to dismiss).

The allegations as to ITR similarly ignore the District Court's January 28 Order. That Order permitted Plaintiff to replead with allegations that render it plausible that each defendant was part of the alleged conspiracy. However, the Court held that mere attendance by an individual at meetings would not be sufficient to make participation in the conspiracy plausible. (D.E. 346, January 28 Order at p. 23). All Plaintiff has alleged in its Second Amended Complaint is that one employee of ITR attended a handful of alleged conspiratorial meetings and that another employee attended one meeting after he had left ITR. Thus, the strong likelihood of ITR's success on the merits further indicates that a protective order should be granted.

In addition, in antitrust cases such as this one, stays are often deemed appropriate where "discovery may be especially burdensome and costly to the parties" and where circumstances do not present "a compelling need for prompt discovery." *DSM v. Desotech, Inc. v. 3D Systems Corp.*, No. 08-cv-1531, 2008 U.S. Dist. LEXIS 87473, *5-9 (N.D. Ill. Oct. 28, 2008); *see also Chudasma*, 123 F.3d at 1368. The burden that Plaintiff's discovery requests imposes on the Comital Defendants, as well as the Court, is substantial. Plaintiff has requested a broad range of documents with any tangential relevance to marine hose over an approximately

23 year period. Searching for responsive documents would require a significant effort by the Comital Defendants for virtually any documents relating to marine hose. (Ex. A. at pp. 8-11, Ex. B at p. 7). This burden is particularly egregious here because the Comital Defendants are foreign entities that will be forced not only to spend valuable time and money searching for the documents, but also have the added burden and expense of communicating with counsel overseas and shipping documents overseas.

Requiring the Comital Defendants to respond to Plaintiff's discovery requests will also put an unnecessary burden on this Court. Many of the requests are objectionable as overbroad and not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Absent a protective order, those requests are bound to spawn a host of discovery disputes which this Court will be asked to resolve. This is a burden which should be avoided, given the lack of any merit to Plaintiff's claims.

Moreover, there is no compelling need for prompt discovery. Plaintiff's counsel has moved to have yet another named plaintiff join this matter. (D.E. 377). Plaintiff's document request specifically provides that "Plaintiffs refers to Plaintiff Bayside Rubber & Products, Inc., *as well as any others whose lawsuits may be consolidated in this action after these requests were served.*" (Ex. A. at p. 2). Therefore, the Comital Defendants may be forced to undertake yet another search for responsive documents should that motion be granted. Discovery should be stayed until Plaintiff's counsel has decided how many named plaintiffs will participate in this lawsuit.

## CONCLUSION

For the foregoing reasons, the Comital Defendants' motion for a protective order to stay discovery pending a resolution on the Comital Defendants' motion to dismiss Plaintiff's Second Amended Complaint should be granted.

Dated: April 3, 2009

                              Respectfully Submitted,

By:     /s/ Susan E. Trench
       Susan E. Trench
       Florida Bar No. 253804
       GOLDSTEIN, TANEN & TRENCH, P.A.
       One Biscayne Tower, Suite 3700
       Two South Biscayne Boulevard
       Miami, FL 33131-1804
       Telephone: (305) 374-3250
       Facsimile: (305) 374-7632
       Email: strench@gttpa.com

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
    Joseph D. Pizzurro (*pro hac vice*)
    Nancy E. Delaney (*pro hac vice*)
    Timothy N. McCabe (*pro hac vice*)
    101 Park Avenue
    New York, NY 10178
    Telephone: (212) 696-6000
    Facsimile: (212) 697-1559

*Attorneys for Defendants Comital SAIAG, S.p.A.*
*SAIAG, S.p.A. and ITR, S.p.A.*

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)

I Nancy Delaney certify that on April 3, 2009, pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 7.1.A(3), I conferred with Plaintiff's counsel Hollis Salzman in an effort to postpone discovery pending a ruling on the Comital Defendants' motion to dismiss the Second Amended Complaint. As we were unable to come to an agreement in this respect, the Comital Defendants now seek the intervention of the Court to resolve this matter.

                                                       /s/ Nancy E. Delaney
                                                  Nancy E. Delaney, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on April 3, 2009 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record or *pro se* parties identified on the Mailing Information System for Case 08-MDL-1888. Counsel of record currently identified on the Mailing Information System list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. mail.

/s/ Susan E. Trench<br>
Susan E. Trench