IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

————————————————x
IN RE MARINE HOSE ANTITRUST :
LITIGATION :
 :
 :
———————————————— :
 :
THIS DOCUMENT RELATES TO: :
 :
ALL ACTIONS :
 :
 :
 :
————————————————x

**MANULI RUBBER INDUSTRIES S.P.A. AND MANULI OIL & MARINE (U.S.A.) INC.'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW**

Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc. (collectively, "Manuli") respectfully submit this memorandum in support of their Motion to Compel Plaintiffs to Produce Documents. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 26.1.H.2, Manuli hereby asks the Court to enter an Order compelling Plaintiff Bayside Rubber & Products, Inc. ("Bayside") to produce documents responsive to certain document requests set forth in Manuli's Second Request for Production of Documents (Merits) dated December 15, 2008 (hereinafter, "document requests").

A.  **BACKGROUND TO DISCOVERY DISPUTE**

Manuli served its document requests on Bayside on December 15, 2008. (Attached to the Declaration of Fern Mechlowitz ("Mechlowitz Decl.") as Ex. A.) Bayside served responses to Manuli's document requests on or about January 23, 2009. (Ex. B to Mechlowitz Decl.) Manuli wrote a letter to Bayside on February 2, 2009 stating its disagreement

with certain of Plaintiff's objections set forth in its response to Manuli's document requests and asked Plaintiff to produce the requested documents. (Ex. C to Mechlowitz Decl.)

On February 4, 2009 Manuli filed a Cross-Motion to Compel Bayside to produce documents requested in three of Manuli's document requests: (1) all documents that Plaintiff had received from Settling Defendants in this litigation (Request No. 1), (2) all documents reflecting information that Plaintiff had received from Settling Defendants in this litigation (Request No. 2), and (3) all documents reflecting contacts Plaintiff had made, or reflecting contacts that had been made on Plaintiff's behalf, to purchasers of marine hose from April 2007 until the date of Plaintiff's response to this request (Request No. 8). [D.E. 351, 353].

At a February 26, 2009 motion hearing, Judge Turnoff granted Manuli's Motion to Compel Plaintiff to produce these three categories of documents. (*See* Judge Turnoff's Order, dated Feb. 27, 2009, D.E. 381 ("Order").) With respect to the first category of documents, the Court ordered Plaintiff to produce documents that Plaintiff had received from Settling Defendants within 20 days of the date of the Order. (Order at 3.) The Court instructed Plaintiff to consult with the Settling Defendants to ascertain if they had any objections to the production of those documents, and noted that "[i]f the Settling Defendants have any objections, they are to provide a sufficiently detailed privilege log in connection with same." (*Id.*) Similarly, the Court granted Manuli's request for documents reflecting information that Plaintiff received from Settling Defendants and ordered Plaintiff to submit a privilege log describing any documents that it would not produce due to privilege. (*Id.*) Finally, the Court granted Manuli's request for documents reflecting contacts Plaintiff had made to purchasers of marine hose, but also noted that "[w]ithin ten (10) days from the date of this Order, Plaintiff shall file a . . . sufficiently

detailed privilege log" describing any documents it would not produce due to privilege. (*Id.* at 4.)

In response to the Court's order, Plaintiff produced a Supplemental Response to Manuli Defendants' Second Request For Production of Documents ("Supplemental Response") and a purported "privilege log" to Manuli on March 9. (Exs. D and E to Mechlowitz Decl.) In its Supplemental Response, Plaintiff simply reasserted the arguments that it had presented to the Court, stating that it should not have to produce documents in response to Requests 1, 2, and 8 of Manuli's document requests. (*See* Ex. D to Mechlowitz Decl.) Plaintiff even acknowledged that many of the issues it disputed were already decided by the Court when it stated: "To the extent not overruled by the February 27 Order, Plaintiff objects to the production of all documents described in the attached Privilege Log . . . ." (*Id.* at 2.) In its purported privilege log, Plaintiff failed to identify the author, addressee, or date of the communication, or provide an adequate description of the type and subject matter of the communication. (*See* Ex. E to Mechlowitz Decl.) In particular, Plaintiff did not even identify the purchasers of marine hose with whom it communicated, and instead referred to them as "Corporate Does." (*Id.*) Plaintiff also did not list each communication individually, and instead grouped together general categories of communications. (*Id.*)

On March 10, counsel for Manuli wrote Plaintiff a letter pointing out the numerous deficiencies in Plaintiff's privilege log, noting that Plaintiff's log violated Local Rule 26.1(G)(3)(b), and stating that Manuli did not agree that communications between Plaintiff and purchasers of marine hose or Settling Defendants could be protected by the claimed privileges. (Ex. F to Mechlowitz Decl.) Manuli requested that Plaintiff correct the deficiencies in its privilege log and produce a revised log by March 13. (*Id.*)

On March 13, Plaintiff produced to Manuli a supplemental privilege log which contained separate entries for each of Plaintiff's communications with purchasers of marine hose, but still did not identify the purchasers of marine hose with whom Plaintiff communicated or the author or the addressee of the communications, and it did not adequately describe the subject matter of the communications. (Ex. G to Mechlowitz Decl.) Plaintiff's supplemental privilege log also did not correct any of the deficiencies with respect to communications relating to Settling Defendants. (*Id*.) Once again, counsel for Manuli contacted Plaintiff's counsel on March 16, pointed out the numerous deficiencies with Plaintiff's log, and stated that such communications could not be protected by the claimed privileges. (Ex. H to Mechlowitz Decl.)

In response to Manuli's e-mail, Plaintiffs produced an amended supplemental privilege log on March 20. (Ex. I to Mechlowitz Decl.) Plaintiff's March 20 log is nearly identical to its March 13 log – Plaintiff only corrected some of its communications with LOOP.[1] Again, Manuli e-mailed Plaintiff and pointed out that Plaintiff's third log still did not adequately identify the authors, addressees, or subject matter of the communications. (Ex. K to Mechlowitz Decl.) Plaintiff responded on March 26, asking why Manuli sought communications between Plaintiff and marine hose purchasers and stating that "Plaintiff has produced everything we believe is appropriate to be produced and logged those items we believe are within the scope of applicable privileges." (Ex. L to Mechlowitz Decl.) Counsel for Manuli responded on March 30, stating that Plaintiff's correspondence with purchasers of marine hose is likely to contain information relevant to the merits of the action and to class certification issues. (Ex. M to

---

[1] Plaintiff agreed to correct its second privilege log after Manuli's counsel pointed out that this log documented twenty-three (23) separate communications sent from Counsel for LOOP to Randall Weill, Esq. (and sometimes other lawyers as well), but listed no communications sent by Mr. Weill. Plaintiff stated this was an inadvertent oversight. (*See* March 16, 2009 Email from Gregory P. Hansel to Fern Mechlowitz, attached as Ex. J. to Mechlowitz Decl.)

Mechlowitz Decl.) Plaintiff responded on March 31, stating once again that it did not believe Manuli had set forth sufficient explanation for requesting the documents, and that, as far as it was concerned, it had complied with its obligations. (Ex. N to Mechlowitz Decl.)

Finally, on April 7, 2009, at Manuli's request, counsel for Manuli and Plaintiff held a meet and confer telephone conference. At that conference, Plaintiff continued to assert that it would not produce or provide any additional detail regarding the communications described on its privilege logs. (*See* Mechlowitz Decl. at ¶ 2.)

Despite Manuli's good-faith efforts to resolve the discovery disputes, Bayside has failed to supply documents responsive to certain of Manuli's document requests, and has failed to produce an adequate privilege log so that Manuli can properly assess whether these documents are privileged.

**B. PLAINTIFF'S COMMUNICATIONS WITH SETTLING DEFENDANTS**

On its March 9 privilege log, Plaintiff claimed that its correspondence with Settling Defendants regarding settlement negotiations, as well as draft settlement agreements (which were sent from Settling Defendants to Plaintiff), are protected by attorney work product privilege, attorney client privilege, and Federal Rule of Evidence 408. (*See* Ex. E to Mechlowitz Declaration at 1-2.)[2] These communications, however, are not protected by any of the asserted privileges and should be produced to Manuli as they are highly relevant to this litigation.

---

[2] Plaintiff confirmed during the April 7, 2009 telephone conference that, despite producing a supplemental privilege log and amended supplemental privilege log which do not include these communications, it is still claiming privilege over these communications.

In addition, Plaintiff has represented to Manuli that it is no longer claiming privilege over the first category of documents listed on its March 9 privilege log because there are no documents in that category. (*See* Exhibit N to Mechlowitz Decl.) Otherwise, Manuli would have challenged any assertion of privilege over these documents as well.

Communications between Plaintiff and Settling Defendants are not protected by attorney-client privilege because there is no attorney-client relationship between Settling Defendants and Plaintiff's counsel. *See In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990) ("[A] claim of attorney-client privilege requires proof [that] . . . the asserted holder of the privilege is or sought to become a client . . . ." (internal quotations omitted)). Moreover, any attorney-client privilege or work product protection that may have attached to these documents was waived by Settling Defendants when they intentionally produced these documents to Plaintiff, an adversary. *See United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987); *Stern v. O'Quinn*, 253 F.R.D. 663, 681-83 (S.D. Fla. 2008).

In addition, these documents are not protected from discovery by Federal Rule of Evidence 408. Rule 408 states that certain information produced in settlement discussions is not admissible at trial for particular purposes; it does not state that such material is not discoverable. As Judge Torres noted in *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1370 (S.D. Fla. 2004), Federal Rule of Evidence 408 "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, [or] negativing a contention of undue delay . . . ." In short, Federal Rule of Evidence 408 does not even provide a guarantee that settlement communications are inadmissible at trial – and certainly does not shield these communications from discovery.

Finally, even if these communications between Settling Defendants and Plaintiff were privileged, Plaintiff's privilege log fails to provide any detail regarding these communications. Plaintiff's log does not identify the names of the author or the addressee of the communication, the dates of such communications, or the type of communication, as required by

Local Rule 26.1(G)(3)(b). Instead, Plaintiff has lumped together an unidentifiable number of communications into one entry. Even after three attempts, Plaintiff's purported privilege log is still inexcusably deficient.

Although it is difficult for Manuli to ascertain the exact subject matter of these communications, Manuli believes that these communications may be highly relevant to issues relating to damages and the level of each Settling Defendants' U.S. sales. Because Plaintiff claims that Manuli may be held jointly and severally liable for the acts of its alleged co-conspirators, Manuli has every right to know what Settling Defendants revealed to Plaintiff regarding their marine hose sales. In addition, Manuli expects that these communications are relevant to the definition of marine hose and the definition of a "U.S. sale," as each Settling Defendants' settlement agreement contains different definitions of both U.S. sales and marine hose. These are key issues relating to this litigation.

Manuli will be unfairly prejudiced if Bayside is permitted to conceal relevant information that Settling Defendants have produced in conjunction with this litigation. Florida courts have specifically noted that "when non-settling defendants . . . remain against whom the class plaintiffs will continue to pursue recovery, the Court must consider any unfair prejudice which would result to the remaining defendants from the terms of a settlement . . . [t]he duty of the Court in this regard is especially important in the precertification stage of a class action." *Florida Power Corp. v. Granlund*, 82 F.R.D. 690, 693 (M.D. Fla. 1979) (internal citation omitted).

## C. PLAINTIFF'S COMMUNICATIONS WITH PURCHASERS OF MARINE HOSE

On its various privilege logs, Plaintiff also claims that its communications with third-party purchasers of marine hose (listed as "Corporate Does") are protected by attorney client privilege, attorney work product privilege, and a purported "duty of Plaintiff's counsel to

maintain confidentiality of information obtained in consultation with prospective clients, including their identity." (*See* Exs. E, G, and I to Mechlowitz Decl.) Plaintiff's refusal to provide any detail whatsoever regarding the identity of the third-party purchasers or the subject matter of the communications has prevented Manuli from engaging in any meaningful review of the individual entries. However, irrespective of the substance of the various communications, they are not protected by the claimed privileges.

Because there is no attorney-client relationship between putative class members and lawyers seeking class certification before a class has been certified, such communications are not protected by the attorney-client privilege. *See Hammond* v. *Junction City*, 167 F. Supp. 2d 1271, 1286 (D. Kan. 2001) ("It is fairly well-settled that prior to class certification, no attorney-client relationship exists between class counsel and the putative class members"); *In re McKesson HBOC, Inc. Securities Litigation*, 126 F. Supp. 2d 1239, 1245-46 (N.D. Cal. 2000) (there is no attorney-client relationship between putative class members and lead counsel for the putative class); *Garrett* v. *Metropolitan Life Ins. Co.*, 1996 WL 325725, *6 (S.D.N.Y. June 12, 1996) ("[B]efore class certification, the putative class members are not 'represented' by the class counsel . . . .").[3]

Moreover, Plaintiff's counsel has never claimed that any of the "Corporate Does" listed on its purported privilege logs ever became an actual client, nor have they ever asserted that these "prospective clients" requested Plaintiff to assert any privilege on their behalf. *See U.S.* v. *Hankins*, 631 F.2d 360, 365 (5th Cir. 1980) ("In this country the [attorney-client]

---

[3] Plaintiff cites a number of cases in its Supplemental Response, stating that courts disfavour defendants serving discovery requests on absent class members. (Supplemental Response at 6-7 and n.6.) These cases are not applicable here because Manuli is seeking relevant documents from Plaintiff, not absent class members. Additionally, as no class has been certified, there are no "absent class members" at present.

privilege has belonged traditionally to the client, not the lawyer.") Plaintiff's counsel should not be permitted to claim this privilege on its own behalf.

Plaintiff's assertion of work-product protection is similarly misguided. Firstly, emails written by purchasers of marine hose and sent to Plaintiff cannot possibly be considered the work product of Plaintiff, as these communications were drafted by the respective purchasers, not Plaintiff. If Plaintiff is attempting to assert a work-product privilege on behalf of these third-party purchasers, it does not have standing to do so. Secondly, Plaintiff's assertion of work product protection over emails which its counsel intentionally transmitted to third-party purchasers of marine hose is tenuous at best – and the lack of detail in Plaintiff's privilege logs makes it impossible for Manuli to evaluate the individual claims of privilege. Regardless, any work product privilege which may have attached was waived when the purported "work product" was transmitted to third-party purchasers of marine hose. *See Stern* v. *O'Quinn*, 253 F.R.D. at 681 ("Work-product protection is waived when protected materials are disclosed in a way that substantially increases the opportunity for potential adversaries to obtain the information." (internal quotation omitted)). In the instant case, Plaintiff's transmission of information to a third party, especially a third-party that has a pre-existing business relationship with many of the Defendants in this litigation, substantially increased the risk that one or all of those Defendants could obtain the information.

The last of Plaintiff's asserted privileges is, quite simply, not a privilege at all. In an apparent attempt to justify its blatant violation of the requirements of Local Rule 26.1(G)(3)(b), which states that a privilege log must reveal the author of a communication, Plaintiff refers generally to an attorney's ethical duty of confidentiality with respect to information obtained from prospective clients, and claims that this precludes revelation of any

meaningful detail of its communications with third-party purchasers of marine hose – even their identity. Plaintiff cites no case-law for this proposition, instead relying solely on ABA Model Rule of Professional Conduct 1.18(b).[4] Even assuming the ABA Model Rules apply in Florida, Rule 1.18(b) states only that "a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation" – Plaintiff has cited no legal authority for the proposition that this prevents disclosure of a prospective client's identity. Model Rules of Prof'l Conduct R. 1.18 (2002). On the contrary, it is well settled that "[t]he identity of a client . . . normally [is] not privileged." *In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2 1039, 1042 (11th Cir. 1990) (*citing In re Grand Jury Proceedings (Jones)*, 517 F.2d 666, 671 (5th Cir. 1975)). *See also In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (same); *U.S. v. Ellis*, 90 F.3d 447, 450-51 (11th Cir. 1996) (same); *Gonzalez v. Reno*, 2001 WL 34083812, Case No. 00-3621, *2 (S.D. Fla. Jan 23, 2001) ("The general rule is that the identity of a client falls outside the bounds of the attorney-client privilege.")

In fact, Plaintiff has cited no legal authority that rules governing ethical conduct create a privilege of any sort. This is because the ethical duty of confidentiality simply does not apply to the situation at hand. The official Comment to ABA Model Rule of Professional Conduct 1.6 (Confidentiality of Information) states that "[t]he attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be . . . required to produce evidence concerning a client," whereas the rule of client-lawyer confidentiality, "applies in situations other than those where evidence is sought from the lawyer through compulsion of law." Model Rules of Prof'l Conduct R. 1.6 cmt. (2002). As Manuli has

---

[4] As Plaintiff's counsel should know, the applicable Rules of Professional Conduct were promulgated by the Supreme Court of Florida, and are publicly available. (*available at* http://www.floridabar.org/divexe/rrtfb.nsf/WContents?OpenView)

requested these documents as part of this judicial proceeding, Plaintiff can only shield the requested information by showing that it is protected by attorney-client privilege or attorney work product privilege; the duty of confidentiality does not apply. Since the "privilege" asserted by Plaintiff neither applies nor exists, Plaintiff must be forced to produce the requested communications.

Perhaps realizing the lack of support for its various asserted "privileges," Plaintiff also argued in its Supplemental Response (again without any legal basis) that the identity of these third-party purchasers with whom they had contact must be protected for "business reasons." (Ex. D to Mechlowitz Decl. at 6.) Plaintiff claims that furnishing such information could result in retaliation by Manuli against these entities. However, Plaintiff fails to explain why Manuli, or any other Defendant, would want to retaliate against a customer who chose not to become involved in the pending litigation. Even ignoring this glaring logical flaw, the fact remains that this very Court addressed a strikingly similar situation in *Gonzalez v. Reno*, where a lawyer refused to reveal his clients' identities "because his clients feared retaliation from their employers." 2001 WL 34083812, Case No. 00-3621, *2 (S.D. Fla. Jan 23, 2001). The Court stated that "[t]hough this may be a rational concern . . . it is an insufficient justification" for invoking the attorney-client privilege (unless revealing the client's identity presents a "danger of incrimination" in a criminal proceeding). *Id.* The fear of "retaliation" to which Plaintiff refers in its Supplemental Response is nearly identical. (*See* Ex. D to Mechlowitz Decl. at 6.) The key difference is that, in the instant case, Plaintiff does not assert that the third-party purchasers of marine hose actually fear such retaliation, only that such retaliation "could result" from the revelation of their names. If an actual, rational fear of reprisal does not justify invocation of the

RICHMAN GREER, P.A.
- 11 –
Miami • West Palm Beach

attorney-client privilege, then a hypothetical, irrational fear cannot justify Plaintiff's unilateral decision to withhold such information for "business reasons."

The communications between Plaintiff's counsel and third-party purchasers of marine hose are likely to contain information which is highly relevant to this litigation, such as information relating to the size and composition of the potential class, the definitions of "marine hose" and/or "U.S. sales," and the extent of damages allegedly suffered by the potential class. Since none of the privileges asserted by Plaintiff justify its failure to produce these documents, the Court should order that they be produced forthwith.

Undersigned counsel certify pursuant to Rule 37(a)(1) and Local Rule 7.1.A.3 that they have conferred in good faith with Counsel for plaintiffs in an effort to obtain the production of documents and information requested, but these efforts have been unsuccessful.

WHEREFORE, for the reasons set forth herein, Manuli respectfully asks the Court to enter an order compelling production of documents requested in Requests Nos. 1, 2 and 8.

Dated: April 9, 2009                      Respectfully submitted,

By: /s/ Lyle E. Shapiro
    Alan G. Greer (Florida Bar No. 123294)
    agreer@richmangreer.com
    Lyle E. Shapiro (Florida Bar No. 0120324)
    lshapiro@richmangreer.com
    RICHMAN GREER, P.A.
    Miami Center – Suite 1000
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 373-4000
    Facsimile: (305) 373-4099

Robert M. Osgood (admitted *pro hac vice*)
Fern Mechlowitz (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
One New Fetter Lane
London EC4A 1AN, England
Telephone: +44 (0) 20 7959 8900
Facsimile: +44 (0) 20 7959 8950

-and-

125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Lyle E. Shapiro
Lyle E. Shapiro

| | |
|---|---|
| **Gregory P. Hansel, Esq.**<br>ghansel@preti.com<br>**James C. Bush, Esq.**<br>jbush@preti.com<br>**Patrick N. Strawbridge, Esq.**<br>pstrawbridge@preti.com<br>**Randall B. Weill, Esq.**<br>rweill@preti.com<br>Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center, P.O. Box 9546<br>Portland, ME 04112-9546<br>Telephone: (207) 791-3000<br>**Counsel for Plaintiff**<br><br>**Bruce Gerstein, Esq.**<br>bgerstein@garwingerstein.com<br>**Barry Taus, Esq.**<br>btaus@garwingerstein.com<br>**Noah H. Silverman, Esq.**<br>nsilverman@garwingerstein.com<br>Garwin, Gerstain & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Telephone: (212) 398-0055<br>**Counsel for Plaintiff**<br><br>**M. Stephen Dampier, Esq.**<br>sdampier@vickersriis.com<br>Vickers, Riis, Murray and Curran, LLC<br>106 St. Francis Street, Suite 1100<br>P.O. Drawer<br>Mobile, AL 36652-2568<br>Telephone: (251) 432-9772<br>Fax: (251) 432-9781<br>**Counsel for Plaintiff**<br><br>**Alexander Rundlet, Esq.**<br>arundlet@podhurst.com<br>**Robert C. Josefsberg, Esq.**<br>rjosefsberg@podhurst.com<br>Podhurst Orseck, P.A.<br>25 W Flagler Street<br>Suite 800<br>Miami , FL 33130-1780<br>Telephone: 305-358-2800<br>Fax: 305-358-2382<br>**Counsel for Plaintiff** | **Ann-Marie Luciano, Esq.**<br>lucianoa@dsmo.com<br>**Christopher Fitzgerald Branch**<br>branchc@dicksteinshapiro.com<br>**James R. Martin, Esq.**<br>martinj@dicksteinshapiro.com<br>**R. Bruce Holcomb, Esq.**<br>holcombb@dicksteinshapiro.com<br>**Dickstein Shapiro, LLP**<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202) 572-2200<br>Fax: (202) 420-2201<br>**Counsel for Bryan Allison, David Brummer, and Dunlop Oil & Marine**<br><br>**Jeffrey Bruce Crockett, Esq.**<br>jcrockett@coffeyburlington.com<br>**David John Zack, Esq.**<br>dzack@coffeyburlington.com<br>Coffey Burlington<br>Penthouse<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Telephone (305) 858-2900<br>Fax: (305) 858-5261<br>**Counsel for Misao Hioki**<br><br>**Christopher T. Casamassima, Esq.**<br>ccasamassima@kirkland.com<br>Kirkland & Ellis<br>777 S. Figueroa Street, Suite 3700<br>Los Angeles, CA 90017<br>Telephone: (213) 680-8400<br>Fax: (213) 680-8500<br>**Counsel for Misao Hioki**<br><br>**James H. Mutchnik, Esq.**<br>jmutchnick@kirkland.com<br>Kirkland & Ellis<br>200 E. Randolph Drive, Suite 6048<br>Chicago, IL 60601<br>Telephone: (312) 861-2350<br>Fax: (312) 861-2200<br>**Counsel for Misao Hioki** |

| | |
|---|---|
| **Hollis Lee Salzman, Esq.**<br>hsalzman@labaton.com<br>Labaton Sucharow, LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0717<br>Fax: (212) 883-7017<br>**Counsel for Plaintiff**<br><br>**Manuel J. Dominquez, Esquire**<br>mdominguez@bermanesq.com<br>Berman DeValerio<br>4280 Professional Center Drive<br>Suite 350<br>Palm Beach Gardens, Florida 33410<br>Telephone: (561) 835-9400<br>Facsimile: (561) 835-0322<br>**Counsel for Shipyard Supply, LLC**<br><br>**Avi Benayoun, Esquire**<br>benayouna@gtlaw.com<br>Greenberg Traurig<br>401 E. Las Olas Blvd., Suite 2000<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 768-8256<br>Fax: (954) 765-1477<br>**Counsel for Dunlop Oil & Marine LTD**<br><br>**Alan G. Greer, Esq.**<br>agreer@richmangreer.com<br>**Lyle E. Shapiro, Esq.**<br>lshapiro@richmangreer.com<br>Richman Greer, PA<br>201 S. Biscayne Blvd., Suite 1000<br>Miami, FL 33131<br>Telephone: (305) 373-4000<br>Fax: (305) 373-4099<br>**Counsel for Manuli Rubber Industries S.p.A., Manuli Oil & Marine (U.S.A.), Francesco Scaglia and Val Northcutt** | **David Ian Horowitz, Esq.**<br>dhorowitz@kirkland.com<br>Kirkland & Ellis<br>153 E. 53rd Street<br>New York, NY 10022-4611<br>Telephone: (212) 446-4729<br>Fax: (212) 446-6460<br>**Counsel for Misao Hioki**<br><br>**John M. Marjoras, Esq.**<br>jmmajoras@jonesday.com<br>**Carmen G. McLean, Esq.**<br>cgmclean@jonesday.com<br>**Michael Welch, Esq.**<br>mwelch@jonesday.com<br>**Michelle L. Marks, Esq.**<br>smarks@jonesday.com<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, DC 20001-2113<br>Telephone: (202) 879-3939<br>Fax: (202) 626-1700<br>**Counsel for Parker-Hannifin Corporation**<br><br>**Paul M. Alfieri, Esq.**<br>paul.alfieri@linklaters.com<br>**Joseph P. Armao, Esq.**<br>joseph.armao@linklaters.com<br>**Robert H. Bell, Esq.**<br>robert.bell@linklaters.com<br>**Danielle Randazzo, Esq.**<br>danielle.randazzo@linklaters.com<br>**Benjamin D. Singer, Esq.**<br>ben.singer@linklaters.com<br>Linklaters LLP<br>1345 Avenue of the Americas<br>New York, NY 10105<br>Telephone: (212) 903-9000<br>Fax: (212) 903-9100<br>**Counsel for Yokohama Rubber Co., LTD**<br><br>**Bryan Robert Cleveland, Esq.**<br>bcleveland@ghblaw.com<br>Gilbride Heller & Brown<br>2 South Biscayne Blvd.<br>One Biscayne Tower, 15th Floor<br>Miami, FL 33131<br>Telephone: (305) 358-3580<br>Fax: (305) 374-1756<br>**Counsel for Yokohama Rubber Co., LTD** |

| | |
|---|---|
| **Robert M. Osgood, Esq.**<br>osgoodrm@sullcrom.com<br>**Daniel A. Goldschmidt, Esq.**<br>Goldschmidt@sullcrom.com<br>**Fern Mechlowitz, Esq.**<br>mechlowitzf@sullcrom.com<br>Sullivan & Cromwell LLP<br>1 New Fetter Lane<br>London EC4A 1AN<br>England<br>Telephone: 020 7959 8550<br>Fax: 020 7959 8950<br>**Counsel for Manuli Rubber Industries S.p.A., Manuli Oil & Marine (U.S.A.), Francesco Scaglia and Val Northcutt**<br><br>**Alain E. Boileau, Esq.**<br>aeb@adorno.com<br>**Robert Hunt Schwartz, Esq.**<br>rhs@adorno.com<br>Adorno & Yoss<br>888 SE 3rd Avenue, Suite 500<br>Ft. Lauderdale, FL 33335-9002<br>Telephone: (954) 523-5885<br>Fax: (954) 760-9531<br>**Counsel for Bridgestone Industrial Products America, Inc.**<br><br>**Harold Donnelly, Esq.**<br>donnelly77@comcast.net<br>**Hal D. Hardin, Esq.**<br>halhardin@aol.com<br>211 Union Street, Suite 200<br>Nashville, TN 37201<br>Telephone: (615) 620-3277<br>Fax: (615) 369-3344<br>**Counsel for Bridgestone Industrial Products America, Inc.**<br><br>**Peter W. Homer, Esq.**<br>phomer@homerbonnerlaw.com<br>**Gregory J. Trask, Esq.**<br>gtrask@homerbonnerlaw.com<br>Homer Bonner, PA<br>1441 Brickell Avenue<br>Four Seasons Tower, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 350-5100<br>Fax: (305) 372-2738<br>**Counsel for Bridgestone Corporation** | **Walter M. Berger, Esq.**<br>bergerc@howrey.com<br>Howrey LLP<br>1111 Louisiana, 25th Floor<br>Houston, TX 77002-5242<br>Telephone: (213) 325-2000<br>Fax: (213) 892-2300<br>**Counsel for Trelleborg Industries SA**<br><br>**David G. Meyer, Esq.**<br>meyerd@howrey.com<br>Howrey LLP<br>550 S. Hope Street, #1100<br>Los Angeles, CA 90071<br>Telephone: (213) 892-1928<br>Fax: (213) 892-2300<br>**Counsel for Trelleborg Industries SA**<br><br>**James G. Kress, Esq.**<br>kressj@howrey.com<br>**Roxann E. Henry, Esq.**<br>henryr@howrey.com<br>**Richard E. DiZinno, Esq.**<br>dizinnor@howrey.com<br>**Christina Guerola Sarchio, Esq.**<br>sarchiochristina@howrey.com<br>Howrey LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2402<br>Telephone: (202) 383-6658<br>Fax: (202) 383-6610<br>**Counsel for Trelleborg Industries SA**<br><br>**Benedict P. Kuehne, Esq.**<br>ben.kuehne@kuehnelaw.com<br>**Susan Dmitrovsky, Esq.**<br>dmitrovsky@sk-lawyers.com<br>Benedict P. Kuehne, PA<br>100 SE 2nd Street, Suite 3550<br>Miami, FL 33131-2154<br>Telephone: (305) 789-5989<br>Fax: (305) 789-5987<br>**Counsel for Trelleborg Industries SA** |

| | |
|---|---|
| **Leiv Blad, Esq.**<br>leiv.blad@cliffordchance.com<br>**Boyd Cloern, Esq.**<br>boyd.cloern@cliffordchance.com<br>**David L. Cook, Esq.**<br>david.cook@cliffordchance.com<br>Clifford Chance US LLP<br>2001 K Street, NW<br>Washington, DC 20006-1001<br>Telephone: (202) 912-5000<br>Fax: (202) 912-6000<br>**Counsel for Bridgestone Corporation**<br><br>**James Weidner, Esq.**<br>james.weidner@cliffordchance.com<br>Clifford Chance US LLP<br>31 West 52 Street<br>New York, N.Y. 10019-6131<br>Telephone: (212) 878-8000<br>Fax: (212) 878-8375<br>**Counsel for Bridgestone Corporation**<br><br>**Jennifer Marie Driscoll, Esq.**<br>jdriscoll@mayerbrown.com<br>**Donald C. Klawiter, Esq.**<br>dklawiter@mayerbrown.com<br>Mayer Brown LLP<br>1909 K. Street NW<br>Washington, DC 20006<br>Telephone: (202) 263-3860<br>Fax: (202) 762-4252<br>**Counsel for Christian Caleca**<br><br>**Michael Abram Rosen, Esq.**<br>mrosen@frc-law.com<br>Fowler Rodriguez LLP<br>355 Alhambra Circle, Suite 801<br>Coral Gables, FL 33134<br>Telephone: (786) 364-8400<br>Fax: (786) 364-8401<br>**Counsel for Christian Caleca** | **Joseph Hyman Serota, Esq.**<br>jserota@wsh-law.com<br>**John J. Quick, Esq.**<br>jquick@wsh-law.com<br>Weiss Serota Helfman Pastoriza et al<br>2525 Ponce de Leon Blvd, Suite 700<br>Coral Gables, FL 33131<br>Telephone: (305) 854-0800<br>Fax: (305) 854-2323<br>**Counsel for Trelleborg Industries SA**<br><br>**R. Bruce Holcomb, Esq.**<br>holcombb@docksteinshapiro.com<br>**James R. Martin, Esq.**<br>martinj@dicksteinshapiro.com<br>**Christopher Fitzgerald Branch, Esq.**<br>branchc@dicksteinshapiro.com<br>**Ann-Marie Luciano, Esq.**<br>lucianoa@dsmo.com<br>Dickstein Shapiro, LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202) 420-2200<br>Fax: (202) 420-2201<br>**Counsel for Dunlop Oil & Marine**<br><br>**Marc David Seitles, Esq.**<br>mseitles@seitleslaw.com<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>Telephone: (305) 379-6667<br>Fax: (305) 379-6668<br>**Counsel for Vanni Scodeggio**<br><br>**Jeffrey Allan Sudduth, Esq.**<br>jsudduth@lpflaw.com<br>Legon Ponce & Fodiman, PA<br>1111 Brickell Avenue, Suite 2150<br>Miami, FL 33131<br>Telephone: (305) 444-9991<br>Fax: (305) 444-9937<br>**Counsel for Parker Hannafin Corp** |

| | |
|---|---|
| **Andrea C. Clark, Esq.**<br>aclarke@kslaw.com<br>**James M. Griffin, Esq.**<br>jgriffin@kslaw.com<br>**Kevin R. Sullivan, Esq.**<br>ksullivan@kslaw.com<br>**Susan D. Inman, Esq.**<br>sinman@kslaw.com<br>King & Spalding LLP<br>1700 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 626-5540<br>Fax: (202) 626-3737<br>**Counsel for Vanni Scodeggio**<br><br>**Jeffrey A. Kimmel, Esq.**<br>jkimmel@meisterseelig.com<br>Meister Seelig & Fein LLP<br>2 Grand Central Tower 19th Floor<br>140 E 45th Street<br>New York, NY 10017<br>Telephone: (212) 655-3578<br>Fax: (212) 655-3535<br>**Counsel for Bridgestone Industrial Products America, Inc.**<br><br>**Daniel A. Lurvey, Esq.**<br>dlurvey@llpalaw.com<br>175 S.W. 7th Street<br>Suite 2009<br>Miami, FL 33130-2961<br>Telephone (305) 379-5554<br>Fax: (305) 379-4548<br>**Counsel for Jacques Cognard**<br><br>**M. Daniel Hughes, Esq.**<br>lawmdh@aol.com<br>3000 N Federal Highway<br>Fort Lauderdale, FL 33306<br>Telephone: (954) 566-3390<br>Fax: (954) 561-1244<br>**Counsel for Robert Furness** | **Lisa Zeiler Joiner, Esq.**<br>ljoiner@fulbright.com<br>Fulbright & Jaworski LLP<br>801 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2623<br>Telephone: (202) 662-0200<br>Fax: (202) 662-4643<br>**Counsel for Jacques Cognard**<br><br>**Alison Smith, Esq.**<br>alison.smith@haynesboone.com<br>Haynes & Boone LLP<br>One Houston Center Suite 2100<br>1221 McKinney Street<br>Houston, TX 77010<br>Telephone: (713) 547-2673<br>Fax: (713) 547-2600<br>**Counsel for Charles Gillespie**<br><br>**Jeffrey Eric Foreman, Esq.**<br>jforeman@mflegal.com<br>**Catherine J. MacIvor, Esq.**<br>cmacivor@mflegal.com<br>Maltzman Foreman PA<br>2 S Biscayne Boulevard<br>Suite 2300 One Biscayne Tower<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Fax: (305) 374-9077<br>**Counsel for Charles Gillespie**<br><br>**Joseph Pizzurro, Esquire**<br>jpizzurro@curtis.com<br>**Nancy Delaney, Esquire**<br>ndelaney@curtis.com<br>**Timothy McCabe, Esquire**<br>Tmccabe@curtis.com<br>Curtis, Mallet-Prevost<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone: (212) 696-6000<br>Facsimile: (212) 697-1559<br>**Counsel for ITR, S.p.A, SAIAG, S.p.A. and Comital SAIAG, S.p.A.** |

| | |
|---|---|
| **Susan E. Trench, Esq.**<br>strench@gttpa.com<br>Goldstein Tanen & Trench<br>2 S. Biscayne Boulevard<br>Suite 3700<br>Miami, Florida 33131<br>Telephone: (305) 374-3250<br>Fax: (305) 374-7632<br>**Counsel for ITR, S.p.A, SAIAG, S.p.A. and Comital SAIAG, S.p.A.**<br><br>**William K. Hill**<br>whill@bilzin.com<br>Bilzin Sumberg Baena Price<br>& Axelrod, LLP<br>200 S. Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 350-7202<br>Fax: (305) 351-2216<br>**Counsel for Sumitomo Rubber Industries, Ltd. and SRI Hybrid, Ltd** | **James P. Tallon, Esquire**<br>jtallon@shearman.com<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Telephone: (212) 848-4000<br>Fax: (212) 848-7179<br>**Counsel for Sumitomo Rubber Industries, Ltd. and SRI Hybrid, Ltd**<br><br>**Christopher R.J. Pace**<br>Christopher.Pace@weil.com<br>**Steven A. Reiss**<br>Steven.reiss@weil.cim<br>**Marie Mathews**<br>Marie.Mathews@weil.com<br>Weil, Gotshal & Manges, LLP<br>1395 Brickell Avenue<br>Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 577-3100<br>Fax: (305) 374-7159<br>**Counsel for Pirelli, S.P.A. and Pirelli Itala, S.P.A.** |