UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST
LITIGATION

_____/

THIS DOCUMENT RELATES TO:
ALL ACTIONS

_____/

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENTS WITH (1) CHARLES GILLESPIE;
(2) PETER WHITTLE AND PW CONSULTING (OIL & MARINE) LTD.; AND (3)
ROBERT FURNESS  AND FOR AUTHORIZATION TO DISSEMINATE NOTICE AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, on behalf of itself and a proposed Class of direct purchasers of Marine Hose, has entered into Settlement Agreements with defendants (1) Charles Gillespie; (2) Robert Furness and (3) Peter Whittle and PW Consulting (Oil & Marine) LTD (collectively, "Whittle"), copies of which are attached hereto as Exhibits A-C, respectively.[1]  The settling parties submit the Settlements to this Court and respectfully request that the Court enter an order preliminarily approving these Settlements.

The Settlements' principal terms are as follows:  In exchange for a release of certain claims enumerated in the Settlements, Gillespie, Furness, and Whittle have agreed to cooperate with Plaintiff in connection with its continued prosecution of the litigation against the non-settling defendants.  Once the Court enters an order preliminarily approving the Settlements, the

_____

[1] All defined terms herein have the same meaning as in the respective Settlement Agreements unless otherwise noted.  All defendants subject to this motion will be collectively referred to as the "Settling Defendants" or individually as a "Settling Defendant."

40947_3
147870-1
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

Settling Defendants have agreed to provide the following cooperation: (1) beginning within ten (10) days after execution of the settlement agreement, furnishing any documents or other items potentially relevant to this Action in their possession, custody or control; (2) beginning within ten (10) days after execution of the settlement agreement, making themselves available for interviews with class counsel; (3) beginning within ten (10) after execution of the settlement agreement, making themselves available for the provision of declarations and affidavits; (4) beginning within ten (10) days after execution of the settlement agreement, making themselves available for deposition by class counsel; (5) taking reasonable steps to make themselves available for trial testimony; and (6) providing full cooperation with class counsel with respect to discovery and gathering evidentiary materials relating to Plaintiff's claims in this action

Plaintiff now moves the Court to enter a Preliminary Approval Order: (1) finding that the proposed settlements with Gillespie, Whittle, and Furness are sufficiently fair, reasonable and adequate to allow dissemination of notice of the settlement to the proposed Settlement Class; (2) establishing a date for a hearing on final approval of these proposed settlements; (3) approving the forms of mailed notice and published summary notice of the proposed settlements; (4) approving the notice plan and directing that notice be disseminated; (5) establishing a deadline for filing papers in support of final approval of the proposed settlements; (6) establishing a deadline for filing any objections to the proposed settlements by Settlement Class Members; and (7) establishing a deadline for Settlement Class Members to exclude themselves from the proposed settlements. Plaintiff has submitted herewith a proposed Preliminary Approval Order, the proposed Notice and Summary Notice, and a proposed Rule 54(b) Final Judgment Order (attached hereto as Exhibits D-G, respectively).

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

At this juncture, the Court need only determine whether the proposed settlements are sufficiently fair, reasonable and adequate to allow notice to be disseminated. Plaintiff submits that the proposed settlements satisfy the required standards, and respectfully request that the Court authorize dissemination of notice pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and establish a schedule for final approval of the proposed settlements with Gillespie, Furness, and Whittle.

II.
BACKGROUND

This litigation was commenced in May 2007 with the filing of five antitrust class action lawsuits against Dunlop Oil & Marine Ltd., Trelleborg Industrie S.A., The Yokohama Rubber Co., Ltd., Parker ITR S.r.l., Bridgestone Corporation, Manuli Oil & Marine (U.S.A.), and numerous individual Defendants, including Gillespie, Whittle, and Furness, by direct purchasers of "Marine Hose."[2] Plaintiff alleges that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. §1, by engaging in a conspiracy to fix, raise, maintain and/or stabilize the price of Marine Hose purchased in the United States from at least 1985 to 2007. Plaintiff contends that, as a result of the conspiracy, it and the other members of the Class were injured when they paid artificially inflated prices for Marine Hose.

On May 2, 2007, the U.S. Department of Justice ("DOJ") announced that eight executives from the United Kingdom (U.K.), France, Italy, and Japan had been arrested in Houston and San Francisco and charged for their role in a conspiracy to rig bids, fix prices, and

---

[2] "Marine Hose", as defined in the Settlement Agreements, means "a flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. "Marine Hose" does not include dredge hose. Gillespie, Whittle, Furness Settlement Agreements, ¶ 6.

40947_3
Podhurst Orseck, P.A.                                3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

allocate markets and customers for United States sales of Marine Hose. Also on May 2, 2007, a criminal complaint was unsealed in the Miami Division of this Court against four executives: Defendant Peter Whittle, the owner of Defendant PW Consulting (Oil & Marine) Ltd.; Defendant Jacques Cognard, the oil and marine manager of Defendant Trelleborg Industrie S.A. in France; and former Dunlop employees and Defendants Bryan Allison (managing director) and David Brammar (sales and marketing director).

The DOJ also announced that a separate criminal complaint was filed late on May 1, 2007 in the Fort Lauderdale Division of this Court against four other executives: Defendant Christian Caleca, the president of the Industrial Hose Business Unit of Trelleborg Industrie S.A. in France; Defendant Giovanni Scodeggio, a business unit manager at defendant Parker ITR S.l.r. in Italy; Defendant Francesco Scaglia, a product manager at Defendant Manuli Rubber Industries S.p.A. in Italy; and Defendant Misao Hioki, an executive involved in the sale of Marine Hose for Defendant Bridgestone Corporation in Japan. According to the criminal complaints, the charged executives participated in the conspiracy at various times during the period from at least 1999 to the present.

Simultaneous with the May 2 arrests, agents of the Defense Criminal Investigative Service (DCIS) of the Department of Defense's Office of Inspector General executed search warrants at locations across the United States. Competition authorities abroad, including the Office of Fair Trading in the U.K., the European Commission, and the Japanese Fair Trade Commission, also raided Defendants' offices in Europe and Japan.

According to the affidavit filed in support of the criminal complaint charging Whittle, Allison, Brammar and Cognard, the conspirators met in locations such as Key Largo, Florida, Houston, Texas, Bangkok, and London. At these meetings, conspirators discussed and agreed to

40947_3

Podhurst Orseck, P.A.

4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

the rules for implementing their bid-rigging, price-fixing and allocation scheme. They also allegedly kept agendas and detailed "minutes" of cartel meetings. According to the same affidavit, the conspiracy participants also devised code names to conceal their involvement and communications.

According to court papers, Whittle, the cartel coordinator, collected approximately $300,000 a year, with each conspirator paying him about $50,000. The Defendants allegedly provided Whittle with information about upcoming Marine Hose jobs, and Whittle then designated which conspirator would win the job, referring to the winning conspirator as the "champion." The affidavit filed in support of the complaint charging Caleca, Scodeggio, Scaglia and Hioki alleges that members of the cartel met as recently as May 1, 2007 in a hotel in Houston, Texas for the purpose of carrying out the conspiracy. Charles Gillespie was a regional sales manager for Manuli Oil & Marine (U.S.A.) and Robert Furness was president of Manuli Oil & Marine (U.S.A.). Whittle, Gillespie and Furness have all pleaded guilty to participating in a Marine Hose antitrust conspiracy.

Including the Settling Defendants, a total of ten (10) of the conspirators have pleaded guilty or agreed to plead guilty to participating in a Marine Hose antitrust conspiracy since May 2007. These conspirators include defendant Dunlop Oil & Marine Ltd., Manuli Rubber Industries S.p.A., Bryan Allison, David Brammar, Christian Caleca, Jacques Cognard, and Misao Hioki. Defendant Yokohama is in the DOJ's amnesty program.

Settlement negotiations with Gillespie began in January 2009 and were conducted by Plaintiff's Co-Lead Counsel and Gillespie's litigation counsel, the law firm of Haynes & Boone LLP. Likewise, in January 2009, settlement negotiations began with Furness and were conducted by Plaintiff's Co-Lead Counsel and Attorney M. Daniel Hughes, Furness' litigation

40947_3

Podhurst Orseck, P.A.

5

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

counsel. In April 2009 settlement negotiations began with Whittle and were conducted by Plaintiff's Co-Lead Counsel and Whittle, who represented himself in the negotiations. All such negotiations continued and concluded with the execution of the respective Settlement Agreements attached hereto. The negotiations, conducted by experienced and able counsel, were at all times conducted at arm's-length.[3] As part of each settlement negotiation with the Settling Defendants Plaintiff's Counsel considered certain information concerning each Settling Defendant's participation in the alleged antitrust violations that was, in the view of Plaintiff's Counsel, sufficient to enable them to evaluate the fairness, reasonableness and adequacy of the proposed settlements.

III.

SUMMARY OF SETTLEMENT TERMS COMMON TO ALL AGREEMENTS

A.    Cooperation

The Settlement Agreement requires each Settling Defendant to extensively cooperate with Settlement Class Counsel in connection with the prosecution of Plaintiff's claims against the remaining Defendants. This cooperation is detailed in each settlement agreement, Section G, ¶¶ 21-34 of the Gillespie Settlement Agreement, Section F, ¶¶ 18-29 of the Whittle Settlement Agreement, and Section F ¶¶ 18-30 of the Furness Settlement Agreement, and generally includes the Settling Defendants' agreement to:

- furnish documents or other items potentially relevant to Plaintiff's claims in each Settling Defendant's possession, custody, or control;

- make themselves available for interviews with settlement class counsel;

- make themselves available for the provision of declarations and affidavits;

---

[3] Whittle, who is representing himself in this action negotiated directly with Plaintiff's counsel.

- make themselves (or use reasonable efforts to make themselves) available for depositions by settlement class counsel;

- make themselves (or use reasonable efforts to make themselves) available for trial testimony;

- have their counsel meet with settlement class counsel to provide background relating to the alleged antitrust violations (except in the case of Whittle, who is not represented by counsel);

- produce the following categories of documents, to the extent such documents are in each Settling Defendant's possession, custody, or control:

  - documents relating to or reflecting actual or potential communications between two or more Defendants (or a Defendant and another manufacturer of Marine Hose) regarding pricing, bidding, or markets for purchases in the United States;

  - copies of all documents provided to or seized by the United States Department of Justice or any governmental entity in the United States investigating antitrust violations in the Marine Hose industry insofar as they relate to purchasers who purchased Marine Hose in the United States;

  - upon reasonable and specific requests, and within a reasonable time frame, any other documents relevant to Plaintiffs' claims, to the extent the Settling Defendant has not already produced such documents.

B.   Release

Upon the occurrence of the Effective Date and in consideration of the Settling Defendants' compliance with the cooperation provisions of their Settlement Agreements, the Releasees (as defined in ¶ 7 of the Settling Defendants' Settlement Agreements) shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors (as defined in ¶ 8 of the Settling Defendants' Settlement Agreement), or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively,

40947_3
Podhurst Orseck, P.A.

7

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Hose based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in the Complaints filed by Plaintiff against the Settling Defendants regarding Marine Hose which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims") provided, however, that nothing in the Settlement Agreements shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) claims for any product defect, breach of contract, or similar claims relating to Marine Hose; or (3) claims under law other than those of the United States for other than Class Claims.  Gillespie Settlement Agreement, ¶ 18; Whittle Settlement Agreement, ¶ 15; Furness Settlement Agreement, ¶ 15.

     C.     The Proposed Settlements Do Not Affect the Non-Settling Defendants' Joint and Several Liability for the Alleged Conspiracy

The settlement with each Settling Defendant does not settle or compromise any claim by Plaintiff or any Class Member against any Defendant or alleged co-conspirator or entity other than the Releasess.  Gillespie Settlement, ¶ 35; Whittle Settlement, ¶ 30; Furness Settlement, ¶ 31. Plaintiff and Class Members specifically reserve all of their rights against other Defendants or alleged co-conspirators not explicitly released in the Settlement Agreements.   Gillespie Settlement, ¶ 35; Whittle Settlement, ¶ 30; Furness Settlement, ¶ 31.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

D.   Stipulation to Class Certification

The Settlement Agreements provide that the parties stipulate that the requirements of

Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied with respect to the

settlements, subject to Court approval, and that the following Settlement Class shall be certified

for settlement purposes with respect to each Settlement Agreement:

> All persons and entities (excluding Defendants, their predecessors,
> parents, subsidiaries, affiliates, and co-conspirators and the United
> States Department of Defense) who purchased Marine Hose in the
> United States directly from one or more of the Defendants or any
> of their predecessors, parents, subsidiaries, or affiliates at any time
> during the period from and including January 1, 1985 to and
> including March 24, 2008.

Gillespie Settlement Agreement, ¶ 13; Whittle Settlement Agreement, ¶ 11; Furness Settlement

Agreement, ¶ 11. At this time, Plaintiff seeks the Court's preliminary approval of the Settlement

Agreements and authorization to disseminate notice to members of the proposed Settlement

Class.   In connection with the final settlement approval process, Plaintiff will move for

certification of this Settlement Class and appointment of the Settlement Class Representatives

and Settlement Class Counsel under Rule 23.

IV.

PROPOSED TIMETABLE

The proposed Preliminary Approval Order sets forth a procedure and schedule for

disseminating notice to the Settlement Class and final approval of the proposed settlements.

Plaintiff's Counsel propose the following schedule:

(1)   Notice to be mailed approximately (14) days following the date of the Preliminary
      Approval   Order   and   posted   on   the   internet;

(2)   Summary Notice to be published once in the national edition of The Wall Street
      Journal within ten (10) days after the Notice is mailed and once in Offshore

Magazine, the leading trade publication in the Marine Hose industry;

(3)     Ten days (10) before the date fixed by this Court for the hearing on final approval of the settlements, Settlement Class Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person(s) under whose general direction the mailing and publication of the Notice and Summary Notice were made   in   accordance   with   the   Preliminary   Approval   Order;

(4)     A hearing before the Court on final approval of the settlements ("Final Approval Hearing") to be scheduled within approximately ninety (90) days of the date on which   the   Notice   is   mailed,   or   as   the   Court's   schedule   permits;

(5)     All papers in support of final approval of the settlements to be filed thirty (30) days    prior    to    the    Final    Approval    Hearing;

(6)     Any requests for exclusion from the Settlement Class must be postmarked by forty-five   (45)   days   prior   to   the   Final   Approval   Hearing;   and

(7)     Any objections to the settlements must be filed with the Court and served on Settlement Class Counsel and counsel for Settling Defendants within forty-five (45) days prior to the Final Approval Hearing.

V.

## THE PROPOSED SETTLEMENT IS SUFFICIENTLY FAIR, REASONABLE AND ADEQUATE TO AUTHORIZE DISSEMINATION OF NOTICE TO THE CLASS

A.     Governing Standards

The Manual For Complex Litigation (Fourth) §21.632 (2004), provides a framework for

the Court's preliminary evaluation of a proposed class action settlement:

> Review of a proposed class action settlement generally involves two hearings.   First counsel submit the proposed terms of settlement and the Judge makes a preliminary fairness evaluation . . . The Judge must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the . . . proposed settlement, and the date of the fairness hearing.

*See also Fresco v. Auto Data Direct, Inc.* No. 03-61063, 2007 WL 2330895 * 4 (S.D. Fla. May

14, 2007).  As one court noted, dissemination of notice "is at most a determination that there is

40947_3

Podhurst Orseck, P.A.

10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Assoc.-Eastern R.R*, 627 F.2d 631, 634 (2d Cir. 1980). *See also Fresco*, 2007 WL 2330895 at *4 ("A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement.").

A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(1)(C); *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

When authorizing the dissemination of notice, a court does not conduct a "definitive proceeding on the fairness of the proposed settlement, and the judge must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable and adequate." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement is assessed under the factors set forth in *Bennett v. Behring Corp.*, *supra*.[4]  As notice of a settlement is routinely sent to proposed

---

[4] The "*Bennett* Factors" that a court considers on a motion for final approval of a class settlement as "fair, reasonable and adequate" include:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.

settlement class members before a litigation class is certified, Plaintiff asks the court to make certain preliminary findings regarding the proposed settlement class so that notice can be disseminated. *See e.g., In re Air Cargo Antitrust Litig.* (Attached as Exhibit __).

B.    The Proposed Settlements Are Fair and Within The Range of Possible Approval

The settlements reached here are the product of thorough settlement negotiations that concluded only after Plaintiff obtained information sufficient to allow Plaintiff's counsel to evaluate the settlement. Further, the guilty pleas of all three Settling Defendants and the related criminal trials have provided additional substantive information about the conspiracy. The negotiations were conducted by Plaintiff's counsel and by the Settling Defendants' litigation counsel (except in the case of Whittle who is not represented by counsel). Nothing in the course of the negotiations or the substance of the proposed settlement presents any ground to doubt its fairness. Plaintiff's counsel believes that continuing to litigate against the Settling Defendants will not lead to meaningful monetary compensation to the class, in view of information, including representations from the Settling Defendants themselves, regarding their financial situations.

The cooperation provisions under the Settlement Agreements provide a critically important benefit to the class. Plaintiff's counsel anticipate that the extensive cooperation to which the Settling Defendants have agreed will significantly assist the prosecution of these actions, facilitate a more prompt and efficient resolution to this action, and may trigger additional settlements sooner than might otherwise occur, particularly as the Settling Defendants' cooperation began shortly after the execution of the respective agreements. Therefore, the cooperation provisions of the Settlements here provide a "substantial benefit" to the class. *See In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003) ("The provision of

40947_3
1473196.1
Podhurst Orseck, P.A.

12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

such [cooperation] is a substantial benefit to the classes and strongly militates toward approval of the Settlement Agreement."); *see also Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983) ("[T]he commitment ... defendants have made to cooperate with plaintiffs will certainly benefit the classes, and is an appropriate factor for a court to consider in approving a settlement"); *In re Corrugated Container*, M.D.L. 310, 1981 WL 2093, at * 16 (S.D. Tex. June 4, 1981) ("The cooperation clauses constituted a substantial benefit to the class."); *In re Ampicillin Antitrust Litig.*, 82 F.R.D. 652, 654 (D.D.C. 1979) (discussing cooperation provisions, which were "invaluable to the plaintiffs," as a significant factor in approving the settlement). The cooperation provisions of the Settlement Agreements here provide just such a substantial benefit to the class.

VI.

NOTICE TO THE CLASS

Federal Rule of Civil Procedure 23(e)(1)(B) provides that "[t]he Court must direct notice in a reasonable manner to all class members who would be bound by the proposed settlement." Plaintiff proposes providing individual, mailed notice to the extent practicable. The Notice will be mailed, First Class and postage prepaid, to all persons and entities who have been identified by the Settling Defendants and the other entity Defendants, to the extent provided voluntarily or by Court Order, as direct purchasers of Marine Hose in the United States from Defendants in this case during the Settlement Class Period. The Notice will also be posted on the internet.

Plaintiff believes that the content and proposed method of dissemination of the Notice fulfills the requirements of Federal Rule of Civil Procedure 23(e)(1)(B) and due process. *See generally Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-88 (11th Cir. 2007). The Notice apprises Settlement Class Members of the material settlement terms, and

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

outline the procedures (and related deadlines) for any Settlement Class Members who desire to exclude themselves from the Settlement Agreements or object to their terms. The Notice also informs Settlement Class Members of the date and place of the Final Approval Hearing.

VII.

CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Plaintiff's Motion for Preliminary Approval of a Proposed Settlement with defendants Charles Gillespie; Robert Furness; and Peter Whittle and PW Consulting (Oil & Marine) Ltd. and for Authorization to Disseminate Notice be granted.

Dated: May 15, 2009                                    Respectfully submitted,

                                                        /s/ Robert C. Josefsberg
                                                        ROBERT  C. JOSEFSBERG
                                                        Florida Bar No. 040856
                                                        Rjosefsberg@podhurst.com
                                                        VICTOR M. DIAZ, JR.
                                                        Florida Bar No. 503800
                                                        vdiaz@podhurst.com
                                                        ALEXANDER RUNDLET
                                                        Florida Bar No. 0692302
                                                        Arundlet@podhurst.com
                                                        PODHURST ORSECK, P.A.
                                                        City National Bank Building
                                                        25 West Flagler Street, Suite 800
                                                        Miami, FL 33130
                                                        (305) 358-2800   Fax: (305) 358-2382

                                                        *Counsel for Plaintiff*

                                                        Gregory P. Hansel
                                                        PRETI, FLAHERTY, BELIVEAU
                                                          & PACHIOS, LLP
                                                        One City Center
                                                        P.O. Box 9546
                                                        Portland, ME 04112

40947_3
Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346                     www.podhurst.com

14

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

And

Jan Bartelli
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
Suite 1416
New York, NY 10036

Co-Lead Counsel and Proposed Settlement
Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 15 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alexander Rundlet

_____
Alexander Rundlet
Fla. Bar No. 0692301

08-MDL-1888-GRAHAM/TURNOFF

## SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION
### Case No. 08-MDL-1888-Graham/Turnoff
The following counsel of record have been served
via the Southern District of Florida's CM/ECF System
and/or electronic mail by Plaintiffs' counsel:

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME  04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff s Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
Dav Litvin/dlitvin@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
Stephanie Villagomez/villagos@phelps.com
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311/Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Tel: (318) 445-4480/Fax: (318) 487-1741
Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddie Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**
Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
William V. Reiss/wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700/Fax: (212) 818-0477

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/sdampier@vickersriis.com
VICKERS, RIIS, MURRYA & CURRAN, LLC
106 St. Francis St., Suite 1100 (36602)
P.O. Drawer 2568
Mobile, AL 36652-2568
Tel: (251) 432-9772/Fax: (251) 432-9781

Benjamin F. Johns/CFJ@chimicles.com
Joe Sauder/JosephSauder@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre, 361 W. Lancaster Avenue
Haverford, PA 19041

Tel: (610) 642-8500/Fax: (610) 649-3633

Gaines C. McCorquodale/tmiddletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett/pmbarrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodeggio:**
James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan ksullivan@kslaw.com
Washington DC Bar No. 411718
Andrea C. Clarke/aclarke@kslaw.com
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

**Counsel for Defendant Misao Hioki:**
Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346         www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

Bryan R. Cleveland Bcleveland@ghblaw.com
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.,
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Christian Caleca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine
(USA), Inc. and Manuli Rubber Industries SPA;
Defendant Val M. Northcutt and Defendant
Francesco Scaglia**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324

RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
Ian E. Browning/browningi@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co.,
Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.

2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergerc@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressi@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

Joseph H. Serota/jserota@wsh-law.com
John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Avi Benayoun/ benayouna@gtlaw.com
GREENBERG TRAURIG
401 Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 765-0500/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and
Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131

Tel: (305) 444-9991/Fax: (305) 444-9937

Alan G. Greer/agreer@richmangreer.com
RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN
201 S. Biscayne Blvd.., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
Michael Welch/mwelch@jonesday.com
Michelle L. Marks/smarks@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for Defendant Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

James Weidner /james.weidner@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

**Counsel for Defendant Bridgestone Industrial
Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

Bryan R. Cleveland Bcleveland@ghblaw.com
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.,
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendants Bryan Allison & David Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/ branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/lurveylaw@aol.com
Christopher G. Lyons/clyons@llpalaw.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

Alexandre H. Rene/arene@fulbright.com
Lisa Z. Joiner/ljoiner@fulbright.com
Kimberly S. Walker/kwalker@fulbright.com
FULBIRGHT & JAWORSKI, LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200/Fax: (202) 662-4643

**Counsel for Defendant Charles Gillespie**
Catherine J. MacIvor/cmacivor@mflegal.com
Jeffrey E. Foreman/jforeman@mflegal.com
MALTZMAN FOREMAN, P.A.
One Biscayne Tower
2 So. Biscayne Blvd., Suite 2300
Miami, FL 33131
Tel: (305) 358-6555/Fax: (305) 374-9077

Alison Smith/alison.smith@haynesboone.com
HAYNES & BOONE, LLP
One Houston Center, Suite 2100
1221 McKinney Street
Houston, TX 77010
Tel: (713) 547-2673

**Counsel for Defendant Robert L. Furness**
M. Daniel Hughes/LAWMDH@aol.com
M. DANIEL HUGHES, P.A.
3000 N. Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Tel: (954) 566-3390/Fax: (954) 561-1244

**Counsel for Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**
Susan E. Trench/strench@gttpa.com
GOLDSTEIN TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two S. Biscayne Blvd.
Miami, FL 33131-1804
Tel: (305) 374-3250/Fax: (305) 374-7632

---

Podhurst Orseck, P.A.

08-MDL-1888-GRAHAM/TURNOFF

Timothy N. McCabe tmccabe@curtis.com
Joseph D. Pizzurro jpizzurro@curtis.com
Nancy E. Delaney ndelaney@curtis.com
CURTIS MALLET-PREVOST COLT & MOSLE
101 Park Avenue
New York, NY 10178-0061
Tel: (212) 696-6000/Fax: (212) 697-1559

**Counsel for Defendants Pirelli, S.p.A. and Pirelli
Itala, S.p.A.**
Christopher R.J. Pace/christopher.Pace@weil.com
Fla Bar #816280
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3100/Fax: (305) 374-7159

Steven A. Reiss/steven.reiss@weil.com
Marie L. Mathews/marie.mathews@weil.com
WEIL, GOTSHAL & MANGES LLP
757 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000/Fax: (212) 310-8007

**Counsel for Defendants Sumitomo Rubber
Industries, Ltd. and SRI Hybrid, Ltd.**
William K, Hill/whill@bilzin.com
Fla Bar #747180
Scott N. Wagner/swagner@bilzin.com
Fla Bar #51662
BILZIN SUMBERG BAENA PRICE &
AXELROD, LLP
200 S. Biscayne Blvd., Suit 2500
Miami, FL 33131-5340
Tel: (305) 374-7580/Fax: (305) 374-7593

James P. Tallon/jtallon@shearman.com
SHEARMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
Tel: (212-848-4650

**Counsel for Defendant Uwe Bangert**
N/A

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com