## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

| | |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO COMPEL MANULI 30(b)(6) WITNESS

#### I.   INTRODUCTION

Plaintiff Bayside Rubber & Products, Inc., by and through its undersigned counsel, respectfully requests that this Court enter an Order (1) granting Plaintiff leave to conduct an additional 30(b)(6) deposition or depositions of Defendant Manuli[1]; (2) compelling Manuli to produce a 30(b)(6) witness or witnesses with sufficient knowledge to address the topics listed in Plaintiff's deposition notice (see attached Ex. A); and (3) requiring Manuli to pay the costs of any additional 30(b)(6) depositions.

As set forth below, this relief requested is necessary because Manuli has blatantly ignored the requirements of Federal Rules of Civil Procedure 30 and 26 by producing as its only 30(b)(6)

---

[1]Manuli refers here to Manuli Rubber Industries S.p.A. ("MRI") and Manuli Oil & Marine (U.S.A.), Inc. ("MOM").

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

deponent its general counsel, Luca Coccioli[2], who was wholly unprepared to testify about matters

that both were noticed with specificity, as required by Rule 30(b)(6), and are unarguably "known

or reasonably available" to Manuli. <u>See</u> Fed. R. Civ. P. 30(b)(6)[3]. Specifically, Mr. Coccioli

lacked sufficient knowledge regarding, *inter alia*, Manuli's costs and budgets; forecasts and sales;

the budgetary approval process; operating relationships between MRI and MOM; how MRI and

MOM split profits on hose sales; Manuli's participation in the cartel between 2000-2007; and

Manuli's corporate structure. These topics both were properly noticed (<u>See</u> Ex. A) by Plaintiff

and indisputably are relevant and discoverable under the broadly interpreted Rule 26. <u>See, e.g.,</u>

<u>Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys.</u>, 2008 U.S. Dist. LEXIS 88937 (S.D. Fla.

Oct. 21, 2008) ("[T]he federal discovery rules" are afforded "broad and liberal construction" by

the courts). Further, with respect to many topics, Mr. Coccioli was unable to provide answers for

any period beyond the time of his employment at Manuli, <u>i.e.</u>, from March 3, 2003 to the present,

in contravention of Rule 30(b)(6). <u>See, e.g.,</u> <u>Stelor Prods. v. Google, Inc.</u>, 2008 U.S. Dist. LEXIS

74936, *10-*14 (S.D. Fla. Sept. 11, 2008) (holding that defendant's designee should be prepared

---

[2]Plaintiff deposed Mr. Coccioli in London on March 24, 2009.

[3]Fed. R. Civ. P. 30(b)(6) states:

<u>Notice or Subpoena Directed to an Organization.</u>

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

to answer questions relating to issues that occurred prior to her employment, since they would relate to "matters known or reasonably available" to defendant, and if designee could not answer such questions, the court would order a subsequent 30(b)(6) deposition).

As discussed, *infra*, following Mr. Coccioli's deposition, Plaintiff on several occasions asked Manuli to provide an additional 30(b)(6) witness or witnesses to provide additional testimony on the noticed matters. Manuli has refused to do so, arguing that Plaintiff's deposition notices are overly broad, and that Mr. Coccioli's answers were sufficient. Manuli is wrong. However, even assuming *arguendo* that Manuli's argument has merit, the time for Manuli to make such objections has long passed, as the law requires that a party objecting to a deposition notice on the grounds that it is overbroad, do so *prior* to the deposition. As such, Manuli has waived any argument regarding the appropriateness of Plaintiff's deposition notices and must answer the questions that reasonably fall within the categories noticed in the four schedules attached to the notice. See, e.g., Falcon Farms, Inc. v. R. D. P. Floral, Inc., 2008 U.S. Dist. LEXIS 65834, *14-*15 (S.D. Fla. July 31, 2008) (If a party objects to a deposition notice, the appropriate forum to lodge the objection is in a protective order, before the deposition, and failure to do so waives the objection.).

## II.     ARGUMENT

### A.     A Broad Policy in Favor of Discovery is Mandated by the Federal Rules of Civil Procedure, Particularly in Antitrust Cases.

Discovery under Fed. R. Civ. P. 26 is intended to be liberal and broad. See, e.g., Fin. Bus. Equip. Solutions, Inc. v. Quality Data Sys., 2008 U.S. Dist. LEXIS 88937 (S.D. Fla. Oct. 21, 2008) ("[T]he federal discovery rules" are afforded "broad and liberal construction" by the

3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

courts.) (citing <u>Saye v. Old Hill Partners, Inc.</u>, No. 3:03CV1071(DJS), 2004 U.S. Dist. LEXIS

17373, 2004 WL 1944024, at *2 -3 (D. Conn. Aug. 31, 2004); <u>Ward v. Estaleiro Itajai, S/A,</u>

2008 U.S. Dist. LEXIS 51333, at *3 (S.D. Fla. June 12, 2008) ("federal discovery practice,

informed by Federal Rule of Civil Procedure 26, contemplates liberal discovery of 'any

nonprivileged matter that is relevant to any party's claim or defense.'") (quoting Fed. R. Civ. P.

26); <u>Gillman v. Sch. Bd. for Holmes County</u>, 2008 U.S. Dist. LEXIS 34206 (N.D. Fla. Apr. 25,

2008) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment.")

(citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 500-501 (1947)); <u>PharMerica, Inc. v. HealthPrime, Inc.</u>,

2008 U.S. Dist. LEXIS 22197 (N.D. Ga. Mar. 19, 2008) (noting, in granting a motion to compel

compliance with interrogatories, document requests and deposition notices, that "Congress has

created liberal discovery rules", and that "defendants have not generally been forthcoming or

complied with the liberal spirit associated with discovery under Rule 26.").

Significantly, "[t]he courts have widely noted that the scope of discovery in antitrust

actions is at least as broad as, if not broader than, the scope of discovery in other actions."

Moore's Federal Practice 3D § 26.46 [1]. <u>See also</u> <u>New Park Entertainment L.L.C. v. Electric</u>

<u>Factory Concerts, Inc.</u>, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000) (complying with

discovery requirements "may be onerous, but as one court has noted, 'discovery in antitrust

litigation is <u>most broadly permitted</u> and the burden or cost of providing the information sought is

less weighty a consideration than in other cases.'") (citing <u>United States v. Int'l Bus. Mach. Corp.</u>,

66 F.R.D. 186, 189 (S.D. N.Y. 1974) (emphasis added); <u>Callahan v. A.E.V. Inc.</u>, 947 F. Supp.

175, 179 (W.D. Pa. 1996) ("discovery in an antitrust case is <u>necessarily broad</u> because allegations

involve improper business conduct. Such conduct is generally covert and must be gleaned from

4

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

records, conduct, and business relationships.") (emphasis added); Kellam Energy, Inc. v. Duncan,

616 F. Supp. 215, 219 (D. Del. 1985) ("where allegations of conspiracy to restrain trade and

intent to monopolize are at issue, a underline broad scope for discovery is appropriate...."). (emphasis

added).

Antitrust cases are afforded particularly broad discovery, *inter alia*, because "[t]he

resolution of the issues of public importance" and because "[i]t is likely that one side of the

dispute has all of the facts and the ability to conceal them." Moore's Federal Practice 3D § 26.46

[1]. See also B-S Steel of Kan., Inc. v. Tex. Indus., Inc., 2003 U.S. Dist. LEXIS 14014, at *8-*9

(D. Kan. July 22, 2003) ("This general policy of allowing liberal discovery in antitrust cases has

been permitted by courts when there are allegations of conspiracy and where broad discovery may

be needed to uncover evidence of invidious design, pattern, or intent.").

Courts specifically have found that it is reasonable for a plaintiff in an antitrust action to

seek information regarding:

> ..each meeting, communication, or contact, directly or indirectly, between one or
> more of your officers, agents or employees and one or more officers, agents or
> employees of any competitor or defendant where there was any mention made of
> actual, proposed, suggested or recommended prices, price increases or decreases,
> price levels, bids to customers, customers, discounts, allowances, special
> discounts, rebates, bids, territories concerning [*subject matter*].

Moore's Federal Practice 3D § 26.46 [1]. (emphasis in original) (citing In re Shopping Carts

Antitrust Litigation, 95 F.R.D. 299, 307, n.7 (S.D.N.Y. 1982)). The court in B-S Steel noted that

it is "not unusual to probe matters at the heart of the business dealings and competitive

relationships of the parties in an antitrust action where the essence of the charge is that defendants

have engaged in activity in restraint of competition." B-S Steel of Kan., Inc., 2003 U.S. Dist.

5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

LEXIS 14014, at *8-*9 (citing cases, internal quotation marks omitted).

**B.      Manuli Has not Complied with Its Obligations Under Fed. R. Civ. P. 30(b)(6).**

Fed. R. Civ. P. 30(b)(6) states, in part, that "[i]n its notice or subpoena, a party may name

as the deponent a public or private corporation, a partnership, an association, a governmental

agency, or other entity and must describe with reasonable particularity the matters for

examination." Upon receiving reasonable notice, "[t]he named organization must then designate

one or more officers, directors, or managing agents, or designate other persons who consent to

testify on its behalf, and it may set out the matters on which each person designated will

testify....*The persons designated must testify about information known or reasonably available to

the organization.*" Fed. R. Civ. P. 30(b)(6) (emphasis added).  This requirement encompasses

"answer[ing] questions known to the corporation but not to [the deponent] personally". <u>See</u>

<u>Provide Commerce, Inc. v. Preferred Commerce, Inc.</u>, 2008 U.S. Dist. LEXIS 9563, at *6-*7

(S.D. Fla. Feb. 7, 2008).

In its four 30(b)(6) notices, Plaintiff set forth questions in four distinct areas: Legal,

Business, Information Technology, and Personnel. <u>See</u> Ex. A.  Prior to the deposition, Plaintiff

sent counsel for Manuli an email asking for confirmation that Manuli's general counsel would be

able to testify as to all matters noticed.  <u>See</u> Ex B. Manuli had and has an affirmative obligation to

designate a representative who is knowledgeable about the topics noticed. <u>See</u> <u>Stelor Prods. v.</u>

<u>Google, Inc.</u>, 2008 U.S. Dist. LEXIS 74936 (S.D. Fla. Sept. 11, 2008) ("Once a corporation has

been served with the Rule 30(b)(6) motion, it has a duty to produce individuals able to testify

regarding the matters noticed. The corporation and its counsel have a duty to prepare the witness

so that he or she is able to give complete, knowledgeable and binding answers on behalf of the

6

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

corporation.") (citing <u>Continental Cas. Co. v. Compass Bank</u>, 2006 U.S. Dist. LEXIS 12288 (S.D. Ala. March 3, 2006)) (internal quotation marks omitted); <u>Provide Commerce, Inc. v. Preferred Commerce, Inc.</u>, 2008 U.S. Dist. LEXIS 9563 (S.D. Fla. Feb. 7, 2008) (same); <u>CFTC v. Midland Rare Coin Exch., Inc.</u>, 1999 U.S. Dist. LEXIS 16939 (S.D. Fla. July 28, 1999) ("The recipient of a 30(b)(6) deposition notice is under an obligation to 'produce such persons as will satisfy the request, but more importantly, prepare [one or more witnesses] so that they may give complete knowledgeable and binding answers on behalf of the corporation.'") (quoting <u>Marker v. Union Fidelity Life Insurance Co.</u>, 125 F.R.D. 121, 126 (M.D.N.C. 1989)); <u>King v. Pratt & Whitney</u>, 161 F.R.D. 475, 477 (S.D. Fla. 1995) ("The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation. Rule 30(b)(6) delineates this affirmative duty.").

The facts here are strikingly similar to those in <u>Otero v. Vito</u>, 2006 U.S. Dist. LEXIS 88464, *7-*8 (M.D. Ga. Dec. 7, 2006). In that case, plaintiff issued a 30(b)(6) notice on defendant with 55 questions. During the deposition:

> ...it rapidly became apparent that [the designee] was utterly unprepared. [The designee] did not personally review any documents in preparation for the deposition, nor did anyone provide him with substantive information relating to the categories [plaintiff] noticed for deposition.... In fact, [the designee] testified that his total preparation time for the deposition was just three hours, two hours of which he spent meeting with counsel.

<u>Otero</u> at *4. During the deposition, the designee provided answers to some questions, "based on his personal knowledge", but could not "give [defendant's] position on numerous other areas of inquiry noticed by Plaintiff." <u>Id.</u> at *11. As the court stated in <u>Otero</u>:

7

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Concomitant with a corporation's duty to produce a responsive witness is its duty to prepare the witness so that [he or she] may give complete, knowledgeable and binding answers on behalf of the corporation....**A corporate designee  must testify beyond matters personally known to the designee or to matters which that designee was personally involved. This means that the designee's testimony must encompass facts within the corporations knowledge . . . its subjective beliefs and opinions . . . [and] its interpretation of documents and events.** Upon notification of a 30(b)(6) deposition, a corporation cannot take a laissez faire approach to the inquiry. That is, producing a designee and seeing what he has to say or what he can cover. A party does not meet his obligations under Rule 26 or 30(b)(6) by figuratively throwing up its hands in a gesture of helplessness. **If the originally designated spokesman for the corporation lacks knowledge in the identified areas of inquiry, that does not become the inquiring party's problem, but demonstrates the responding party's failure of duty.**

Id. at *7-*8 (internal citations and quotation marks omitted) (emphasis added).

As discussed herein, Mr. Coccioli, Manuli's 30(b)(6) witness, was woefully unprepared to testify regarding the matters listed in Plaintiff's 30(b)(6) notice. In fact, he admitted to studying just twelve documents for four hours in preparation for his deposition. See, e.g., 30(b)(6) Deposition Transcript of Luca Coccioli, attached hereto as Ex. C, at 11:6-15:17. Shown other documents relevant to the noticed topics, Mr. Coccioli testified that he may have seen similar documents, but could say little about them. For example, he testified as follows:

> Q.   Do you recognize what this document is?
> A.   It's an income statement of Manuli Oil & Marine USA Inc. for the eight months ending in August 31st, 2006.
> Q.   Have you seen this type of document before?
> A.   Probably I've seen something similar, yes.
> Q.   Is it the type of document that MOM would have provided to the comptroller at MRI?
> A.   I don't know if it was provided to the comptroller.  I have seen this -- in the course of the litigation I've seen some documents like that, like this one.
> Q.   So just to clarify, is the answer -- is your answer that you don't know whether this type of document would have been provided to MRI by MOM?

8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

A. This is my answer.

Q. Would information regarding revenues, sales, expenses, operating expenses, not necessarily in this form, have been provided to MRI by MOM?

A. As we mentioned before, during the budget there were these numbers provided, and I don't know if they were monthly or quarterly reports on the actual results of the company given by MOM to MRI.

Q. You see in this document, if you go down close to the bottom in the left-hand column, where it says "Consultants", there are no figures listed.
...

A. Yes.

Q. It says period to date, 3,537, and then year to date --

A. 65,000.

Q. 65,143.

A. Yes, I see that.

Q. Do you know what those services were paid for, what type of consulting?

A. No, I don't know.  Could be a number of services.

Ex. C, at 56:15-58:9

Courts have deemed such a lack of preparation to be tantamount to the failure of the noticed corporation to appear at all. See, e.g., Fox v. Morris Jupiter Assocs., 2007 U.S. Dist. LEXIS 70880 (S.D. Fla. Sept. 21, 2007) ("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.") (citing Black Horse Lane Assoc.'s, L.P. v. Dow Chem. Corp., 228 F.3d 275, 302 (3d Cir. 2000); Otero v. Vito, 2006 U.S. Dist. LEXIS 88464, *5-*14 (M.D. Ga. Dec. 7, 2006) (Courts have held that "a 30(b)(6) corporate designee's lack of preparation for a deposition is deemed to be a 'failure to appear,'"); Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. 626, 639 (D.

9

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Kan. 1999) (same).

Not surprisingly, given his scant preparation, Mr. Coccioli displayed little knowledge of matters such as Manuli's corporate history and governance (e.g. the identity of CEOs and other officers of the company throughout the class period). In fact, he could not testify with any certainty as to most topics beyond his own limited, personal knowledge, or regarding events that occurred prior to his own tenure with Manuli (March 3, 2003 to the present). See, e.g. Ex. C at 36:17-37:8 (admitting he had no knowledge of financial issues prior to March 2003). Mr. Coccioli also lacked specific knowledge regarding Manuli's costs, MOM's budgets and forecasts, and MRI's approval process for MOM's budgets (Ex. C at 36:7-40:12; 41:12-41:17; 43:3-43:8; 44:13-44:18). He had virtually no knowledge regarding Manuli's sales (Ex. C at 171:2-176:5), and could not answer questions regarding the business operations between MRI and MOM (Ex. C at 39:5-41:17), including the split of profits on hose sales between the two entities (Ex. C at 47:17-50:17; 136:24-139:14). Nor could Mr. Coccioli answer questions about Manuli's participation in the cartel between 2000-2007 (Ex. C at 91:20-92:7), even though Manuli has pleaded guilty to participating in the cartel during that time period. He also lacked information about Manuli's earlier corporate structure (Ex. C at 23:7-19; 95:8-21), and about Manuli's former litigation against its competitor, Dunlop (Ex. C at 143:6-145:13). These are only examples of the many deficiencies in Mr. Coccioli's testimony.

Manuli has attempted to excuse its abject failure to produce a competent witness by arguing that Plaintiff can find the information it seeks in Manuli's million-plus page document production. See Ex. C at 94:8-21; 174:2-175:8. The Court should reject outright any such feeble effort by Manuli to justify its behavior. As the court in Otero stated:

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

> Nor is this Court persuaded by [defendant's] argument that its duty to produce a prepared witness was somehow lowered because many of the noticed categories sought information that [defendant] had already produced to Plaintiff. Plaintiff is entitled to discover facts within the corporation's knowledge, the corporation's subjective beliefs and opinions, and its interpretation of documents and events-even if some of this information is already in Plaintiff's possession.... A corporation's subjective beliefs and opinions, as well its interpretation of certain documents and events, often cannot be gleaned from the mere production of documents. The best source of this information is a knowledgeable witness who has the power to bind the corporation with his or her answers.

Otero at *13-*14; see also, Dunkin' Donuts Inc. v. Mary's Donuts., Inc., 206 F.R.D. 518, 520 (S.D. Fla. 2002) (rejecting an argument by the noticed party that it would not provide testimony as to one of its claims because it had already provided other evidence regarding those claims in discovery.)

Accordingly, in Otero, the court ordered that for the second 30(b)(6) deposition, defendant's subsequent 30(b)(6) witness be prepared to testify as to as to all areas not covered during the original deposition for want of preparation, and, as a sanction under Rule 37(d)[4], ordered that defendant pay plaintiff's "reasonable fees, costs, and expenses" associated with the first deposition. Id. at *14-*15.

---

[4]Fed. R. Civ. P. 37(d) states:

[i]f a party or an officer, director, or managing agent of a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) 1 of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

11

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

**C.**     **Manuli, Having Failed to Object to Plaintiff's 30(b)(6) Notice Prior to the Initial Deposition Date by Requesting a Meet and Confer or Filing a Protective Order, Has Waived its Right to Oppose the Provision of Testimony Regarding the Topics Noticed.**

After Mr. Coccioli's testimony, Plaintiff's counsel sent Manuli's counsel a letter

requesting that it produce another 30(b)(6) deponent to knowledgeably testify regarding the

topics originally noticed. See Letter from Jan Bartelli to Bob Osgood, dated April 15, 2009,

attached hereto as Ex D. In her letter, Plaintiff's counsel set forth the areas of deficiency in Mr.

Coccioli's testimony. Id. Defendant's counsel refused to designate even a single additional

30(b)(6) witness, arguing, in effect, that Mr. Coccioli was an adequate witness because he

answered some questions. See Letter from Bob Osgood to Jan Bartelli, dated April 22, 2009,

attached hereto in Ex. E[5]. The issue of course, is not whether Mr. Coccioli was able to partially

address some of the topics listed in the 30(b)(6) notices. Rather, it is that Manuli failed to comply

with Plaintiff's 30(b)(6) notice by designating a knowledgeable witness or witnesses who could

adequately address those topics.

Manuli's *post-hoc* refusal to designate an additional 30(b)(6) deponent or deponents

because it believes Plaintiff's topics are "too broad" is unacceptable. Rather, as stated *supra*, if

Manuli had objected to Plaintiff's topics listed in the 30(b)(6) notice, the appropriate

procedure would have been for Manuli to request a meet and confer, after which, if the parties

were unable to narrow the issues to Manuli's satisfaction, Manuli would have been free to move

---

[5]Subsequently, Plaintiff spoke on several occasions to Defendant to try to resolve the matter, and sent Defendant, at its request, a list of specific subjects on which Mr. Coccioli failed to provide adequate testimony. See April 27, 2009 e-mail from Dan Litvin to Ian Browning, attached hereto as Ex. F. Plaintiff's efforts were to no avail. See May 1, 2009 e-mail from Ian Browning to Jan Bartelli and Dan Litvin, attached hereto as exhibit G.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

for a protective order. See Falcon Farms, Inc. v. R. D. P. Floral, Inc., 2008 U.S. Dist. LEXIS

65834, *14-*15 (S.D. Fla. July 31, 2008) (If a party objects to a deposition notice, the

appropriate forum to lodge the objection is in a protective order, *before* the deposition, and

failure to do so waives the objection.) (Citing PrecisionFlow Techs. v. CVD Equip. Corp., 140 F.

Supp. 2d 195, 199-200 (N.D.N.Y 2001) (applying sanctions under Rule 37(d) where defendant

"failed to object (though they had more than three months to do so) to [plaintiff's] notices of

deposition, thereby inducing [plaintiff] to rely, to their detriment, on [defendant] to produce

[appropriate witnesses.]"); Beaulieu v. The Board of Trustees of the University of West Florida,

No. 3:07cv30 (S.D.Fla., filed October 4, 2007) (The Federal Rules "require 'the party seeking to

narrow the scope of the requested discovery to bring a motion for a protective order...'") (citing

Strauss v. Rent-A-Center, Inc., 2007 U.S. Dist. LEXIS 48879 (M.D. Fla. July 6, 2007) (If a party

objects to a 30(b)(6) notice, it is required to file a motion for a protective order before the

deposition.); Vipre Sys. LLC v. NITV LLC, 2007 U.S. Dist. LEXIS 33646 (M.D. Fla. Apr. 26,

2007) (same); Otero, 2006 U.S. Dist. LEXIS 88464, at *12 (same).[6]

---

[6]As stated in New England Carpenters Health Benefits Fund v. First DataBank, Inc., 242
F.R.D. 164, 165 (D. Mass. 2007):

> ...it is ... good practice to discuss any issues respecting a 30(b)(6) deposition notice
> with the party which noticed the deposition in an attempt to work out an
> agreement, in the absence of an agreement, a party cannot decide on its own to
> ignore the notice. Rather, if [opposing] counsel was of the view that the plaintiff's
> 30(b)(6) deposition notice was defective or improper in some way or that the
> information sought was "...obtainable from some other source..." such as
> interrogatories "...which would be more convenient, less burdensome or less
> expensive" (Rule 26(b)(2)(C)), it was [opposing counsel's] burden to seek a
> protection pursuant to Rule 26(c), Fed. R. Civ. P., seeking an order that
> "...the...discovery may be had only on specified terms and conditions, including a
> designation of the time or place..." (Rule 26(c)(2)) or that "...the discovery...be
> had only by a method of discovery other than that selected by the party seeking

13

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Having failed to properly prepare a 30(b)(6) witness to testify as to the noticed topics set forth by Plaintiff, Manuli cannot now refuse to comply with the deposition notice by claiming that the listed matters are overbroad. The time for such objections has clearly passed.

**D.     The Court Should Sanction Manuli for It's Failure to Put Forth an Adequate 30(b)(6) Deponent by Making Manuli Pay for Any Additional Costs Incurred in Any Subsequent 30(b)(6) Deposition(s).**

As explained *supra*, the failure to designate an adequate 30(b)(6) witness, can, under Rule 37(d), be tantamount to failing to appear for the deposition in the first instance. See Fox, 2007 U.S. Dist. LEXIS 70880, at *6 (holding defendant "failed to appear" and making defendant responsible for plaintiff's costs in conducting a subsequent deposition where 30(b)(6) witness was unprepared to testify as to topics noticed.); Otero v. Vito, 2006 U.S. Dist. LEXIS 88464, *6 (M.D. Ga. Dec. 7, 2006) (same); Omega Patents, LLC v. Fortin Auto Radio, Inc., 2006 U.S. Dist. LEXIS 49650 (M.D. Fla. July 19, 2006) (same); Black Horse Lane Assoc.'s, L.P. v. Dow Chem. Corp., 228 F.3d 275, 302 (3d Cir. 2000) ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d).").

Since Manuli's first 30(b)(6) deponent was wholly unprepared to testify as to the matters listed in the 30(b)(6) notice, Manuli has failed to appear for the deposition as to those matters,

---

discovery." (Rule 26(c)(3)).

...

What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

and is therefore subject to the sanctions detailed herein.

## III.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and enter an Order providing the relief requested above.

Dated:      May 18, 2009

Respectfully submitted,

/s/ Robert C. Josefsberg
Robert C. Josefsberg
RJosefsberg@podhurst.com
Victor M. Diaz, Jr.
Vdiaz@podhurst.com
Alexander Rundlett
arundlett@podhurst.com
Podhurst Orseck, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
United States of America
Phone: (305) 358-2800
Fax: (305) 358-2382

and

Bruce Gerstein
Jan Bartelli
Dan Litvin
GARWIN GERSTEIN & FISHER
LLP
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
bgerstein@garwingerstein.com
jbartelli@garwingerstein.com
    dlitivin@garwingerstein.com

15

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Hollis L. Salzman
Gregory S. Asciolla
William V. Riess
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
hsalzman@labaton.com
gasciolla@labaton.com

Gregory P. Hansel
Randall B. Weill
PRETI, FLAHERTY, BELIVEAU
&
PACHIOS, LLP
One City Center,  P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com

*Co-Lead Counsel for Plaintiff*

16

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alexander Rundlet

_____

Alexander Rundlet
Fla. Bar No. 0692301

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

**SERVICE LIST FOR IN RE: MARINE HOSE ANTITRUST LITIGATION**
**Case No. 08-MDL-1888-Graham/Turnoff**
**The following counsel of record have been served**
**via the Southern District of Florida's CM/ECF System**
**and/or electronic mail by Plaintiffs' counsel:**

**Counsel for Plaintiff Shipyard Supply LLC**
Gregory P. Hansel/ghansel@preti.com
Maine Bar #8465
Randall B. Weill/rweill@preti.com
Maine Bar #2836
Joshua R. Carver/jcarver@preti.com
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS, LLP
One City Center
P.O Box 9546
Portland, ME  04112-9546
Tel: (207) 791-3000/Fax: (207) 791-3111

Robert C. Josefsberg/RJosefsberg@podhurst.com
Fla. Bar #040856
Victor M. Diaz, Jr./Vdiaz@podhurst.com
Fla Bar #503800
Alexander Rundlet/Arundlet@podhurst.com
Fla Bar #0692302
PODHURST ORSECK
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel: (305) 358-2800Fax: (305) 358-2382

Joseph C. Kohn/Jkohn@kohnswift.com
Pennsylvania Bar #36565
Douglas A. Abrahams/Dabrahams@kohnswift.com
Pennsylvania Bar No. 41125
William E. Hoese/Whoese@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107-3389
Tel: (215) 238-1700/Fax: (215) 238-1968

Manuel J. Dominguez /jdominguez@bermanesq.com
Fla. Bar #0054798
BERMAN DeVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Tel: (561) 835-9400/Fax: (561) 835-0322

**Counsel for Plaintiff s Expro Gulf Limited**
Bruce Gerstein/bgerstein@garwingerstein.com
Kevin S. Landau/klandau@garwingerstein.com
Jan Bartelli/jbartelli@garwingerstein.com
Dav Litvin/dlitvin@garwingerstein.com
GARWIN, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
Tel: (212) 398-0055/Fax: (212) 764-6620

Alexander Spicola Bokor/asb@kttlaw.com
Fla Bar #0010288
Adam Moskowitz/amm@kttlaw.com
Fla Bar #984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce DeLeon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800/Fax: (305) 371-3508

Harry M. Barton/bartonh@phelps.com
LA Bar #29751
Susan Morgan/morgans@phelps.com
LA Bar #9715
Stephanie Villagomez/villagos@phelps.com
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 566-1311/Fax: (504) 568-9130

John Gregory Odom/jodom@odrlaw.com
Stuart E. Des Roches /sdesroches@odrlaw.com
ODOM & DESROCHES
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Tel: (504) 522-0077Fax: (504) 522-0078

David P. Smith/dpsmith@psfllp.com
W. Ross Foote/rfoote@psfllp.com
PERCY, SMITH & FOOTE, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

Tel: (318) 445-4480/Fax: (318) 487-1741
Linda Nussbaum/lnussbaum@kaplanfox.com
New York Bar N. LN9336
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980/Fax: (212) 687-7714

H. Laddie Montague, Jr./hlmontague@bm.net
Pennsylvania Bar No. 3607
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3010/Fax: (215) 875-4671

**Counsel for Plaintiff Bayside Rubber & Products, Inc.**
Hollis Lee Salzman/hsalzman@labaton.com
Fla Bar #947751
Gregory S. Asciolla/gasciolla@labaton.com
William V. Reiss/wreiss@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700/Fax: (212) 818-0477

Bruce H. Fleisher/bfleisher@bellsouth.net
Fla. Bar #166952
BRUCE H. FLEISHER, P.A.
3225 Aviation Avenue, Suite 300
Coconut Grove, FL 33133
Tel: (305) 859-7999/Fax: (305) 285-0699

Marvin A. Miller/mmiller@millerlawllc.com
Lori A. Fanning/lfanning@millerlawllc.com
MILLER LAW LLC
115 S. LaSalle St., Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400

M. Stephen Dampier/sdampier@vickersriis.com
VICKERS, RIIS, MURRYA & CURRAN, LLC
106 St. Francis St., Suite 1100 (36602)
P.O. Drawer 2568
Mobile, AL 36652-2568
Tel: (251) 432-9772/Fax: (251) 432-9781

Benjamin F. Johns/CFJ@chimicles.com
Joe Sauder/JosephSauder@chimicles.com
CHIMICLES & TIKELLIS LLP
One Haverford Centre, 361 W. Lancaster Avenue
Haverford, PA 19041

Tel: (610) 642-8500/Fax: (610) 649-3633

Gaines C. McCorquodale/tmiddletonmcc@birch.net
McCORQUODALE & McCORQUODALE
226 Commerce Street
P.O. Drawer 1137
Jackson, AL 36545
Tel: (251) 246-9015

Patrick Barrett/pmbarrett2@barrettlawoffice.com
Alfred H. Davidson, IV/
ahdavidson@barrettlawoffice.com
BARRETT LAW OFFICE, P.A.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Tel: (615) 665-9990/Fax: (615) 665-9998

**Counsel for Defendant Vanni Scodegio:**
James M. Griffin/jgriffin@kslaw.com
Washington DC Bar No. 492549
Susan D. Inman/sinman@kslaw.com
Kevin R. Sullivan ksullivan@kslaw.com
Washington DC Bar No. 411718
Andrea C. Clarke/aclarke@kslaw.com
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, DC 20006
Tel: (202) 661-7971/Fax: (202) 626-373

Marc D. Seitles/mseitles@seitleslaw.com
LAW OFFICES OF MARC DAVID SEITLES, PA
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667/Fax: (305) 379-6668

Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131
Tel: (305) 444-9991/Fax: (305) 444-9937

**Counsel for Defendant Misao Hioki:**
Jeffrey B. Crockett/jcrockett@coffeyburlington.com
Florida Bar No. 347401
David J. Zack/dzack@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, PH
2699 S. Bayshore Dr.
Miami, FL 33133
Tel: (305) 858-2900/Fax: (305) 858-5261

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

James H. Mutchnik/ jmutchnik@kirkland.com
Illinois Bar No. 66201681
KIRKLANDER & ELLIS, LLP
200 East Randolph Drive, Suite 6048
Chicago, IL 60601
Tel: (312) 861-2350/Fax: (312) 861-2200

Christopher T. Casamassima
ccasamassima@kirland.com
California Bar #211280
KIRKLANDER & ELLIS, LLP
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017
Tel: (213) 680-8353/Fax: (213) 680-8500

David I. Horowitz/dhorowitz@kirkland.com
KIRKLAND & ELLIS
153 E. 53rd St.
New York, NY 10022-4611
Tel: (212) 446-4729/Fax: (212) 446-6460

Bryan R. Cleveland Bcleveland@ghblaw.com
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.,
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Christian Caleca**
Michael A. Rosen/mrosen@frc-law.com
Fla. Bar No. 167208
FOWLER RODRIGUEZ, LLP
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Tel: (786) 364-8400/Fax: (786) 364-8401

Donald C. Klawiter/dklawiter@mayerbrown.com
Jennifer Marie Driscoll/jdriscoll@mayerbrown.com
MAYER BROWN, LLP
1909 K. Street, NW
Washington, D.C. 20006
Tel: (202) 263-3000/Fax: (202) 263-3300

**Counsel for Defendants Manuli Oil & Marine
(USA), Inc. and Manuli Rubber Industries SPA;
Defendant Val M. Northcutt and Defendant
Francesco Scaglia**
Alan G. Greer/agreer@richmangreer.com
Fla Bar #123294
Lyle Eric Shapiro/lshapiro@richmangreer.com
Fla Bar 3120324

RICHMAN GREER, P.A.
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

Daniel A. Goldschmidt/goldschmidtd@sullcrom.com
Fern Mechlowitz/mechlowitz@sullcrom.com
Robert M. Osgood/osgoodrm@sullcrom.com
Ian E. Browning/browningi@sullcrom.com
SULLIVAN & CROMWELL, LLP
1 New Fetter Lane, London EC4A 1AN
England
Tel: 011 44 20 7959 8900/Fax: 01144 20 7959 8950

**Counsel for Defendant Yokohama Rubber Co.,
Ltd.**
Joseph P. Armao/joseph.armao@linklaters.com
Paul Alfieri/paul.alfieri@linklaters.com
Robert H. Bell/robert.bell@linklaters.com
Danielle Randazzo/danielle.randazzo@linklaters.com
Benjamin D. Singer/ben.singer@linklaters.com
LINKLATERS, LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: (212) 903-9000/Fax: (212) 903-9100

Bryan R. Cleveland/Bcleveland@ghblaw.com
Fla Bar #0801984
GILBRIDE HELLER & BROWN, P.A.

2 S. Biscayne Blvd.
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendant Trelleborg Industrie, S.A.**
Walter M. Berger/bergerc@howrey.com
HOWREY LLP
111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 787-1400/Fax: (713) 787-1440

Richard E. DiZinno/dizinnor@howrey.com
Roxann E. Henry/henryr@howrey.com
James G. Kress kressj@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 383-6725/Fax: (202) 383-6610

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Benedict P. Kuehne/ben.kuehne@sk-lawyers.com
Susan Dmitrovsky/Dmitrovsky@sk-lawyers.com
BENEDICT P. KUEHNE, P.A.
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
Tel: (305) 789-5989/Fax: (305) 789-5987

David G. Meyer
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 892-1928/Fax: (213) 892-2300

Joseph H. Serota/jserota@wsh-law.com
John J. Quick/jquick@wsh-law.com
WEISS SEROTA HELFMAN, et al.
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Tel: (305) 854-0800/Fax: (305) 854-2323

**Counsel for Defendant Dunlop Oil & Marine Ltd.**
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
Christopher Fitzgerald Branch/
branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
Ann-Marie Luciano/lucianoa@dsmo.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
Tel: (202) 420-2200

Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Avi Benayoun/ benayouna@gtlaw.com
GREENBERG TRAURIG
401 Las Olas Blvd, Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 765-0500/Fax: (954) 765-1477

**Counsel for Defendant Parker ITR SLR and
Parker-Hannifin Corporation**
Jeffrey A. Sudduth/jsudduth@lpflaw.com
Fla Bar #169950
LEGON PONCE & FODIMAN, P.A.
1111 Brickell Ave., Suite 2150
Miami, FL 33131

Tel: (305) 444-9991/Fax: (305) 444-9937

Alan G. Greer/agreer@richmangreer.com
RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN
201 S. Biscayne Blvd.., Suite 1000
Miami, FL 33131
Tel: (305) 373-4000/Fax: (305) 373-4099

John M. Majoras/jmmajoras@jonesday.com
Carmen G. McLean/cgmclean@jonesday.com
Michael Welch/mwelch@jonesday.com
Michelle L. Marks/smarks@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939/Fax: (202) 626-1700

**Counsel for Defendant  Bridgestone Corporation**
Peter W. Homer/phomer@homerbonnerlaw.com
Fla. Bar No. 291250
Gregory J. Trask/gtrask@homerbonnerlaw.com
Fla Bar No. 0055883
HOMER BONNER, P.A.
The Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100/Fax: (305) 372-2738

Leiv Blad/leiv.blad@cliffordchance.com
Boyd Cloern/boyd.cloern@cliffordchance.com
CLIFFORD CHANCE US LLP
2001 K Street
Washington, D.C. 20006
Tel: (212) 878-8000

James Weidner /james.weidner@cliffordchance.com
CLIFFORD CHANCE US LLP
31 West 52 Street
New York, NY 10019
Tel: (212) 878-8000

**Counsel for Defendant Bridgestone Industrial
Products America, Inc.**
Alain E. Boileau/aeb@adorno.com
Fla Bar #0148598
Robert H. Schwartz/rhs@adorno.com
Fla Bar #0301167
ADORNO & YOSS
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33334-9002
Tel: (954) 523-5885/Fax: (954) 760-9531

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Harold Donnelly/donnelly77@comcast.net
Hal D. Hardin/halhardin@aol.com
211 Union Street, Suite 200
Nashville, TN 32701
Tel: (615) 620-3277/Fax: (615) 369-3344

Jeffrey A. Kimmel/jkimmel@meisterseelig.com
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower, 19th Floor
140 E. 45th St.
New York, NY 10017
Tel: (212) 655-3578/Fax: (212) 655-3535

Bryan R. Cleveland Bcleveland@ghblaw.com
GILBRIDE HELLER & BROWN, P.A.
2 S. Biscayne Blvd.,
One Biscayne Tower, 15th Floor
Miami, FL 33131
Tel: (305) 358-3580/Fax: (305) 374-1756

**Counsel for Defendants Bryan Allison & David Brammar**
Richard A. Serafini/serafinir@gtlaw.com
GREENBERG TRAURIG
401 E. Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Tel: (954) 768-8256/Fax: (954) 765-1477

Ann-Marie Luciano/lucianoa@dsmo.com
Christopher F. Branch/ branchc@dicksteinshapiro.com
James R. Martin/martinj@dicksteinshapiro.com
R. Bruce Holcomb/holcombb@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye St., NW
Washington, D.C. 20006-5403
Tel: (202) 572-2200/Fax: (202) 887-0689

**Counsel for Weeks Marine, Inc.**
Richard A. Koffman
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005-3934
Tel: (202) 408-4600/Fax: (202) 408-4699

Robert Gerard Eiler/reisler@cmht.com
Seth R. Gassman/sgassman@cmht.com
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 E. 52nd St.
New York, NY 100022
Tel: (212) 838-7797/Fax: (212) 838-7745

**Counsel for Defendant Jacques Cognard**
Daniel A. Lurvey/lurveylaw@aol.com
Christopher G. Lyons/clyons@llpalaw.com
LYONS & LURVEY
1200 Brickell Ave., Suite 1620
Miami, FL 33131
Tel: (305) 379-5554/Fax: (305) 379-4548

Alexandre H. Rene/arene@fulbright.com
Lisa Z. Joiner/ljoiner@fulbright.com
Kimberly S. Walker/kwalker@fulbright.com
FULBIRGHT & JAWORSKI, LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200/Fax: (202) 662-4643

**Counsel for Defendant Charles Gillespie**
Catherine J. MacIvor/cmacivor@mflegal.com
Jeffrey E. Foreman/jforeman@mflegal.com
MALTZMAN FOREMAN, P.A.
One Biscayne Tower
2 So. Biscayne Blvd., Suite 2300
Miami, FL 33131
Tel: (305) 358-6555/Fax: (305) 374-9077

Alison Smith/alison.smith@haynesboone.com
HAYNES & BOONE, LLP
One Houston Center, Suite 2100
1221 McKinney Street
Houston, TX 77010
Tel: (713) 547-2673

**Counsel for Defendant Robert L. Furness**
M. Daniel Hughes/LAWMDH@aol.com
M. DANIEL HUGHES, P.A.
3000 N. Federal Highway
Building Two South, Suite 200
Fort Lauderdale, FL 33306
Tel: (954) 566-3390/Fax: (954) 561-1244

**Counsel for Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**
Susan E. Trench/strench@gttpa.com
GOLDSTEIN TANEN & TRENCH, P.A.
One Biscayne Tower, Suite 3700
Two S. Biscayne Blvd.
Miami, FL 33131-1804
Tel: (305) 374-3250/Fax: (305) 374-7632

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

08-MDL-1888-GRAHAM/TURNOFF

Timothy N. McCabe tmccabe@curtis.com
Joseph D. Pizzurro jpizzurro@curtis.com
Nancy E. Delaney ndelaney@curtis.com
CURTIS MALLET-PREVOST COLT & MOSLE
101 Park Avenue
New York, NY 10178-0061
Tel: (212) 696-6000/Fax: (212) 697-1559

**Counsel for Defendants Pirelli, S.p.A. and Pirelli
Itala, S.p.A.**
Christopher R.J. Pace/christopher.Pace@weil.com
Fla Bar #816280
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3100/Fax: (305) 374-7159

Steven A. Reiss/steven.reiss@weil.com
Marie L. Mathews/marie.mathews@weil.com
WEIL, GOTSHAL & MANGES LLP
757 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000/Fax: (212) 310-8007

**Counsel for Defendants Sumitomo Rubber
Industries, Ltd. and SRI Hybrid, Ltd.**
William K, Hill/whill@bilzin.com
Fla Bar #747180
Scott N. Wagner/swagner@bilzin.com
Fla Bar #51662
BILZIN SUMBERG BAENA PRICE &
AXELROD, LLP
200 S. Biscayne Blvd., Suit 2500
Miami, FL 33131-5340
Tel: (305) 374-7580/Fax: (305) 374-7593

James P. Tallon/jtallon@shearman.com
SHEARMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
Tel: (212-848-4650

**Counsel for Defendant Uwe Bangert**
N/A

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     |     www.podhurst.com