UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-1888-MDL-GRAHAM/TURNOFF

IN RE MARINE HOSE ANTITRUST
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## ORDER ON MOTIONS TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

**THIS CAUSE** comes before the Court upon (i) the respective Motions to Dismiss the Second Amended Class Action Complaint by individual Defendant Francesco Scaglia and Val M. Northcutt [D.E. 383, 384]; (ii) the Motion to Dismiss by Pirelli, S.p.A. and Pirelli Itala, S.p.A. [D.E. 388]; (iii) the Motion to Dismiss the Second Amended Class Action Complaint by the Defendants ITR, S.p.A. SAIAG, S.p.A. and Comital, S.p.A. [D.E. 392]; and (iv) Plaintiff's Cross Motion for Leave to File a Corrected Complaint to Substitute Pirelli & C, S.p.A for Pirelli, S.p.A. [D.E. 337, 339].

### I. BACKGROUND

This was initially a consolidation of seven antitrust actions transferred to this District by the Multidistrict Litigation Panel. Plaintiff Bayside Rubber & Products, Inc. ("Bayside"), on behalf of a class, alleges that it purchased Marine Hose[1] from the Defendants. Defendants are domestic and foreign manufacturers and

---

[1] Marine Hose is a flexible rubber hose used primarily to transport oil between ships, terminals, buoys and tanks.

corporate executives alleged to be part of a conspiracy in restraint of trade to artificially raise the prices for Marine Hose in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[2]  [See Second Amended Consolidated Class Action Complaint, D.E. 363, hereinafter the "Second Amended Complaint," at ¶ 105.] According to the Second Amended Complaint, since 1985, Defendants engaged in anticompetitive activities that included, inter alia, attending meetings in the United States to discuss the sale of Marine Hose and to fix Marine Hose prices through extensive arrangements among various international corporations and their respective corporate officers.  Plaintiff further alleges that as a result of the global conspiracy, it (and the proposed class) paid artificially inflated prices for Marine Hose and, consequently, suffered antitrust injury to their business or property. [See Second Amended Complaint ¶ 2.]  The Court granted motions to dismiss the First Amended Complaint as against certain Defendants and also permitted Plaintiff leave to amend. [See D.E. 346.] Some Defendants have once again filed motions to dismiss the now operative Second Amended Complaint.

---

[2] Section 1 of the Sherman Act provides, in pertinent part, that "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.

## II. LAW & DISCUSSION

### A. Defendant Scaglia's Motion to Dismiss [D.E. 383]

The Court previously granted Defendant Francesco Scaglia's motion to dismiss the First Amended Complaint. [See D.E. 346 at 19-23.] Presenting similar arguments as before, Scaglia now seeks dismissal of the Second Amended Complaint pursuant to the Supreme Court's precedent in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007). Defendant Scaglia emphasizes that, according to the Second Amended Complaint, he attended only one May 2007 meeting during which federal agents arrested several corporate executives. [See D.E. 363 ¶ 76.] With the exception of that one specific allegation, Defendant Scaglia argues that the remaining general allegations of a conspiracy are insufficient to state a claim.

Initially, the Court must note that, as discussed in the Omnibus Order on Motions to Dismiss [D.E. 346], Plaintiff has alleged sufficient facts of an overall antitrust conspiracy. [See D.E. 346 at 22.] Moreover, unlike the First Amended Complaint [D.E. 180], the Second Amended Complaint [D.E. 363] contains additional facts alleged against Defendant Scaglia. Specifically, Defendant Scaglia is alleged to have worked in the oil and gas unit of Defendant ITR. [D.E. 363 ¶ 61]. According to the Second Amended Complaint, Defendant Scaglia joined in and was an active member of the conspiracy while at ITR. Id. Furthermore, Defendant Scaglia is alleged top have "communicated regularly by e-mail with cartel

coordinator Whittle regarding prices to be charged for Marine Hose, and the jobs that ITR had been 'awarded' by the cartel and to lobby for additional jobs." Id. Defendant Scaglia is further alleged to have continued to actively participate in and engage in conduct in furtherance of the conspiracy to fix the price of Marine Hose and to regularly communicate with Whittle, complaining for example, that Manuli was not being awarded sufficient work by the cartel. Id. Although the bulk of the allegations are contained within one paragraph of the lengthy complaint, the Court finds that the allegations against Defendant Scaglia contained in the Second Amended Complaint are sufficient to withstand the motion to dismiss. Therefore, Scaglia's motion to dismiss [D.E. 383] is denied.

**B. Defendant Val M. Northcutt's Motion to Dismiss [D.E. 384]**

Much like Defendant Scaglia, Defendant Val M. Northcutt seeks dismissal of the Second Amended Complaint making similar arguments to those he made challenging the First Amended Complaint. [Compare D.E. 110 with D.E. 384]. Essentially, Defendant Northcutt seeks dismissal under Rule 12(b)(6) and Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007). Twombly provides, in relevant part, that "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." 127 S. Ct. 1964-65 (internal quotations and citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact). Id. Moreover, Sherman antitrust claims require a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Id. at 1966. Indeed, "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreements reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief." Id. at 1966.

Unlike the First Amended Complaint, in filing the Second Amended Complaint [D.E. 363], Plaintiff includes additional allegations against Defendant Northcutt. Specifically, according to the Second Amended Complaint, Defendant "Northcutt engaged in conduct in furtherance of the conspiracy, by inter alia, soliciting and coordinating bids through Whittle, receiving and following cartel bid instructions, quoting cartel-set prices for Marine Hose customers, and having regular discussions with Defendants Furness and Gillespie regarding Manuli's participation in the cartel." [D.E. 363 ¶ 62]. Plaintiff further alleges that Northcutt attended at least one cartel meeting in Japan in 2002. A review of these allegations leads the Court to conclude that Plaintiff has met its

burden under 12(b)(6) and the motion to dismiss the Second Amended Complaint as against Defendant Northcutt should be denied.

### C. Defendants I.T.R., SAIAG S.p.A. and Comital Saiga S.p.A.'s Motion to Dismiss [D.E. 382, 392]

Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A. (collectively, the "Comital Defendants") filed a motion to dismiss the Second Amended Complaint contending, <u>inter alia</u>, that the allegations of as against Comital and SAIAG are identical to those contained in the First Amended Complaint [<u>See</u> D.E. 382 at 4]. The Comital Defendants also allege that the allegations against ITR are insufficient. Plaintiff counters that under <u>Twombly's</u> plausible pleading standard, the Second Amended Complaint survives scrutiny as against the Comital Defendants.

As an initial matter, the Court finds that the Second Amended Complaint contains sufficient allegations against Defendant ITR. Specifically, ITR and its predecessors Pirelli Itala and Pirelli Treg are alleged to have been "active members of the conspiracy to fix, raise maintain and stabilize the price of Marine Hose in the United States through the Class period, including but not limited to those periods when it was owned by Pirelli, S.p.A. and Parker Hannifin. [D.E. 363 at ¶ 60.] Plaintiff further alleges that "co-conspirator Romano Pisciotti ran ITR's Marine Hose business" and that Pisciotti attended cartel meetings and agreed with Defendants to . . . fix prices for Marine Hose and to allocate among themselves the Marine Hose market." <u>Id.</u> Reviewing the Second

Amended Complaint and taking the allegations as true, the Court finds that the allegations as against ITR are sufficient to survive the motion to dismiss under Rule 12(b)(6).

Having found sufficient allegations as against ITR, the Court considers the allegations concerning the Defendants SAIAG and Comital SAIAG. According to the Second Amended Complaint, in 1993 ITR became a subsidiary of SAIAG. [See D.E. 363 ¶ 18]. SAIAG became part of Comital SAIAG sometime in 2004. Id. ¶ 19. Given the allegations concerning the relationship of the various entities and the additional allegations as against ITR, the Court finds that the Second Amended Complaint also survives the standard of plausibility as against SAIAG and Comital SAIAG at the motion to dismiss stage.

Plaintiff need not differentiate between related corporate entities. See, e.g., In re TFT-LCD Antitrust Lit., 2009 WL 522903, * (N.D. Cal 2009). Unlike the First Amended Complaint, Plaintiff in the Second Amended Complaint has identified two employees of ITR as taking part in the alleged conspiracy and has further detailed the dates of numerous meetings and alleged that the ITR employee communicated with the cartel employee. [See D.E. 363 ¶ 61]. Accordingly, the Comital Defendants motion to Dismiss [D.E. 410] is denied.[3]

---

[3] The Court also notes that the Comital Defendants request that the claims against SAIAG and Comital SAIAG be dismissed as law of the case because the Second Amended Complaint contains allegations identical to the Firs Amended Complaint [D.E. 420at 3]. As noted above, the Court finds that the allegations against ITR are not

   D.   **The Motion to Dismiss by Pirelli, S.p.A. and Pirelli Itala, S.p.A. [D.E. 388] and Plaintiff's Cross Motion for Leave to File a Corrected Complaint to Substitute Pirelli & C, S.p.A. for Pirelli, S.p.A. [D.E. 337,339]**

Plaintiff Pirelli, S.p.A. and Pirelli Itala (collectively, the "Pirelli Defendants") move to dismiss the Second Amended Complaint on numerous grounds including, <u>inter</u> <u>alia</u>, arguing that (i) the Pirelli entities as named in the Second Amended Complaint no longer exist and, therefore, are not proper parties to the action; (ii) Plaintiff has failed to allege a violation of the antitrust laws as against the Pirelli Defendants; (iii) the statute of limitations has run; and (iv) this Court lacks subject matter jurisdiction over the "non-existent" Pirelli Defendants. Plaintiff opposes the motion and, as a means to resolve one of the material issues, Plaintiff requests leave to file a corrected complaint to substitute Pirelli & C, S.p.A for Pirelli S.p.A., one of the Pirelli Defendants currently named in the Second Amended Complaint [D.E. 337, 339].

It is undisputed that Pirelli & C, S.p.A. ("Pirelli & C") is the corporate successor-in-interest to the non-existent Pirelli Defendants. [<u>See</u> D.E. 388-2]. It is also undisputed that Pirelli & C accepted service under the Hague Convention on behalf of the Pirelli Defendants and was put on notice of the claims asserted in

---

identical and further finds that Plaintiff has sufficiently alleged the relationship between the entities such that dismissal is not warranted.

the First Amended Complaint. [See D.E. 338, 338-2.] Lastly, Pirelli & C has effectively participated in this litigation by filing the motion to dismiss as well as affidavits contesting certain of the issues. [See D.E. 388, 421.] Based on this record, the Court finds that leave to amend the Second Amended Complaint is warranted to permit Plaintiff to substitute Pirelli & C, S.p.A. for Pirelli S.p.A.

Finding the substitution of the corporate entity is warranted, the Court must now address Plaintiff's request to permit service of process on Pirelli & C by either service on U.S. counsel or, alternatively, service by mail to Pirelli & C's corporate office. [See D.E. 337.] Typically, under these facts, Pirelli & C would have to be served under the Hague Convention. Pirelli & C argues that service as requested by Plaintiff would circumvent the requirements of the Convention and should not be permitted. [See D.E. 358.]

Federal Rule of Civil Procedure 4(f) provides, in pertinent part, that an individual may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P.4(f)(3). Pursuant to this Rule, courts have permitted alternative means for service of process. See, e.g., Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc., 2007 WL 157771 (S.D. Fla. 2007) (permitting service through local counsel) Rio

Prop. Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002) (affirming service of process by mail and email); Arista Records LLC v. Media Servs. LLC, 2008 WL 563470 (S.D.N.Y. 2008) (permitting service on counsel).

As a general matter, this civil litigation has been pending for approximately two years and the underlying allegations of the criminal antitrust proceedings have been the subject of public attention since 2007. The civil case has now progressed through motions to dismiss and many of the parties settled the criminal proceedings and have entered into preliminary settlements of the civil matters. As a practical matter, the Court finds that further procedural delays should be avoided. Moreover, on these facts, the Court finds that substitute service of process on Pirelli & C's United States counsel is appropriate and consistent with the parameters of Rule 4(f)(3). As noted above, Pirelli & C has already accepted service under the Hague Convention on behalf of the Pirelli Defendants. [D.E. 338-2.] Since at least November 2008, the date that it accepted service, Pirelli & C has had actual notice of the claims asserted in the First Amended Complaint. Id. With full knowledge of the allegations, albeit on behalf of the Pirelli Defendants, Pirelli & C filed the motion to dismiss the complaint, including filing supporting affidavits from Pirelli & C's chief corporate officers. [See D.E. 388-2]. Therefore, as a practical matter, the purpose of the service requirements has been

met. See e.g., Arista, 2008 WL 563470, *2. Plaintiff is, therefore, permitted to effectuate substitute service on U.S. counsel. Service shall be effectuated by hand delivering the summons and operative complaint to U.S. counsel by no later than June 12, 2009.

Having ruled on the procedural issues, the Court now turns to certain substantive issues raised in the motion to dismiss. First, similar to the arguments of the Comital Defendants discussed above, the Pirelli Defendants maintain that the complaint fails to make allegations tying them to the alleged conspiracy. The Court disagrees. Pirelli S.p.A. is alleged to be a related entity to ITR. [See D.E. 363 ¶ 18.] ITR and its predecessors are alleged to have been "active embers of the conspiracy to fix, raise, maintain and stabilize the price of Marine Hose in the United States throughout the Class Period." Id. ¶ 60. Taking all of the allegations in the Second Amended Complaint as true, the Court finds that it makes sufficient allegations against the Pirelli Defendants (which may now apply to the Pirelli & C) such that it alleges a plausible conspiracy.

The Pirelli Defendants next argue that Plaintiff's claims are barred by the four year statute of litigations for antitrust cases. In this regard, the Pirelli Defendants point out that Defendants have long ceased to exist and that Pirelli & C severed ties to the Marine Hose business since approximately 1993. [See D.E. 338-2

-11-

¶ 5.] The Court finds this argument meritless. This litigation alleges an antitrust conspiracy spanning more than twenty years and the non-existence of the named corporate entities has no effect on the relevant statute of limitations. Moreover, Plaintiff has alleged a continuing price fixing conspiracy and, as such, the statute of limitations begins anew with each sale of Marine Hose. See, e.g., Morton's Market, Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 828 (11th Cir. 1991).

The Pirelli Defendants lastly argue that this Court has no personal jurisdiction over them in so far as they do not have minium contacts to the forum. The Court finds that any challenge based on personal jurisdiction was waived when the Pirelli Defendants failed to raise it in the motion to dismiss the first amended complaint filed on December 30, 2008 [D.E. 308]. Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004) ("[A] defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or Rule 12 motion); (Pardazzi v. Pullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) (a court has no interest in dismissing a case for lack of personal jurisdiction once a party has consented to jurisdiction). Moreover, waiver is not avoided by virtue of the Second Amended Complaint. See, e.g., Credle-Brown v. Connecticut, 502 F. Supp. 2d 292, 297 (D. Conn. 2007).

In summary, the Pirelli Defendants' motion to dismiss [D.E. 388] is denied. The Court further grants Plaintiff's cross motion to substitute Pirelli & C, S.p.A. for Pirelli, S.p.A. [D.E. 337, 339]. Moreover, as addressed herein, the motions to dismiss by Francesco Scaglia and Val M. Northcutt, respectively, are denied. Lastly, the Court also denies the motion to dismiss by Defendants ITR, S.p.A, SAIAG, S.p.A. and Comital SAIGA, S.p.A.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Francesco Scaglia's Motion to Dismiss the Second Amended Class Action Complaint [D.E. 383] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Val Northcutt's Motion to Dismiss the Second Amended Class Action Complaint [D.E. 384] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that the Motion to Dismiss by Pirelli, S.p.A. and Pirelli Itala, S.p.A. [D.E. 388] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that and Plaintiff's Cross Motion for Leave to File a Corrected Complaint to Substitute Pirelli & C, S.p.A. for Pirelli, S.p.A. [D.E. 337, 339] is **GRANTED** as set forth herein. In connection therewith, Plaintiff shall hand deliver the summons and operative complaint to U.S. counsel by no later than **June 12, 2009.** Pirelli & C shall file an answer to the operative

complaint in accordance with the Federal Rules of Civil Procedure. It is further

**ORDERED AND ADJUDGED** that the Motion to Dismiss Second Amended Class Action Complaint by the Defendants ITR, S.p.A. SAIAG, S.p.A. and Comital, S.p.A. [D.E. 392] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of May, 2009.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record