UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

---

IN RE MARINE HOSE ANTITRUST
LITIGATION

---

THIS DOCUMENT RELATES TO:

ALL ACTIONS

---

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for an Order Pursuant to Federal Rule of Civil Procedure 23(d) Barring Defendant Manuli's Ex Parte Communications with LOOP, LLC and requesting related relief [D.E. 431].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. At the Status Conference held on May 20, 2009, the Court advised the parties that the Motion was denied and directed that they abide by the Federal Rules of Civil Procedure as well as their ethical obligations. This Order follows to clarify the record.

### I. BACKGROUND

This litigation involves a consolidated action brought by Plaintiff on behalf of a putative class against Defendants. Defendants are domestic and foreign manufacturers and corporate executives alleged to be part of a price fixing conspiracy in

violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[1] The motion for certification of the class is pending as is a motion to intervene by LOOP, LLC. Plaintiff has filed the instant motion seeking to limit the Manuli Defendants' communication with LOOP and other potential class members.[2] [See D.E. 432.] In support of its motion, Plaintiff argues that Manuli's communication with LOOP threatens the proper function of this class and creates potential for abuse and coercion. Id. The Manuli Defendants counter that their discussions with LOOP were an attempt at a legitimate settlement and that the limitations proposed by Plaintiff would be an unwarranted abrogation of Defendants' constitutional rights to free speech. [See D.E. 40].

## II. LAW AND DISCUSSION

Federal Rule of Civil Procedure 23(d) authorizes the Court to regulate communications with potential class members, including communication before class certification. "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and

---

[1] Section 1 of the Sherman Act provides, in pertinent part, that "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.

[2] The Court's reference to the Manuli Defendants includes Manuli Rubber Industries S.p.A and Manuli Oil & Marine, (U.S.A.), Inc.

2

parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981). But this discretion is not unlimited and indeed is bounded by the relevant provisions of the Federal Rules. Id. Moreover, "an order limiting communications between parties and potential class members should be based on a clear record and specific finding that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Id. at 101; see, e.g., Craft v. North Seattle Comm. College Foundation, 2009 U.S. LEXIS 11827, *2 (M.D. Ga. 2009) (denying motion for protective order). Moreover, the possibility of abuses in class action litigation does not justify routine adoption of a communications ban. Gulf Oil, 452 U.S. at 103.

In this case, the Manuli Defendants do not dispute that they had communications with LOOP (a party seeking to intervene). Significantly, however, the pleadings and corresponding affidavits demonstrate that the initial communications were initiated by LOOP to the Manuli Defendants prior to the time that LOOP filed its motion to intervene in this case [See D.E. 440-2.] The record also indicates that the communications were short lived, spanning over a few days and apparently ending when LOOP expressed its position that it was no longer interested in discussing settlement possibilities. It is also apparent to the Court that LOOP is a sophisticated business entity (with zealous counsel) that is unlikely to be coerced by the communications at issue in this

Motion. Therefore, based on this record, the Court finds that the alleged abuses do not warrant a limitation.

Of course, this is not to say that the Manuli Defendants (or any party to this action) has carte blanche to contact potential class members regarding matters in this litigation. In this regard, no party shall engage in misleading or coercive activity with respect to potential class members. See, e.g., Craft, 2009 U.S. Dist. LEXIS 118273 at *3. The Court has previously admonished all parties to abide by their ethical obligations and the Federal Rules of Civil Procedure. If the Court certifies the class and the issue of communications with class members resurfaces, the Court may address the matter further.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for an Order Pursuant to Federal Rule of Civil Procedure 23(d) Barring Defendant Manuli's Ex Parte Communications with LOOP, LLC and Requesting related relief [D.E. 431] is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida this 22th day of May, 2009.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record