**EXHIBIT D**

**TO**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO COMPEL MANULI 30(B)(6) WITNESSES**

**GARWIN GERSTEIN & FISHER LLP**

Bruce E. Gerstein
Scott W. Fisher
Barry S. Taus
Noah H. Silverman
Brett H Cebulash
Joseph Opper
Kevin S. Landau
Adam M. Steinfeld
Jan Bartelli

Counselors at Law
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055
Telecopier No. (212) 764-6620
E-Mail: lawoffices@garwingerstein.com

Sidney L. Garwin (1908-1980)

Archana Tamoshunas
Anne K. Fornecker
Kimberly M. Hennings
Elena K. Chan
Anna L. Tydniouk
Ephraim R. Gerstein
Daniel J. Litvin

April 15, 2009

**Via electronic mail**

Robert M. Osgood, Esq.
Sullivan & Cromwell LLP
One New Fetter Lane
London EC4A 1AN
England

Re: **In re Marine Hose Antitrust Litigation (No. 2), MDL No. 1888 (S.D. Fla.)**

Dear Bob,

I write to request that Manuli[1] produce an additional witness(es) to testify on the topics outlined in Plaintiff's 30 (b) (6) notices, which were sent to Manuli on February 26, 2009. As readily admitted by Manuli's 30 (b) (6) witness Luca Coccioli during his deposition, and further evidenced by a reading of the deposition transcript, Mr. Coccioli, Manuli's general counsel, had no or very little knowledge about many of the subjects listed in the notices. As such, he was an inadequate witness and Manuli has an obligation to produce witnesses with sufficient knowledge to respond to Plaintiff's questions.

As we will be in London for other depositions in this case during the week of May 4, I ask that you make the additional 30 (b) (6) witness(es) available that week – preferably on May 6 or 8.

The questions set forth in the four, topic-specific schedules attached to Plaintiff's 30 (b) (6) deposition notices cover January 1984 through the date of notice, the relevant period of discovery for the 22 years that the alleged cartel was in operation. During his deposition, Mr. Coccioli, who Manuli hired as general counsel in March 2003, readily admitted that his knowledge in several areas was limited by the fact that he has been employed by Manuli only since 2003. See, e.g., Coccioli deposition transcript at 36:17-37:8 (admitting he had no knowledge of financial issues prior to March

---

[1]Manuli refers to Manuli Rubber Industries S.p.A. ("MRI") and Manuli Oil & Marine (U.S.A.) ("MOM").

2003).

Mr. Coccioli also lacked specific knowledge regarding Manuli's costs, MOM's budgets and forecasts, and MRI's approval process for MOM's budgets (Tr. 36:7-40:12; 41:12-41:17; 43:3-43:8; 44:13-44:18). He had virtually no knowledge regarding Manuli's sales (Tr: 171:2-176:5), and could not answer questions regarding the business operations between MRI and MOM (Tr. 39:5-41:17), including the split of profits on hose sales between the two entities (Tr. 47:17-50:17; 136:24-139:14). Nor could Mr. Coccioli answer questions about Manuli's participation in the cartel between 2000-2007, even though Manuli has pleaded guilty to participating in the cartel during this time period (Tr. 91:20-92:7). He also lacked information about Manuli's earlier corporate structure (Tr. 23:7-19; 95:8-21), and about Manuli's former litigation against its competitor, Dunlop (Tr. 143:6-145:13).

The above are only examples of the deficiencies in Mr. Coccioli's testimony. Mr. Coccioli's lack of knowledge about many of the topics at issue is perhaps unsurprising, as he testified that he met only once, for about four hours, with Manuli's outside counsel to prepare for the deposition, and had reviewed only 10 to 12 documents. (Manuli has produced about 1.4 million pages of documents in this litigation.)

Please let me know as soon as possible whether Manuli will produce an additional (30)(b)(6) witness(es) and, if so, whether Manuli will make these witnesses available on the dates requested.

Please do not hesitate to call me should you have any questions.

Very truly yours,

Jan Bartelli/DL
Jan Bartelli

# EXHIBIT E

## TO

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL MANULI 30(B)(6) WITNESSES

# SULLIVAN & CROMWELL LLP

A LIMITED LIABILITY PARTNERSHIP

TELEPHONE: +44 (0)20-7959-8900
FACSIMILE: +44 (0)20-7959-8950
WWW.SULLCROM.COM

One New Fetter Lane
London EC4A 1AN, England

FRANKFURT · PARIS

LOS ANGELES · NEW YORK · PALO ALTO · WASHINGTON, D.C.

BEIJING · HONG KONG · TOKYO

MELBOURNE · SYDNEY

April 22, 2009

By Electronic Transfer and Federal Express

Jan Bartelli, Esq.,
   Garwin Gerstein & Fisher LLP,
      1501 Broadway, Suite 1416,
         New York, NY 10036.

         Re:   In re Marine Hose Antitrust Litigation (No.2), MDL No. 1888 (S.D. Fla.)

Dear Jan:

         I write in response to your letter dated April 15, 2009 regarding your request for Manuli Rubber Industries S.p.A. ("MRI") and Manuli Oil & Marine (U.S.A.) Inc. ("MOM") (collectively, "Manuli") to produce additional witnesses to testify on topics outlined in Plaintiff's Rule 30(b)(6) deposition notice.

         Manuli disagrees with Plaintiff's assertion that Luca Coccioli was an inadequate witness. To the contrary, considering that Plaintiff's Rule 30(b)(6) notice covered 77 topics over a period of 25 years, Mr. Coccioli was well prepared. To the extent Mr. Coccioli had difficulty answering some specific questions, that was only because Plaintiff's notice did not comply with Rule 30(b)(6) and "describe with reasonable particularity" the matters which Plaintiff intended to cover during the deposition. Fed. R. Civ. P. 30(b)(6); *see also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (noting that, with respect to Rule 30(b)(6), "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute"). Plaintiff instead listed 77 topics in its deposition notice, some of which were so broad that it would have been impossible for any witness to answer all possible questions about them. For instance, Topic No. 3 stated that you intended to ask about "[i]nformation related to reports, studies, memoranda, or written communications

Sullivan & Cromwell LLP is a registered limited liability partnership established under the laws of the State of New York.
The personal liability of our partners is limited to the extent provided in such laws. Additional information is available upon request or at www.sullcrom.com.

A list of the partners' names and professional qualifications is available for inspection at the above address.
All partners are either registered foreign lawyers in England and Wales or solicitors. Regulated by the Solicitors Regulation Authority.

concerning the production, manufacture, distribution, marketing, pricing, bidding, customers or sale of Marine Hose." Similarly, Topics 1 and 6 state that you intended to ask the witness about "[i]nformation related to sales, costs, market share, competitors, and profits for Marine Hose" and "[i]nformation reflecting sales or potential sales of Marine Hose to each customer for each day, month and year during the relevant [25 year] time period, including without limitation, the date, dollar amount, customer, product and/or grade of product sold, volume sold, unit price and/or other pricing information, transportation and/or shipping charges, any other charges or sur-charges, and any other terms and conditions of the sales." Plaintiff cannot reasonably expect any witness or several witnesses to be able to answer all possible questions in its deposition notice, given its astonishing breadth. Providing testimony on any one of these topics alone could have taken several days.

Despite the deficient nature of Plaintiff's Rule 30(b)(6) notice, Mr. Coccioli testified at length for a full day on a great variety of subjects. He explained the ownership and leadership structure of MRI and MOM, the history of the companies' relationship to the oil and marine business and the Uniroyal-Manuli joint venture. (Tr. 18:6-24:6; 43:11-44:10.) He explained the nature of the Manuli group, listed nearly all of the 35 companies in the group, and answered specific questions regarding the work performed by those group companies. (Tr. 24:13-28:20.) He provided details regarding MOM, its office, its employees, the reporting structure in the oil and marine group, and MOM's dissolution. (Tr. 28:21-33:20; 102:12-103:17; 163:19-165:17.) Mr. Coccioli explained the financial relationship between MRI and MOM, how MRI sold hoses to MOM, and the dividends that MOM paid to MRI. (Tr. 34:6-35:23; 39:9-41:11; 44:5-7; 46:2-47:16; 48:17-22; 50:2-14; 53:18-54:5; 135:13-139:14.) He provided information on MRI's and MOM's consultants, including PW Consulting. (Tr. 58:10-20; 62:4-20; 78:4-8.) He explained how and when Peter Whittle was paid by MRI/MOM at various points in time. (Tr. 60:22-3; 62:25-73:25.) Mr. Coccioli answered questions regarding the various marine hose investigations performed by governmental authorities, Manuli's search for information following the start of those investigations, MRI's guilty plea in the United States, and the MRI/MOM employees who provided testimony in the various investigations. (Tr. 74:6-77:10; 88:23-90:18; 156:16-159:7.) He provided information regarding MRI's and MOM's participation in the alleged cartel, the meetings which their employees attended, and MRI's exit from the arrangement. (Tr. 83:7-88:22; 90:21-91:20; 92:8-9; 113:9-15; 125:25-127:24; 129:10-135:1; 152:22-153:15; 160:10-21; 165:22-169:21.) Finally, he explained MRI's electronic data systems and document retention practices. (Tr. 178:23-182:21.)

In addition to the information provided by Mr. Coccioli at his deposition, Plaintiff has also received extensive discovery from Manuli. As you know, Manuli has produced nearly 1.4 million pages of documents. Plaintiff has deposed Francesco Scaglia, a current employee of MRI, and Val Northcutt, a former employee of MOM. In addition, Plaintiff is scheduled to depose Dardanio Manuli, MRI's Managing Director

Jan Bartelli, Esq. -3-

and President, on March 7. Your letter regarding Mr. Coccioli's deposition is especially surprising given the extraordinary amount of discovery that Manuli has provided to Plaintiff.

Although Mr. Coccioli testified at his deposition that he specifically prepared for the deposition by reviewing about 10 to 12 documents, he has reviewed thousands of documents over the course of this two-year litigation and is very familiar with facts relating to the allegations in this case. (*See* Tr. at 74:13-76:5; 77:18-78:1; 83:16-22; 112:22-113:3; 117:1-3; 120:12-14; 124:20-125:3; 128:8-21; 147:4-8.) The extent of Mr. Coccioli's knowledge was illustrated by the fact that he was familiar with and had previously seen many of the documents you showed him during the deposition. (*Id.*) In addition, he spoke with several of Manuli's employees prior to his deposition in order to prepare himself to answer questions regarding several of the 77 topics in Plaintiff's notice.

Moreover, your characterizations of Mr. Coccioli's knowledge are inaccurate and misleading. For instance, Mr. Coccioli knew and was willing to provide information regarding Manuli's U.S. sales during the relevant period; however, you cut him off during the deposition and stated that you did not want to know about the marine hose that was shipped to the U.S. but instead wanted him to "break up for [you] and tell [you] what sales were invoiced, without the shipping part." (Tr. 171:1-173:22; 173:20-22.) Mr. Coccioli then stated that if you wanted more specific breakdowns of marine hose that Manuli did not ship to the U.S., but which was invoiced to the U.S., those numbers were produced to Plaintiff as part of Manuli's document production. (Tr. 173:23-175:15.) As you know, Manuli produced summary sales figures to Plaintiff which provided this type of specific information. *See* MAN 0000911, MAN 0002046 – 2053. Rule 30(b)(6) depositions are not intended to be memory tests. *See United States ex rel. Fago v. M & T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006) ("Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide.")

Similarly, you state in your letter that Mr. Coccioli could not answer questions about Manuli's participation in the cartel between 2000 and 2007. However, Mr. Coccioli repeatedly answered questions regarding this issue, described specific meetings that Manuli employees attended, and recounted MRI's exit from the alleged cartel. (Tr. 83:7-91:19; 125:25-126:19; 129:10-135:1; 165:22-169:21.) Just because you do not like the substance of Mr. Coccioli's answers, that certainly does not mean that he was an inadequate witness.

Although Mr. Coccioli may not have been able to specifically answer all of your questions, many of which were about events that occurred over twenty years ago, Mr. Coccioli provided information that is known or reasonably available to Manuli. As

Jan Bartelli, Esq. -4-

you know, Federal Rule of Civil Procedure 30(b)(6) itself states that a 30(b)(6) witness "must testify about information known or *reasonably available* to the organization." As one court described the Rule, "[i]t ... imposes a duty upon the named business entity to select and prepare a deponent to adequately testify on subject matters known by the deponent and on subjects the entity should *reasonably* know. This Rule does not, however, place an excessive burden on the corporation being deposed and in fact, the 'recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim.'" *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 2006 U.S. Dist. LEXIS 17202, *15 (M.D. Fla. Mar. 27, 2006) (emphasis added) (internal citations omitted).

Mr. Coccioli prepared himself to provide information known or reasonably available to Manuli, as was his duty under Rule 30(b)(6). He was not required to memorize minute details regarding all of Plaintiff's 77 topics, a task that would have been impossible. Accordingly, Manuli has already provided appropriate Rule 30(b)(6) deposition testimony in this case.

Yours sincerely,

Robert M. Osgood

**EXHIBIT F**

**TO**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO COMPEL MANULI 30(B)(6) WITNESSES**

## Daniel Litvin

**From:** Daniel Litvin
**Sent:** Monday, April 27, 2009 8:17 PM
**To:** Browningl@Sullcrom.com
**Cc:** Jan Bartelli
**Subject:** Marine Hose 30(b)(6)

Dear Ian,

Pursuant to your request during our meet and confer this morning for an email detailing Plaintiff's additional request for 30 (b)(6) testimony, Plaintiff hereby seeks a witness or witnesses who can adequately testify as to the following areas:

- As to any topic noted below, testimony relating to the entire class period, rather than just during Mr. Coccioli's or other designee's tenure;

- Sales, by year, and by region, including the United States;

- The profit/revenue sharing arrangement between MRI and MOM and how it was determined;

- Consultant fees; budgets for consultants, specific testimony regarding MRI and MOM's payments to Peter Whittle, when they were made, and how they were accounted for;

- MRI and MOM's corporate structure and history;

- MRI's involvement in the cartel during the period for which MRI pled guilty to being involved;

- MRI and/or MOM's potential defamation claims against Dunlop;

- Whether and which executives at MRI knew of and/or approved of the cartel during the period for which MRI pled guilty to being involved.

Please get back to us promptly so we can determine whether to move forward with our motion to compel at this time.

Thank you,

Dan

**EXHIBIT G**

**TO**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO COMPEL MANULI 30(B)(6) WITNESSES**

# Jan Bartelli

| | |
|---|---|
| From: | Jan Bartelli |
| Sent: | Wednesday, April 29, 2009 3:33 PM |
| To: | 'Browning, Ian E.' |
| Cc: | Mechlowitz, Fern; Osgood, Robert; Daniel Litvin |
| Subject: | Marine Hose -- 30(b)(6) |

Ian,

Please let us know by week's end whether Manuli intends to produce additional 30(b)(6) witnesses. If you need a little more time to work out logistics, fine, but if you do not intend to produce anyone else, we would like to know so that we can file our motion to compel as soon as possible.

Thank you

Jan Bartelli, Esq.

Garwin Gerstein & Fisher LLP
Phone: 212 398 0055 • Fax: 212 764 6620
Email: jbartelli@garwingerstein.com • Direct fax 646-291-4759
1501 Broadway, Suite 1416 • New York, NY 10036

**CONFIDENTIAL: THIS E-MAIL MAY CONTAIN PRIVILEGED ATTORNEY WORK-PRODUCT INFORMATION.**

# Jan Bartelli

**From:** Osgood, Robert [OsgoodR@sullcrom.com]
**Sent:** Tuesday, May 05, 2009 3:11 PM
**To:** Jan Bartelli; Browning, Ian E.; Mechlowitz, Fern
**Cc:** Daniel Litvin
**Subject:** Re: In re Marine Hose Antitrust Litigation

Dear Jan,
You have not responded to the inquiries we raised earlier. It would be unfortunate if you elected to bother the Court prematurely, especially in light of the fact that you are taking yet another deposition of my client in 48 hours. It appears you are determined to get some motion before the Court at all costs. We regret that this is the way you choose to litigate.
Kind regards,
Bob

---

**From:** Jan Bartelli
**To:** Browning, Ian E.
**Cc:** Osgood, Robert; Daniel Litvin
**Sent:** Tue May 05 19:36:54 2009
**Subject:** RE: In re Marine Hose Antitrust Litigation

Dear Ian and Bob,

The parties wrote and relayed their various positions on this issue on April 15 and April 22. At Manuli's request, Plaintiff then held a further meet and confer on the matter on April 27. As a result, later that same day, Plaintiff sent Manuli -- also at its request -- a specific list of topics on which Mr. Coccioli failed to adequately testify during his deposition and on which Plaintiff requests a witness who can satisfy the clear requirements of Rule 30 (b) (6) testimony.

Bob, if you did not receive this earlier e-mail, I am sure Ian will be happy to share it with you.

Manuli has refused Plaintiff's request. As such, and given your e-mail below, the parties clearly are at on impasse, and Court intervention is both appropriate and necessary at this time.

Thank you.

Jan


Browning, Ian E. [mailto:browningi@sullcrom.com]
**Sent:** Fri 5/1/2009 8:30 PM
**To:** Jan Bartelli; Daniel Litvin
**Cc:** Osgood, Robert
**Subject:** In re Marine Hose Antitrust Litigation

Dear Dan and Jan,
  Just in case you didn't receive the e-mail that was supposed to go out earlier, I have provided the text of that e-mail below:

"I write in response to your e-mail of April 28, 2009. Thank you for providing the extensive list of topics regarding which you have indicated you would like Manuli to provide additional 30(b)(6) testimony. Is it your current position that Plaintiff has been unable to obtain adequate information on all of the topics listed in your April 28, 2009 e-mail through the discovery process thus far -- including Manuli's voluminous document production, the previous 30(b)(6) deposition of Luca Coccioli, and the depositions of Mr. Scaglia and Mr. Northcutt? If so, would you be able to refine your broad list to indicate the specific questions to which you have been unable to obtain sufficient answers? As you are no doubt aware from my letter to Ms. Bartelli dated April 22, 2009, Manuli believes that Mr. Coccioli was more than adequately prepared to provide information known or reasonably available to Manuli, and did so during the course of his lengthy 30(b)(6)

deposition. Mr. Coccioli's knowledge and preparation was particularly commendable in light of the fact that Plaintiff noticed 77 separate topics of inquiry in its various 30(b)(6) deposition notices.
 As you have requested that Manuli provide 30(b)(6) testimony on the topics identified in your April 28, 2009 e-mail, we would like to confirm that you will not be asking Mr. Dardanio Manuli, the Chairman and Chief Executive Officer of Manuli Rubber Industries S.p.A., questions on these topics at his deposition on May 7, 2009. If you do plan on inquiring into these topics with Mr. Manuli next week, we believe that it would be particularly inappropriate for you to file a motion to compel at this time. Please let me know if you are willing to provide a narrow list of questions related to the topics you have listed, or if you would like to discuss this issue further.

Yours sincerely,

Robert M. Osgood"



Ian E. Browning, Esq.
Sullivan & Cromwell LLP
 A Limited Liability Partnership
1 New Fetter Lane
London EC4A 1AN
Tel: +44 20 7959 8484
Fax: +44 20 7959 8950

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT.**

This material is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information which is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating this material (other than to the intended recipient) or copying this material. If you receive this communication in error, please contact Jan Bartelli( JBARTELLI@garwingerstein.com ) immediately.


This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.