CASE NO.: 08-1888-CIV-GRAHAM/Turnoff

IN RE MARINE HOSE ANTITRUST
LITIGATION (NOII)

_____

THIS DOCUMENT RELATES TO:

ALL ACTIONS

_____/

## ORDER

THIS CAUSE is before the Court upon Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.'s Motion to Compel. **[DE 428]**. A hearing on this matter was held on May 27, 2009.[1] The Court has considered the oral and written arguments, the record, the applicable law, and is otherwise duly advised in the premises.

**Background**

The instant Motion is based upon this Court's ruling on Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.'s ("Manuli") Cross-Motion to Compel Plaintiff Bayside Rubber & Products, Inc., to provide better responses to its discovery requests. After holding a hearing on that matter, the undersigned entered an Order on February 27, 2009, requiring Plaintiff to provide supplemental responses to discovery. **[DE 381]**. Specifically, Plaintiff was ordered to produce three categories of documents corresponding with Manuli's Requests for Production No.'s 1, 2, and 8. The

_____

[1]London-based counsel for Defendant Manuli and counsel for Defendants Parker Hannifin Corporation and Parker ITR S.r.l., appeared telephonically.

first and second categories of documents pertained to Plaintiff's communications with the Settling Defendants. Plaintiff was ordered to review the documents received from the Settling Defendants and provide a sufficiently detailed privilege log if Plaintiff had any objection to production. Plaintiff was further instructed to consult with the Settling Defendants to ascertain if they had any objections to the production of any of those documents, and if so, to provide a sufficiently detailed privilege log. The third category of documents pertained to Plaintiff's communications with other purchasers of marine hose. Plaintiff was ordered to provide a supplemental response and provide a detailed privilege log setting forth any assertions of privilege.

Following Plaintiff's production of various documents and privilege logs in compliance with the February 27th Order, Manuli filed the instant Motion to Compel. Manuli argues that the privilege logs are deficient and seeks production of documents listed on Plaintiff's privilege logs.

**Plaintiff's Compliance With the February 27th Order.**

Pursuant to the Court's February 27th Order, Plaintiff produced a total of three privilege logs. At issue here are the March 9, 2009 privilege log, which addressed Plaintiff's communications with the Settling Defendants, and the March 20, 2009 privilege log, which addressed Plaintiff's communications with other purchasers of marine hose. **[DE 428]** at Exh. E and Exh. I, respectively.

With respect to the March 9th Privilege Log, Manuli argues that it was insufficient because Plaintiff: a) failed to identify the author, addressee, or date of the

communications, or provide a description of the type and subject matter of the communication; b) failed to identify the purchasers of marine hose with whom it communicated and instead referenced them as "Corporate Does;" and c) failed to list each communication individually, and instead grouped them together in general categories. With respect to the March 20th Amended Supplemental Privilege Log, Manuli argues that Plaintiff failed to provide any detail regarding the identity of the third-party purchasers or the subject matter of the communications.

Both parties reiterated the arguments previously raised in connection with Manuli's underlying Cross-Motion to Compel. Plaintiff's arguments included: (a) that its correspondence with the Settling Defendants regarding settlement negotiations, including draft settlement agreements, are protected from disclosure by the attorney-client privilege, the work product doctrine, Federal Rule of Evidence 408, as well as by the public policy favoring out-of-court settlements; and (b) that communications with other purchasers of marine hose are irrelevant, protected by various privileges, and should be precluded from disclosure for business reasons, namely to prevent retaliation; and (c) that Manuli's requests amount to an improper attempt to obtain disclosure from absent class members. Manuli's arguments included: (a) that no privileges apply to Plaintiff's communications with the Settling Defendants because, even if an attorney-client relationship existed, any privileges have been waived; (b) that Rule 408 governs admissibility, not production of evidence; and (c) that Plaintiff's communications with other purchasers of marine hose are relevant to the composition of the class, the nature of any claims, Manuli's potential

liability, and the definitions of "marine hose" and "U.S. sale" for purposes of this litigation; and (d) that the rules governing ethical conduct do not create a privilege of any sort.

Upon review of the privilege logs at issue, and taking into consideration the parties' arguments and the applicable law, the undersigned is not persuaded that Plaintiff must turn over documents listed on its privilege logs. However, with respect to the disclosure of names in the privilege logs, the undersigned is not aware of any case law, privilege, policy reason or other authority which dictates against such disclosure. Thus, with respect to both the March 9th and March 20th privilege logs, Plaintiff must disclose the identities, whether by individual or corporate name, as appropriate, of any entities referenced therein under the "To" and "From" headings. With respect to the "Document Type" heading, Plaintiff is to provide more descriptive information, as appropriate, consistent with the instructions given by the undersigned in open court. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants Manuli Rubber Industries S.p.A. and Manuli Oil & Marine (U.S.A.) Inc.'s Motion to Compel **[DE 428]** is **GRANTED–IN-PART AND DENIED-IN-PART**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this ___ day of June 2009.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided to:
Hon. Donald L. Graham
All counsel of record

Page 4 of 4