UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

---------------------------------------------------------------------x
                                                                     )
**IN RE MARINE HOSE ANTITRUST**                                      )
**LITIGATION  (NO. II)**                                             )
_____                          )
                                                                     )
                                                                     )
**THIS DOCUMENT RELATES TO:**                                        )
                                                                     )
**ALL ACTIONS**                                                      )
                                                                     )
                                                                     )
---------------------------------------------------------------------x

**PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF LEAD COUNSEL**

Plaintiff Bayside Rubber & Products, Inc., by its undersigned counsel, respectfully moves to amend its Supplemental Memorandum in Support of Motion for Class Certification [D.E. 483] ("Supplemental Memorandum").  Mindful of the Court's bar of further briefing on the issue of class certification, Plaintiff respectfully makes this motion to resolve an issue among certain parties concerning two sentences in Plaintiff's Supplemental Memorandum, and not for the purpose of advocacy.

Plaintiff requests leave to withdraw from the Supplemental Memorandum the last two sentences in the second full paragraph on page three of the Supplemental Memorandum.[1] Plaintiff makes this motion after further consideration and in consultation with certain settling defendants –  the Trelleborg Defendants, the Parker Defendants, the Yokohama Defendants, the

---

[1] Those sentences read as follows: "No other Defendant, all of which are large companies with experienced, sophisticated U.S. counsel that are well-versed in U.S. antitrust law (*e.g.*, Linklaters, Howrey, Jones Day and Clifford Chance), has taken this narrow position.  Indeed, the many settling Defendants never would have agreed to pay a total of $21.7 million to settle claims including such purchases if they were not covered by the Sherman Act."

Bridgestone Defendants and the Dunlop Defendants ("the Corporate Settling Defendants") and their counsel. The litigation positions of the Corporate Settling Defendants are in the record and speak for themselves. The terms of the settlement agreements with the Corporate Settling Defendants likewise are in the record and speak for themselves. Moreover, any reference to settlement matters in connection with the merits of litigation is governed by applicable law, including Fed. R. Evid. 408.

Dated: June 17, 2009

Respectfully submitted,

By : _/s/ Hollis L. Salzman_
Hollis L. Salzman
Florida Bar No. 947751
Gregory S. Asciolla
William V. Reiss
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
hsalzman@labaton.com
gasciolla@labaton.com
wreiss@labaton.com

Gregory P. Hansel
Florida Bar No. 607101
Randall B. Weill
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
ghansel@preti.com
rweill@preti.com

Bruce Gerstein
Jan Bartelli
GARWIN GERSTEIN & FISHER L.L.P.
1501 Broadway, Suite 1416
New York, NY  10036
Telephone:  (212) 398-0055
Facsimile:  (212) 764-6620
bgerstein@garwingerstein.com
jbartelli@garwingerstein.com

*Co-Lead Counsel for Plaintiffs*