UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

| | |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |

## LETTER OF REQUEST FOR EXAMINATION OUT OF THE JURISDICTION

To the Ministry of Foreign Affairs, Rome, Italy:

In conformity with Article III of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), the undersigned applicant has the honor to submit the following request:

### 1. REQUESTING JUDICIAL AUTHORITY

The Honorable Donald L. Graham
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 13-4
Miami, FL 33128
U.S.A.
(305) 523-5130

### 2. SENDER

Hollis L. Salzman
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907-0700

### 3. COMPETENT AUTHORITY

Ministry of Foreign Affairs
D.G.I.E.P.M. Office IV
Piazzale della Farnesina, 1
00194 ROMA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
MASTER DOCKET NO. 08-MDL-1888-GRAHAM/TURNOFF

|  |  |
|---|---|
| IN RE MARINE HOSE ANTITRUST LITIGATION (NO. II) | ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) |

## LETTER OF REQUEST FOR EXAMINATION OUT OF THE JURISDICTION

To the Ministry of Foreign Affairs, Rome, Italy:

In conformity with Article III of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), the undersigned applicant has the honor to submit the following request:

### 1. REQUESTING JUDICIAL AUTHORITY

The Honorable Donald L. Graham

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 13-4
Miami, FL 33128
U.S.A.
(305) 523-5130

### 2. SENDER

Hollis L. Salzman
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907-0700

### 3. COMPETENT AUTHORITY

Ministry of Foreign Affairs
D.G.I.E.P.M. Office IV
Piazzale della Farnesina, 1
00194 ROMA

Italy

4.  **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

Hollis L. Salzman
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907-0700

5.  **PARTIES AND THEIR REPRESENTATIVES**

**Plaintiff Bayside Rubber & Products, Inc.**

Represented by:

Hollis L. Salzman
hsalzman@labaton.com
Gregory S. Asciolla
gasciolla@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

Gregory P. Hansel
ghansel@preti.com
Randall B. Weill
rweill@preti.com
PRETI FLAHERTY BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Telephone: (207) 791-3000

Bruce Gerstein
bgerstein@garwingerstein.com
Jan Bartelli
jbartelli@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055

**Defendant The Yokohama Rubber Co., Ltd.:**

Represented by:

Joseph P. Armao
joseph.armao@linklaters.com
Robert Harrison Bell
robert.bell@linklaters.com
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000

**Defendant Bridgestone Industrial Products America, Inc.**

Represented by:

Hal D. Hardin
halhardin@aol.com
Harold Donnelly
donnelly77@comcast.net
211 Union Street, Suite 200
Nashville, TN 37201
Telephone: (615) 369-3377

**Defendant Bridgestone Corporation**

Represented by:

James Weidner
james.weidner@cliffordchance.com
CLIFFORD CHANCE LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000

**Defendants Parker Hannifin Corporation and Parker ITR S.r.l.**

Represented by:

Carmen G. McLean
cgmclean@jonesday.com
John M. Majoras
jmmajoras@jonesday.com
JONES DAY REAVIS & POGUE
51 Louisiana Avenue, NW

Washington, DC 20001
Telephone: (202) 879-3939

**Defendant Vanni Scodeggio**

Represented by:

Andrea C. Clarke
aclarke@kslaw.com
Susan D. Inman
sinman@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006
Telephone: (202) 626-5440

**Defendants Manuli Rubber Industries, S.p.A., Manuli Oil & Marine (U.S.A.), Val M. Northcutt and Francesco Scaglia**

Represented by:

Robert M. Osgood
osgoodrm@sullcrom.com
Fern Mechlowitz
mechlowitzf@sullcrom.com
SULLIVAN & CROMWELL LLP
1 New Fetter Lane
London EC4A 1AN England
Telephone: +44-20-7959-8900

**Defendant Trelleborg Industries, S.A.**

Represented by:

Roxann E. Henry
henryr@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-651

4

**Defendants Dunlop Oil & Marine, Ltd., Bryan Allison and David Brammar**

Represented by:

James R. Martin
martinj@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Telephone: (202) 572-2200

**Defendant Misao Hioki**

Represented by:

Christopher T. Casamassima
ccasamassima@kirkland.com
KIRKLAND & ELLIS LLP
777 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 680-8400

**Defendant Christian Caleca**

Represented by:

Donald C. Klawiter
dklawiter@mayerbrown.com
Jennifer M. Driscoll
jdriscoll@mayerbrown.com
MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000

**Defendant Jacques Cognard**

Represented by:

Daniel A. Lurvey
lurveylaw@aol.com
LYONS & LURVEY, P.A.
1200 Brickell Avenue, Suite 1620
Miami, FL 33131
Telephone: (305) 379-5554

**Defendants ITR, S.p.A., SAIAG, S.p.A. and Comital SAIAG, S.p.A.**

Represented by:

Joseph D. Pizzurro
jpizzurro@curtis.com
Nancy E. Delaney
ndelaney@curtis.com
CURTIS MALLETT-PREVOST COLT & MOSLE
101 Park Ave.
New York, NY 10178-0061
Telephone: (212) 696-6000

**Defendant Charles Gillespie**

Represented by:

Jeffrey Eric Foreman
jforeman@mflegal.com
Catherine J. MacIvor
Cmacivor@mflegal.com
MALTZMAN FOREMAN PA
2 S. Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
Telephone: (305) 358-6555

**Defendant Robert Furness**

Represented by:

M. Daniel Hughes
lawmdh@aol.com
3000 N Federal Highway
Fort Lauderdale , FL 33306
Telephone: (954) 566-3390

**Defendants Pirelli Itala, S.p.A. and Pirelli & C, S.p.A.**

Represented by:

Christopher R. J. Pace
Christopher.Pace@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131

Telephone: (305) 577-3100

**Defendant Sumitomo Rubber Industries Ltd.**

Represented by:

James P. Tallon
jtallon@shearman.com
SHERMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4650

**Self-Represented Defendants:**

Mr. Peter Whittle
HM Prison Ford
Arundel
West Sussex, England
BN18 0BX

PW Consulting
HM Prison Ford
Arundel
West Sussex, England
BN18 0BX

**Unrepresented Defendants**

Pirelli Treg, S.p.A.

6. **NATURE OF PROCEEDINGS FOR WHICH THE EVIDENCE IS REQUIRED**

This legal dispute is an existing civil action in the United States District Court for the Southern District of Florida, case number 08-1888.

This case is a class action alleging a global conspiracy to fix prices, allocate markets, and rig bids for Marine Hose in the United States and elsewhere,[1] beginning at least as early as 1985 and involving virtually every major manufacturer of Marine Hose.

---

[1] "Marine Hose" means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and includes ancillary products.

7

Defendants Manuli Rubber Industries, S.p.A. and Manuli Oil & Marine (USA) Inc. (collectively, "Manuli") participated in the cartel. Beginning in 1999, Manuli, along with its co-conspirators, authorized and directed defendant Peter Whittle (and his company PW Consulting) to coordinate globally the Defendants' conspiratorial activities. While the cartel was active, Manuli and its co-conspirators provided Mr. Whittle with information about upcoming Marine Hose contract bids, and Mr. Whittle then designated what each defendant would bid on the contract and who would "win" the contract, referring to the winner as the "champion." Mr. Whittle maintained the market share allocations agreed to by the Defendants when designating which conspirator would be champion. For his efforts as coordinator of the cartel, Mr. Whittle was paid by the co-conspirators at least $300,000 a year, a portion of which was paid by Manuli. Mr. Whittle served as the global coordinator of the cartel until 2007, when the cartel was broken up by the Department of Justice.

Following the breakup of the cartel, Manuli was criminally charged for its participation, as were Manuli employees Robert L. Furness, Charles J. Gillespie, Francesco Scaglia, and Val M. Northcutt. In May of 2008, Mr. Gillespie pleaded guilty to criminal charges for his role in the cartel.[2] Shortly thereafter (in July of 2008), Manuli and Furness agreed to plead guilty and pay more that $2 million in criminal fines for their participation in the conspiracy. In connection with their participation, Manuli and Furness agreed to cooperate with the United States government in its continued investigation of the cartel. This cooperation included producing documents to the United States government, providing testimony on the United States government's behalf, and

---

[2] Mr. Scaglia and Mr. Northcutt were acquitted of criminal charges at trial.

allowing the United States government to interview knowledgeable parties under Manuli's control. Manuli has and continues to provide this cooperation.

**<u>Giuseppe Vuolo</u>**

Mr. Vuolo is a former managing director of Manuli, who left the company recently. He previously held the position of Manuli's finance and organizational director, as well as human resource director. In connection with Manuli's guilty plea, Mr. Vuolo was interviewed by the United States Department of Justice and provided testimony on behalf of the Government at the criminal trial of Manuli employees Francesco Scaglia and Val Northcutt. Mr. Vuolo was also responsible for hiring Mr. Scaglia to work at Manuli, and negotiating Mr. Furness's consulting agreement once he left the company.

**<u>Franco Guasti</u>**

Mr. Guasti is a former Manuli employee and consultant who helped coordinate Manuli's participation in the cartel and who was responsible for approving Manuli's share of Mr. Whittle's fee. In exchange for these payments, Mr. Whittle would rig certain bids such that Manuli would "win" such bids at an artificially inflated price. Mr. Guasti also met with Mr. Whittle privately in September 2000, and he subsequently attended several cartel meeting on Manuli's behalf.

Manuli contends that it exited the cartel in March of 2003, and further contends that Mr. Guasti (along with Manuli's former President and CEO Aldo Occari) met personally with Mr. Whittle to discuss this putative withdrawal around this time.

7.   **EVIDENCE TO BE OBTAINED**

The evidence requested herein consists of the sworn testimony of Mr. Vuolo

9

and Mr. Guasti, as well as non-privileged documents and things in their possession, custody, or control regarding the cartel and conspiracy that is the subject of Plaintiff's Complaint.

The documents and testimonial evidence will be covered by the Protective Order in this action and are likely to be used at trial. The requesting Court has considered the international comity factors that the United States Supreme Court directed should be evaluated prior to issuing Letters of Request under Article 1 of the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 543-44 (1987). Upon consideration of these factors, this Court has determined that this request is just and proper.

**8.      IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED**

Giuseppe Vuolo
Via della Carrozzeria, 1
21100 Varese, Italy

Franco Guasti
Località Farneta, 33
52044 Cortona (AR), Italy

**9.      IDENTITY AND ADDRESS OF PERSON FROM WHOM DOCUMENTS ARE SOUGHT**

Giuseppe Vuolo
Via della Carrozzeria, 1
21100 Varese, Italy

Franco Guasti
Località Farneta, 33
52044 Cortona (AR), Italy

**10.     QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED**

The topics of the questions to be put to Mr. Vuolo and Mr. Guasti are listed in Schedule A.

## 11. DOCUMENTS TO BE INSPECTED

The documents listed in Schedule B are herein requested to be produced for inspection and copying.

## 12. OATH OR AFFIRMATION

The witness should be examined on oath under your laws or the procedure of the United States District Court for the Southern District of Florida. Otherwise, the witness should be examined in accordance with the procedure your laws provide for in these matters.

## 13. SPECIAL METHODS OR PROCEDURE

It is requested: (a) that Plaintiff's United States counsel (identified in section 5, *supra*) be permitted to examine the witness and that the examination take place before an Examiner of your court or such other person as your court shall appoint; (b) that the responses of the witness be both videotaped and recorded by verbatim stenography or, if this is not possible, that Plaintiff be allowed to bring a court reporter to the examination of the witnesses in order to keep such verbatim minutes; (c) that the witnesses sign the verbatim transcript or other record of his responses to the questions; (d) that the witness be examined as soon as practicable; and (e) that this Court take all available measures to protect the confidentiality of the information obtained during the testimony.

It is further requested that this Court, if possible, request the witness to produce the documents identified above for inspection and copying by the Plaintiff's United

States trial counsel at the place convenient to the witness, five business days prior to the examination of the witness.

It is further requested, given the importance of the evidence to be obtained, that these Requests be given the highest consideration.

It is further requested that, to the extent that any of these Requests cannot be granted, the execution of the remaining Requests shall be performed according to the applicable law and the fact that some part or parts of this request can not be granted should not affect the execution of the remaining parts.

**14.    SIGNATURE OR SEAL OF THE REQUESTING AUTHORITY**

Date: ___July 31___, 2009

_____
Donald L. Graham
United States District Judge
Southern District of Florida

# SCHEDULE A

**Definitions**

1. As used herein, "Defendants" means all Defendants in the case *In re Marine Hose Antitrust Litigation (II)*, pending in the Southern District of Florida as case number 08-1888, including but not limited to: Bridgestone Corporation; Bridgestone Industrial Products America, Inc.; Trelleborg Industrie S.A.; Dunlop Oil & Marine Ltd.; Pirelli, S.p.A; Pirelli Itala, S.p.A.; Pirelli Treg, S.p.A.; ITR, S.p.A.; Comital SAIAG, S.p.A.; Parker ITR S.r.l.; Parker-Hannifin Corporation; Manuli Rubber Industries, S.p.A.; Manuli Oil & Marine (U.S.A.) Inc.; The Yokohama Rubber Co., Ltd.; PW Consulting (Oil and Marine) Ltd.; Sumitomo Rubber Industries, Ltd.; Peter Whittle, David Brammar; Bryan Allison, Jacques Cognard; Christian Caleca; Misao Hioki; Francesco Scaglia; Vanni Scodeggio; Val Northcutt; Robert Furness; and Charles Gillespie.

2. As used herein, "Marine Hose" means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and includes ancillary products, and is meant to refer to the product that is the subject of the allegations in the case *In re Marine Hose Antitrust Litigation (II)*, pending in the Southern District of Florida as case number 08-1888.

3. As used herein, "Marine Hose Conspiracy" means the conspiracy alleged by Plaintiffs in the Second Amended Complaint in the case *In re Marine Hose Antitrust Litigation (II)*, pending in the Southern District of Florida as case number 08-1888.

**Subject Matter of Examination**

<u>Giuseppe Vuolo</u>

1. The content of all communications with any governmental regulatory agency, including the United States Department of Justice, related to the Marine Hose Conspiracy

2. The content of all communications with any Manuli employee related to the Marine Hose Conspiracy

3. The content of all communications with any other person related to the Marine Hose Conspiracy

4. The origins of the Marine Hose Conspiracy

5. Manuli's participation in the Marine Hose Conspiracy

6. The nature and characteristics of the products that were the subject of the Marine Hose Conspiracy

7. The structure and operation of the Marine Hose Conspiracy

8. All meetings between members of the Marine Hose Conspiracy

9. Specific Marine Hose bids in the United States manipulated by the Marine Hose Conspiracy

10. The identities and participation of all individuals involved in the Marine Hose Conspiracy

11. Any documents created by Defendants pursuant to the Marine Hose Conspiracy

12. All sales by Defendants of Marine Hose in the United States

13. Payments from Defendants to Peter Whittle pursuant to the Marine Hose Conspiracy

14. Efforts to conceal the Marine Hose Conspiracy

15. How Marine Hose prices and bids were fixed pursuant to the Marine Hose Conspiracy

16. Marine Hose prices, costs, margins and profits related to the Marine Hose Conspiracy

17. The nature of Defendants' agreement to fix prices of Marine Hose in the United States pursuant to the Marine Hose Conspiracy

Franco Guasti

1. All communications with Peter Whittle

2. All payments from Manuli to Peter Whittle and/or PW Consulting

3. Manuli's involvement in the Marine Hose Conspiracy

4. Manuli's purported withdrawal from the Marine Hose Conspiracy in 2003

5. All communications related to Manuli's purported withdrawal from the Marine Hose Conspiracy

6. The origins of the Marine Hose Conspiracy

7. The nature and characteristics of the products subject to the Marine Hose Conspiracy

8. The structure and operation of the Marine Hose Conspiracy

9. All meetings between members of the Marine Hose Conspiracy

10. Specific Marine Hose bids in the United States manipulated by the Marine Hose Conspiracy

11. The identities and participation of all individuals involved in the Marine Hose Conspiracy

12. Any documents created by Defendants pursuant to the Marine Hose Conspiracy

13. All sales by Defendants of Marine Hose in the United States

14. Payments from Defendants to Whittle pursuant to the Marine Hose Conspiracy

15. Efforts to conceal the Marine Hose Conspiracy

16. Peter Whittle's (and PW Consulting's) role and function in the conspiracy

17. How Marine Hose prices and bids were fixed pursuant to the Marine Hose Conspiracy

18. Marine Hose prices, costs, margins and profits related to the Marine Hose Conspiracy

19. The nature of Defendants' agreement to fix prices of Marine Hose in the United States pursuant to the Marine Hose Conspiracy

# SCHEDULE B

**Definitions**

1. As used herein, "Defendants" means all Defendants in the case *In re Marine Hose Antitrust Litigation (II)*, pending in the Southern District of Florida as case number 08-1888, including but not limited to: Bridgestone Corporation; Bridgestone Industrial Products America, Inc.; Trelleborg Industrie S.A.; Dunlop Oil & Marine Ltd.; Pirelli, S.p.A; Pirelli Itala, S.p.A.; Pirelli Treg, S.p.A.; ITR, S.p.A.; Comital SAIAG, S.p.A.; Parker ITR S.r.l.; Parker-Hannifin Corporation; Manuli Rubber Industries, S.p.A.; Manuli Oil & Marine (U.S.A.) Inc.; The Yokohama Rubber Co., Ltd.; PW Consulting (Oil and Marine) Ltd.; Sumitomo Rubber Industries, Ltd.; Peter Whittle, David Brammar; Bryan Allison, Jacques Cognard; Christian Caleca; Misao Hioki; Francesco Scaglia; Vanni Scodeggio; Val Northcutt; Robert Furness; and Charles Gillespie.

2. As used herein, "Marine Hose" means flexible rubber hose in various diameters and lengths that is primarily used to transport oil between ships, terminals, buoys and tanks, and includes ancillary products, and is meant to refer to the product that is the subject of the allegations in the case In re Marine Hose Antitrust Litigation (II), pending in the Southern District of Florida as case number 08-1888.

3. As used herein, "Marine Hose Conspiracy" means the conspiracy alleged by Plaintiffs in the Second Amended Complaint in the case *In re Marine Hose Antitrust Litigation (II)*, pending in the Southern District of Florida as case number 08-1888.

4. "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising, and promotional literature, agreements, minutes or other records of meetings, all written or graphic records or representations of any kind, mechanical representations and all electronically stored information of any kind.

**DOCUMENTS REQUESTED TO BE PRODUCED:**

Franco Guasti

1. All Documents reflecting communications between Mr. Guasti and any regulatory agency, including but not limited to the United States Department of Justice, related to the Marine Hose Conspiracy

2. All Documents reflecting communications between Defendants involving the Marine Hose Conspiracy

3. All Documents reflecting communications with any individual related to the Marine Hose Conspiracy

4. All Documents reflecting agendas for meetings between Defendants involving the Marine Hose Conspiracy

5. All Documents related to efforts to conceal the Marine Hose Conspiracy

6. All Documents related to the Marine Hose Conspiracy, including, but not limited to, e-mails, correspondence, market share reports, studies, bids, business plans, notes, spreadsheets, and price lists.

Giuseppe Vuolo

1. All Documents reflecting payments made to Peter Whittle or to PW Consulting

2. All Documents related to Manuli's purported withdrawal from the Marine Hose Conspiracy

3. All Documents reflecting communications between Mr. Vuolo and any regulatory agency, including but not limited to the United States Department of Justice, related to the Marine Hose Conspiracy

4. All Documents reflecting communications between Mr. Vuolo and Peter Whittle or PW Consulting

5. All Documents reflecting communications between Defendants involving the Marine Hose Conspiracy

6. All Documents reflecting communications with any individual related to the Marine Hose Conspiracy

7. All Documents reflecting agendas for meetings between Defendants involving the Marine Hose Conspiracy

8. All Documents related to efforts to conceal the Marine Hose Conspiracy

9. All Documents related to the Marine Hose Conspiracy, including, but not limited to, e-mails, correspondence, market share reports, studies, bids, business plans, notes, spreadsheets, price lists and price lists.