UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

IN RE: MARINE HOSE ANTITRUST
LITIGATION
_____/

THIS DOCUMENT RELATES TO:
ALL ACTIONS
_____/

**ORDER GRANTING CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENTS WITH (1) DUNLOP OIL & MARINE LTD., BRYAN ALLISON AND DAVID BRAMMAR; (2) TRELLEBORG INDUSTRIE S.A. AND JACQUES COGNARD; (3) THE YOKOHAMA RUBBER CO., LTD; (4) PARKER ITR S.R.L., PARKER HANNIFIN CORPORATION AND GIOVANNI SCODEGGIO; (5) BRIDGESTONE CORPORATION, BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC., AND MISAO HIOKI; (6) ROBERT FURNESS; (7) CHARLES GILLESPIE; AND (8) PETER WHITTLE AND PW CONSULTING LTD.; AND AUTHORIZING THE DISSEMINATION OF NOTICE**

Upon consideration of Plaintiff's Motion for Class Certification and Appointment of Class Counsel and Plaintiff's Amended Motion for Preliminary Approval of Proposed Amended Settlement Agreements with (collectively, the "Settling Defendants"): Dunlop Oil & Marine Ltd., Bryan Allison and David Brammar (collectively, "Dunlop"); Trelleborg Industrie S.A. and Jacques Cognard (together, "Trelleborg"); The Yokohama Rubber Co., Ltd. ("Yokohama"); Parker ITR S.r.l., Parker Hannifin Corporation and Giovanni Scodeggio (collectively, "Parker"); Bridgestone Corporation, Bridgestone Industrial Products America, Inc. and Misao Hioki (collectively, "Bridgestone"); Robert Furness ("Furness"); Charles Gillespie ("Gillespie"); and

Peter Whittle and PW Consulting Ltd. (together, "Whittle")[1]; and for Authorization to Disseminate Notice (together, the "Motions), it is hereby **ORDERED** as follows:

1. The Motions are hereby **GRANTED**.

I. **Plaintiff's Motion for Class Certification.**

2. The Court has fully considered Plaintiff's Motion for Class Certification and Appointment of Class Counsel, filed by Bayside Rubber & Products, Inc. ("Bayside") on September 4, 2008 [D.E. 171], and all memoranda and accompanying materials submitted in support of and in opposition thereto. [*See* D.E.s 511, 513.]

3. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the following Class is certified:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985 to and including March 24, 2008.

4. Pursuant to Rule 23(a)(1), the Court determines that the class is so numerous that joinder of all members is impracticable. [*See* D.E. 511.]

5. Pursuant to Rule 23(c)(1)(B), in light of the many classwide common issues of law and fact identified by Bayside in its September 4, 2008 and June 8, 2009 submissions [D.E.s

---

[1] All defined terms herein have the same meaning as in the respective Amended Settlement Agreements unless otherwise noted. Additionally, Dunlop, Trelleborg, Yokohama, Parker, and Bridgestone are referred to collectively as Settling Entity Defendants; Furness, Gillespie and Whittle are referred to collectively as Settling Individual Defendants. Settling Entity Defendants and Settling Individual Defendants are referred to collectively as Settling Defendants.

259, 261[2] and 483], and in this Court's findings in its July 31 Order, filed August 4, 2009 [D.E. 511], the Court determines that the classwide claims and issues, expressed in summary fashion, are as follows:

> a) whether Defendants engaged in a conspiracy to fix, raise, maintain or stabilize the price of Marine Hose or to allocate the market for Marine Hose;
>
> b) whether Defendants' conduct violated Section 1 of the Sherman Act, 15 U.S.C. § 1;
>
> c) whether Defendants' conduct caused injury to the business or property of class members;
>
> d) the effect of Defendants' conspiracy on the price of Marine Hose in the United States; and
>
> e) the appropriate measure of damages sustained by Plaintiff and other members of the class.

6. The Court determines that the foregoing classwide claims are questions of law or fact common to the class that satisfy Rule 23(a)(2).

7. Plaintiff Bayside is hereby certified as a class representative for the following reasons:

> a) Bayside alleges on behalf of the class the very same manner of injury from the very same course of conduct that it complains of for itself, and Bayside asserts on its own behalf the same legal theory that it asserts for the class. [*See* D.E. 259; D.E. 511]. The Court therefore determines that Bayside's claims are typical of the claims of the class within the meaning of Rule 23(a)(3); and

---

[2] Plaintiff's Memorandum of Law and its Reply Memorandum of Law in Support of its Motion for Class Certification and Appointment of Class Counsel were originally filed under seal, and then re-filed unsealed as D.E. 259 and D.E. 261 respectively on November 10, 2008.

       b) Pursuant to Rule 23(a)(4), the Court determines that Bayside will fairly and adequately protect the interests of the class. [*See* D.E. 259; D.E. 261; D.E. 483; D.E. 511.] All of the class members share a common interest in proving the existence, scope and effect of Defendants' alleged anticompetitive conduct, which allegedly led to higher prices for Marine Hose, and all class members share a common interest in recovering the overcharge damages prayed for in the Complaint. Moreover, any class member that wishes to opt out will be given an opportunity to do so. Furthermore, Bayside's counsel are well qualified to represent the class in this case, given their experience in prior cases (*see* D.E. 259), and the vigor with which they have prosecuted the action thus far. *See Id.*; D.E. 511 at p. 19.

8. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members in this action. In light of the classwide claims, issues and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof. [*See* D.E. 511 at p. 19-24.] Specifically, the Court determines that:

       a) On the issue of antitrust violation, the relevant proof of Defendants' alleged course of anticompetitive conduct will not vary among members of the class. [*See* D.E. 511 at p. 21.]

       b) On the issue of impact, the expert report of John C. Beyer, together with prior decisions granting class certification, provide the basis for the Court to determine that impact to all or nearly all class members from Defendants' alleged conduct may be proved using one or more of a variety of categories of evidence that are applicable classwide (*Id.* at p. 21-23); and

       c) On the issue of damages, the expert report of John C. Beyer, together with prior decisions granting class certification where direct purchasers alleged that they paid overcharges because competition was impeded, provide the basis for the Court to determine that aggregate damages to the class as a whole may be calculated using appropriate methodologies. (*Id.* at pp. 21-23).

9. Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. [*See* D.E. 511 at

4

pp. 23-24.] It is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the class in a single action. The Court determines that there are few, if any, manageability problems presented in this case.

10.     Pursuant to Rule 23(g), Preti, Flaherty, Beliveau & Pachios, LLP, One City Center, P.O. Box 9546, Portland, ME 04112; Garwin Gerstein & Fisher LLP, 1501 Broadway, Suite 1416, New York, NY 10036; and Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, are appointed as Class Counsel.

## II.     Plaintiff's Amended Motion for Preliminary Approval of Amended Settlement Agreements.

11.     The Court finds that the proposed Amended Settlement Agreements with the Settling Defendants, subject to final determination following a hearing after notice to the Class, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Class.

12.     The Court approves the proposed forms of the Notice and Summary Notice (the "Notices"), attached hereto as Exhibits "A" and "B" respectively. The Court further finds that the mailing and publication of the Notices in the manner set forth in Paragraphs 13 and 14 below constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13.     Class Counsel are hereby directed to cause a Notice of Proposed Amended Settlement of Class Action with the Settling Defendants and Hearing on Settlement Approval ("Notice"), and the attached Claim Form, in the form substantially similar to that attached hereto as Exhibits "A" and "C" respectively, to be (a) mailed by first class mail, postage prepaid, within 14 days of entry of this Order ("Notice Date") to all members of the Class who can be identified using reasonable efforts; and (b) provided to all persons who request it. Class Counsel shall also

post a copy of the Notice on the Internet at a readily accessible web address within 14 days of entry of this Order. Class Counsel shall identify the web address in all Notices that Class Counsel cause to be mailed, provided, or distributed pursuant to this paragraph.

14. Class Counsel are hereby directed to cause a Summary Notice of Proposed Settlement of Class Action with the Settling Defendants and Hearing on Settlement Approval ("Summary Notice"), in the form substantially similar to that attached hereto as Exhibit "B", to be published once in *The Wall Street Journal* and once in *Offshore Magazine*, the leading monthly trade publication in the Marine Hose industry, within 10 days of the Notice Date or as soon as practicable.

15. The Court will hold a hearing (the "Hearing") on **December 16, 2009, at 3:30 p.m. at before the Honorable Donald L. Graham, at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Ave, Room 13-4, Miami, FL 33128**, to determine the fairness, reasonableness and adequacy of the proposed settlements and whether the settlements should be finally approved and a final judgment entered thereon. Any Class Member who follows the procedure set forth in the Notice may appear and be heard at this Hearing. The Hearing may be continued without further notice to the Settlement Class.

16. Class Counsel shall file with the Court and serve on the parties a motion for final approval of the Amended Settlement Agreements and Plaintiff's Fee and Expense Application no later than 45 days prior to the Hearing.

17. All requests for exclusion from the Settlement Class shall be postmarked no later than 45 days after the Notice Date, and shall otherwise comply with the requirements set forth in the Notices.

18. Any member of the Settlement Class who wishes to object to the terms of the Amended Settlement Agreements must do so in writing, filed with the Clerk and must also mail a copy thereof no later than 30 days prior to the Hearing to the following recipients:

>Gregory P. Hansel
>PRETI, FLAHERTY BELIVEAU
>& PACHIOS LLP
>One City Center
>P.O. Box 9546
>Portland, ME 04112-9546
>
>Ephraim R. Gerstein
>GARWIN GERSTEIN & FISHER LLP
>1501 Broadway, Suite 1416
>New York, NY 10036
>
>Hollis L. Salzman
>LABATON SUCHAROW LLP
>140 Broadway
>New York, NY 10005

*Class Counsel*

19. Class Counsel may file with the Court and serve on the parties a response to any objections no later than 15 days prior to the Hearing.

20. Ten days after publication of Summary Notice, Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for the Settling Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

21. Any member of the Settlement Class who wishes to submit a Claim Form must do so postmarked no later than 120 days after the Notice Date, and shall otherwise comply with the requirements and instructions set forth in the Claim Form.

22.  The litigation against the Settling Defendants is stayed except to the extent necessary to effectuate the Amended Settlement Agreements.

DONE AND ORDERED in Chambers in Miami, Florida this 29th day of September, 2009.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE