UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master Docket No. 08-MDL-1888-GRAHAM/TURNOFF

| | |
|---|---|
| IN RE: MARINE HOSE ANTITRUST LITIGATION | : : : : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : |

### RULE 54(b) FINAL JUDGMENT ORDER
### PIRELLI & C, S.p.A. AND PIRELLI ITALA, S.p.A.

The Court has considered Plaintiffs LOOP, LLC's and Bayside Rubber & Products, Inc.'s ("Plaintiffs") Motion for Final Approval of Class Action Settlement with Pirelli & C, S.p.A. and Pirelli Itala, S.p.A. ("Pirelli"), and has held a duly-noticed final approval hearing on November 9, 2010. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and therefore expressly directs the entry of Final Judgment as to Pirelli:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Final Judgment Order which are defined in the Stipulation and Settlement Agreement between the Plaintiffs and the Settlement Class and Pirelli are, unless otherwise defined herein, used in this Final Judgment Order as defined in the Stipulation and Settlement Agreement.

3. The Court finds that the Settlement Agreement was based on vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

4. The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class certified herein, notifying the Settlement Class of, *inter alia*, the pendency of the above-captioned action and the proposed Settlement Agreements with Pirelli. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class who could be identified through reasonable effort. Notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the due process requirements of the Constitution of the United States.

5. This Court certifies the following settlement class for settlement purposes only:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates, and co-conspirators and the United States Department of Defense) who purchased Marine Hose in the United States directly from one or more of the Defendants or any of their predecessors, parents, subsidiaries, or affiliates at any time during the period from and including January 1, 1985, to and including, March 24, 2008.

6. For purposes of this Order, "Marine Hose" means flexible rubber hose and ancillary products used to, among other things, transport oil between offshore operations, ships, terminals, refineries, buoys and storage tanks. Marine Hose for purposes this Settlement does not include dredge hose, hydraulic hose, or industrial hose.

7. The Court found that certification of the Settlement Class was appropriate because:

    (a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

(b)     There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2), including: 1) did Defendants conspire to raise, fix, maintain or stabilize the prices of Marine Hose purchased in the United States, rig bids or allocate markets or customers in violation of Section 1 of the Sherman Act; 2) the period of time the conspiracy operated; and 3) whether the conspiracy raised, fixed, maintained or stabilized the prices of Marine Hose;

(c)     The claims of representatives Plaintiff LOOP, LLC and Bayside Rubber & Products, Inc. are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)     The representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4);

(e)     Questions of law or fact common to the members of the Settlement Class, as set forth above, predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

(f)     The action is manageable as a class action for settlement purposes.

8.     The Court finds that the following Purported Class Members and no others, have timely requested to be excluded from the Settlement Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order:

a.  Pacific Gas & Electric Company.

9.     The Court finds that the Settlement Agreement with Pirelli is fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil

Procedure. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

10. All Released Claims (as defined in ¶ 12 below) of Plaintiffs and the Settlement Class in the above-captioned Action are released and dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs.

11. Plaintiffs and each member of the Settlement Class (other than those persons identified in Paragraph 8 hereto) and their respective past and present parents, subsidiaries, affiliates, and agents ("Releasors") release and are permanently barred and enjoined from prosecuting against Pirelli and the Releasees any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including without limitation costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning the pricing, selling, discounting, marketing, manufacturing, or distribution of Marine Hose, or any agreement in restraint of trade with respect thereto, based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in, any of the Complaints filed by Plaintiffs against Pirelli or any of the other Defendants regarding Marine Hose which arise under any United States federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1, et seq. (the "Released Claims"); provided, however, that nothing herein shall release: (1) any claims made by purchasers who are solely indirect purchasers of Marine Hose as to such indirect purchases; (2) any product defect, breach of contract, or similar

claim between the parties relating to Marine Hose; or (3) claims brought under laws other than federal or state laws of the United States.

12. Each member of the Settlement Class (other than those persons identified in Paragraph 8 hereto) has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by section 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims Not Affected by General Release</u>.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

and such release shall apply according to its terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of any jurisdiction. Each member of the Settlement Class (other than those persons identified in Paragraph 8 hereto) may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of the Settlement Agreement, but each of those Settlement Class members has expressly waived and has fully, finally and forever settled and released all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

13. Pirelli shall have no obligation to make any further payment, including, but not limited to, attorney's fees, costs, or expenses, or expenses of administering and distributing the Settlement Fund, which expenses are to be paid out of the Settlement Fund subject to further order of this Court.

14. Neither the fact of nor anything in this Final Judgment Order or the Settlement Agreement and no aspect of the settlement or negotiations thereof are or shall be deemed or construed to be evidence of or an admission or concession of any violation of any statute or law or of any liability or wrongdoing by Pirelli or of the truth of any of the claims or allegations in any of the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, other than to enforce the terms of this Final Judgment Order or the Settlement Agreement.

15. Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreement (including any issue that may arise in connection with the formation and/or administration of the qualified settlement fund as defined in Paragraph 20 of the Settlement Agreement), entering orders regarding the disbursement of the Settlement Amounts (as defined in the Settlement Agreement) to the Settlement Class and to Plaintiffs' Class Counsel, and adjudicating the Action with respect to Plaintiffs' claims asserted against the non-settling defendants.

DONE AND ORDERED in Chambers in Miami, Florida this __15th__ day of November, 2010.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE